**GIBSON, DUNN & CRUTCHER LLP**
Richard M. Cieri (admission *pro hac vice* pending)
Conor D. Reilly (CR-6559)
M. Natasha Labovitz (MNL-5153)
200 Park Avenue
New York, New York  10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Proposed Attorneys for the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :  Chapter 11
                                                               :
**SOLUTIA INC.,** *et al.*,                                    :  Case No. 03-_____ (____)
                                                               :
    Debtors.                                :  (Jointly Administered)
                                                               :
---------------------------------------------------------------x

### DEBTORS' APPLICATION FOR AN ORDER APPROVING THE EMPLOYMENT OF KROLL ZOLFO COOPER LLC AS RESTRUCTURING ADVISORS AND BANKRUPTCY CONSULTANTS

Solutia Inc. ("Solutia") and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), seek entry of an order approving the employment of Kroll Zolfo Cooper LLC ("KZC") as their restructuring advisors and bankruptcy consultants in these chapter 11 cases.  In support of this Application, the Debtors rely on the Declaration of Jeffry N. Quinn in Support of Chapter 11 Petitions and Requests for First-Day Relief Pursuant to Local Bankruptcy Rule 1007-2 (the "Quinn Declaration"), which the Debtors filed concurrently with this Application, and the Declaration of Leonard J. LoBiondo annexed hereto as Exhibit A (the "LoBiondo Declaration").  In further support of this Application, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are sections 101, 327 and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**GENERAL BACKGROUND**

2. On the date hereof (the "Petition Date"), each of the Debtors filed a petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated. Concurrently with the filing of this Application, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases.

3. The Debtors and their wholly owned nondebtor foreign subsidiaries (collectively, the "Solutia Group") are a multinational corporate organization that manufactures and sells high-performance chemical-based materials for industrial and consumer use. Solutia, a publicly owned company, is the direct or indirect parent corporation of each of the other members of the Solutia Group. The Solutia Group is a world leader in the development and manufacture of three main product lines with diverse and worldwide applications. The Solutia Group's **performance films** are used in safety glass and after-market applications – Solutia's safety glass, for example, comprises a significant percentage of automobile windshields and

windows in the Pentagon.  The Solutia Group's specialty **chemical products** include water treatment chemicals, heat transfer fluids and aviation hydraulic fluids.  As but one example of the wide range of applications of Solutia's chemical products, Solutia's Dequest® water treatment phosphonate is useful as an additive in shampoos and cosmetics, cleans swimming pools and can improve the performance of both oil wells and desalination plants around the world.  The Solutia Group's **nylon products** division is one of the world's few fully integrated producers of nylon 6,6, the fiber that made carpet more durable, softer, easier to clean and more affordable.  In addition to its well-known carpet brands, Solutia's nylon division produces fibers, plastics and high-performance polymers that touch consumers' lives every day in products from dental floss to carpets, and that form critical manufacturing components, including some components of the space shuttle.

4. As of the Petition Date, the Solutia Group operates 29 manufacturing plants worldwide – including 18 sites in North America, ten sites in Western Europe and one site in South America – and has sales offices, research laboratories and technical centers spanning the globe.  In these widespread operations, the Solutia Group's workforce is made up of approximately 6,350 employees and contractors, most of whom have extensive experience and cutting-edge technical expertise in the chemicals business, and all of whom perform functions critical to the Solutia Group's overall business operations.

5. For the nine months ended September 30, 2003, the Solutia Group's consolidated net sales were approximately $1.8 billion, following on consolidated net sales for 2002 of approximately $2.2 billion.  As of September, 30, 2003, the Solutia Group had approximately $2.9 billion in assets and $3.2 billion in liabilities on a consolidated basis.

6. The Debtors believe that these chapter 11 cases will allow the Solutia Group to, among other things, shed the liabilities of the Monsanto Company chemical business imposed on them at their creation, restructure their balance sheets by reducing indebtedness to sustainable levels so that they can focus on their core operations – most of which historically have been high-growth, high-margin businesses – and streamline operations so that they emerge from chapter 11 as stronger, healthier companies.

## THE DEBTORS' RETENTION OF KZC AS RESTRUCTURING ADVISORS AND BANKRUPTCY CONSULTANTS

**A.  Qualifications of KZC**

7. KZC, a restructuring firm that has been retained in numerous nationally prominent chapter 11 cases, specializes in assisting and advising debtors, creditors, investors and court-appointed officials in bankruptcy proceedings and out-of-court workouts. Its services have included assistance in developing/analyzing and evaluating, negotiating and confirming plans of reorganization and testifying about debt restructuring, feasibility and other relevant issues. KZC's qualifications, including a description of its staffing and approach in providing services, are more fully set forth in the LoBiondo Declaration and in the Statement of Qualifications attached thereto.

8. Since June 2, 2003, KZC has provided advisory services to the Debtors and their nondebtor affiliates on a variety of reorganization and related finance issues, including advising and assisting the Debtors' management in preparing for a chapter 11 filing. In particular, KZC has assisted in the gathering of information for first day motions, assisted in the preparation of short term cash flows reflecting the effects of a chapter 11 filing, assisted in the communication and coordination of filing requirements and operating activities and provided other services that the Debtors requested and that KZC agreed to perform. Throughout these activities, KZC's

professionals have worked closely with the Debtors' management, employees, internal communications staff and other professionals and have become deeply familiar with the Debtors' restructuring and related internal financing needs. As a result, KZC has developed significant relevant experience and expertise, which will assist it in providing effective and efficient services in these chapter 11 cases.

**B.      Scope of services to be provided**

9.      If this Application is approved, the Debtors anticipate that KZC will render restructuring and bankruptcy consulting services to the Debtors as needed throughout these chapter 11 cases. In accordance with an engagement letter between KZC and the Debtors dated December 15, 2003 (the "Engagement Letter"), a copy of which is annexed to the LoBiondo Declaration as Schedule 1, the Debtors anticipate that KZC will perform, among others, the following services:

(a) advise and assist management in organizing the Debtors' resources and activities so as to effectively and efficiently plan, coordinate and manage the chapter 11 process and communicate with customers, lenders, suppliers, employees, shareholders and other parties in interest;

(b) assist management in designing and implementing programs to manage or divest assets, improve operations, reduce costs and restructure as necessary with the objective of rehabilitating the business;

(c) advise the Debtors in preparation of financial material and operating information to be provided to official committees, other constituencies and their professionals, and financial and operating information required by the Bankruptcy Court;

(d) advise and assist management in the gathering and preparation of the information necessary for the development of a plan of reorganization and underlying business plan, including the related assumptions and rationale, along with other information to be included in the disclosure statement;

(e) advise and assist the Debtors in forecasting, planning, controlling and other aspects of managing cash;

(f) advise the Debtors with respect to resolving disputes and otherwise managing the claims process; and

(g) provide such other services as may be required by the Debtors.

10. KZC has substantial expertise in all of the areas relevant to its retention. KZC also has obtained valuable institutional knowledge of the Debtors' businesses and financial affairs as a result of providing services to the Debtors prior to the Petition Date. For these reasons, the Debtors believe that KZC is both well qualified and uniquely able to assist the Debtors in these chapter 11 cases, and that the retention and employment of KZC is in the best interests of the Debtors and their estates. The Debtors have selected KZC because of its experience at a national level in matters of this type and because of its exemplary qualifications to perform the services required in these cases.

11. All of the services that KZC will provide to the Debtors will be undertaken at the request of the Debtors and will appropriately directed by the Debtors so as to avoid duplicative efforts among the professionals retained in the case, including Rothschild Inc., the Debtors' proposed financial adviser and investment banker. Specifically, to ensure against duplication of services among its professionals, the Debtors' chief restructuring officer will review all assignments to its professionals and monitor the services provided by each such professional.

C. **Staffing and approach**

12. A substantial portion of KZC's work is advisory and involves KZC's professionals counseling senior client personnel regarding high-level strategic and tactical issues. Consistent with its relatively unique practice, KZC's staff consists primarily of seasoned professionals. A typical new employee at KZC is a former partner or manager from a large accounting firm frequently with from five to more than seven years of experience. Indeed, more than half of KZC's professionals have in excess of ten years of relevant business experience.

13. KZC's internal structure and work approach are designed around its unusual staff composition of senior professionals. Individual staff members of KZC are assigned project roles that bring to bear their particular talents and experience in view of the specific requirements of the engagement. As a result, the Debtors believe that KZC provides high value for its fees, efficiently leveraging its experienced professionals by directing client personnel to perform routine tasks.

14. Leonard J. LoBiondo, CPA, CIRA, the managing director who will be responsible for this engagement, has more than 21 years of business experience, including 16 years advising troubled companies. He is a graduate of Villanova University, with significant experience in developing and implementing solutions for companies facing financial or operational problems. He will be responsible for the overall design of KZC's services and direction of the engagement team. Mr. LoBiondo will be assisted by Tom Zambelli and Cindy Conners, who, as project managers, will be responsible for all aspects of engagement administration and the coordination of the efforts of the assigned staff. Mr. Zambelli has more than 25 years of business experience, including over ten years of experience advising troubled companies. Ms. Conners, CIRA, also has more than 25 years of business experience, including twelve years of experience advising troubled companies.

**D.     Prepetition payments to KZC**

15. During the one-year period preceding the Petition Date, the Debtors paid KZC approximately $4,588,220.42 in respect of services rendered pursuant to the Engagement Letter and expenses incurred in relation thereto (the "Prepetition Payments"). Additionally, prior to the Petition Date, the Debtors provided KZC with a $800,000 retainer (the "Retainer").

16. KZC has not applied any portion of the Retainer toward fees accrued or reimbursement of expenses incurred prior to the Petition Date. The balance of the Retainer as of

the Petition Date is $800,000. To the best of the Debtors' knowledge, the Debtors do not owe any amounts to KZC on account of its prepetition fees and expenses.[1] A schedule identifying the Debtors' payment of the Retainer and Prepetition Payments is set forth below.

| **Date of Invoice** | **Date of Payment** | **Payment Amount** | **Check No. / Wire Transfer** |
|---|---|---|---|
| 6/2/03 | 6/18/03 | $250,000.00 (**Retainer**) | wire |
| 6/9/03 | 6/18/03 | $400,000.00 | wire |
| 6/30/03 | 8/1/03 | $71,161.59 | wire |
| 7/1/03 | 7/11/03 | $550,000.00 | wire |
| 7/31/03 | 9/4/2003 | $259,767.84 | wire |
| 8/1/03 | 8/7/03 | $750,000.00 | wire |
| 9/1/03 | 10/9/03 | $600,000.00 | wire |
| 9/30/03 | 10/16/03 | $12,458.63 | wire |
| 10/1/03 | 9/26/03 | $500,000.00 | wire |
| 10/31/03 | 11/21/03 | $232,357.29 | wire |
| 11/1/03 | 11/7/03 | $500,000.00 | wire |
| 11/30/03 | 12/11/03 | $262,475.07 | wire |
| 12/1/03 | 12/2/03 | $450,000.00 | wire |
| 12/15/03 | | $550,000.00 (**Retainer**)[2] | |
| **Total:** | | $5,388,220.42 | |

**E.     Terms of Engagement Letter**

17.     Pursuant to the terms and conditions of the Engagement Letter, and subject to the Court's approval, KZC intends to charge for its professional services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are

---

[1] In the event that KZC determines that any amounts are owed to it in respect of services rendered and expenses incurred prior to the Petition Date, KZC intends to apply the Retainer to unpaid prepetition fees and expenses. After application of the Retainer to outstanding fees and expenses, if any, KZC will hold the remainder of the Retainer and will not apply any portion of such funds to its fees and expenses incurred after the Petition Date, except pursuant to an order of this Court. The source of the Retainer and the Prepetition Payments was the Debtors' operating cash.

[2] This amount represents payment for an increased retainer, which KZC anticipates receiving prior to the Petition Date, pursuant to the Engagement Letter.

rendered. KZC also intends to seek reimbursement of actual and necessary out-of-pocket expenses (including costs of reproduction, typing, legal counsel, any applicable state sales or excise taxes and other direct expenses). KZC will maintain contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of its services. The customary hourly rates, subject to periodic adjustments, charged by KZC's personnel who are anticipated to be assigned to this case are as follows:

| **Professional** | **Per Hour** |
|---|---|
| Managing Directors | $600-$725 |
| Professional Staff | $125-$575 |
| Support Personnel | $50-$225 |

From time to time, KZC utilizes employees of its parent, Kroll, Inc. and its other subsidiaries. Their rates are consistent with the rates charged by KZC personnel.

18. The Debtors agree that KZC reserves the right to seek court approval for additional compensation in circumstances where extraordinary results may warrant such additional compensation. KZC further reserves the right, subject to court approval, to receive payment for compensation awarded in a form other than cash.

19. KZC charges its clients only for reasonably incurred, out-of-pocket expenses associated with an assignment, including costs of reproduction, typing, our legal counsel, any applicable state sales or excise taxes and other direct expenses. Except as necessary to comply with an order of the Court or local rules, all such expense billings are in accordance with KZC's customary practices. KZC personnel stay at convenient, quality hotels and eat at quality restaurants; KZC does not incur costs for luxury accommodations or deluxe meals and will not bill the Debtors for first class airfare. All expenses will be billed at actual cost, exclusive of amortization of the cost of any investment, equipment or capital outlay, except that (a) internal charges for outgoing out-of-town facsimile transmissions will be billed at $1.25 per page for

domestic transmissions and $2.50 per page for foreign transmissions and (b) internal photocopy charges will be billed at $.20 per page.

20. KZC maintains contemporaneous records of the time expended and out-of-pocket expenses incurred in support of its billings for services. All such records are located in KZC's offices and are available for inspection, subject to certain matters contained therein that may be confidential, privileged or otherwise prohibited from disclosure.

21. Pursuant to the terms of KZC's engagement, invoices for services rendered and out-of-pocket expenses incurred during each month are to be submitted to the Debtors in accordance with the procedures established for payment of professionals in these cases. Each such invoice will be accompanied by a list of professional, paraprofessional and support personnel providing services; their respective billing rates; the aggregate hours expended by each such person; a general description of the services rendered, summarized by discrete project; a detailed description of the services performed by each professional, paraprofessional and support person providing such services; the time expended organized by debtor, by discrete project, by day; and a reasonably detailed breakdown of the disbursements incurred.

22. The Debtors understand that KZC intends to apply to the Court for allowance of compensation and reimbursement of expenses for bankruptcy consulting and related finance services in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), as those procedures may be modified or supplemented by order of this Court.

**F.  Indemnification**

23. As more fully described in the Engagement Letter, the Debtors will indemnify and hold harmless KZC and its principals, employees, representatives, agents and counsel,

against any losses, claims, damages, liabilities, penalties, judgments, awards, costs, fees, expenses and disbursements (including reasonable attorneys' fees) that such indemnified parties may incur in connection with the services rendered or to be rendered by KZC to the Debtors. This indemnity does not extend to any losses that are finally judicially determined to have resulted from the gross negligence, bad faith, breach of fiduciary duty, willful or reckless misconduct or malpractice of the indemnified parties.

**G.     KZC's disinterestedness**

24. To the best of the Debtors' knowledge and belief, other than in connection with these cases, KZC has no connection with the Debtors, their creditors, the United States Trustee or any other party in interest, or their respective attorneys and accountants, except that KZC is connected with the Debtors by virtue of KZC's prepetition work for the Debtors, KZC may represent or has represented certain of the Debtors' creditors or other parties in interest in matters unrelated to these chapter 11 cases, and KZC has certain other connections with parties in interest that do not result in KZC holding or representing an interest adverse to the Debtors or their estates in connection with these chapter 11 cases.[3]  The Debtors do not owe KZC any amount for services performed prior to the Petition Date.  Based upon the information available to them, the Debtors believe that KZC is a "disinterested person," pursuant to sections 101(14) and 1107(b) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

---

[3] The Debtors' knowledge, information and belief regarding the matters set forth herein are based on, and made in reliance upon, the LoBiondo Declaration.  More detailed information regarding KZC's connections with parties in interest in these chapter 11 cases is included in the LoBiondo Declaration.

## RELIEF REQUESTED

25. By this Application, the Debtors seek entry of an order, pursuant to section 327 of the Bankruptcy Code, approving the employment of KZC as their restructuring advisors and bankruptcy consultants in these chapter 11 cases, effective as of the Petition Date and subject to the terms and conditions set forth in the Engagement Letter. The Debtors seek approval of the Application on an interim basis, in order to provide parties an opportunity to object to the relief requested herein before the entry of a final order. If the Court approves the Application on an interim basis, and no objections are timely filed with regard to approval of the Application on a final basis, the Debtors request that the Application be deemed granted on a final basis without further notice or hearing.

## BASIS FOR RELIEF REQUESTED

26. Section 327(a) of the Bankruptcy Code provides that a debtor in possession may, with the court's approval, employ professionals that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as defined by section 101(14) of the Bankruptcy Code, to represent or assist the debtor in possession in carrying out its duties under the Bankruptcy Code. *See* 11 U.S.C. §§ 101(14) & 327(a); *see also In re Granite Partners, L.P.,* 219 B.R. 22, 32 (Bankr. S.D.N.Y. 1998). Further, section 1107(b) of the Bankruptcy Code provides that a person is not disqualified for employment by a chapter 11 debtor in possession under section 327(a) of the Bankruptcy Code solely because of such person's employment by or representation of the debtor before the commencement of the case. *See* 11 U.S.C. § 1107(b).

27. As stated above, the Debtors believe that KZC does not hold or represent an interest adverse to the Debtors' estates and is a "disinterested person" under the Bankruptcy Code. The Debtors submit, therefore, that KZC is eligible to be employed by the Debtors in connection with these chapter 11 cases.

## WAIVER OF MEMORANDUM OF LAW

28. This Application includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, the Debtors respectfully request that the Court waive the requirement contained in Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be submitted.

## NOTICE

29. Notice of this Application will be given to (a) the United States Trustee for the Southern District of New York, (b) the Debtors' 50 largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions, (c) counsel to the agents for the Debtors' prepetition and proposed postpetition secured bank lenders, (d) the indenture trustee or fiscal agent for each of the public debt securities issued by the Debtors or their affiliates, (e) counsel to the unofficial prepetition committees representing certain bondholders of the Debtors or their affiliates, (f) Pharmacia Corporation, (g) Monsanto Company, (h) the Securities and Exchange Commission, (i) the Internal Revenue Service and (j) KZC. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given and that the notice provided by the Debtors is sufficient.

## NO PRIOR REQUEST

30. No prior request for the relief sought in this Application has been made to this or any other court in connection with these chapter 11 cases.

**WHEREFORE**, the Debtors respectfully request that the Court (a) enter an order, substantially in the form annexed hereto as Exhibit B, approving the employment of KZC as the Debtors' restructuring advisors and bankruptcy consultants effective as of the Petition Date, and (b) grant such other and further relief as the Court may deem just and proper.

Dated: December 17, 2003

Respectfully submitted,

SOLUTIA BUSINESS ENTERPRISES INC.,
SOLUTIA INC.,
SOLUTIA SYSTEMS, INC.,
SOLUTIA OVERSEAS, INC.,
CPFILMS INC.,
SOLUTIA MANAGEMENT COMPANY, INC.,
MONCHEM INTERNATIONAL, INC.,
AXIO RESEARCH CORPORATION,
SOLUTIA INVESTMENTS, LLC,
BEAMER ROAD MANAGEMENT COMPANY,
MONCHEM, INC.,
SOLUTIA INTER-AMERICA, INC.,
SOLUTIA INTERNATIONAL HOLDING, LLC.,
SOLUTIA TAIWAN, INC. and
SOLUTIA GREATER CHINA, INC.

By: /s/ Jeffry N. Quinn
    Jeffry N. Quinn
    Senior Vice President, General Counsel and
    Chief Restructuring Officer of Solutia and an
    authorized officer of each of the other Debtors