# EXHIBIT A

# SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION DATED OCTOBER 19, 2007

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
**SOLUTIA INC.,** *et al.,*                                 :    Case No. 03-17949 (PCB)
                                                            :
           Debtors.                                         :    (Jointly Administered)
                                                            :
------------------------------------------------------------x

**THIS ORDER APPLIES TO:**

| | |
|---|---|
| **X**  All Debtors | ____  Axio Research Corporation |
| ____  Solutia Inc. | ____  Solutia Investments, LLC |
| ____  Solutia Business Enterprises Inc. | ____  Beamer Road Management Company |
| ____  Solutia Systems, Inc. | ____  Monchem, Inc. |
| ____  Solutia Overseas, Inc. | ____  Solutia Inter-America, Inc. |
| ____  CPFilms Inc. | ____  Solutia International Holding, LLC |
| ____  Solutia Management Company, Inc. | ____  Solutia Taiwan, Inc. |
| ____  Monchem International, Inc. | ____  Solutia Greater China, Inc. |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT;**
**(II)  ESTABLISHING A RECORD DATE FOR VOTING ON THE**
**PLAN OF REORGANIZATION; (III) APPROVING SOLICITATION**
**PROCEDURES; (IV) APPROVING RIGHTS OFFERING**
**PROCEDURES; (V) APPROVING THE FORMS OF BALLOTS**
**AND MANNER OF NOTICE; AND (VI) ESTABLISHING NOTICE AND**
**OBJECTION PROCEDURES FOR THE CONFIRMATION OF THE PLAN**

Hearings having been held on July 10, 2007, July 17, 2007, July 26, 2007,

August 1, 2007 and October 19, 2007 (collectively, the "Hearings") before the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") to consider

the motion dated May 25, 2007 (as supplemented on the record at the Hearings from time to

time, the "Motion") of Solutia Inc. and certain of its direct and indirect subsidiaries, as debtors

and debtors in possession (collectively, the "Debtors"), for entry of an order (I) Approving the

Disclosure Statement, (II) Establishing a Record Date for Voting on the Plan of Reorganization,

(III) Approving Solicitation Packages and Procedures for the Distribution Thereof,

(IV) Approving the Procedures for the Rights Offerings, (V) Approving the Forms of Ballots,

(VI) Establishing Procedures for Voting on the Plan, and (VII) Establishing Notice and

Objection Procedures for the Confirmation of the Plan, all as more fully set forth in the Motion;

and the Bankruptcy Court having jurisdiction to consider the Motion; and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper

before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having

filed with this Bankruptcy Court Solutia's Fifth Amended Disclosure Statement Pursuant to

Section 1125 of the Bankruptcy Code (the "Disclosure Statement") dated October 19, 2007 and

Solutia's Fifth Amended Joint Plan of Reorganization Under Title 11 of the United States Code

(the "Bankruptcy Code"), dated October 19, 2007 (the "Amended Plan"); and the Affidavit of

Service sworn to on May 30, 2007 (the "Affidavits") having been filed with the Bankruptcy

Court; and the Bankruptcy Court having reviewed the Disclosure Statement, the Motion, the

papers in support thereof, and the responses thereto, if any; and each of the objections to the

Disclosure Statement or the Motion having been either (a) withdrawn or rendered moot by

proposed modifications to the Disclosure Statement or (b) overruled; and upon the Disclosure

Statement, the Motion, the papers in support thereof and the responses thereto, if any, and the

Affidavits, and the record of the Hearings; and the Bankruptcy Court having found and

determined that the legal and factual bases set forth in the Motion and at the Hearings establish

just cause for the relief granted herein; and that the relief requested in the Motion is in the best

interests of the Debtors, their estates, and creditors; and upon all of the proceedings had before

the Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor;

2

IT IS HEREBY FOUND THAT:

A.      Notice of the Motion and the Hearings, provided in the manner described in the Motion, was sufficient and appropriate under the circumstances, complied with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), and no other and further notice need be provided.

B.      The Solicitation Procedures,[1] a copy of which is annexed hereto as <u>Exhibit A</u>, are incorporated herein by reference and form an integral and indivisible part of this Order, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

C.      Ballots will be provided to holders of claims in Class 3 (Senior Secured Note Claims)[2], Class 5 (CPFilms Claims), Class 11 (Monsanto Claim), Class 12 (Noteholder Claims), Class 13 (General Unsecured Claims), Class 14 (Retiree Claim), Class 15 (Pharmacia Claims), Class 19 (Security Claims) and holders of Equity Interests entitled to Vote in Class 20 (Equity Interests) ("Voting Equity Interests") because these claims and interests are classified as being impaired by, and entitled to vote under, the Amended Plan.

D.      The Ballots, including the Master Ballots, attached to this Order as <u>Exhibits B-1</u> through <u>Exhibit B-11</u>, (i) are consistent with Official Form No. 14, (ii) adequately address the particular needs of these chapter 11 cases, (iii) are appropriate for each Class of

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Solicitation Procedures attached hereto as <u>Exhibit A</u> or the Amended Plan.

[2]    The Ballots provided to holders of claims in Class 3 will be provisional Ballots and will only be counted in the event that Senior Secured Note Claims are determined to be impaired under the Amended Plan.

3

Claims or Equity Interests entitled to vote to accept or reject the Amended Plan, and (iv) comply

with Bankruptcy Rule 3017(d).

       E.     Ballots need not be provided to holders of claims in Class 1 (Priority Non-

Tax Claims), Class 2 (Secured Claims), Class 4 (Convenience Claims), Class 6 (NRD Claims),

Class 7 (Insured Claims), Class 8 (Tort Claims), Class 9 (Legacy Site Claims), Class 10 (Equity

Interests in all Debtors other than Solutia), Class 16 (Non-Debtor Intercompany Claims), and

Class 17 (Debtor Intercompany Claims) because these classes are classified as being either

unimpaired by the Amended Plan or are conclusively presumed to accept the Amended Plan in

accordance with section 1126(f) of the Bankruptcy Code, or are otherwise deemed to have

accepted the Amended Plan.

       F.     Ballots need not be provided to holders of claims in Class 18 (Axio

Claims) because this class will not receive a distribution under the Amended Plan and is deemed

to have rejected the Amended Plan in accordance with section 1126(g) of the Bankruptcy Code.

       G.     Ballots need not be provided to holders of interests classified in Class 20

(Equity Interests in Solutia Inc.) who do not hold sufficient interests to be entitled to receive at

least one Warrant or to purchase one share of New Common Stock pursuant to the Equity

Purchase Option because such holders (the "Non-Voting Solutia Equity Holders") will not

receive a distribution under the Amended Plan.

       H.     The period during which the Debtors may solicit votes to accept or reject

the Amended Plan, as established by this Order, provides sufficient time for (i) creditors to make

informed decisions to accept or reject the Amended Plan and submit timely Ballots to the

Debtors' voting agent, Financial Balloting Group LLC (the "Voting Agent"), and (ii) Nominees[3]

---

[3]    For purposes of soliciting votes on the Amended Plan, or in connection with the Rights Offering, The
Wilmington Trust Company and the Bank of New York shall not constitute "Nominees" and are not responsible

for Beneficial Owners of the public bonds or Solutia Stock as identified in the Amended Plan

(the 2027/2037 Notes, the Senior Secured Notes, and the Voting Equity Interests) to distribute

the Ballots to Beneficial Owners, for such Beneficial Owners to complete and timely submit

such Ballots to the Nominees (or if such Ballots have been "prevalidated" by the Nominees, to

the Voting Agent) and for the Nominees to complete and timely submit Master Ballots to the

Voting Agent.

     I.     The contents of the Solicitation Packages, including the Confirmation

Hearing Notice annexed to this Order as Exhibit C, comply with Bankruptcy Rules 2002 and

3017 and constitute sufficient notice to all interested parties in accordance with the Bankruptcy

Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

     J.     Notice to individual Retirees is due and sufficient even though individual

Retirees will not receive Solicitation Materials, but instead (a) will receive the Retiree Notice

(attached to this Order as Exhibit D) regarding the terms of the Retiree Settlement Agreement

and the treatment of their Claims under the Amended Plan and upcoming hearings in these

chapter 11 cases at which the Debtors and the Retirees' Committee will seek approval of the

Retiree Settlement pursuant to section 1114(e)(1)(B) of the Bankruptcy Code and Bankruptcy

Rule 9019, and (b) the Retirees' Committee, as the authorized representative for the Retirees,

will receive Solicitation Materials and is authorized and empowered to vote the Retiree Claim on

behalf of all Retirees.

     K.     Notice to Holders of Tort Claims is due and sufficient even though such

Holders will not receive Solicitation Materials, but instead will receive the Tort Notice regarding

---

(Continued...)

    for sending any solicitation packages to or collecting and voting a Master Ballot for any Beneficial Owner of
the 2027/2037 Notes or the Senior Secured Notes.

the treatment of their Claims pursuant to the Amended Plan. A copy of the Tort Notice is attached to this Order as Exhibit E.

L.       The Rights Offering Procedures set forth in Exhibit F to this Order will allow the Debtors to efficiently transmit to Eligible Holders the materials necessary to participate in the Rights Offering and afford such Eligible Holders a fair and reasonable opportunity to subscribe for the Rights.

M.       The Equity Purchase Procedures set forth in Exhibit J to this order will allow the Debtors to efficiently transmit to Eligible Stockholders the materials necessary to participate in the Equity Purchase Offering and afford such Eligible Stockholders a fair and reasonable opportunity to subscribe for the Equity Purchase Rights, as defined in the Equity Purchase Procedures.

N.       The Claim Transfer Procedures set forth in Exhibit K to this order provide Eligible Claim Transfer Holders the opportunity to exchange their Allowed General Unsecured Claims for Cash and provide Eligible Claim Transfer Shareholders a fair and reasonable opportunity to acquire such Allowed General Unsecured Claims.

O.       The Debtors and Industrial Waste Area Generator Group II ("IWAG") have agreed that the entry of this Order shall be without prejudice to IWAG's rights to raise any and all issues at the Confirmation Hearing of the Debtors' proposed Amended Plan. Therefore, nothing in the Disclosure Statement or in this Order shall prejudice IWAG's rights in any way to raise any and all issues through an objection to the confirmation of the Debtors' proposed Amended Plan.

6

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.    The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and hereby is approved.

2.    The Solicitation Procedures annexed hereto as <u>Exhibit A</u> are hereby approved.

3.    The Retiree Notice substantially in the form attached hereto as <u>Exhibit D</u> is hereby approved.

4.    The Tort Notice substantially in the form attached hereto as <u>Exhibit E</u> is hereby approved.

5.    Where appropriate herein, findings of fact shall be deemed conclusions of law and conclusions of law shall be deemed findings of fact.

6.    The Ballots and Master Ballots, substantially in the forms attached hereto as <u>Exhibits B-1</u> through <u>Exhibit B-11</u>, are approved.  The appropriate Ballots and Master Ballots shall be distributed to holders of Claims or Equity Interests in the following Classes entitled to vote to accept or reject the Amended Plan:

| | |
|---|---|
| <u>Class 3 Ballots and Master Ballots</u> | Senior Secured Note Claims |
| <u>Class 5 Ballots</u> | CPFilms Claims |
| <u>Class 11 Ballot</u> | Monsanto Claim |
| <u>Class 12 Ballots and Master Ballots</u> | Noteholder Claims |
| <u>Class 13 Ballots</u> | General Unsecured Claims |
| <u>Class 14 Ballot</u> | Retiree Claim |

K&E 12001859.11

<u>Class 15 Ballots</u>                    Pharmacia
                                          Claims

<u>Class 19 Ballots</u>                    Security
                                          Claims

<u>Class 20 Ballots and Master Ballots</u>      Voting Equity
                                          Interests[4]

7.      The Ballots and Master Ballots for holders of claims in Class 3 (Senior Secured Note Claims) will not be counted and shall be disregarded for all purposes in the event that the Senior Secured Note Claims are determined to be unimpaired under the Amended Plan.

8.      The Confirmation Hearing Notice, substantially in the form attached to this Order as <u>Exhibit C,</u> is approved.  The Debtors shall serve and publish copies of the Confirmation Hearing Notice in accordance with the Solicitation Procedures attached hereto as <u>Exhibit A</u>.  Such service and publication constitute reasonable and sufficient notice of the time, date and location of the Confirmation Hearing pursuant to Bankruptcy Rule 2002.

9.      No later than seven (7) Business Days after the Record Date (the "Solicitation Date"), the Debtors shall mail or cause to be mailed the Solicitation Packages.

10.     The Debtors are authorized to distribute the Solicitation Packages without the Plan Supplement and are directed to file the Plan Supplement with the Bankruptcy Court and serve the Plan Supplement on (i) U.S. Trustee; (ii) counsel for the Creditors' Committee; (iii) counsel for the agent for the Debtors' postpetition secured lenders; (iv) counsel for the Ad Hoc Notes Committee; (v) counsel for the Retirees' Committee; (vi) counsel for the Equity Committee; (vii) counsel for the Ad Hoc Trade Committee; (viii) counsel for Monsanto; (ix) .counsel for Pharmacia; and (x) counsel for the Prepetition Indenture Trustee, no later than ten

---

[4]     Only Holders of at least 11 shares of Solutia Stock as of the Record Date shall be entitled to vote to accept or reject the Amended Plan (See Article III.B of the Amended Plan).

8

(10) calendar days prior to the Confirmation Hearing. After it is filed, the Plan Supplement will

be available for review at www.solutia.com/reorganization or www.fbgdocuments.com/soi.

      11.    With respect to Holders of Claims and Equity Interests not entitled to vote

to accept or reject the Amended Plan pursuant to sections 1126(f) or 1126(g) of the Bankruptcy

Code, the Debtors shall mail the appropriate Notice of Non-Voting Status, Retiree Notice or Tort

Notice, substantially in the form of Exhibit D, E, G, H, or I, annexed to this Order, as applicable;

provided, however, that the Notices of Non-Voting Status, the Retiree Notice and the Tort Notice

shall provide that a copy of the Amended Plan and Disclosure Statement may be viewed at

www.solutia.com/reorganization or www.fbgdocuments.com/soi, or obtained free of charge by

contacting the Voting Agent at (646) 282-1800.

      12.    With respect to entities at addresses from which Disclosure Statement

Hearing Notices were returned as undeliverable by the United States Postal Service, the Debtors

are excused from distributing Solicitation Packages to those entities unless the Debtors are able,

using reasonable efforts, to obtain an accurate address for such entities before the Solicitation

Date, and failure to distribute Solicitation Packages to such entities will not constitute inadequate

notice of the Confirmation Hearing, the Voting Deadline, or violation of Bankruptcy Rule

3017(d).

      13.    Pursuant to Bankruptcy Rule 3018(a), the record date for purposes of

determining which Holders of Claims and Equity Interests are entitled to receive Solicitation

Packages and, where applicable, vote on the Amended Plan shall be October 22, 2007, (the

"Record Date"). The Debtors shall specify the Record Date in the Confirmation Hearing Notice.

Only Holders of Claims and Equity Interests as of the Record Date shall be entitled to vote to

accept or reject the Amended Plan, and where applicable, make any election set forth on the Ballot or participate in the Rights Offering.

14.    To be counted as votes to accept or reject the Amended Plan, all Ballots and Master Ballots cast on behalf of Beneficial Holders must be properly executed, completed and delivered to the Voting Agent either by (a) first-class mail, in the return envelope provided with each Ballot, (b) overnight courier, or (c) personal delivery so that, in each case, they are actually received by the Voting Agent at Financial Balloting Group, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, Attn: Solutia Inc. by no later than **5:00 p.m., Eastern Time, on November 26, 2007** (the "Voting Deadline"), which date shall be included in the Disclosure Statement, each Ballot, and any notice of the Confirmation Hearing contained in the Solicitation Packages or otherwise distributed or published by the Debtors.  The Debtors, subject to the Court's approval, shall have the ability to extend in writing the Voting Deadline.

15.    The Confirmation Hearing will be held at **11:00 a.m., Eastern Time, on November 29, 2007**; provided, however, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than an announcement in Court at the Confirmation Hearing or any adjourned Confirmation Hearing; provided, further, however, that notice of any such adjournments will be set forth on (a) the Court's website at www.nysb.uscourts.gov for registered users of the Public Access to Court Electronic Records (PACER) System, (b) the Voting Agent's website at www.fbgdocuments.com/soi, and (c) the Debtors' website at www.solutia.com/reorganization.

16.    Objections, if any, to confirmation of the Amended Plan or proposed modifications to the Amended Plan, if any, must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state

10

with particularity the basis and nature of any objection to the confirmation of the Amended Plan, and (d) be filed, together with proof of service, with the Court and served so that they are received by (i) the Clerk of the Court, (ii) counsel for the Debtors, (iii) the U.S. Trustee, (iv) counsel to the Creditors' Committee, (v) counsel for the agents for the Debtors' postpetition secured lenders, (vi) counsel to the Ad Hoc Notes Committee, (vii) counsel to the Retirees' Committee, (viii) counsel to the Equity Committee, (ix) counsel to the Ad Hoc Trade Committee, and (x) counsel to the Prepetition Indenture Trustee, at the addresses set forth in the Confirmation Hearing Notice, no later than **November 21, 2007 at 5:00 p.m., Eastern Time** (the "Confirmation Objection Deadline").

17.    In the event that multiple objections to confirmation of the Amended Plan are filed, the Debtors and any other party in interest are authorized to file a single, omnibus reply to such objections.

18.    The certification of Ballots shall be filed no later than November 28, 2007 at 2:00 p.m., Eastern Time.

19.    The Debtors are authorized to make non-substantive changes, with the consent of Monsanto, the Creditors' Committee and, with respect to provisions directly affecting holders of Equity Interests, the Equity Committee, which consent shall not be unreasonably withheld, to the Disclosure Statement, Amended Plan, Ballots, Master Ballots, Confirmation Hearing Notice, Rights Exercise Form, the Retiree Notice, the Tort Notice, and related documents by filing an errata sheet approved by the Court. These non-substantive changes shall include, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Amended Plan, and any other materials in the Solicitation Package prior to their distribution.

K&E 12001859.11

20. The Rights Offering Procedures, Rights Exercise Form and Master Rights Exercise Form set forth in <u>Exhibit F</u> to this Order and instructions are hereby approved.

21. The Equity Purchase Procedures, the Equity Purchase Forms and the Master Equity Purchase Form set forth in <u>Exhibit J</u> to this Order and instructions are hereby approved.

22. The Claim Transfer Option Notice, the Claim Transfer Procedures and the Equity Claim Purchase and Right Exercise Form set forth in <u>Exhibit K</u> to this order and instruction are hereby approved.

23. The Retiree Committee is authorized to vote the $35 million Retiree Claim on behalf of all Retirees.

24. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

25. All time periods set forth herein shall be calculated in accordance with Bankruptcy Rule 9006(a).

26. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

27. This Order shall be effective and enforceable upon its entry.

Dated: New York, New York
      October 19, 2007

                    /s/ Prudence Carter Beatty
                    UNITED STATES BANKRUPTCY JUDGE

12

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
SOLUTIA INC., et al.,                                       :    Case No. 03-17949 (PCB)
                                                            :
            Debtors.                                        :    (Jointly Administered)
                                                            :
------------------------------------------------------------x
```

**THESE PROCEDURES APPLY TO:**

| | |
|---|---|
| **X**  All Debtors | ____  Axio Research Corporation |
| ____  Solutia Inc. | ____  Solutia Investments, LLC |
| ____  Solutia Business Enterprises Inc. | ____  Beamer Road Management Company |
| ____  Solutia Systems, Inc. | ____  Monchem, Inc. |
| ____  Solutia Overseas, Inc. | ____  Solutia Inter-America, Inc. |
| ____  CPFilms Inc. | ____  Solutia International Holding, LLC |
| ____  Solutia Management Company, Inc. | ____  Solutia Taiwan, Inc. |
| ____  Monchem International, Inc. | ____  Solutia Greater China, Inc. |

**SOLUTIA INC.**
**SOLICITATION AND TABULATION PROCEDURES**

K&E 12001835.11

**SOLUTIA INC.**
**SOLICITATION AND TABULATION PROCEDURES**

The following procedures (the "Solicitation Procedures") are adopted with respect to (a) the distribution of Ballots and other solicitation materials with respect to the Amended Plan and (b) the return and tabulation of Ballots and Master Ballots.

1.    **Definitions**

(a)    **Amended Plan** means Solutia's Fifth Amended Joint Plan of Reorganization under Title 11 of the United States Code, dated October 19, 2007.

(b)    **Ballot** means a form of ballot approved by the Court in the Disclosure Statement Order.

(c)    **Beneficial Owner** means a beneficial owner of 2027/2037 Notes, Senior Secured Notes or Voting Equity Interests for whom a Nominee acts.

(d)    **Confirmation Hearing** means the hearing on the confirmation of the Amended Plan, as such hearing may be adjourned from time to time.

(e)    **Confirmation Hearing Notice** means a notice of the Confirmation Hearing, substantially in the form attached to the Disclosure Statement Order as Exhibit C.

(f)    **Confirmation Objection Deadline** means, except as set forth in the Stipulation, November 21, 2007 at 5:00 p.m. Eastern Time.

(g)    **Creditors' Committee Communication** means that certain letter, prepared by the Creditors' Committee, which shall be included in the Solicitation Packages sent to all Holders of General Unsecured Claims and Noteholder Claims.

(h)    **Disclosure Statement** means the Disclosure Statement approved by the Court in the Disclosure Statement Order.

(i)    **Disclosure Statement Order** means the order approving the Disclosure Statement, Solicitation Procedures and Rights Offering Procedures.

(j)    **Equity Committee Communication** means that certain letter, prepared by the Equity Committee, which shall be included in the Solicitation Packages sent to all Voting Solutia Equity Holders.

(k)    **Master Ballot** means a form of ballot, approved by the Court in the Disclosure Statement Order, submitted by a Nominee on behalf of one of more Beneficial Owners.

(l)    **Nominees** means the brokers, banks, dealers, or nominees for Beneficial Owners of the public bonds or Solutia Stock as identified in the Amended Plan. For purposes of soliciting votes on the Amended Plan, The Bank of New York and

2

The Wilmington Trust Company, in their capacities as Indenture Trustees, shall not constitute Nominees and are not responsible for sending any solicitation packages to or collecting and voting a Master Ballot for any Beneficial Owner of the 2027/2037 Notes or the Senior Secured Notes.

(m)    **Non-Voting Solutia Equity Holders** means holders of existing Solutia Inc. common stock ("Solutia Stock") who are classified in Class 20 (Equity Interests in Solutia) who hold less than 11 shares of Solutia Stock, as reflected in the records maintained by the Debtors or the Debtors' transfer agent(s) or the Nominees as of the close of business on the Record Date, and who will not receive a distribution under the Amended Plan.

(n)    **Notice of Non-Voting Status (Equity Interests)** means the notice of non-voting status that the Beneficial Holders who hold Non-Voting Equity Interests in Solutia through Nominees or as registered holders will receive in lieu of, or in addition to, the Solicitation Materials, as applicable. A copy of the Notice of Non-Voting Status-Equity Interests is attached to the Disclosure Statement Order substantially in the form of Exhibit G.

(o)    **Notice of Non-Voting Status (Axio Claims)** means the notice the Holders of Claims in Class 18 who are deemed to reject the Amended Plan will receive in lieu of the Solicitation Materials. A copy of the Notice of Non-Voting Status-Axio Claims is attached to the Disclosure Statement Order substantially in the form of Exhibit H.

(p)    **Notice of Non-Voting Status (Accepting Classes)** means the notice of non-voting status that the Holders of Claims in Classes 1, 2, 4, 6, 7, 9 and 10 who are deemed to accept the Amended Plan will receive in lieu of the Solicitation Materials. A copy of the Notice of Non-Voting Status-Accepting Classes is attached to the Disclosure Statement Order substantially in the form of Exhibit I.

(q)    **Record Amount** means the principal amount of 2027/2037 Notes, the face amount of Senior Secured Notes or the number of Voting Equity Interests held as of the Record Date.

(r)    **Record Date** means **October 22, 2007**, the date set for purposes of determining which Holders of Claims and Equity Interests are entitled to receive Solicitation Materials and, where applicable, vote on the Amended Plan.

(s)    **Retiree Notice** means the notice that individual Retirees will receive, in lieu of the Solicitation Materials, setting forth the terms of the Retiree Settlement Agreement, the treatment of their Claims under the Amended Plan and upcoming hearings in these chapter 11 cases at which the Debtors and the Retirees' Committee will seek approval of the Retiree Settlement pursuant to section 1114(e)(1)(B) of the Bankruptcy Code and Bankruptcy Rule 9019. A copy of the Retiree Notice is attached to the Order as Exhibit D.

3

(t)     **Solicitation Date** means the date by which the Debtors will complete distribution of the Solicitation Packages, which shall be no later than seven (7) Business Days after the Record Date.

(u)     **Solicitation Materials** means, and will consist of: (a) the Disclosure Statement Order (together with a copy of these Solicitation Procedures); (b) the Disclosure Statement (together with the Amended Plan, without exhibits)[1]; (c) a form of Ballot and/or Master Ballot, as appropriate, together with a return envelope; (d) where applicable, a copy of the (i) Creditors' Committee Communication or (ii) Equity Committee Communication; if applicable, (e) the Rights Offering Procedures and a Rights Exercise Form or Master Rights Exercise Form, together with a return envelope; if applicable, (f) the Equity Purchase Procedures and an Equity Purchase Form or Master Equity Purchase Form; and, if applicable, (g) the Claim Transfer Procedures and a Claim Transfer Right Exercise Form or the Claim Transfer Option Notice.

(v)     **Solicitation Packages** means, and will consist of, all of the following:

    (i)     the Confirmation Hearing Notice; and

    (ii)    either

- the Solicitation Materials;
- a Notice of Non-Voting Status;
- the Retiree Notice; or
- the Tort Notice.

(w)     **Tabulation Rules** means the rules set forth herein for the temporary allowance of Claims or Equity Interests solely for the purposes of voting to accept or reject the Amended Plan.

(x)     **Tort Notice** means the notice that the Holders of Tort Claims will receive setting forth the treatment of their Claims pursuant to the Amended Plan in lieu of the Solicitation Materials.  A copy of the Tort Notice is attached to the Order as Exhibit E.

(y)     **Voting Agent** means the Debtors' voting agent, Financial Balloting Group LLC.

(z)     **Voting Deadline** means **November 26, 2007 at 5:00 p.m. Eastern Time,** the date set by the Court as the deadline for receipt of Ballots and Master Ballots by the Voting Agent.

---

[1] The Exhibits to the Amended Plan will be posted electronically at www.solutia.com/reorganization and www.fbgdocuments.com/soi.

4

(aa)    **Voting Solutia Equity Holders** means holders of existing Solutia Stock who are classified in Class 20 (Equity Interests in Solutia) who hold at least 11 shares of Solutia Stock, as reflected in the records maintained by the Debtors or the Debtors' transfer agent(s) as of the close of business on the Record Date, and who are entitled to vote on the Amended Plan.

Any capitalized term used herein but not otherwise defined shall have the meaning ascribed to such term in the Amended Plan.

2.    **Publication of Confirmation Hearing Notice:**

(a)    The Debtors shall publish a notice substantially in the form of the Confirmation Hearing Notice not less than twenty-five (25) calendar days before the Confirmation Objection Deadline once each in the national editions of The Wall Street Journal, The New York Times, USA Today, and St. Louis Post Dispatch.

(b)    Additionally, the Confirmation Hearing Notice will be posted electronically at www.solutia.com/reorganization and www.fbgdocuments.com/soi.

3.    **Distribution of Solicitation Packages and Solicitation Materials:**

(a)    **Timing of Distribution.** The Debtors will distribute the Solicitation Materials and Solicitation Packages to all applicable parties by the Solicitation Date.

(b)    **Solicitation Packages.** The Debtors shall distribute Solicitation Packages to (i) all persons or entities that filed proofs of Claim on or before the Record Date, except to the extent a Claim was paid pursuant to, or expunged by, a prior order of the Bankruptcy Court, (ii) all persons or entities listed in the Debtors' Schedules as holding liquidated, noncontingent, and undisputed Claims in an amount greater than zero, (iii) the registered holders of the Debtors' debt and equity securities, including options to purchase such securities, as of the Record Date, and (iv) all other known creditors of the Debtors as of the Record Date.

(c)    **Duplicate Claims.** With respect to any creditor who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors), which are classified under the Amended Plan in the same Class, the Debtors shall provide to such creditor only one Solicitation Package and one Ballot for voting their Claims with respect to that class.

(d)    **Other Solicitation Materials.** The Debtors will distribute (i) the Disclosure Statement Order, together with these Solicitation Procedures, (ii) the Confirmation Hearing Notice and (iii) the Disclosure Statement, together with the Amended Plan to the following parties by the Solicitation Date: (a) the U.S. Trustee, (b) Monsanto, (c) Pharmacia, (d) the Securities and Exchange Commission, (e) the Internal Revenue Service, (f) the Department of Justice, (g) all landlords and other parties to Executory Contracts and/or Unexpired Leases, (h) all secured and administrative creditors of the Debtors; (i) all Professionals, (j) all parties who have submitted a written demand against Solutia, (k) all parties

5

who filed reclamation claims, (l) the Environmental Protection Agency, (m) all taxing authorities to which the Debtors pay taxes, (n) all environmental and other regulatory authorities, (o) the Pension Benefit Guaranty Corporation, (p) the Creditors' Committee, (q) the Retirees' Committee, (r) the Equity Committee, (s) the Ad Hoc Notes Committee, (t) the Ad Hoc Trade Committee, (u) the Prepetition Indenture Trustee, (v) the Bank of New York, indenture trustee of Solutia's Senior Secured Notes, and (w) all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

(e)     **Tort Notice.**  The Debtors shall mail the Tort Notice to the Holders of Claims which the Debtors believe to be Tort Claims, and the Tort Notice shall provide that a copy of the Amended Plan and Disclosure Statement may be viewed at www. solutia.com/reorganization or www.fbgdocuments.com/soi or obtained free of charge by contacting the Voting Agent at (646) 282-1800.

(f)     **Retiree Notice.**  The Debtors shall mail the Retiree Notice, together with a copy of the Retiree Settlement Agreement to the Holders of Claims, which the Debtors believe to be Retiree Claims, and the Retiree Notice shall provide that a copy of the Amended Plan and Disclosure Statement may be viewed at www. solutia.com/reorganization or www.fbgdocuments.com/soi or obtained free of charge by contacting the Voting Agent at (646) 282-1800.

(g)     **Notice of Non-Voting Status-Equity Interests.**  The Debtors shall distribute copies of the Notice of Non-Voting Status-Equity Interests and the Confirmation Hearing Notice to the Non-Voting Solutia Equity Holders pursuant to the following procedures:

(i)     (A)     the Debtors shall provide the Nominee Stockholders with sufficient copies of the Notice of Non-Voting Status-Equity Interests and the Confirmation Hearing Notice to forward to the Beneficial Stockholders; and

(B)     the Nominee Stockholders shall forward the Notice of Non-Voting Status-Equity Interests and the Confirmation Hearing Notice or copies thereof to the Beneficial Stockholders within five (5) Business Days of the receipt by such Nominee Stockholders of the Notice of Non-Voting Status-Equity Interests and the Confirmation Hearing Notice; or

(ii)    The Debtors shall mail the Notice of Non-Voting Status-Equity Interests and the Confirmation Hearing Notice to Equity Interest holders whose Non-Voting Equity Interests are listed on the records of the Transfer Agent.

(h)     **Procedures for Nominees.**  Each Nominee shall (i) forward the Solicitation Package to each Beneficial Owner for voting and include a return envelope

6

provided by and addressed to the Nominee so that the Beneficial Owner may timely return the completed beneficial owner ballot to the Nominee, (ii) upon receipt of the Ballots, summarize the individual votes of its respective Beneficial Owners on the Master Ballot, and (iii) submit the Master Ballot to the Voting Agent by the Voting Deadline or follow the procedures outlined below with respect to prevalidation.

(i)     **Notices of Non-Voting Status.**  The Debtors shall mail the appropriate Notice of Non-Voting Status to the Holders of Claims not entitled to accept or reject the Amended Plan pursuant to sections 1126(f) or 1126(g) of the Bankruptcy Code and the Notices of Non-Voting Status shall provide that a copy of the Amended Plan and Disclosure Statement may be viewed at www.solutia.com/reorganization or www.fbgdocuments.com/soi, or obtained free of charge by contacting the Voting Agent at (646) 282-1800.

4.     **Determination of Amount of Claims and Equity Interests for Voting Purposes.** Solely for purposes of voting to accept or reject the Amended Plan, and not for the purpose of making distributions on account of a Claim or Equity Interest, and without prejudice to the rights of the Debtors or any other party in interest in any other context, each Claim or Equity Interest within a Class of Claims or Equity Interests entitled to vote to accept or reject the Amended Plan shall be temporarily allowed in an amount equal to the amount of such Claim or Equity Interest as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the amount of such Claim or Equity Interest as set forth in the Schedules, in accordance with, and subject to, the Tabulation Rules described below:

(a)     General Tabulation Rules.

(i)     A Claim for which a proof of Claim has been timely filed and asserts both a liquidated and unliquidated amount shall be temporarily allowed for voting purposes, subject to the other Tabulation Rules, only in the liquidated amount of such Claim;

(ii)     A Claim that is not contingent, unliquidated or disputed, for which a proof of Claim has been timely filed, which is not listed on the Schedules and for which no objection to such Claim has been filed on or before the Voting Deadline shall be temporarily allowed for voting purposes in the amount set forth in the proof of Claim;

(iii)     A Claim that by its terms is contingent, unliquidated or disputed, based on a timely filed proof of Claim shall, subject to the claimant's right to file a motion pursuant to Bankruptcy Rule 3018(a), be temporarily allowed for voting purposes only in an amount equal to one dollar ($1.00);

(iv)     If the Debtors have served and filed an objection to a Claim or Equity Interest at least ten (10) calendar days prior to the Voting Deadline, such Claim or Equity Interest shall, subject to the claimant's right to file a

7

motion pursuant to Bankruptcy Rule 3018(a), be temporarily allowed for voting purposes only in an amount equal to the greater of (a) the undisputed amount of such Claim or Equity Interest, if any, as set forth in such objection or (b) one dollar ($1.00);

(v)     Notwithstanding any other Tabulation Rule, a Claim or Equity Interest that has been estimated or otherwise allowed for voting purposes by order of the Court shall be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court; and

(vi)    A Claim or Equity Interest for which the Claim Holder or Voting Equity Interest Holder identifies a Claim or Equity Interest amount on its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation Rules shall be temporarily allowed for voting purposes in the amount calculated in accordance with the Tabulation Rules.

(b)    <u>Allowed Claims</u>.  Notwithstanding any other Tabulation Rule, a Claim that is deemed allowed in accordance with the Amended Plan shall be allowed for voting purposes in the deemed allowed amount set forth in the Amended Plan.

(c)    <u>Rejection Damages Claims.</u>  Any Claim filed as a protective Claim for rejection damages related to an executory contract or an unexpired lease that the Debtors **have not rejected** as of the Voting Deadline shall be temporarily disallowed for voting purposes, and to the extent that such Claim is solely for rejection damages, any related Ballot shall not be counted as having voted for or against the Amended Plan.

(d)    <u>Senior Secured Note Claims</u>.  Senior Secured Note Claims shall be temporarily allowed for voting purposes only in an aggregate amount equal to $223 million, provided, however, that to the extent the Senior Secured Note Claims are determined to be Unimpaired, any and all Ballots cast by Holders of the Senior Secured Note Claims shall be disregarded for all purposes.

(e)    <u>Noteholder Claims</u>.  Noteholder Claims shall be temporarily allowed for voting purposes only in an aggregate amount equal to $455.4 million.

5.    **Return of Ballots By Voting Deadline:**  For a vote to accept or reject the Amended Plan to be counted, all required information on the Ballot must be completed, the Ballot must be executed and the completed Ballot must be returned as directed on the Ballot so that it (or the Master Ballot) is actually received by the Voting Agent **no later than 5:00 p.m., Eastern Time, on November 26, 2007** (the "Voting Deadline") at Financial Balloting Group, LLC ,757 Third Avenue, 3rd Floor, New York, NY 10017, Attn: Solutia Inc.

**Special procedures and deadlines may apply to Noteholder Claims and Voting Solutia Equity Interests.  Any failure to follow the instructions included on the Ballot may disqualify a vote.**

8

6.    **Ballots Excluded:**  A Ballot or Master Ballot will not be counted if any of the following applies to the Ballot or Master Ballot, subject to the Debtors' right to waive such defects in accordance with these Solicitation Procedures:

    (a)    The Ballot and Master Ballot is received by the Voting Agent after the Voting Deadline.

    (b)    The Ballot (or a group of Ballots received from a single creditor or interest holder with respect to the 2027/2037 Notes, the Senior Secured Notes or Voting Equity Interests) partially rejects and partially accepts the Amended Plan.

    (c)    The Ballot or Master Ballot is received by facsimile, e-mail or any other electronic means.

    (d)    The Ballot or Master Ballot is not timely received by the Voting Agent but is sent to the Debtors, any indenture trustee or the Debtors' financial or legal advisors.

7.    **General Tabulation Procedures and Assumptions:**

The following tabulation procedures for Ballots and Master Ballots shall be utilized:

    (a)    Beneficial Holders must vote all of their Noteholder Claims, Senior Secured Note Claims or Voting Equity Interests in a particular Class either to accept or reject the Amended Plan and may not split their votes with respect to such Claims or Interests within a particular Class;

    (b)    The Retirees' Committee, as the authorized representative for the Retirees, is authorized and empowered to vote the Retiree Claim on behalf of all Retirees;

    (c)    The method of delivery of the Ballots and Master Ballots to be sent to the Voting Agent is at the election and risk of each Holder of a Claim or Equity Interest and (if applicable) Nominee, and will be deemed made only when the original executed Ballot or Master Ballot is actually received by the Voting Agent;

    (d)    If multiple Ballots are received from, or on behalf of, an individual Holder of a Claim or Equity Interest with respect to the same Claim or Equity Interest prior to the Voting Deadline, the last Ballot timely received will be deemed to reflect the intent of such Holder and to supercede and revoke any prior Ballot with respect to such Claim or Equity Interest;

    (e)    If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, attorney-at-law, or other person acting in a fiduciary or representative capacity, such person shall be required to indicate such capacity when signing, and the Debtors may request proper evidence prior to accepting such Ballot;

    (f)    The Debtors, subject to any contrary order of the Court, may waive any defect in any Ballot or Master Ballot at any time, whether before or after the Voting Deadline, upon providing three calendar days notice of such waiver to the

9

Creditors' Committee, the Retirees' Committee, the Equity Committee, the Ad Hoc Notes Committee and the Ad Hoc Trade Committee, provided, however, that in the event the Debtors waive any defect with respect to a Ballot or Master Ballot, they are required to waive all identical defects under identical circumstances, on any other Ballots or Master Ballots;

(g)   Any Holder of a Claim or Equity Interest who has delivered a valid Ballot may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

(h)   Subject to any contrary order of the Court, the Debtors reserve the absolute right to reject any and all Ballots or Master Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or their counsel, not be in accordance with the provisions of this Order or the Bankruptcy Code, upon providing three calendar days notice of such rejection to the Creditors' Committee, the Retirees' Committee, the Equity Committee, the Ad Hoc Notes Committee and the Ad Hoc Trade Committee;

(i)   If no votes to accept or reject the Amended Plan are received with respect to a particular Class, such Class shall be deemed to have voted to accept the Amended Plan;

(j)   Unless waived by the Debtors pursuant to section (f) above, or as ordered by the Court, any defects or irregularities in connection with the deliveries of the Ballots or Master Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots or Master Ballots will not be deemed to have been made until such irregularities have been cured or waived; and

(k)   Except as may be provided by Local Bankruptcy Rule 3018-1(b) and unless otherwise ordered by the Court, with respect to a Ballot or Master Ballot received prior to the Voting Deadline, neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots or Master Ballots nor will any of them incur liabilities for failure to provide such notification.

**8.    Procedures for Master Ballots and Ballots cast by Nominees and Beneficial Owners:**

(a)   <u>Prevalidation Procedures for Nominees.</u>  If a Nominee elects to "prevalidate" Ballots, the following procedures shall apply:

(i)   The Nominee shall forward the Solicitation Package or copies thereof (including (i) the Disclosure Statement (together with the Amended Plan annexed thereto as <u>Exhibit A</u>, and all other exhibits), (ii) an individual Ballot that has been prevalidated, as indicated in paragraph (a)(ii) below, and (iii) a return envelope provided by and addressed to the Voting Agent) to the Beneficial Owner within five (5) Business Days of the receipt by such Nominee of the Solicitation Package;

10

(ii)    To "prevalidate" a ballot, the Nominee shall complete and execute the Ballot (other than Items 2 and 3) and indicate on the Ballot the name of the registered holder, the amount of securities held by the Nominee for the Beneficial Owner and the account number(s) for the account(s) in which such securities are held by the Nominee; and

(iii)    For its vote to be counted, the Beneficial Owner must return the prevalidated Ballot to the Voting Agent by the Voting Deadline.

(b)    <u>Tabulation Rules for Master Ballots and Ballots Cast by Nominees and Beneficial Owners</u>:

(i)    With respect to the tabulation of Master Ballots and Ballots cast by Nominees and Beneficial Owners, for purposes of voting, the amount that will be used to tabulate acceptance or rejection of the Amended Plan will be the Record Amount and the following additional rules will apply to the tabulation of Master Ballots and Ballots cast by Nominees and Beneficial Owners:

(ii)    Votes cast by Beneficial Owners through Nominees will be applied against the positions held by such Nominees in the 2027/2037 Notes, Senior Secured Notes or Voting Equity Interests as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee, whether pursuant to a Master Ballot or prevalidated Ballot, will not be counted in excess of the Record Amount of such securities held by such Nominee.

(iii)    If conflicting votes or "over-votes" are submitted by a Nominee, whether pursuant to a Master Ballot or prevalidated Ballot, the Debtors will attempt to reconcile discrepancies with the Nominees.

(iv)    If over-votes on a Master Ballot or prevalidated Ballot are not reconciled prior to the preparation of the vote certification, the Debtors will apply the votes to accept and to reject the Amended Plan in the same proportion as the votes to accept and reject the Amended Plan submitted on the Master Ballot or prevalidated Ballot that contained the overvote, but only to the extent of the Nominee's position in the 2027/2037 Notes, Senior Secured Notes or Voting Equity Interests.

(v)    For purposes of tabulating votes, each Nominee or Beneficial Owner will be deemed to have voted only the principal amount of its 2027/2037 Notes Claim, Senior Secured Notes Claim or Voting Equity Interests, although the Voting Agent may be asked to adjust such principal amount to reflect the claim amount, including prepetition interest.

(vi)    A single Nominee may complete and deliver to the Voting Agent multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent they are duplicative of other Master Ballots.

11

> If two or more Master Ballots are inconsistent, the latest dated Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supercede and revoke any prior Master Ballot.

9.    **Transferred Claim Procedures:**

    (a)    **Pre-Record Date Transfers.** With respect to a transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Amended Plan, cast a Ballot on account of such Claim only if (a) all actions necessary to effectuate the transfer of the Claim, pursuant to Bankruptcy Rule 3001(e), have been completed by the Record Date, or (b) the transferee files and the Court has docketed by the Record Date (i) the documentation required by Bankruptcy Rule 3001(e), to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

    (b)    **Post-Record Date Transfers.** In the event a Claim (other than a Noteholder Claim, Senior Secured Note Claim or Voting Equity Interest in Solutia) is transferred after the Record Date, the transferee of such Claim shall be bound by any vote and/or election to participate in the Rights Offering, as the case may be, made by the Holder of such Claim as of the Record Date. In the event a Noteholder Claim, a Senior Secured Note Claim or a Voting Equity Interest in Solutia is transferred after the Record Date, the transferee of such Noteholder Claim, Senior Secured Note Claim or Voting Equity Interest shall be bound by any vote made by the Holder as of the Record Date.

10.    **3018(a) Motions:**

If any claimant or interest holder seeks to challenge the allowance of its Claim or Equity Interest for voting purposes in accordance with the Tabulation Rules, such claimant or interest holder must file with the Court (with a copy to chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "3018 Motion") temporarily allowing such Claim or Equity Interest in a different amount for purposes of voting to accept or reject the Amended Plan on or before November 5, 2007 or, if the Debtors file an objection to a Claim or Equity Interest after service of the Confirmation Hearing Notice, on or before ten (10) calendar days after service of notice of that objection. In accordance with Bankruptcy Rule 3018, as to any creditor filing such a motion, such creditor's Ballot should not be counted in an amount other than that provided by the Tabulation Procedures unless temporarily allowed by the Court in another amount for voting purposes.

## Exhibit B

| Exhibit B-1 | Form of Ballot for Class 3 - Senior Secured Note Claims |
|---|---|
| Exhibit B-2 | Form of Master Ballot for Class 3 - Senior Secured Note Claims |
| Exhibit B-3 | Form of Ballot for Class 5 - CPFilms Claims |
| Exhibit B-4 | Form of Ballot for Class 11 - Monsanto Claim |
| Exhibit B-5 | Form of Ballot for Class 12 - Noteholder Claims |
| Exhibit B-6 | Form of Master Ballot for Class 12 - Noteholder Claims |
| Exhibit B-7 | Form of Ballot for Class 13 - General Unsecured Claims (Not Including Noteholder Claims) |
| Exhibit B-8 | Form of Ballot for Class 14 - Retiree Claim |
| Exhibit B-9 | Form of Ballot for Class 15 - Pharmacia Claims |
| Exhibit B-10 | Form of Ballot for Class 19 - Security Claims |
| Exhibit B-11 | Form of Ballot for Class 20 - Equity Interests in Solutia |
| Exhibit B-12 | Form of Master Ballot for Class 20 - Equity Interests in Solutia |

*In re Solutia Inc. Case No.* 03-17949 (PCB)

# **PROVISIONAL BALLOT**

## Exhibit B-1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

|  | : |  |
|---|---|---|
| **In re** | : | Chapter 11 |
| SOLUTIA INC., *et al.*, | : | Case No. 03-17949 (PCB) |
| **Debtors.** | : | (Jointly Administered) |
|  | : |  |

------------------------------------------------------------x

### PROVISIONAL BALLOT FOR ACCEPTING OR REJECTING
### SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION

#### CLASS 3: SENIOR SECURED NOTE CLAIMS

> THIS IS A PROVISIONAL BALLOT. TO THE EXTENT THAT CLASS 3 SENIOR SECURED NOTE CLAIMS ARE UNIMPAIRED AND NOT ENTITLED TO VOTE ON THE AMENDED PLAN, THIS BALLOT WILL BE DISREGARDED.
>
> THE VOTING DEADLINE FOR THE RECEIPT OF BALLOTS AND MASTER BALLOTS BY THE VOTING AGENT IS 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007.
>
> TO HAVE YOUR VOTE COUNTED, YOU MUST COMPLETE, SIGN AND RETURN THIS BALLOT IN THE ENVELOPE PROVIDED. IF THE ENVELOPE IS ADDRESSED TO YOUR BROKERAGE FIRM OR BANK OR ITS AGENT (EACH, A "NOMINEE"), YOU MUST ALLOW ENOUGH TIME FOR YOUR NOMINEE TO RECEIVE YOUR BALLOT, COMPLETE A MASTER BALLOT AND TRANSMIT THE MASTER BALLOT TO THE VOTING AGENT BEFORE THE VOTING DEADLINE.

This Ballot is submitted to you by Solutia to solicit your vote to accept or reject the Solutia's Fifth Amended Joint Plan of Reorganization (the "Amended Plan") dated October 19, 2007, which is described in the accompanying Disclosure Statement for Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement"). Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in Amended Plan.

The Amended Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Amended Plan and if the Amended Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Amended Plan if it finds that the Amended Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Amended Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

Ballot Code [__]

*In re Solutia Inc. Case No.* 03-17949 (PCB)

# **PROVISIONAL BALLOT**

The debentures consist of Solutia's 11.25% Debentures due July 15, 2009 (the "Senior Secured Notes").

---

**IMPORTANT**

You should review the Disclosure Statement and the Amended Plan and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Amended Plan and the classification and treatment of your Claim or Claims under the Amended Plan. Your Senior Secured Note Claims have been placed in Class 3 under the Amended Plan. If you hold more than one Claim against Solutia, you will receive a Ballot for each Claim you are entitled to vote.

If your vote (or if held through a Nominee, the Master Ballot cast on your behalf) is not received by Solutia's Voting Agent, Financial Balloting Group LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Amended Plan.

**THE VOTING DEADLINE IS 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007**

Ballots will not be accepted by facsimile transmission or electronic mail.

If the Amended Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

As more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions. In addition to the releases of Solutia, their affiliates and related parties, the Amended Plan provides that Monsanto and Pharmacia will be released by the following parties: (i) Solutia (other than for liabilities related to the Legacy Tort Claims, Environmental Liabilities with respect to the Legacy Sites and Monsanto's portion of Environmental Liabilities with respect to the Shared Sites); (ii) holders of Claims or Equity Interests (other than for liabilities related to the Tort Claims, the Legacy Site Claims, the NRD Claims and Claims of governmental entities); and (iii) the Retirees Committee and the Retirees for claims related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code). Monsanto and Pharmacia <u>will not</u> be released from the following claims: (i) Tort Claims; (ii) NRD Claims; (iii) Legacy Site Claims and (iv) Claims of governmental entities.

---

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

---

**HOW TO VOTE**

1.  COMPLETE ITEMS 1 (unless this Ballot has been "Prevalidated" by your Nominee), 2 and 3.

2.  REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS IN ITEM 4.

3.  SIGN THE BALLOT (if not "Prevalidated" by your Nominee).

4.  **BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

5.  YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT TO ACCEPT *OR* REJECT THE AMENDED PLAN AND MAY NOT SPLIT YOUR VOTE.

6.  ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE AMENDED PLAN, WILL NOT BE COUNTED.

7.  **ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED. IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN THE CREDITOR AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.**

---

*In re Solutia Inc. Case No.* 03-17949 (PCB)

# **\*\*PROVISIONAL BALLOT\*\***

**Item 1. Face Amount of Senior Secured Note Claims Voted.** The undersigned certifies that as of October 22, 2007, the undersigned was either the beneficial owner, or the nominee of a beneficial owner of the Senior Secured Notes in the following aggregate unpaid face amount (insert amount in the box below). If your Senior Secured Notes are held by a nominee on your behalf and you do not know the amount, please contact your nominee immediately. (For purposes of this Ballot, it is not necessary and you should not adjust the face amount for any accrued or unmatured interest.)

| $ |
|---|

**Item 2. Vote.** The undersigned, a holder of a Class 3 Senior Secured Note Claim against Solutia in the amount set forth above, votes to (check one box; if you fail to check one of the boxes below, but the Ballot is otherwise properly completed and returned your Ballot will not be counted as either an acceptance or rejection of the Amended Plan):

☐ **Accept** the Amended Plan.      ☐ **Reject** the Amended Plan.

**Item 3. Identify All Other Senior Secured Note Claims Voted.** By returning this Ballot, the beneficial owner of the Senior Secured Notes identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Senior Secured Notes owned by such beneficial owner, except for the Senior Secured Notes identified in the following table, (b) *all* of the Senior Secured Notes for which the beneficial owner has submitted Ballots are identified in the following table, and (c) *all* Ballots for Senior Secured Note Claims submitted by the beneficial owner indicate the same vote to accept or reject the Amended Plan that the beneficial owner has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary):

**ALL SENIOR SECURED NOTE CLAIMS**
**VOTED ON OTHER BALLOTS**

| Customer Account Number(s) (if applicable) | Name of Bank, Broker or Other Nominee Through Which Senior Secured Notes Are Held | Face Amount of Senior Secured Notes Voted |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

3

*In re Solutia Inc. Case No.* 03-17949 (PCB)

# **PROVISIONAL BALLOT**

**Item 4. Certifications and Acknowledgments.** By signing this Ballot, the undersigned acknowledges and certifies that the undersigned is the Claimant or has the power and authority to vote to accept or reject the Amended Plan on behalf of the Claimant. The undersigned understands that the solicitation of votes for the Amended Plan is subject to all the terms and conditions set forth in the Disclosure Statement. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Amended Plan, this Ballot will not be counted as either an acceptance or rejection of the Amended Plan.

_____
Name of Creditor (Please Print)

_____
Social Security or Federal Tax I.D. No. (Optional)

_____
Authorized Signature

_____
Name of Signatory

_____
If by Authorized Agent, Name and Title[1]

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

**PLEASE RETURN YOUR BALLOT PROMPTLY IN THE ENVELOPE PROVIDED.**

**IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, PLEASE ALLOW SUFFICIENT TIME FOR YOUR NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE MASTER BALLOT TO THE VOTING AGENT BEFORE THE VOTING DEADLINE, WHICH IS 5:00 P.M. EASTERN TIME, ON NOVEMBER 26, 2007.**

**THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION OR EMAIL.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, PLEASE CONTACT YOUR BANK OR BROKER, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.**

---

[1]    As indicated in the Instructions, evidence of authority **must** be included with this Ballot unless (a) the signatory is an officer or employee of the entity that is the creditor or (b) the creditor is individual and the signatory is the creditor.

4

*In re Solutia Inc. Case No.* 03-17949 (PCB)

# **PROVISIONAL BALLOT**

## Exhibit B-2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
**In re**                                                        :        Chapter 11
:
SOLUTIA INC., *et al.*,                                          :        Case No. 03-17949 (PCB)
:
**Debtors.**                                                     :        (Jointly Administered)
:
-----------------------------------------------------------------x

### PROVISIONAL MASTER BALLOT FOR ACCEPTING OR REJECTING
### SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION

### CLASS 3: SENIOR SECURED NOTE CLAIMS

---

THIS IS A PROVISIONAL BALLOT.  TO THE EXTENT THAT CLASS 3 SENIOR SECURED NOTE CLAIMS ARE UNIMPAIRED AND NOT ENTITLED TO VOTE ON THE AMENDED PLAN, THIS BALLOT WILL BE DISREGARDED.

YOUR MASTER BALLOT MUST BE *RECEIVED* BY THE VOTING AGENT, BY 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007, THE VOTING DEADLINE, OR THE VOTES REPRESENTED BY YOUR MASTER BALLOT WILL NOT BE COUNTED.

---

Solutia, together with its debtor subsidiaries, has filed Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Amended Plan").  The Amended Plan is annexed as Exhibit A to Solutia's Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement").  The Bankruptcy Court has approved the Disclosure Statement, which provides information to assist creditors in deciding how to vote on the Amended Plan.  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Amended Plan by the Bankruptcy Court.

The debentures consist of Solutia's 11.25% Debentures due July 15, 2009 (the "Senior Secured Notes").

This Master Ballot is to be used by you, as a broker, bank, or other nominee (or as their proxy holder or agent), for beneficial owners, as of October 22, 2007, to transmit the votes of such beneficial owners to accept or reject the Amended Plan.  Please take any action required to enable each beneficial owner to timely vote its Senior Secured Notes to accept or reject the Amended Plan.

Before you transmit such votes, please carefully review the Disclosure Statement and the voting procedures.  If you do not have a copy of the Disclosure Statement, you may obtain such copy by contacting Solutia's voting agent (the "Voting Agent"), Financial Balloting Group LLC, at 646-282-1800.  THIS MASTER BALLOT RELATES ONLY TO VOTES CAST ON ACCOUNT OF THE SENIOR SECURED NOTES.

MASTER BALLOT CODE [__]

*In re Solutia Inc. Case No.* 03-17949 (PCB)

# **PROVISIONAL BALLOT**

> **NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON AN AGENT OF SOLUTIA OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE AMENDED PLAN.**

---

**IMPORTANT**

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER BALLOT, AND RETURN IT SO THAT IT IS RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE BY 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED, AND RECEIVED ON OR BEFORE THE VOTING DEADLINE AND THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES AND ELECTIONS TRANSMITTED BY THIS MASTER BALLOT WILL NOT BE COUNTED.**

You should review the Disclosure Statement, the Amended Plan and the instructions contained herein before you transmit votes and elections. You or the beneficial owners of the Senior Secured Notes for whom you are the nominee may wish to seek legal advice concerning the Amended Plan and the classification and treatment of the Senior Secured Notes Claims under the Amended Plan. Such Claims have been placed in Class 3 under the Amended Plan.

If the Amended Plan is confirmed by the Bankruptcy Court, it will be binding on you and the beneficial owners of the Senior Secured Notes for whom you are the nominee, whether or not such beneficial owners vote and whether or not any votes are transmitted by this Master Ballot.

Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Plan.

As more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions. In addition to the releases of Solutia, their affiliates and related parties, the Amended Plan provides that Monsanto and Pharmacia will be released by the following parties: (i) Solutia (other than for liabilities related to the Legacy Tort Claims, Environmental Liabilities with respect to the Legacy Sites and Monsanto's portion of Environmental Liabilities with respect to the Shared Sites); (ii) holders of Claims or Equity Interests (other than for liabilities related to the Tort Claims, the Legacy Site Claims, the NRD Claims and Claims of governmental entities); and (iii) the Retirees Committee and the Retirees for claims related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code). Monsanto and Pharmacia will <u>not</u> be released from the following claims: (i) Tort Claims; (ii) NRD Claims; (iii) Legacy Site Claims and (iv) Claims of governmental entities.

---

**Item 1. Certification of Authority to Vote.** The undersigned certifies that it (please check the applicable box):

- ☐ is a broker, bank, or other nominee for the beneficial owners of the aggregate face amount of the Senior Secured Notes listed in Item 2 below as of October 22, 2007 or is the registered holder of such securities; or

- ☐ is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee or a beneficial owner that on October 22, 2007 was the holder of the aggregate face amount of the Senior Secured Notes listed on Item 2 below; or

- ☐ is acting under a proxy granted by a broker, bank, or other nominee for the beneficial owners (please attach a copy of the proxy to the Master Ballot),

and accordingly, has full power and authority to vote to accept or reject the Amended Plan on behalf of the beneficial owners of the Senior Secured Notes listed in Item 2.

2

*In re Solutia Inc. Case No. 03-17949 (PCB)*

## **PROVISIONAL BALLOT**

Item 2. Senior Secured Note Claims (Class 3) Vote on Amended Plan – Number of Beneficial Owners. The undersigned certifies that the following beneficial owners of the Senior Secured Notes, as identified by their respective customer account numbers, were beneficial owners of the Senior Secured Notes on [INSERT] and have delivered to the undersigned, as nominee, properly executed Ballots casting votes as indicated and containing instructions for the casting of those votes on their behalf (indicate in the appropriate column the aggregate face amount voted for each account, or attach such information to this Master Ballot in the form of the following table. For purposes of this Master Ballot, accrued or unmatured interest should not be included. Please note: Each beneficial owner must vote all of their Class 3 Senior Secured Note Claims *either to accept or reject the Amended Plan and may not split such vote).*

ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN, OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE AMENDED PLAN WILL NOT BE COUNTED.

| Customer Name or Account Number for Each Beneficial Owner | Face Amount of Senior Secured Notes | |
|---|---|---|
| | Accept<br>the Amended Plan | Reject<br>the Amended Plan |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| TOTALS | $ | $ |

IF YOU ARE ACTING AS A NOMINEE FOR MORE THAN TEN BENEFICIAL OWNERS OF SENIOR SECURED NOTES, PLEASE ATTACH ADDITIONAL SHEETS, AS NECESSARY.

3

*In re Solutia Inc. Case No.* 03-17949 (PCB)

## **PROVISIONAL BALLOT**

**Item 3:  Additional Ballots Submitted by Beneficial Owners.**  The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Ballot received from a beneficial owner:

| Your Customer Name or Account Number for Each Beneficial Owner of Senior Secured Notes | Transcribe From Item 3 of Beneficial Owner Ballot | | |
|---|---|---|---|
| | Customer Account Number(s) (if applicable) | Name of Bank, Broker or Other Nominee Through Which the Senior Secured Notes Are Held | Face Amount of Senior Secured Notes Voted |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |
| 6. | | | $ |
| 7. | | | $ |
| 8. | | | $ |
| 9. | | | $ |
| 10. | | | $ |

Ballot Code [__]

*In re Solutia Inc. Case No.* 03-17949 (PCB)

# **PROVISIONAL BALLOT**

**Item 4:  Certification.**  By signing this Master Ballot, the undersigned certifies that each beneficial owner of Senior Secured Notes listed in Item 2, above, has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and certifies and acknowledges that the solicitation of votes for the Amended Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Broker, Bank or other Nominee:

_____

(Print or Type)

Participant Number: _____

Name of Proxy Holder or Agent for Broker,
Bank or Other Nominee (if applicable):

_____

(Print or Type)

Social Security or Federal Tax I.D. No.:_____

(If Applicable)

Signature: _____

Print Name: _____

Title:_____

(If Appropriate)

Street Address: _____

City, State, Zip Code:_____

Telephone: (    ) _____

Date Completed:_____

---

**THIS MASTER BALLOT MUST BE RECEIVED BY THE VOTING AGENT AT THE ADDRESS BELOW, BEFORE 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007, OR THE VOTES TRANSMITTED HEREBY WILL NOT BE COUNTED.**

**Financial Balloting Group LLC**
**757 Third Avenue, 3rd Floor**
**New York, New York 10017**
**646-282-1800**

**PLEASE NOTE:  THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS OR MASTER BALLOTS BY FACSIMILE TRANSMISSION OR ELECTRONIC MAIL.**

**ANY BALLOT THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR A REJECTION OF THE AMENDED PLAN, OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE AMENDED PLAN WILL NOT BE COUNTED.**

2

*In re Solutia Inc.* Case No. 03-17949 (PCB)

# **PROVISIONAL BALLOT**

### INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

**VOTING DEADLINE/VOTING AGENT:**

    **The Voting Deadline is 5:00 p.m., Eastern time, on November 26, 2007.** To have the vote of your customers count, you must complete, sign, and return this Master Ballot so that it is received by the Voting Agent at the following address no later than the Voting Deadline:

> Financial Balloting Group LLC
> 757 Third Avenue, 3rd Floor
> New York, New York 10017
> 646-282-1800

    **If you are both the registered owner and beneficial owner of any face amount of the Senior Secured Notes and you wish to vote such Senior Secured Notes:** You may complete, execute, and return to the Voting Agent a Ballot with respect to the Senior Secured Notes that you as beneficial owner wish to vote.

    **If you are transmitting the votes of any beneficial owners of Senior Secured Notes other than yourself, you may** *either*:

    Complete and execute the Ballot (other than Items 2 and 3) and deliver to the beneficial owner such "prevalidated" Ballot, along with the Disclosure Statement and other materials requested to be forwarded. The beneficial owner should complete Items 2 and 3 of that Ballot and return the completed Ballot to the Voting Agent so as to be received before the Voting Deadline:

<div align="center">OR</div>

For any Ballots you do not "prevalidate":

    Deliver the Ballot to the beneficial owner, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary actions to enable such beneficial owner to (i) complete and execute such Ballot voting to accept or reject the Amended Plan with respect to its Claim(s), and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline of 5:00 p.m., Eastern Time, on November 26, 2007; and

With respect to all Ballots returned to you, you must properly complete the Master Ballot, as follows:

    a.    Check the appropriate box in Item 1 on the Master Ballot;

    b.    In Item 2 of this Master Ballot, indicate the votes to accept or reject the Amended Plan, as transmitted to you by the beneficial owners of the Senior Secured Notes. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number). **IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE ALL OF THEIR SENIOR SECURED NOTES EITHER TO ACCEPT OR REJECT THE AMENDED PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.** Any Ballot or Master Ballot which is validly executed but (i) which does not indicate acceptance or rejection of the Amended Plan by the indicated beneficial owner, or (ii) indicates both an acceptance and rejection of the Amended Plan by the indicated beneficial owner, will not be counted as to such beneficial owner;

    c.    Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each beneficial owner from Item 4 of each completed Ballot relating to the Senior Secured Notes voted;

    d.    Review the certification in Item 4 of the Master Ballot;

    e.    In Item 4, sign and date the Master Ballot, and provide the remaining information requested;

<div align="center">3</div>

*In re Solutia Inc. Case No.* 03-17949 (PCB)

# **PROVISIONAL BALLOT**

 f.  If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

 g.  Contact the Voting Agent to arrange for delivery of the completed Master Ballot to its offices; and

 h.  Deliver the completed, executed Master Ballot so as to be *received* by the Voting Agent before the Voting Deadline.  For each completed, executed Ballot returned to you by a beneficial owner, either forward such Ballot (along with your Master Ballot) to the Voting Agent or retain such Ballot in your files for one year from the Voting Deadline.

**PLEASE NOTE:**

 **This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Amended Plan.**  Holders should not surrender, at this time, certificates representing their securities. Neither Solutia nor the Voting Agent will accept delivery of any such certificates surrendered together with this Master Ballot. Surrender of securities for exchange may only be made by you, and will only be accepted pursuant to a letter of transmittal which will be furnished to you by Solutia following confirmation of the Amended Plan by the Bankruptcy Court.

 No Ballot or Master Ballot shall constitute or be deemed to be a proof of Claim or equity interest or an assertion of a Claim or equity interest.

 **No fees, commissions, or other remuneration will be payable** to any broker, bank, dealer, nominee, or other person for soliciting Ballots accepting the Amended Plan.  Solutia will, however, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Ballots and other enclosed materials to the beneficial owners of the Senior Secured Notes held by you as a nominee or in a fiduciary capacity.

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BALLOTS, THE DISCLOSURE STATEMENT, OR OTHER RELATED MATERIALS, PLEASE CALL THE VOTING AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.**

---

4

*In re Solutia Inc.* Case No. 03-17949 (PCB)

**Exhibit B-3**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

In re                                                            : Chapter 11

SOLUTIA INC., *et al.*,                               : Case No. 03-17949 (PCB)

Debtors.                                                 : (Jointly Administered)

-------------------------------------------------------x

**BALLOT FOR ACCEPTING OR REJECTING**
**SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION**

CLASS 5:  CPFILMS CLAIMS

> YOUR BALLOT MUST BE *RECEIVED* BY THE VOTING
> AGENT, BY 5:00 P.M., EASTERN TIME, ON NOVEMBER
> 26, 2007, THE VOTING DEADLINE, OR YOUR VOTE
> WILL NOT BE COUNTED

This Ballot is submitted to you by CPFilms to solicit your vote to accept or reject Solutia's Fifth Amended Joint Plan of Reorganization (the "Amended Plan") dated October 19, 2007, which is described in the accompanying Disclosure Statement for Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement"). Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Amended Plan.

The Amended Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Amended Plan and if the Amended Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Amended Plan if it finds that the Amended Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Amended Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to **Financial Balloting Group LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017** so that it is received by the deadline indicated above.

Ballot Code [__]

*In re Solutia Inc. Case No. 03-17949 (PCB)*

---

**IMPORTANT**

You should review the Disclosure Statement and the Amended Plan and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Amended Plan and the classification and treatment of your Claim or Claims under the Amended Plan and your acceptance or rejection of the Amended Plan. Your CPFilms Claims have been placed in Class 5 under the Amended Plan.

If your vote is not received by CPFilms' Voting Agent, Financial Balloting Group LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Amended Plan.

**THE VOTING DEADLINE IS 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007**

Ballots will not be accepted by facsimile transmission or electronic mail.

If the Amended Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Plan.

As more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions. In addition to the releases of Solutia, their affiliates and related parties, the Amended Plan provides that Monsanto and Pharmacia will be released by the following parties: (i) Solutia (other than for liabilities related to the Legacy Tort Claims, Environmental Liabilities with respect to the Legacy Sites and Monsanto's portion of Environmental Liabilities with respect to the Shared Sites); (ii) holders of Claims or Equity Interests (other than for liabilities related to the Tort Claims, the Legacy Site Claims, the NRD Claims and Claims of governmental entities); and (iii) the Retirees Committee and the Retirees for claims related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code). Monsanto and Pharmacia <u>will not</u> be released from the following claims: (i) Tort Claims; (ii) NRD Claims; (iii) Legacy Site Claims and (iv) Claims of governmental entities.

---

**VOTING INFORMATION AND INSTRUCTIONS
FOR COMPLETING THE BALLOT**

---

**HOW TO VOTE**

1. COMPLETE ITEM 1.

2. REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS IN ITEM 2.

3. SIGN THE BALLOT.

4. RETURN THE BALLOT BY MAIL (AN ENVELOPE ADDRESSED TO FINANCIAL BALLOTING GROUP LLC IS ENCLOSED FOR YOUR CONVENIENCE), OVERNIGHT COURIER OR PERSONAL DELIVERY TO FINANCIAL BALLOTING GROUP LLC (SO THAT IT IS RECEIVED BY 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007) AT THE FOLLOWING ADDRESS:

    FINANCIAL BALLOTING GROUP LLC
    757 THIRD AVENUE, 3RD FLOOR
    NEW YORK, NEW YORK 10017

5. BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.

6. YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT TO ACCEPT *OR* REJECT THE AMENDED PLAN AND MAY NOT SPLIT YOUR VOTE.

7. ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN, WILL NOT BE COUNTED.

8. ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED. IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.

---

2

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 1. Vote.** The undersigned, a holder of a CPFilms Claim against CPFilms in the amount set forth below, votes to (check one box; if you fail to check one of the boxes below, but the Ballot is otherwise properly completed and returned your Ballot will not be counted as either an acceptance or rejection of the Amended Plan):

☐ Accept the Amended Plan.                     ☐ **Reject** the Amended Plan.

Voting Amount: $_____

3

*In re Solutia Inc.* Case No. 03-17949 (PCB)

**Item 2. Certifications and Acknowledgments.** By signing this Ballot, the undersigned acknowledges and certifies that (a) the undersigned is the Claimant or has the power and authority to vote to accept or reject the Amended Plan on behalf of the Claimant, and (b) the Social Security or Federal Tax I.D. No. provided below is true and correct. The undersigned understands that the solicitation of votes for the Amended Plan is subject to all the terms and conditions set forth in the Disclosure Statement. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Amended Plan, this Ballot will not be counted as either an acceptance or rejection of the Amended Plan. The undersigned acknowledges that any election made on this Ballot will be binding on its successors, heirs and assigns including, without limitation, any transferee.

|                                          |
|------------------------------------------|
| Name of Creditor (Please Print)          |
| Social Security or Federal Tax I.D. No.  |
| Authorized Signature                     |
| Name of Signatory                        |
| If by Authorized Agent, Name and Title[1]|
| Street Address                           |
| City, State, Zip Code                    |
| Telephone Number                         |
| Date Completed                           |

**PLEASE RETURN YOUR BALLOT PROMPTLY SO THAT IT IS
RECEIVED BY THE VOTING AGENT AT THE ADDRESS BELOW, BY 5:00 P.M. EASTERN TIME
ON NOVEMBER 26, 2007, THE VOTING DEADLINE.**

**Financial Balloting Group LLC
757 Third Avenue, 3rd Floor
New York, New York 10017
646-282-1800**

**THE VOTING AGENT WILL NOT ACCEPT BALLOTS
BY FACSIMILE TRANSMISSION OR EMAIL.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST
YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING
THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL
THE VOTING AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.**

---

[1]    As indicated in the Instructions, evidence of authority **must** be included with this Ballot unless (a) the signatory is an officer or employee of the entity that is the creditor or (b) the creditor is individual and the signatory is the creditor.

4

*In re Solutia Inc.* Case No. 03-17949 (PCB)

**Exhibit B-4**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                       :

**In re**                             :       Chapter 11

SOLUTIA INC., *et al.*,       :       Case No. 03-17949 (PCB)

         **Debtors.**       :       (Jointly Administered)

                                        :
------------------------------------------------------------x

**BALLOT FOR ACCEPTING OR REJECTING**
**SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION**

CLASS 11: MONSANTO CLAIM

> **YOUR BALLOT MUST BE *RECEIVED* BY THE VOTING
> AGENT, BY 5:00 P.M., EASTERN TIME, ON NOVEMBER
> 26, 2007, THE VOTING DEADLINE, OR YOUR VOTE
> WILL NOT BE COUNTED**

This Ballot is submitted to you by Solutia to solicit your vote to accept or reject Solutia's Fifth Amended Joint Plan of Reorganization (the "Amended Plan") dated October 19, 2007, which is described in the accompanying Disclosure Statement for Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement"). Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Amended Plan.

The Amended Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Amended Plan and if the Amended Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Amended Plan if it finds that the Amended Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Amended Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to **Financial Balloting Group LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017** so that it is received by the deadline indicated above.

Ballot Code [___]

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**VOTING INFORMATION AND INSTRUCTIONS
FOR COMPLETING THE BALLOT**

---

**IMPORTANT**

   You should review the Disclosure Statement and the Amended Plan before you vote. The Monsanto Claim has been placed in Class 11 under the Amended Plan.

   If your vote is not received by Solutia's Voting Agent, Financial Balloting Group LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Amended Plan.

   **THE VOTING DEADLINE IS 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007**

   Ballots will not be accepted by facsimile transmission or electronic mail.

   If the Amended Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

   Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Plan.

   As more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions. In addition to the releases of Solutia, their affiliates and related parties, the Amended Plan provides that Monsanto and Pharmacia will be released by the following parties: (i) Solutia (other than for liabilities related to the Legacy Tort Claims, Environmental Liabilities with respect to the Legacy Sites and Monsanto's portion of Environmental Liabilities with respect to the Shared Sites); (ii) holders of Claims or Equity Interests (other than for liabilities related to the Tort Claims, the Legacy Site Claims, the NRD Claims and Claims of governmental entities); and (iii) the Retirees Committee and the Retirees for claims related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code). Monsanto and Pharmacia <u>will not</u> be released from the following claims: (i) Tort Claims; (ii) NRD Claims; (iii) Legacy Site Claims and (iv) Claims of governmental entities.

---

PLEASE COMPLETE ITEMS 1 AND 2. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN.

---

**HOW TO VOTE**

1.    COMPLETE ITEM 1.

2.    REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS IN ITEM 2.

3.    **SIGN THE BALLOT.**

4.    RETURN THE BALLOT BY MAIL (AN ENVELOPE ADDRESSED TO FINANCIAL BALLOTING GROUP LLC IS ENCLOSED FOR YOUR CONVENIENCE), OVERNIGHT COURIER OR PERSONAL DELIVERY TO FINANCIAL BALLOTING GROUP LLC (**SO THAT IT IS RECEIVED BY 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007**) AT THE FOLLOWING ADDRESS:

         FINANCIAL BALLOTING GROUP LLC
         757 THIRD AVENUE, 3RD FLOOR
         NEW YORK, NEW YORK 10017

5.    **BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

6.    YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT *EITHER* TO ACCEPT *OR* REJECT THE AMENDED PLAN AND MAY NOT SPLIT YOUR VOTE.

7.    ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE AMENDED PLAN, WILL NOT BE COUNTED AS EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN.

8.    ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED. IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN AN OFFICER OR EMPLOYEE OF THE CREDITOR, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.

2

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 1. Vote.** The undersigned, the holder of the Monsanto Claim against Solutia in the amount set forth below, votes to (check one box; if you fail to check one of the boxes below, but the Ballot is otherwise properly completed and returned your Ballot will not be counted as either an acceptance or rejection of the Amended Plan):

&#9744; **Accept** the Amended Plan.                    &#9744; **Reject** the Amended Plan.

3

*In re Solutia Inc.* Case No. 03-17949 (PCB)

**Item 2. Certifications and Acknowledgments.** By signing this Ballot, the undersigned acknowledges and certifies that (a) the undersigned is the Claimant or has the power and authority to vote to accept or reject the Amended Plan on behalf of the Claimant, and (b) the Social Security or Federal Tax I.D. No. provided below is true and correct  The undersigned understands that the solicitation of votes for the Amended Plan is subject to all the terms and conditions set forth in the Disclosure Statement. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Amended Plan, this Ballot will not be counted as either an acceptance or rejection of the Amended Plan.  The undersigned acknowledges that any election made on this Ballot will be binding on its successors, heirs and assigns including, without limitation, any transferee.

_____
Name of Creditor (Please Print)

_____
Social Security or Federal Tax I.D. No.

_____
Authorized Signature

_____
Name of Signatory

_____
If by Authorized Agent, Name and Title[1]

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

**PLEASE RETURN YOUR BALLOT PROMPTLY SO THAT IT IS
RECEIVED BY THE VOTING AGENT AT THE ADDRESS BELOW, BY 5:00 P.M. EASTERN TIME
ON NOVEMBER 26, 2007, THE VOTING DEADLINE.**

**Financial Balloting Group LLC
757 Third Avenue, 3rd Floor
New York, New York 10017
646-282-1800**

**THE VOTING AGENT WILL NOT ACCEPT BALLOTS
BY FACSIMILE TRANSMISSION OR EMAIL.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST
YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING
THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL
THE VOTING AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.**

---

[1]  As indicated in the Instructions, evidence of authority **must** be included with this Ballot unless (a) the signatory is an officer or employee of the entity that is the creditor or (b) the creditor is individual and the signatory is the creditor.

4

*In re Solutia Inc. Case No.* 03-17949 (PCB)

## Exhibit B-5

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                       :

**In re**                   :    Chapter 11
                       :

SOLUTIA INC., *et al.*,     :    Case No. 03-17949 (PCB)
                       :

**Debtors.**            :    (Jointly Administered)
                       :
---------------------------------------------------------------x

### BALLOT FOR ACCEPTING OR REJECTING
### SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION

#### CLASS 12:  NOTEHOLDER CLAIMS

> **YOUR BALLOT MUST BE *RECEIVED* BY THE VOTING**
> **AGENT, BY 5:00 P.M., EASTERN TIME, ON NOVEMBER**
> **26, 2007, THE VOTING DEADLINE, OR YOUR VOTE**
> **WILL NOT BE COUNTED**

This Ballot is submitted to you by Solutia to solicit your vote to accept or reject Solutia's Fifth Amended Joint Plan of Reorganization (the "Amended Plan") dated October 19, 2007, which is described in the accompanying Disclosure Statement for Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement").  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in Amended Plan.

The Amended Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Amended Plan and if the Amended Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Amended Plan if it finds that the Amended Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Amended Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**TO HAVE YOUR VOTE COUNTED, YOU MUST COMPLETE, SIGN AND RETURN THIS BALLOT IN THE ENVELOPE PROVIDED.  IF THE ENVELOPE IS ADDRESSED TO YOUR BROKERAGE FIRM OR BANK OR ITS AGENT (EACH, A "NOMINEE"), YOU MUST ALLOW ENOUGH TIME FOR YOUR NOMINEE TO CAST YOUR VOTE ON A MASTER BALLOT SO THAT IT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

The debentures consist of Solutia's 6.72% Debentures due October 15, 2037 and/or the 7.735% Debentures due October 15, 2027 (collectively, the "Notes").

Ballot Code [__]

*In re Solutia Inc. Case No.* 03-17949 (PCB)

---

**IMPORTANT**

You should review the Disclosure Statement and the Amended Plan and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Amended Plan and the classification and treatment of your Claim or Claims under the Amended Plan. Your Noteholder Claims have been placed in Class 12 under the Amended Plan. If you hold more than one Claim against Solutia, you will receive a Ballot for each Claim you are entitled to vote.

If your vote (or if held through a Nominee, the Master Ballot cast on your behalf) is not received by Solutia's Voting Agent, Financial Balloting Group LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Amended Plan.

THE VOTING DEADLINE IS 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007

Ballots will not be accepted by facsimile transmission or electronic mail.

If the Amended Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Plan.

As more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions. In addition to the releases of Solutia, their affiliates and related parties, the Amended Plan provides that Monsanto and Pharmacia will be released by the following parties: (i) Solutia (other than for liabilities related to the Legacy Tort Claims, Environmental Liabilities with respect to the Legacy Sites and Monsanto's portion of Environmental Liabilities with respect to the Shared Sites); (ii) holders of Claims or Equity Interests (other than for liabilities related to the Tort Claims, the Legacy Site Claims, the NRD Claims and Claims of governmental entities); and (iii) the Retirees Committee and the Retirees for claims related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code). Monsanto and Pharmacia <u>will not</u> be released from the following claims: (i) Tort Claims; (ii) NRD Claims; (iii) Legacy Site Claims and (iv) Claims of governmental entities. In addition, as more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions of the Prepetition Indenture Trustee and the advisors and attorneys for the Prepetition Indenture Trustee.

---

*In re Solutia Inc. Case No.* 03-17949 (PCB)

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

### HOW TO VOTE

1. COMPLETE ITEMS 1 (unless this Ballot has been "Prevalidated" by your Nominee), 2 and 3.

2. REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS IN ITEM 4.

3. **SIGN THE BALLOT (if not "Prevalidated" by your Nominee).**

4. **BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

5. YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT TO ACCEPT *OR* REJECT THE AMENDED PLAN AND MAY NOT SPLIT YOUR VOTE.

6. ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE AMENDED PLAN, WILL NOT BE COUNTED.

7. **ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED. IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN THE CREDITOR AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.**

### THE RIGHTS OFFERING

Please note that there is also a Rights Offering being made to each "Eligible Holder," as defined in the Amended Plan. Please see the Rights Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section VIII.A.3(b) of the Disclosure Statement and Section V.H. of the Amended Plan for additional information about the Rights Offering.

IF YOU HOLD A NOTEHOLDER CLAIM THAT ENTITLES YOU TO PARTICIPATE IN THE RIGHTS OFFERING, AND YOU WISH TO EXERCISE YOUR RIGHTS, YOU MUST PROVIDE YOUR INSTRUCTIONS TO YOUR NOMINEE, AND YOUR NOMINEE MUST EFFECT ANY SUCH SUBSCRIPTION ON YOUR BEHALF PRIOR TO THE RIGHTS OFFERING DEADLINE.

YOUR RIGHTS OFFERING SUBSCRIPTION FORM WAS SEPARATELY MAILED TO YOU. IF YOU HAVE NOT RECEIVED A RIGHTS OFFERING SUBSCRIPTION FORM, PLEASE CONTACT THE VOTING AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 1. Principal Amount of Noteholder Claims Voted.** The undersigned certifies that as of October 22, 2007, the undersigned was either the beneficial owner, or the nominee of a beneficial owner of the Notes in the following aggregate unpaid principal amount (insert amount in the box below). If your Notes are held by a nominee on your behalf and you do not know the amount, please contact your nominee immediately. (For purposes of this Ballot, it is not necessary and you should not adjust the principal amount for any accrued or unmatured interest.)

| $ |
|---|

**Item 2. Vote.** The undersigned, a holder of a Class 12 Noteholder Claim against Solutia in the amount set forth above, votes to (check one box; if you fail to check one of the boxes below, but the Ballot is otherwise properly completed and returned your Ballot will not be counted as either an acceptance or rejection of the Amended Plan):

☐ **Accept the Amended Plan.**          ☐ **Reject the Amended Plan.**

**Item 3. Identify All Other Noteholder Claims Voted.** By returning this Ballot, the beneficial owner of the Notes identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Notes owned by such beneficial owner, except for the Notes identified in the following table, (b) *all* of the Notes for which the beneficial owner has submitted Ballots are identified in the following table, and (c) *all* Ballots for Notes Claims submitted by the beneficial owner indicate the same vote to accept or reject the Amended Plan that the beneficial owner has indicated in Item 2 of this Ballot (please use additional sheets of paper if necessary):

**ALL NOTEHOLDER CLAIMS
VOTED ON OTHER BALLOTS**

| Customer Account Number(s) (if applicable) | Name of Bank, Broker or Other Nominee Through Which Notes Are Held | Principal Amount of Notes Voted | Note Issue (Maturity and Coupon or CUSIP Number) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

4

*In re Solutia Inc. Case No. 03-17949 (PCB)*

**Item 4.  Certifications and Acknowledgments.**  By signing this Ballot, the undersigned acknowledges and certifies that the undersigned is the Claimant or has the power and authority to vote to accept or reject the Amended Plan on behalf of the Claimant.  The undersigned understands that the solicitation of votes for the Amended Plan is subject to all the terms and conditions set forth in the Disclosure Statement.  The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Amended Plan, this Ballot will not be counted as either an acceptance or rejection of the Amended Plan.

_____
Name of Creditor (Please Print)

_____
Social Security or Federal Tax I.D. No. (Optional)

_____
Authorized Signature

_____
Name of Signatory

_____
If by Authorized Agent, Name and Title[1]

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

**PLEASE RETURN YOUR BALLOT PROMPTLY SO THAT IT IS
RECEIVED BY THE VOTING AGENT BY 5:00 P.M. EASTERN TIME
ON NOVEMBER 26, 2007, THE VOTING DEADLINE.**

**THE VOTING AGENT WILL NOT ACCEPT BALLOTS
BY FACSIMILE TRANSMISSION OR EMAIL.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST
YOUR BALLOT, PLEASE CONTACT YOUR BANK OR BROKER,
OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT
OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING
AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.**

**PLEASE NOTE THAT THERE IS ALSO A RIGHTS OFFERING BEING
MADE TO EACH "ELIGIBLE HOLDER," AS DEFINED IN THE
AMENDED PLAN.  PLEASE SEE THE RIGHTS OFFERING
PROCEDURES, WHICH HAVE BEEN DISTRIBUTED TO ELIGIBLE
HOLDERS AND ARE DISCUSSED IN SECTION VIII.A.3(B) OF THE
DISCLOSURE STATEMENT AND SECTION V.H OF THE AMENDED
PLAN FOR ADDITIONAL INFORMATION
ABOUT THE RIGHTS OFFERING.**

---

[1]    As indicated in the Instructions, evidence of authority **must** be included with this Ballot unless (a) the signatory is an officer or employee of the entity that is the creditor or (b) the creditor is individual and the signatory is the creditor.

5

*In re Solutia Inc. Case No.* 03-17949 (PCB)

## Exhibit B-6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                                                      :       Chapter 11
                                                               :
SOLUTIA INC., *et al.*,                                        :       Case No. 03-17949 (PCB)
                                                               :
          **Debtors.**                                         :       (Jointly Administered)
                                                               :
---------------------------------------------------------------x

### MASTER BALLOT FOR ACCEPTING OR REJECTING
### SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION

#### CLASS 12: NOTEHOLDER CLAIMS

> **YOUR MASTER BALLOT MUST BE *RECEIVED* BY THE VOTING AGENT, BY 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007, THE VOTING DEADLINE, OR THE VOTES REPRESENTED BY YOUR MASTER BALLOT WILL NOT BE COUNTED.**

Solutia, together with its subsidiary debtors, has filed Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Amended Plan"). The Amended Plan is annexed as Exhibit A to the Solutia's Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement"). The Bankruptcy Court has approved the Disclosure Statement, which provides information to assist creditors in deciding how to vote on the Amended Plan. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Amended Plan by the Bankruptcy Court.

The debentures consist of Solutia's 6.72% Debentures due October 15, 2037 and/or 7.375% Debentures Due October 15, 2027 (collectively, the "Notes").

This Master Ballot is to be used by you, as a broker, bank, or other nominee (or as their proxy holder or agent), for beneficial owners, as of October 22, 2007, to transmit the votes of such beneficial owners to accept or reject the Amended Plan. Please take any action required to enable each beneficial owner to timely vote its Notes to accept or reject the Amended Plan.

Before you transmit such votes, please carefully review the Disclosure Statement and the voting procedures. If you do not have a copy of the Disclosure Statement, you may obtain such copy by contacting Solutia's voting agent (the "Voting Agent"), Financial Balloting Group LLC, at 646-282-1800. **THIS MASTER BALLOT RELATES ONLY TO VOTES CAST ON ACCOUNT OF THE NOTES.**

MASTER BALLOT CODE [__]

*In re Solutia Inc. Case No.* 03-17949 (PCB)

---

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON AN AGENT OF ANY OF SOLUTIA OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE AMENDED PLAN.

---

**IMPORTANT**

PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER BALLOT, AND RETURN IT SO THAT IT IS RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE BY 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED, AND RECEIVED ON OR BEFORE THE VOTING DEADLINE AND THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES AND ELECTIONS TRANSMITTED BY THIS MASTER BALLOT WILL NOT BE COUNTED.

You should review the Disclosure Statement, the Amended Plan and the instructions contained herein before you transmit votes and elections. You or the beneficial owners of the Notes for whom you are the nominee may wish to seek legal advice concerning the Amended Plan and the classification and treatment of the Notes Claims under the Amended Plan. Such Claims have been placed in Class 12 under the Amended Plan.

If the Amended Plan is confirmed by the Bankruptcy Court, it will be binding on you and the beneficial owners of the Notes for whom you are the nominee, whether or not such beneficial owners vote and whether or not any votes are transmitted by this Master Ballot.

Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Plan.

Please note that there is also a Rights Offering being made to each "Eligible Holder," as defined in the Amended Plan. Please see the Rights Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section VIII.A.3(b) of the Disclosure Statement and Section V.H. of the Amended Plan for additional information about the Rights Offering.

As more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions. In addition to the releases of Solutia, their affiliates and related parties, the Amended Plan provides that Monsanto and Pharmacia will be released by the following parties: (i) Solutia (other than for liabilities related to the Legacy Tort Claims, Environmental Liabilities with respect to the Legacy Sites and Monsanto's portion of Environmental Liabilities with respect to the Shared Sites); (ii) holders of Claims or Equity Interests (other than for liabilities related to the Tort Claims, the Legacy Site Claims, the NRD Claims and Claims of governmental entities); and (iii) the Retirees Committee and the Retirees for claims related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code). Monsanto and Pharmacia <u>will not</u> be released from the following claims: (i) Tort Claims; (ii) NRD Claims; (iii) Legacy Site Claims and (iv) Claims of governmental entities. In addition, as more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions of the Prepetition Indenture Trustee and the advisors and attorneys for the Prepetition Indenture Trustee.

---

**Item 1. Certification of Authority to Vote.** The undersigned certifies that it (please check the applicable box):

☐ is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Notes listed in Item 2 below as of October 22, 2007, or is the registered holder of such securities; or

☐ is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee or a beneficial owner that on October 22, 2007 was the holder of the aggregate principal amount of the Notes listed on Item 2 below; or

☐ is acting under a proxy granted by a broker, bank, or other nominee for the beneficial owners (please attach a copy of the proxy to the Master Ballot),

and accordingly, has full power and authority to vote to accept or reject the Amended Plan on behalf of the beneficial owners of the Notes listed in Item 2.

2

*In re Solutia Inc. Case No. 03-17949 (PCB)*

**Item 2. Noteholder Claims (Class 12) Vote on Amended Plan – Number of Beneficial Owners.** The undersigned certifies that the following beneficial owners of the Notes, as identified by their respective customer account numbers, were beneficial owners of the Notes on October 22, 2007 and have delivered to the undersigned, as nominee, properly executed Ballots casting votes as indicated and containing instructions for the casting of those votes on their behalf (indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table. For purposes of this Master Ballot, accrued or unmatured interest should not be included. **Please note: Each beneficial owner must vote all of their Class 12 Noteholder Claims *either* to accept *or* reject the Amended Plan and may *not split such vote*).**

ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN, OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE AMENDED PLAN WILL NOT BE COUNTED.

| Customer Name or Account Number for Each Beneficial Owner | Face Amount of Notes | |
| --- | --- | --- |
| | Accept the Amended Plan | Reject the Amended Plan |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| TOTALS | $ | $ |

IF YOU ARE ACTING AS A NOMINEE FOR MORE THAN TEN BENEFICIAL OWNERS OF NOTES, PLEASE ATTACH ADDITIONAL SHEETS, AS NECESSARY.

3

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 3: Additional Ballots Submitted by Beneficial Owners.** The undersigned certifies that it has transcribed below the information, if any, provided in Item 3 of each Ballot received from a beneficial owner:

| Your Customer Name or Account Number for Each Beneficial Owner of Notes | Transcribe From Item 3 of Beneficial Owner Ballot | | | |
|---|---|---|---|---|
| | Customer Account Number(s) (if applicable) | Name of Bank, Broker or Other Nominee Through Which the Notes Are Held | Principal Amount of Notes Voted | Note Issue (Maturity and Coupon or CUSIP number) |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |
| 6. | | | $ | |
| 7. | | | $ | |
| 8. | | | $ | |
| 9. | | | $ | |
| 10. | | | $ | |

Ballot Code [__]                                        4

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 4: Certification.** By signing this Master Ballot, the undersigned certifies that each beneficial owner of Notes listed in Item 2, above, has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and certifies and acknowledges that the solicitation of votes for the Amended Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Broker, Bank or other Nominee:

_____

(Print or Type)

Participant Number: _____

Name of Proxy Holder or Agent for Broker,
Bank or Other Nominee (if applicable):

_____

(Print or Type)

Social Security or Federal Tax I.D. No.:_____

(If Applicable)

Signature: _____

Print Name: _____

Title:_____

(If Appropriate)

Street Address: _____

City, State, Zip Code:_____

Telephone: (____) _____

Date Completed:_____

---

**THIS MASTER BALLOT MUST BE RECEIVED BY THE VOTING AGENT AT THE ADDRESS LISTED BELOW, BEFORE 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007, OR THE VOTES TRANSMITTED HEREBY WILL NOT BE COUNTED.**

> **FINANCIAL BALLOTING GROUP LLC**
> **757 THIRD AVENUE, 3RD FLOOR**
> **NEW YORK, NEW YORK 10017**

**PLEASE NOTE:  THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS OR MASTER BALLOTS BY FACSIMILE TRANSMISSION OR ELECTRONIC MAIL.**

**ANY BALLOT THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR A REJECTION OF THE AMENDED PLAN, OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE AMENDED PLAN WILL NOT BE COUNTED.**

*In re Solutia Inc. Case No.* 03-17949 (PCB)

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

**VOTING DEADLINE/VOTING AGENT:**

**The Voting Deadline is 5:00 p.m., Eastern time, on November 26, 2007.** To have the vote of your customers count, you must complete, sign, and return this Master Ballot so that it is received by the Voting Agent at the following address no later than the Voting Deadline:

> Financial Balloting Group LLC
> 757 Third Avenue, 3rd Floor
> New York, New York 10017
> 646-282-1800

**If you are both the registered owner and beneficial owner of any principal amount of the Notes and you wish to vote such Notes:** You may complete, execute, and return to the Voting Agent a Ballot with respect to the Notes that you as beneficial owner wish to vote.

**If you are transmitting the votes of any beneficial owners of Notes other than yourself, you may** *either:*

Complete and execute the Ballot (other than Items 2 and 3) and deliver to the beneficial owner such "prevalidated" Ballot, along with the Disclosure Statement and other materials requested to be forwarded. The beneficial owner should complete Items 2 and 3 of that Ballot and return the completed Ballot to the Voting Agent so as to be received before the Voting Deadline:

*OR*

For any Ballots you do not "prevalidate":

Deliver the Ballot to the beneficial owner, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary actions to enable such beneficial owner to (i) complete and execute such Ballot voting to accept or reject the Amended Plan with respect to its Claim(s), and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline of 5:00 p.m., Eastern Time, on November 26, 2007; and

With respect to all Ballots returned to you, you must properly complete the Master Ballot, as follows:

a.    Check the appropriate box in Item 1 on the Master Ballot;

b.    In Item 2 of this Master Ballot, indicate the votes to accept or reject the Amended Plan, as transmitted to you by the beneficial owners of the Notes. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number). **IMPORTANT:  BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE ALL OF THEIR NOTES EITHER TO ACCEPT OR REJECT THE AMENDED PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.** Any Ballot or Master Ballot which is validly executed but (i) which does not indicate acceptance or rejection of the Amended Plan by the indicated beneficial owner, or (ii) indicates both an acceptance and rejection of the Amended Plan by the indicated beneficial owner, will not be counted as to such beneficial owner;

c.    Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each beneficial owner from Item 4 of each completed Ballot relating to the Notes voted;

d.    Review the certification in Item 4 of the Master Ballot;

e.    In Item 4, sign and date the Master Ballot, and provide the remaining information requested;

*In re Solutia Inc.* Case No. 03-17949 (PCB)

f. If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

g. Contact the Voting Agent to arrange for delivery of the completed Master Ballot to its offices; and

h. Deliver the completed, executed Master Ballot so as to be *received* by the Voting Agent before the Voting Deadline. For each completed, executed Ballot returned to you by a beneficial owner, either forward such Ballot (along with your Master Ballot) to the Voting Agent or retain such Ballot in your files for one year from the Voting Deadline.

**PLEASE NOTE:**

**This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Amended Plan.**

No Ballot or Master Ballot shall constitute or be deemed to be a proof of Claim or equity interest or an assertion of a Claim or equity interest.

**No fees, commissions, or other remuneration will be payable** to any broker, bank, dealer, nominee, or other person for soliciting Ballots accepting the Amended Plan. Solutia will, however, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Ballots and other enclosed materials to the beneficial owners of the Notes held by you as a nominee or in a fiduciary capacity.

There is also a Rights Offering being made to each "Eligible Holder," as defined in the Amended Plan. Please see the Rights Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section VIII.A.3(b) of the Disclosure Statement and Section V.H. of the Amended Plan for additional information about the Rights Offering.

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BALLOTS, THE DISCLOSURE STATEMENT, OR OTHER RELATED MATERIALS, PLEASE CALL THE VOTING AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.**

---

*In re Solutia Inc.* Case No. 03-17949 (PCB)

**Exhibit B-7**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                    :
**In re**                                                           :   Chapter 11
                                                                    :
SOLUTIA INC., *et al.*,                                             :   Case No. 03-17949 (PCB)
                                                                    :
**Debtors.**                                                        :   (Jointly Administered)
                                                                    :
-------------------------------------------------------------------x

**BALLOT FOR ACCEPTING OR REJECTING**
**SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION**

CLASS 13:  GENERAL UNSECURED CLAIMS

> **YOUR BALLOT MUST BE *RECEIVED* BY THE VOTING
> AGENT,   BY   5:00   P.M.,   EASTERN   TIME,   ON
> NOVEMBER 26, 2007, THE VOTING DEADLINE, OR
> YOUR VOTE WILL NOT BE COUNTED**

This Ballot is submitted to you by Solutia to solicit your vote to accept or reject Solutia's Fifth Amended Joint Plan of
Reorganization (the "Amended Plan") dated October 19, 2007, which is described in the accompanying Disclosure Statement for
Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007
(the "Disclosure Statement").  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined
have the meanings given to them in the Amended Plan.

The Amended Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders
of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the
Amended Plan and if the Amended Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy
Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Amended Plan if it finds
that the Amended Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or
Classes rejecting the Amended Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To
have your vote counted, you must complete, sign and return this Ballot to **Financial Balloting Group LLC, 757 Third Avenue,
3rd Floor, New York, New York 10017** so that it is received by the deadline indicated above.

Ballot Code [___]

*In re Solutia Inc. Case No. 03-17949 (PCB)*

---

**IMPORTANT**

You should review the Disclosure Statement and the Amended Plan and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Amended Plan and the classification and treatment of your Claim or Claims under the Amended Plan and your acceptance or rejection of the Amended Plan. Your General Unsecured Claims have been placed in Class 13 under the Amended Plan.

If your vote is not received by Solutia's Voting Agent, Financial Balloting Group LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Amended Plan.

THE VOTING DEADLINE IS 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007

Ballots will not be accepted by facsimile transmission or electronic mail.

If the Amended Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Plan.

As more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions. In addition to the releases of Solutia, their affiliates and related parties, the Amended Plan provides that Monsanto and Pharmacia will be released by the following parties: (i) Solutia (other than for liabilities related to the Legacy Tort Claims, Environmental Liabilities with respect to the Legacy Sites and Monsanto's portion of Environmental Liabilities with respect to the Shared Sites); (ii) holders of Claims or Equity Interests (other than for liabilities related to the Tort Claims, the Legacy Site Claims, the NRD Claims and Claims of governmental entities); and (iii) the Retirees Committee and the Retirees for claims related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code). Monsanto and Pharmacia will not be released from the following claims: (i) Tort Claims; (ii) NRD Claims; (iii) Legacy Site Claims and (iv) Claims of governmental entities.

---

**VOTING INFORMATION AND INSTRUCTIONS
FOR COMPLETING THE BALLOT**

---

**HOW TO VOTE**

1. COMPLETE ITEM 1, **OR** if you wish to accept Convenience Class treatment and reduce your Claim to $2,500, which amount will be paid in cash in full on the Effective Date in accordance with the terms of the Amended Plan, check the box in Item 2.

2. REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS IN ITEM 4.

3. SIGN THE BALLOT.

4. RETURN THE BALLOT BY MAIL (AN ENVELOPE ADDRESSED TO FINANCIAL BALLOTING GROUP LLC IS ENCLOSED FOR YOUR CONVENIENCE), OVERNIGHT COURIER OR PERSONAL DELIVERY TO FINANCIAL BALLOTING GROUP LLC (SO THAT IT IS RECEIVED BY 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007) AT THE FOLLOWING ADDRESS:

   FINANCIAL BALLOTING GROUP LLC
   757 THIRD AVENUE, 3RD FLOOR
   NEW YORK, NEW YORK 10017

5. BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.

6. YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT TO ACCEPT *OR* REJECT THE AMENDED PLAN AND MAY NOT SPLIT YOUR VOTE.

7. ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE AMENDED PLAN, WILL NOT BE COUNTED.

8. ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED. IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT MUST BE INCLUDED WITH THE BALLOT.

---

*In re Solutia Inc.* Case No. 03-17949 (PCB)

---

### The Rights Offering and Claims Transfer Procedures

Please note that there is also a Rights Offering being made to each "Eligible Holder," as defined in the Amended Plan. Please see the Rights Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section VIII.A.3(b) of the Disclosure Statement and Section V.H. of the Amended Plan, for additional information about the Rights Offering.

Additionally, there is a Cash Out Option, pursuant to which, Eligible Holders of General Unsecured Claims of less than $100,000 may elect to transfer such claims for cash in an amount equal to 52.35% of the Allowed amount of such General Unsecured Claims. **Please complete Item 3 if you qualify for and elect this treatment.** In addition, please see the Claims Transfer Procedures, which have been distributed to Eligible Holders and are discussed in Section [____] of the Disclosure Statement and Section [____] of the Amended Plan, for additional information about the Cash Out Option.

To the extent that you are an Eligible Holder entitled to participate in the Rights Offering, the Rights Offering Procedures and the Rights Exercise Form will accompany your ballot. As set forth in the Rights Offering Procedures, Eligible Holders that wish to exercise Rights must complete the Rights Exercise Form so it is received by the Voting Agent by the Rights Offering Deadline (as defined in the Rights Offering Procedures).

Holders who make the Voluntary Election for Convenience Claim treatment or elect the Claims Transfer Option will not be eligible to participate in the Rights Offering.

---

**Item 1. Vote.** The undersigned, a holder of a General Unsecured Claim against Solutia in the amount set forth below, votes to (check one box; if you fail to check one of the boxes below, but the Ballot is otherwise properly completed and returned your Ballot will not be counted as either an acceptance or rejection of the Amended Plan):

☐ **Accept** the Amended Plan.                    ☐ **Reject** the Amended Plan.

Voting Amount: $_____

**Item 2. Voluntary Election For Convenience Claim Treatment.** By checking the box below, the undersigned holder of a General Unsecured Claim in Class 13 elects to have its Class 13 General Unsecured Claim reduced to $2,500 and treated as a Convenience Claim under the Amended Plan and to receive the treatment specified in Section III.B.4 of the Amended Plan, as well be as deemed to have voted to accept the Amended Plan. Holders who make this election will not be eligible to participate in the Rights Offering. If the box below is not checked, such holder's General Unsecured Claim will receive the treatment specified in Section III.C.3 of the Amended Plan.

☐ **I elect Convenience Class Treatment and, if applicable, to reduce my Claim to $2,500**

**If you elect Convenience Class Treatment please proceed to the Certification in Item 4.**

**Item 3. Claim Transfer Cash Out Option.** By checking the box below, the undersigned holder of a General Unsecured Claim in Class 13 in the amount of less than $100,000, in lieu of consideration otherwise payable under the Amended Plan, elects to transfer its entire Class 13 General Unsecured Claim into the Claim Transfer Pool. By checking the box below, the undersigned Holder understands that its claim will be paid in cash at the rate of 52.35% ($52.35 per $100.00 of claim amount) if the undersigned Holder's transfer claim election is properly made and the Claim Transfer goes forward. Holders who make this election will not be eligible to participate in the Rights Offering and shall not be entitled to any additional recovery or distribution under the Amended Plan. If the box below is not checked, such holder's General Unsecured Claim will receive the treatment specified in Section III.6.3 of the Amended Plan. In addition, if the amount of the Claim Pool (as defined in the Claim Transfer Procedures) does not exceed the amount of Claim Transfer Rights Exercise, the Claim Transfer will not take place and your distribution under the Plan will not be effected by this election.

3

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**PLEASE REFER TO THE CLAIM TRANSFER PROCEDURES FOR MORE INFORMATION REGARDING THE CLAIM TRANSFER.**

☐ **I elect to transfer my Claim for cash in an amount equal to 52.35% of the Allowed amount of my General Unsecured Claim**

**Item 4. Certifications and Acknowledgments.** By signing this Ballot, the undersigned acknowledges and certifies that (a) the undersigned is the Claimant or has the power and authority to vote to accept or reject the Amended Plan on behalf of the Claimant, and (b) the Social Security or Federal Tax I.D. No. provided below is true and correct. The undersigned understands that the solicitation of votes for the Amended Plan is subject to all the terms and conditions set forth in the Disclosure Statement. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Amended Plan, this Ballot will not be counted as either an acceptance or rejection of the Amended Plan. The undersigned acknowledges that any election made on this Ballot will be binding on its successors, heirs and assigns including, without limitation, any transferee.

_____
Name of Creditor (Please Print)

_____
Social Security or Federal Tax I.D. No.

_____
Authorized Signature

_____
Name of Signatory

_____
If by Authorized Agent, Name and Title[1]

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

**PLEASE RETURN YOUR BALLOT PROMPTLY SO THAT IT IS
RECEIVED BY THE VOTING AGENT AT THE ADDRESS BELOW, BY 5:00 P.M. EASTERN TIME
ON NOVEMBER 26, 2007, THE VOTING DEADLINE.**

**Financial Balloting Group LLC
757 Third Avenue, 3rd Floor
New York, New York 10017
646-282-1800**

**THE VOTING AGENT WILL NOT ACCEPT BALLOTS
BY FACSIMILE TRANSMISSION OR EMAIL.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST
YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING**

---

[1]    As indicated in the Instructions, evidence of authority **must** be included with this Ballot unless (a) the signatory is an officer or employee of the entity that is the creditor or (b) the creditor is individual and the signatory is the creditor.

4

*In re Solutia Inc. Case No.* 03-17949 (PCB)

THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL
THE VOTING AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.

PLEASE NOTE THAT THERE IS ALSO A RIGHTS OFFERING BEING MADE
TO EACH "ELIGIBLE HOLDER," AS DEFINED IN THE AMENDED PLAN.
PLEASE SEE THE RIGHTS OFFERING PROCEDURES, WHICH HAVE
BEEN DISTRIBUTED TO ELIGIBLE HOLDERS AND
ARE DISCUSSED IN SECTION VIII.A.3(B) OF THE DISCLOSURE STATEMENT
AND SECTION V.H OF THE AMENDED PLAN FOR ADDITIONAL
INFORMATION ABOUT THE RIGHTS OFFERING.

5

*In re Solutia Inc. Case No.* 03-17949 (PCB)

## W-9 Form to be Attached

Ballot Code [__]

*In re Solutia Inc. Case No.* 03-17949 (PCB)

## Exhibit B-8

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------x
                                                      :
In re                                                 :          Chapter 11
                                                      :
SOLUTIA INC., et al.,                                 :          Case No. 03-17949 (PCB)
                                                      :
            Debtors.                                  :          (Jointly Administered)
                                                      :
------------------------------------------------------x
```

**BALLOT FOR ACCEPTING OR REJECTING**
**SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION**

**CLASS 14: RETIREE CLAIM**

> **YOUR BALLOT MUST BE *RECEIVED* BY THE VOTING
> AGENT, BY 5:00 P.M., EASTERN TIME, ON
> NOVEMBER 26, 2007, THE VOTING DEADLINE, OR
> YOUR VOTE WILL NOT BE COUNTED**

This Ballot is submitted to you by Solutia to solicit your vote to accept or reject the Solutia's Fifth Amended Joint Plan of Reorganization (the "Amended Plan") dated October 19, 2007, which is described in the accompanying Disclosure Statement for Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement"). Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Amended Plan.

The Amended Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Amended Plan and if the Amended Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Amended Plan if it finds that the Amended Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Amended Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to **Financial Balloting Group LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017** so that it is received by the deadline indicated above.

Ballot Code [___]

*In re Solutia Inc. Case No. 03-17949 (PCB)*

### VOTING INFORMATION AND INSTRUCTIONS
### FOR COMPLETING THE BALLOT

---

**IMPORTANT**

You should review the Disclosure Statement and the Amended Plan before you vote.  The Retiree Claim has been placed in Class 14 under the Amended Plan.

If your vote is not received by Solutia's Voting Agent, Financial Balloting Group LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Amended Plan.

### THE VOTING DEADLINE IS 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007

Ballots will not be accepted by facsimile transmission or electronic mail.

If the Amended Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Plan.

As more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions.  In addition to the releases of Solutia, their affiliates and related parties, the Amended Plan provides that Monsanto and Pharmacia will be released by the following parties: (i) Solutia (other than for liabilities related to the Legacy Tort Claims, Environmental Liabilities with respect to the Legacy Sites and Monsanto's portion of Environmental Liabilities with respect to the Shared Sites); (ii) holders of Claims or Equity Interests (other than for liabilities related to the Tort Claims, the Legacy Site Claims, the NRD Claims and Claims of governmental entities); and (iii) the Retirees Committee and the Retirees for claims related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code).  Monsanto and Pharmacia <u>will not</u> be released from the following claims: (i) Tort Claims; (ii) NRD Claims; (iii) Legacy Site Claims and (iv) Claims of governmental entities.

---

PLEASE COMPLETE ITEMS 1 AND 2.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN.

---

**HOW TO VOTE**

1.   COMPLETE ITEM 1.

2.   REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS IN ITEM 2.

3.   **SIGN THE BALLOT.**

4.   RETURN THE BALLOT BY MAIL (AN ENVELOPE ADDRESSED TO FINANCIAL BALLOTING GROUP LLC IS ENCLOSED FOR YOUR CONVENIENCE), OVERNIGHT COURIER OR PERSONAL DELIVERY TO FINANCIAL BALLOTING GROUP LLC (SO THAT IT IS RECEIVED BY 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007) AT THE FOLLOWING ADDRESS:

      FINANCIAL BALLOTING GROUP LLC
      757 THIRD AVENUE, 3RD FLOOR
      NEW YORK, NEW YORK 10017

5.   **BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

6.   YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT *EITHER* TO ACCEPT *OR* REJECT THE AMENDED PLAN AND MAY NOT SPLIT YOUR VOTE.

7.   ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE AMENDED PLAN, WILL NOT BE COUNTED AS EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN.

8.   ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED.  IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN AN OFFICER OR EMPLOYEE OF THE CREDITOR, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.

---

2

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 1.  Vote.**  The undersigned, the holder of the Retiree Claim against Solutia in the amount set forth below, votes to (check one box; if you fail to check one of the boxes below, but the Ballot is otherwise properly completed and returned your Ballot will not be counted as either an acceptance or rejection of the Amended Plan):

☐  **Accept** the Amended Plan.                ☐  **Reject** the Amended Plan.

Voting Amount: $35 million

3

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 2. Certifications and Acknowledgments.** By signing this Ballot, the undersigned acknowledges and certifies that the undersigned is the Claimant or has the power and authority to vote to accept or reject the Amended Plan on behalf of the Claimant. The undersigned understands that the solicitation of votes for the Amended Plan is subject to all the terms and conditions set forth in the Disclosure Statement. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Amended Plan, this Ballot will not be counted as either an acceptance or rejection of the Amended Plan.

THE OFFICIAL COMMITTEE OF RETIREES OF SOLUTIA INC.

_____

By: Spencer Fane Britt Browne LLP
Its: Co-Counsel

_____

By: Haskell Slaughter Young & Rediker
Its: Co-Counsel

_____

By: Kenneth M. Kettler
Its: Chairman

PLEASE RETURN YOUR BALLOT PROMPTLY SO THAT IT IS
RECEIVED BY THE VOTING AGENT AT THE ADDRESS BELOW, BY 5:00 P.M. EASTERN TIME
ON NOVEMBER 26, 2007, THE VOTING DEADLINE.

Financial Balloting Group LLC
757 Third Avenue, 3rd Floor
New York, New York 10017
646-282-1800

THE VOTING AGENT WILL NOT ACCEPT BALLOTS
BY FACSIMILE TRANSMISSION OR EMAIL.

IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST
YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING
THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL
THE VOTING AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.

4

*In re Solutia Inc.* Case No. 03-17949 (PCB)

## Exhibit B-9

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :        Chapter 11
                                                            :
SOLUTIA INC., *et al.*,                                     :        Case No. 03-17949 (PCB)
                                                            :
           **Debtors.**                                     :        (Jointly Administered)
                                                            :
------------------------------------------------------------x

**BALLOT FOR ACCEPTING OR REJECTING**
**SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION**

**CLASS 15: PHARMACIA CLAIMS**

> **YOUR BALLOT MUST BE *RECEIVED* BY THE VOTING
> AGENT, BY 5:00 P.M., EASTERN TIME, ON
> NOVEMBER 26, 2007, THE VOTING DEADLINE, OR
> YOUR VOTE WILL NOT BE COUNTED**

This Ballot is submitted to you by Solutia to solicit your vote to accept or reject Solutia's Fifth Amended Joint Plan of Reorganization (the "Amended Plan") dated October 19, 2007, which is described in the accompanying Disclosure Statement for Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement"). Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Amended Plan.

The Amended Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Amended Plan and if the Amended Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Amended Plan if it finds that the Amended Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Amended Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to **Financial Balloting Group LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017** so that it is received by the deadline indicated above.

Ballot Code [__]

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**VOTING INFORMATION AND INSTRUCTIONS
FOR COMPLETING THE BALLOT**

---

**IMPORTANT**

You should review the Disclosure Statement and the Amended Plan before you vote. You may wish to seek legal advice concerning the Amended Plan and the classification and treatment of your Claim or Claims under the Amended Plan. The Pharmacia Claims have been placed in Class 15 under the Amended Plan.

If your vote is not received by Solutia's Voting Agent, Financial Balloting Group LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Amended Plan.

**THE VOTING DEADLINE IS 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007**

Ballots will not be accepted by facsimile transmission or electronic mail.

If the Amended Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Plan.

As more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions. In addition to the releases of Solutia, their affiliates and related parties, the Amended Plan provides that Monsanto and Pharmacia will be released by the following parties: (i) Solutia (other than for liabilities related to the Legacy Tort Claims, Environmental Liabilities with respect to the Legacy Sites and Monsanto's portion of Environmental Liabilities with respect to the Shared Sites); (ii) holders of Claims or Equity Interests (other than for liabilities related to the Tort Claims, the Legacy Site Claims, the NRD Claims and Claims of governmental entities); and (iii) the Retirees Committee and the Retirees for claims related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code). Monsanto and Pharmacia will not be released from the following claims: (i) Tort Claims; (ii) NRD Claims; (iii) Legacy Site Claims and (iv) Claims of governmental entities.

---

PLEASE COMPLETE ITEMS 1 AND 2. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN.

---

**HOW TO VOTE**

1.     COMPLETE ITEM 1.

2.     REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS IN ITEM 2.

3.     **SIGN THE BALLOT.**

4.     RETURN THE BALLOT BY MAIL (AN ENVELOPE ADDRESSED TO FINANCIAL BALLOTING GROUP LLC IS ENCLOSED FOR YOUR CONVENIENCE), OVERNIGHT COURIER OR PERSONAL DELIVERY TO FINANCIAL BALLOTING GROUP LLC (**SO THAT IT IS RECEIVED BY 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007**) AT THE FOLLOWING ADDRESS:

> FINANCIAL BALLOTING GROUP LLC
> 757 THIRD AVENUE, 3RD FLOOR
> NEW YORK, NEW YORK 10017

5.     **BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

6.     YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT *EITHER* TO ACCEPT *OR* REJECT THE AMENDED PLAN AND MAY NOT SPLIT YOUR VOTE.

7.     ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE AMENDED PLAN, WILL NOT BE COUNTED AS EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN.

8.     **ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED. IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN AN OFFICER OR EMPLOYEE OF THE CREDITOR, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT MUST BE INCLUDED WITH THE BALLOT.**

2

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 1.  Vote.**  The undersigned, the holder of the Pharmacia Claims against Solutia in the amount set forth below, votes to (check one box; if you fail to check one of the boxes below, but the Ballot is otherwise properly completed and returned your Ballot will not be counted as either an acceptance or rejection of the Amended Plan):

☐ **Accept** the Amended Plan.                    ☐ **Reject** the Amended Plan.

3

*In re Solutia Inc.* Case No. 03-17949 (PCB)

**Item 2. Certifications and Acknowledgments.** By signing this Ballot, the undersigned acknowledges and certifies that (a) the undersigned is the Claimant or has the power and authority to vote to accept or reject the Amended Plan on behalf of the Claimant, and (b) the Social Security or Federal Tax I.D. No. provided below is true and correct  The undersigned understands that the solicitation of votes for the Amended Plan is subject to all the terms and conditions set forth in the Disclosure Statement. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Amended Plan, this Ballot will not be counted as either an acceptance or rejection of the Amended Plan.  The undersigned acknowledges that any election made on this Ballot will be binding on its successors, heirs and assigns including, without limitation, any transferee.

_____
Name of Creditor (Please Print)

_____
Social Security or Federal Tax I.D. No.

_____
Authorized Signature

_____
Name of Signatory

_____
If by Authorized Agent, Name and Title[1]

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

**PLEASE RETURN YOUR BALLOT PROMPTLY SO THAT IT IS
RECEIVED BY THE VOTING AGENT AT THE ADDRESS BELOW, BY 5:00 P.M. EASTERN TIME
ON NOVEMBER 26, 2007, THE VOTING DEADLINE.**

**Financial Balloting Group LLC
757 Third Avenue, 3rd Floor
New York, New York 10017
646-282-1800**

**THE VOTING AGENT WILL NOT ACCEPT BALLOTS
BY FACSIMILE TRANSMISSION OR EMAIL.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST
YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING
THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL
THE VOTING AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.**

---

[1]  As indicated in the Instructions, evidence of authority **must** be included with this Ballot unless (a) the signatory is an officer or employee of the entity that is the creditor or (b) the creditor is individual and the signatory is the creditor.

4

*In re Solutia Inc. Case No.* 03-17949 (PCB)

## Exhibit B-10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                    :

**In re**                     :    Chapter 11

SOLUTIA INC., *et al.*,      :    Case No. 03-17949 (PCB)

       **Debtors.**        :    (Jointly Administered)

------------------------------------------------------------x

### BALLOT FOR ACCEPTING OR REJECTING
### SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION

**CLASS 19:** SECURITY CLAIMS

> **YOUR BALLOT MUST BE *RECEIVED* BY THE VOTING
> AGENT, BY 5:00 P.M., EASTERN TIME, ON
> NOVEMBER 26, 2007, THE VOTING DEADLINE, OR
> YOUR VOTE WILL NOT BE COUNTED**

This Ballot is submitted to you by Solutia to solicit your vote to accept or reject the Solutia's Fifth Amended Joint Plan of Reorganization (the "Amended Plan") dated October 19, 2007, which is described in the accompanying Disclosure Statement for Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement"). Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in Amended Plan.

The Amended Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Amended Plan and if the Amended Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Amended Plan if it finds that the Amended Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Amended Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**TO HAVE YOUR VOTE COUNTED, YOU MUST COMPLETE, SIGN AND RETURN THIS BALLOT IN THE ENVELOPE PROVIDED. IF THE ENVELOPE IS ADDRESSED TO YOUR BROKERAGE FIRM OR BANK OR ITS AGENT (EACH, A "NOMINEE"), YOU MUST ALLOW ENOUGH TIME FOR YOUR NOMINEE TO CAST YOUR VOTE ON A MASTER BALLOT SO THAT IT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

Ballot Code [__]

*In re Solutia Inc. Case No.* 03-17949 (PCB)

---

**IMPORTANT**

You should review the Disclosure Statement and the Amended Plan and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Amended Plan and the classification and treatment of your Claim or Claims under the Amended Plan. Your Security Claims have been placed in Class 19 under the Amended Plan. If you hold more than one Claim against Solutia, you will receive a Ballot for each Claim you are entitled to vote.

If your vote is not received by Solutia's Voting Agent, Financial Balloting Group LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Amended Plan.

**THE VOTING DEADLINE IS 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007**

Ballots will not be accepted by facsimile transmission or electronic mail.

If the Amended Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

As more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions. In addition to the releases of Solutia, their affiliates and related parties, the Amended Plan provides that Monsanto and Pharmacia will be released by the following parties: (i) Solutia (other than for liabilities related to the Legacy Tort Claims, Environmental Liabilities with respect to the Legacy Sites and Monsanto's portion of Environmental Liabilities with respect to the Shared Sites); (ii) holders of Claims or Equity Interests (other than for liabilities related to the Tort Claims, the Legacy Site Claims, the NRD Claims and Claims of governmental entities); and (iii) the Retirees Committee and the Retirees for claims related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code). Monsanto and Pharmacia will not be released from the following claims: (i) Tort Claims; (ii) NRD Claims; (iii) Legacy Site Claims and (iv) Claims of governmental entities.

---

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

---

**HOW TO VOTE**

1.  COMPLETE ITEM 1.

2.  REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS IN ITEM 2.

3.  **SIGN THE BALLOT.**

4.  **BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

5.  YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT TO ACCEPT *OR* REJECT THE AMENDED PLAN AND MAY NOT SPLIT YOUR VOTE.

6.  ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE AMENDED PLAN, WILL NOT BE COUNTED.

7.  **ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED. IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN THE CREDITOR AN OFFICER OR EMPLOYEE OF THE CREDITOR, OR AN ATTORNEY-AT-LAW ACTING FOR THE CREDITOR, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT MUST BE INCLUDED WITH THE BALLOT.**

---

**Item 1. Vote.** The undersigned, a holder of a Class 19 Security Claim against Solutia in the amount set forth above, votes to (check one box; if you fail to check one of the boxes below, but the Ballot is otherwise properly completed and returned your Ballot will not be counted as either an acceptance or rejection of the Amended Plan):

☐ Accept the Amended Plan.                    ☐ **Reject** the Amended Plan.

Voting Amount: $ _____

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 2. Certifications and Acknowledgments.** By signing this Ballot, the undersigned acknowledges and certifies that the undersigned is the Claimant or has the power and authority to vote to accept or reject the Amended Plan on behalf of the Claimant. The undersigned understands that the solicitation of votes for the Amended Plan is subject to all the terms and conditions set forth in the Disclosure Statement. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Amended Plan, this Ballot will not be counted as either an acceptance or rejection of the Amended Plan.

_____
Name of Creditor (Please Print)

_____
Social Security or Federal Tax I.D. No. (Optional)

_____
Authorized Signature

_____
Name of Signatory

_____
If by Authorized Agent, Name and Title[1]

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

**PLEASE RETURN YOUR BALLOT PROMPTLY SO THAT IT IS
RECEIVED BY THE VOTING AGENT BY 5:00 P.M. EASTERN TIME
ON NOVEMBER 26, 2007, THE VOTING DEADLINE.**

**THE VOTING AGENT WILL NOT ACCEPT BALLOTS
BY FACSIMILE TRANSMISSION OR EMAIL.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT, HAVE LOST
YOUR BALLOT OR IF YOU HAVE ANY QUESTIONS CONCERNING
THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING
AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.**

---

[1]   As indicated in the Instructions, evidence of authority **must** be included with this Ballot unless (a) the signatory is an officer or employee of the entity that is the creditor or (b) the creditor is individual and the signatory is the creditor.

3

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Exhibit B-11**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re**                                                   :   Chapter 11
                                                            :
SOLUTIA INC., *et al.*,                                     :   Case No. 03-17949 (PCB)
                                                            :
                 **Debtors.**                               :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

**BALLOT FOR ACCEPTING OR REJECTING**
**SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION**

**CLASS 20:  EQUITY INTERESTS IN SOLUTIA**

> **YOUR BALLOT MUST BE *RECEIVED* BY THE VOTING**
> **AGENT, BY 5:00 P.M., EASTERN TIME, ON NOVEMBER**
> **26, 2007, THE VOTING DEADLINE, OR YOUR VOTE**
> **WILL NOT BE COUNTED**

This Ballot is submitted to you by Solutia to solicit your vote to accept or reject Solutia's Fifth Amended Joint Plan of Reorganization (the "Amended Plan") dated October 19, 2007, which is described in the accompanying Disclosure Statement for Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement"). Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Amended Plan.

The Amended Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class (and at least two-thirds in amount of Interests in a class of Interests) who vote on the Amended Plan and if the Amended Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Amended Plan if it finds that the Amended Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Amended Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**TO HAVE YOUR VOTE COUNTED, YOU MUST COMPLETE, SIGN AND RETURN THIS BALLOT IN THE ENVELOPE PROVIDED. IF THE ENVELOPE IS ADDRESSED TO YOUR BROKERAGE FIRM OR BANK OR ITS AGENT (EACH, A "NOMINEE"), YOU MUST ALLOW ENOUGH TIME FOR YOUR NOMINEE TO CAST YOUR VOTE ON A MASTER BALLOT SO THAT IT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

Ballot Code [___]

*In re Solutia Inc. Case No.* 03-17949 (PCB)

---

**IMPORTANT**

You should review the Disclosure Statement and the Amended Plan and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Amended Plan and the classification and treatment of your Interest or Interests under the Amended Plan. Your Equity Interests in Solutia have been placed in Class 20 under the Amended Plan. If you held Equity Interests in Solutia through a Nominee as of the Record Date, you should complete this Ballot and return it as set forth on the pre-addressed envelope accompanying such Ballot. If you held Equity Interests in Solutia through more than one Nominee as of the Record Date, you should receive a Ballot from each such entity. You should vote each such Ballot separately and only in the applicable amount of Equity Interests in Solutia held through each such entity. You should promptly return each Ballot as set forth on the pre-addressed envelope accompanying each Ballot.

If your vote (or if held through a Nominee, the Master Ballot cast on your behalf) is not received by Solutia's Voting Agent, Financial Balloting Group LLC, on or before the Voting Deadline and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Amended Plan.

THE VOTING DEADLINE IS 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007

Ballots will not be accepted by facsimile transmission or electronic mail.

If the Amended Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Plan.

As more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions. In addition to the releases of Solutia, their affiliates and related parties, the Amended Plan provides that Monsanto and Pharmacia will be released by the following parties: (i) Solutia (other than for liabilities related to the Legacy Tort Claims, Environmental Liabilities with respect to the Legacy Sites and Monsanto's portion of Environmental Liabilities with respect to the Shared Sites); (ii) holders of Claims or Equity Interests (other than for liabilities related to the Tort Claims, the Legacy Site Claims, the NRD Claims and Claims of governmental entities); and (iii) the Retirees Committee and the Retirees for claims related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code). Monsanto and Pharmacia <u>will not</u> be released from the following claims: (i) Tort Claims; (ii) NRD Claims; (iii) Legacy Site Claims and (iv) Claims of governmental entities.

---

VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

---

**HOW TO VOTE**

1. COMPLETE ITEMS 1 (unless this Ballot has been "Prevalidated" by your Nominee), and 2.

2. REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS IN ITEM 3.

3. **SIGN THE BALLOT (if not "Prevalidated" by your Nominee).**

4. **BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

5. YOU MUST VOTE THE FULL AMOUNT OF YOUR INTEREST REPRESENTED BY THIS BALLOT TO ACCEPT *OR* REJECT THE AMENDED PLAN AND MAY NOT SPLIT YOUR VOTE.

6. ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN, OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE AMENDED PLAN, WILL NOT BE COUNTED.

7. **ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED. IF A BALLOT IS TO BE EXECUTED BY AN AUTHORIZED PARTY OTHER THAN THE EQUITY INTEREST HOLDER AN OFFICER OR EMPLOYEE OF THE EQUITY INTEREST HOLDER, SUFFICIENT EVIDENCE OF THE AUTHORIZED PARTY'S AUTHORITY TO EXECUTE THE BALLOT <u>MUST</u> BE INCLUDED WITH THE BALLOT.**

---

*In re Solutia Inc.* Case No. 03-17949 (PCB)

### The Equity Purchase Offering and Claim Transfer Procedures

**Equity Purchase Offering**

Please note that there is an Equity Purchase Offering being made to each Eligible Shareholder, as defined in the Amended Plan, which shall enable such Eligible Shareholder to indicate an interest, but not a commitment, to purchase New Common Stock. Please see the Equity Purchase Procedures, which have been distributed to Eligible Shareholders and are discussed in Section [__] of the Disclosure Statement and Section [__] of the Amended Plan, for additional information about the Equity Purchase Offering. In addition, each Eligible Shareholder will be sent an Equity Purchase Form, which shall contain instructions for the proper completion, due execution, and timely delivery of the Equity Purchase Form (or related Master Equity Purchase Form if your Equity Interests are held through a Nominee) to the Subscription Agent.

**Claim Transfer Procedures**

Please note that there is also a Claim Transfer Option, pursuant to which, Eligible Holders of Equity Interests in Solutia may elect to purchase certain General Unsecured Claims in amounts less than $100,000 but greater than $2,500 for cash in an amount equal to 52.35% of the Allowed amount of such General Unsecured Claims. Please see the Claim Transfer Procedures, which have been distributed to Eligible Claim Transfer Shareholders and are discussed in Section [__] of the Disclosure Statement and Section [__] of the Amended Plan, for additional information about the Claim Transfer Option.

You have been identified as an Eligible Claim Transfer Shareholder entitled to elect the Claim Transfer Option. As set forth in Claim Transfer Procedures and the Rights Offering Procedures, Eligible Holders that wish to exercise Rights must complete the Claim Transfer Election Form and the Rights Exercise Form so they are received by the Voting Agent by the Rights Offering Deadline.

Additionally, there is also a Rights Offering being made to each "Eligible Holder," as defined in the Amended Plan. Those Holders of Equity Interests that have elected the Claim Transfer Option shall be eligible to participate in the Rights Offering with respect to the General Unsecured Claims purchased. Please see the Rights Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section VIII.A.3(b) of the Disclosure Statement and Section V.H. of the Amended Plan, for additional information about the Rights Offering.

3

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 1.  Number of Shares of Equity Interests in Solutia Voted.  The** undersigned certifies that as of October 22, 2007, the undersigned was either the beneficial owner, or the nominee of the following number of shares of Equity Interests in Solutia (insert amount in the box below). If your Equity Interests in Solutia are held by a nominee on your behalf and you do not know the amount, please contact your nominee immediately.

| Number of Shares: |
|---|

**Item 2.  Vote.  The** undersigned, a holder of a Class 20 Equity Interest in Solutia in the number of shares set forth above, votes to (check one box; if you fail to check one of the boxes below, but the Ballot is otherwise properly completed and returned your Ballot will not be counted as either an acceptance or rejection of the Amended Plan):

☐  **Accept the Amended Plan.**                    ☐  **Reject** the Amended
                                                                      Plan.

4

*In re Solutia Inc.* Case No. 03-17949 (PCB)

**Item 3. Certifications and Acknowledgments.** By signing this Ballot, the undersigned acknowledges and certifies that the undersigned is the beneficial holder of the Equity Interests in Solutia identified in Item 1 or has the power and authority to vote to accept or reject the Amended Plan with respect to the Equity Interests identified in Item 1. The undersigned understands that the solicitation of votes for the Amended Plan is subject to all the terms and conditions set forth in the Disclosure Statement. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Amended Plan, this Ballot will not be counted as either an acceptance or rejection of the Amended Plan.

_____
Name of Holder (Please Print)

_____
Social Security or Federal Tax I.D. No. (Optional)

_____
Authorized Signature

_____
Name of Signatory

_____
If by Authorized Agent, Name and Title[1]

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

**PLEASE RETURN YOUR BALLOT PROMPTLY SO THAT IT IS
RECEIVED BY THE VOTING AGENT BY 5:00 P.M. EASTERN TIME
ON NOVEMBER 26, 2007, THE VOTING DEADLINE.**

**THE VOTING AGENT WILL NOT ACCEPT BALLOTS
BY FACSIMILE TRANSMISSION OR EMAIL.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST
YOUR BALLOT, PLEASE CONTACT YOUR BANK OR BROKER,
OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT
OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING
AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.**

---

[1] As indicated in the Instructions, evidence of authority **must** be included with this Ballot unless (a) the signatory is an officer or employee of the entity that is the interest holder or (b) the interest holder is the individual and the signatory is the interest holder.

*In re Solutia Inc. Case No.* 03-17949 (PCB)

## Exhibit B-12

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
                                   :

**In re**                              :        Chapter 11

SOLUTIA INC., *et al.*,        :

                                 :        Case No. 03-17949 (PCB)

         **Debtors.**            :

                                 :        (Jointly Administered)

------------------------------------------------------x

### MASTER BALLOT FOR ACCEPTING OR REJECTING
### SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION

#### CLASS 20: EQUITY INTERESTS IN SOLUTIA

---

**YOUR MASTER BALLOT MUST BE *RECEIVED* BY THE VOTING AGENT, BY 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007, THE VOTING DEADLINE, OR THE VOTES REPRESENTED BY YOUR MASTER BALLOT WILL NOT BE COUNTED.**

---

Solutia, together with its debtor subsidiaries, has filed Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Amended Plan"). The Amended Plan is annexed as Exhibit A to Solutia's Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement"). The Bankruptcy Court has approved the Disclosure Statement, which provides information to assist creditors in deciding how to vote on the Amended Plan. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Amended Plan by the Bankruptcy Court.

This Master Ballot is to be used by you, as a broker, bank, or other nominee (or as their proxy holder or agent), for beneficial owners, as of October 22, 2007, to transmit the votes of such beneficial owners to accept or reject the Amended Plan. Please take any action required to enable each beneficial owner to timely vote its Equity Interests in Solutia to accept or reject the Amended Plan.

Before you transmit such votes, please carefully review the Disclosure Statement and the voting procedures. If you do not have a copy of the Disclosure Statement, you may obtain such copy by contacting Solutia's voting agent (the "Voting Agent"), Financial Balloting Group LLC, at 646-282-1800. **THIS MASTER BALLOT RELATES ONLY TO VOTES CAST ON ACCOUNT OF THE EQUITY INTERESTS IN SOLUTIA.**

MASTER BALLOT CODE [__]

*In re Solutia Inc. Case No.* 03-17949 (PCB)

---

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON AN AGENT OF SOLUTIA OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE AMENDED PLAN.

---

**IMPORTANT**

PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER BALLOT, AND RETURN IT SO THAT IT IS RECEIVED BY THE VOTING AGENT ON OR BEFORE THE VOTING DEADLINE BY 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED, AND RECEIVED ON OR BEFORE THE VOTING DEADLINE AND THE VOTING DEADLINE IS NOT EXTENDED, THE VOTES AND ELECTIONS TRANSMITTED BY THIS MASTER BALLOT WILL NOT BE COUNTED.

You should review the Disclosure Statement, the Amended Plan and the instructions contained herein before you transmit votes and elections. You or the beneficial owners of the Equity Interests in Solutia for whom you are the nominee may wish to seek legal advice concerning the Amended Plan and the classification and treatment of the Equity Interests in Solutia under the Amended Plan. Such Equity Interests in Solutia have been placed in Class 20 under the Amended Plan.

If the Amended Plan is confirmed by the Bankruptcy Court, it will be binding on you and the beneficial owners of the Equity Interests in Solutia for whom you are the nominee, whether or not such beneficial owners vote and whether or not any votes are transmitted by this Master Ballot.

Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Plan.

As more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions. In addition to the releases of Solutia, their affiliates and related parties, the Amended Plan provides that Monsanto and Pharmacia will be released by the following parties: (i) Solutia (other than for liabilities related to the Legacy Tort Claims, Environmental Liabilities with respect to the Legacy Sites and Monsanto's portion of Environmental Liabilities with respect to the Shared Sites); (ii) holders of Claims or Equity Interests (other than for liabilities related to the Tort Claims, the Legacy Site Claims, the NRD Claims and Claims of governmental entities); and (iii) the Retirees Committee and the Retirees for claims related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code). Monsanto and Pharmacia will not be released from the following claims: (i) Tort Claims; (ii) NRD Claims; (iii) Legacy Site Claims and (iv) Claims of governmental entities.

---

**Item 1. Certification of Authority to Vote.** The undersigned certifies that it (please check the applicable box):

☐ is a broker, bank, or other nominee that was the record holder of the Equity Interests in Solutia described in Item 2 below as of October 22, 2007, on behalf of the beneficial owners described therein; or

☐ is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee or a beneficial owner that on October 22, 2007 was the holder of the Equity Interests in Solutia listed described in Item 2 below; or

☐ is acting under a proxy granted by a broker, bank, or other nominee for the beneficial owners (please attach a copy of the proxy to the Master Ballot),

and accordingly, has full power and authority to vote to accept or reject the Amended Plan on behalf of the beneficial owners of the Equity Interests in Solutia described in Item 2.

2

*In re Solutia Inc. Case No. 03-17949 (PCB)*

**Item 2. Equity Interests in Solutia (Class 20) Vote on Amended Plan -- Number of Beneficial Owners.** The undersigned certifies that the following beneficial owners of the Equity Interests in Solutia, as identified by their respective customer account numbers, were beneficial owners of Equity Interests in Solutia on [INSERT] and have delivered to the undersigned, as nominee, properly executed Ballots casting votes as indicated and containing instructions for the casting of those votes on their behalf (indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table. Please note: Each beneficial owner must vote all of their Class 20 Equity Interests in Solutia *either* to accept *or* reject the Amended Plan and may *not* split such vote.)

ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE AMENDED PLAN, OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE AMENDED PLAN WILL NOT BE COUNTED.

| Customer Name or Account Number for Each Beneficial Owner of Equity Interests in Solutia | Number of Shares of Equity Interests in Solutia Voted to ACCEPT or REJECT the Amended Plan | |
|---|---|---|
| | **ACCEPT** | **REJECT** |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |
| 10. | | |
| **TOTALS** | | |

IF YOU ARE ACTING AS A NOMINEE FOR MORE THAN TEN BENEFICIAL OWNERS OF EQUITY INTERESTS IN SOLUTIA, PLEASE ATTACH ADDITIONAL SHEETS, AS NECESSARY.

3

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 3: Certification.** By signing this Master Ballot, the undersigned certifies that each beneficial owner of Equity Interests in Solutia listed in Item 2, above, has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and certifies and acknowledges that the solicitation of votes for the Amended Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Broker, Bank or other Nominee:

_____
(Print or Type)

Participant Number: _____

Name of Proxy Holder or Agent for Broker,
Bank or Other Nominee (if applicable):

_____
(Print or Type)
Social Security or Federal Tax I.D. No.:_____
(If Applicable)

Signature: _____

Print Name: _____

Title:_____
(If Appropriate)

Street Address: _____

City, State, Zip Code:_____

Telephone: (    ) _____

Date Completed:_____

---

**THIS MASTER BALLOT MUST BE RECEIVED BY THE VOTING AGENT, BEFORE 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007, OR THE VOTES TRANSMITTED HEREBY WILL NOT BE COUNTED.**

**FINANCIAL BALLOTING GROUP LLC**
**757 THIRD AVENUE, 3RD FLOOR**
**NEW YORK, NEW YORK 10017**
**(646) 282-1800**

**PLEASE NOTE:  THE VOTING AGENT WILL *NOT* ACCEPT BALLOTS OR MASTER BALLOTS BY FACSIMILE TRANSMISSION OR ELECTRONIC MAIL.**

**ANY BALLOT THAT DOES NOT INDICATE EITHER AN ACCEPTANCE OR A REJECTION OF THE AMENDED PLAN, OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE AMENDED PLAN WILL NOT BE COUNTED.**

Ballot Code [__]

*In re Solutia Inc. Case No. 03-17949 (PCB)*

### INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

**VOTING DEADLINE/VOTING AGENT:**

The Voting Deadline is 5:00 p.m., Eastern time, on November 26, 2007. To have the vote of your customers count, you must complete, sign, and return this Master Ballot so that it is received by the Voting Agent at the following address no later than the Voting Deadline:

> Financial Balloting Group LLC
> 757 Third Avenue, 3rd Floor
> New York, New York 10017
> 646-282-1800

**If you are both the registered owner and beneficial owner of any Equity Interests in Solutia and you wish to vote such Equity Interests in Solutia:** You may complete, execute, and return to the Voting Agent a Ballot with respect to the Equity Interests in Solutia that you as beneficial owner wish to vote.

**If you are transmitting the votes of any beneficial owners of Equity Interests in Solutia other than yourself, you may *either*:**

Complete and execute the Ballot (other than Item 2) and deliver to the beneficial owner such "prevalidated" Ballot, along with the Disclosure Statement and other materials requested to be forwarded. The beneficial owner should complete Item 2 of that Ballot and return the completed Ballot to the Voting Agent so as to be received before the Voting Deadline:

<p align="center">***OR***</p>

For any Ballots you do not "prevalidate":

Deliver the Ballot to the beneficial owner, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary actions to enable such beneficial owner to (i) complete and execute such Ballot voting to accept or reject the Amended Plan with respect to its Claim(s), and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Voting Agent before the Voting Deadline of 5:00 p.m., Eastern Time, on November 26, 2007; and

With respect to all Ballots returned to you, you must properly complete the Master Ballot, as follows:

a.    Check the appropriate box in Item 1 on the Master Ballot;

b.    In Item 2 of this Master Ballot, indicate the votes to accept or reject the Amended Plan, as transmitted to you by the beneficial owners of the Equity Interests in Solutia. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number). **IMPORTANT: BENEFICIAL OWNERS MAY NOT SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE ALL OF THEIR EQUITY INTERESTS IN SOLUTIA EITHER TO ACCEPT OR REJECT THE AMENDED PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.** Any Ballot or Master Ballot which is validly executed but (i) which does not indicate acceptance or rejection of the Amended Plan by the indicated beneficial owner, or (ii) indicates both an acceptance and rejection of the Amended Plan by the indicated beneficial owner, will not be counted as to such beneficial owner;

c.    Review the certification in Item 3 of the Master Ballot;

d.    In Item 3, sign and date the Master Ballot, and provide the remaining information requested;

e.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

<p align="center">2</p>

*In re Solutia Inc. Case No.* 03-17949 (PCB)

f.      Contact the Voting Agent to arrange for delivery of the completed Master Ballot to its offices; and

g.      Deliver the completed, executed Master Ballot so as to be *received* by the Voting Agent before the Voting Deadline.  For each completed, executed Ballot returned to you by a beneficial owner, either forward such Ballot (along with your Master Ballot) to the Voting Agent or retain such Ballot in your files for one year from the Voting Deadline.

**PLEASE NOTE:**

**This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Amended Plan.** Holders should not surrender, at this time, certificates representing their securities. Neither Solutia nor the Voting Agent will accept delivery of any such certificates surrendered together with this Master Ballot. Surrender of securities for exchange may only be made by you, and will only be accepted pursuant to a letter of transmittal which will be furnished to you by Solutia following confirmation of the Amended Plan by the Bankruptcy Court.

No Ballot or Master Ballot shall constitute or be deemed to be a proof of Claim or equity interest or an assertion of a Claim or equity interest.

**No fees, commissions, or other remuneration will be payable** to any broker, bank, dealer, nominee, or other person for soliciting Ballots accepting the Amended Plan. Solutia will, however, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Ballots and other enclosed materials to the beneficial owners of the Equity Interests in Solutia held by you as a nominee or in a fiduciary capacity.

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BALLOTS, THE DISCLOSURE STATEMENT, OR OTHER RELATED MATERIALS, PLEASE CALL THE VOTING AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.**

---

**Exhibit C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11
                                            :
**SOLUTIA INC.,** *et al.*,                 :    Case No. 03-17949 (PCB)
                                            :
               Debtors.                     :    (Jointly Administered)
                                            :
----------------------------------------------------------------x

**NOTICE OF ORDER: (A) APPROVING SOLUTIA'S DISCLOSURE STATEMENT;
(B) APPROVING THE SOLICITATION PROCEDURES; (C) APPROVING THE
RIGHTS OFFERING PROCEDURES; (D) APPROVING THE FORMS OF BALLOTS
AND MANNER OF NOTICE; AND (E) FIXING DATE, TIME AND PLACE FOR
CONFIRMATION HEARING AND DEADLINE FOR FILING OBJECTIONS THERETO**

TO ALL CREDITORS, EQUITY INTEREST HOLDERS AND PARTIES IN INTEREST,
PLEASE TAKE NOTICE THAT:

1.     Disclosure Statement and Solicitation Procedures. On **[INSERT]**, the United States
       Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")
       entered an order (the "Disclosure Statement Order") approving, among other things, (a)
       Solutia's Fifth Amended Disclosure Statement Pursuant to Section 1125 of the
       Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement"), as providing
       adequate information for holders of claims against, or interests in, Solutia to make a
       decision as to whether to accept or reject Solutia's Fifth Amended Joint Plan of
       Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007
       (the "Amended Plan"); (b) the procedures of a rights offering (the "Rights Offering
       Procedures"); and (c) the procedures for solicitation of votes to accept or reject the
       Amended Plan and the tabulation of such votes on the Amended Plan (the "Solicitation
       Procedures").

2.     Solicitation Procedures. Pursuant to the Disclosure Statement Order, holders of claims
       against and interests in the above-captioned debtors and debtors in possession
       (collectively, the "Solutia") will receive the appropriate solicitation materials, including a
       copy of this notice (collectively, the "Solicitation Packages").

3.     Voting Classes. Any holder of a Claim or Equity Interest as of **October 22, 2007**, the
       voting record date established by the Disclosure Statement Order (the "Voting Record
       Date") that pursuant to the Amended Plan is entitled to vote to accept or reject the
       Amended Plan will be mailed a ballot form (a "Ballot") as part of the Solicitation
       Package such holder will receive. Such holders include holders of Claims and Equity

*In re Solutia Inc. Case No.* 03-17949 (PCB)

Interests in Class 3 (Senior Secured Note Claims), Class 5 (CPFilms Claims), Class 11 (Monsanto Claim), Class 12 (Noteholder Claims), Class 13 (General Unsecured Claims), Class 14 (Retiree Claim), Class 15 (Pharmacia Claims), Class 19 (Security Claims) and Class 20 (Equity Interests in Solutia).

4.    Voting Deadline.  The Disclosure Statement and Disclosure Statement Order require votes to accept or reject the Amended Plan to be actually received by Financial Balloting Group, LLC (the "Voting Agent") **no later than 5:00 p.m., Eastern Time, on November 26, 2007** (the "Voting Deadline").  Special procedures and deadlines may apply to Noteholder Claims.

5.    **Amended Plan Releases of Solutia, Pharmacia and Monsanto.  As more fully set forth in Article X of the Amended Plan, the Amended Plan provides for certain releases and injunctions.  In addition to the releases of Solutia, their affiliates and related parties, the Amended Plan provides that Monsanto[1] and Pharmacia will be released by the following parties: (i) Solutia (other than for liabilities related to the Legacy Tort Claims, Environmental Liabilities with respect to the Legacy Sites and Monsanto's portion of Environmental Liabilities with respect to the Shared Sites); (ii) holders of Claims or Equity Interests (other than for liabilities related to the Tort Claims, the Legacy Site Claims, the NRD Claims and Claims of governmental entities); and (iii) the Retirees Committee and the Retirees for claims related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code).  Monsanto and Pharmacia will not be released from the following claims: (i) Tort Claims; (ii) NRD Claims; (iii) Legacy Site Claims and (iv) Claims of governmental entities.**

6.    **Amended Plan Injunctions.  The Amended Plan provides for an injunction against the commencement or prosecution by any entity, whether directly, derivatively or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released pursuant to the Amended Plan, including but not limited to the Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released, discharged or subject to exculpation pursuant to the terms of the Amended Plan.**

7.    Confirmation Hearing.  A hearing to consider confirmation of the Amended Plan (the "Confirmation Hearing") will be held on **November 29, 2007 at 11:00 a.m. Eastern Time**, or as soon thereafter as counsel may be heard, at the United States Bankruptcy Court for the Southern District of New York, Room 701, One Bowling Green, New York, New York 10004-1408 before the Honorable Prudence Carter Beatty, United States Bankruptcy Judge.  The Confirmation Hearing may be continued from time to time without further notice, including by announcement of the adjournment date(s) at the Confirmation Hearing or any continued hearing.  Notwithstanding the foregoing, notice of any such adjournments will be set forth on (a) the Court's website at www.nysb.uscourts.gov for registered users of the Public Access to Court Electronic

---

[1]    Capitalized terms used but not otherwise defined in this paragraph 5 shall have the meanings ascribed to them in the Plan.

*In re Solutia Inc. Case No.* 03-17949 (PCB)

Records (PACER) system, (b) the website of Financial Balloting Group LLC, Solutia's voting agent, at www.fbgdocuments.com/soi, and (c) the website of Solutia at www.solutia.com/reorganization.

8.    Solicitation Materials.  In accordance with the Solicitation Procedures, Solicitation Packages will be mailed to: (i) all persons or entities that filed proofs of Claim on or before the Record Date, except to the extent a Claim was paid pursuant to, or expunged by, a prior order of the Bankruptcy Court, (ii) all persons or entities listed in Solutia's Schedules as holding liquidated, noncontingent, and undisputed Claims in an amount greater than zero, (iii) the registered holders of Solutia's debt and equity securities including options to purchase such securities, as of the Record Date, and (iv) all other known creditors of Solutia as of the Record Date.

9.    Voting Procedures.  Any holder of a Claim or Equity Interest that Soutia believes is entitled to vote on the Amended Plan has been mailed a Ballot and appropriate instructions for voting on the Amended Plan.  For any vote to accept or reject the Amended Plan to be counted, a Ballot or Master Ballot must be completely filled out, executed and returned so that it is actually received by the Voting Agent **no later than 5:00 p.m., Eastern Time, on November 26, 2007** (the "Voting Deadline") at Financial Balloting Group, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, Attn: Solutia Inc.

**Special procedures and deadlines may apply to Noteholder Claims and Voting Solutia Equity Interests.  Creditors and shareholders who are entitled to vote on the Amended Plan are urged to read all instructions on their Ballots carefully to ensure that their Ballots are properly completed and timely submitted.  Any failure to follow the instructions included on the Ballot may disqualify a vote.**

10.   Rights Offering Procedures.  Holders of Noteholder Claims or General Unsecured Claims classified under the Amended Plan in Classes 12 and 13 are eligible to exercise rights to acquire common stock of reorganized Solutia.  In order to participate in the Rights Offering, such a holder must (a) complete all required information on the rights offering subscription exercise form (the "Rights Exercise Form"), (b) execute the Rights Exercise Form and (c) return the completed Rights Exercise Form to the address indicated on the Rights Offering Subscription Exercise Form so that it is properly received by the Rights Offering Deadline.  Any failure to follow the instructions included with the Rights Exercise Form, or to return a properly completed Rights Exercise Form so that it is received by the Rights Offering Deadline, may disqualify the election.  In addition, Eligible Claim Transfer Shareholders wishing to participate in the Rights Offering with respect to the Claims they acquire should follow the instructions provided in their Claim Transfer Right Exercise Forms.

Special procedures and deadlines may apply to Noteholder Claims.  Noteholders are urged to read all instructions on the Rights Exercise Form carefully to ensure that the Rights Exercise Form is properly completed and timely submitted.

11.   Special Notices.  Holders of Claims in Classes 8 (Tort Claims) and 14 (Retiree Claim) will not receive Ballots.  Such holders shall instead receive Retiree Notices or Tort

Notices, as applicable, regarding the treatment of their claims in connection with the Amended Plan.

12. <u>Notice of Non-Voting Status</u>. Holders of Claims and Equity Interests in the following Classes will not receive Ballots. Such holders shall instead receive Notices of Non-Voting Status in connection with the Amended Plan.

    (a)    Holders of Claims in Classes 1, 2, 4, 6, 7, 9, and 10 are, in Solutia's opinion, unimpaired and conclusively presumed to accept the Amended Plan.

    (b)    Holders of Claims in Class 18 will receive no distribution on account of such claims and are deemed to reject the Amended Plan.

    (c)    Holders of Equity Interests in Class 20 who hold less than 11 shares of Solutia Inc. common stock will receive no distribution on account of such equity interests.

13. <u>Objections</u>. Objections, if any, to the confirmation of the Amended Plan, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the name of the objectant, the nature and amount of claims or interests held or asserted by the objectant against the Solutia's estates or property, the basis for the objection, and the specific grounds therefor, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-242 upon (a) Kirkland & Ellis LLP, 153 E. 53rd Street, New York, New York 10022-4675 (Attn: Jonathan S. Henes, Esq.), (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st floor, New York, New York 10004 (Attn: Greg Zipes, Esq.), (c) Skadden, Arps, Slate, Meagher & Flom LLP, 333 West Wacker Drive, Chicago, Illinois 60606 (Attn: Timothy R. Pohl, Esq. and Samuel S. Ory, Esq.), counsel for the agents for Solutia's postpetition secured lenders, (d) Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Attn: Bennett S. Silverberg, Esq.), counsel for the agents for Solutia's postpetition secured lenders, (e) Akin Gump Strauss Hauer & Feld, LLP, 590 Madison Avenue, New York, New York 10022 (Attn: Daniel H. Golden, Esq., Ira Dizengoff, Esq.), counsel for the Committee for Unsecured Creditors, (f) White & Case LLP, Wachovia Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida 33131 (Attn: John K. Cunningham, Esq.), counsel for the prepetition *ad hoc* committee of Solutia senior secured noteholders, (g) Spencer Fane Britt Browne LLP, 1 North Brentwood Boulevard, Tenth Floor, St. Louis, Missouri 63105 (Attn: Daniel D. Doyle, Esq.), counsel to the official committee of retirees, (i) Haskell Slaughter Young & Rediker LLC, 1400 Park Place Tower, 2001 Park Place North, Birmingham, Alabama 35203 (Attn: R. Scott Williams, Esq.), counsel to the official committee of retirees, (j) Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, New York 10036 (Attn: David A. Crichlow, Esq., Karen B. Dine, Esq.), counsel to the official committee of equity security holders, (k) Brown Rudnick Berlack Israels, LLP, One Financial Center, Boston, Massachusetts 02111 (Attn: Steven D. Pohl,

*In re Solutia Inc. Case No.* 03-17949 (PCB)

Esq.), counsel to the *ad hoc* trade committee, (l) Hennigan, Bennett, & Dorman, LLP, 856 S. Figueroa St., Suite 2900, Los Angeles, California 90017 (Attn: Bennett J. Murphy, Esq.), counsel to the *ad hoc* committee of Noteholders, and (m) Reed Smith LLP, 435 Sixth Avenue, Pittsburgh, Pennsylvania 15219 (Attn: Eric A Schaffer, Esq.), counsel to the indenture trustee of Solutia's 2027/2037 notes, so as to be actually received **no later than November 21, 2007 at 5:00 p.m., Eastern Time.**

14.    <u>Additional Copies of Documents.</u>  Copies of the Amended Plan and the Disclosure Statement will be available for review at (a) the Office of the Clerk, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, and (b) on the Court's website at www.nysb.uscourts.gov.com.  Copies of the Amended Plan, the Disclosure Statement, and the Solicitation Materials (a) will also be available on the website of Solutia at www.solutia.com/reorganization and the website of the Voting Agent, Financial Balloting Group LLC, at www.fbgdocuments.com/soi and (b) may be obtained upon request from Solutia Inc., c/o Financial Balloting Group LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017.

Dated: [_____]
       New York, New York

                    **KIRKLAND & ELLIS LLP**
                    Citigroup Center
                    153 East 53rd Street
                    New York, New York 10022-4675
                    Telephone:    (212) 446-4800
                    Facsimile:    (212) 446-4900

                    Attorneys for Debtors and Debtors in Possession

**Exhibit D**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                     :        Chapter 11
:
**SOLUTIA INC., *et al.*,**                               :        Case No. 03-17949 (PCB)
:
Debtors.                                  :        (Jointly Administered)
:
---------------------------------------------------------------x

### NOTICE TO RETIREES OF THE HEARING TO APPROVE
### THE RETIREE SETTLEMENT AND THEIR TREATMENT
### UNDER SOLUTIA'S PROPOSED PLAN OF REORGANIZATION

**PLEASE TAKE NOTICE** that on October 19, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") approved Solutia's Disclosure Statement. The Disclosure Statement describes the terms of Solutia's proposed plan of reorganization (the "Amended Plan"). The hearing on the confirmation of the Amended Plan is scheduled to take place on November 29, 2007 at 11:00 a.m. Eastern Time.

**PLEASE TAKE FURTHER NOTICE** that on June 29, 2007, Solutia filed a motion seeking, among other things, approval of a settlement agreement (the "Retiree Settlement") between Solutia and the official committee of retirees (the "Retirees' Committee"), which was appointed on February 20, 2004 as the authorized representative of all retirees of Solutia Inc. and those retirees of Monsanto Company for whom Solutia is responsible for providing post-employment medical and other benefits (collectively, the "Retirees"). The hearing on the Retiree Settlement is scheduled to begin on November 29, 2007.

**UNDER THE RETIREE SETTLEMENT, YOUR MEDICAL AND OTHER POST EMPLOYMENT BENEFITS WILL BE PRESERVED SUBJECT TO CERTAIN CHANGES THAT ARE EXPLAINED IN THE SUMMARY ATTACHED TO THIS NOTICE. ADDITIONALLY, IN SUMMARY, THE RETIREE SETTLEMENT PROVIDES THAT:**

- **THE RETIREES' COMMITTEE, ON BEHALF OF ALL RETIREES, WILL BE GRANTED A $35 MILLION UNSECURED CLAIM (THE "RETIREE CLAIM");**

K&E 12001841.

- **SOLUTIA WILL DISTRIBUTE NEW COMMON STOCK SUFFICIENT TO PROVIDE THE RETIREES WITH A 69.8% RETURN ON THE $35 MILLION RETIREE CLAIM;[1]**

- **A DEDICATED TRUST WILL BE CREATED AND FUNDED WITH $175 MILLION AND THE SHARES OF REORGANIZED SOLUTIA COMMON STOCK DISTRIBUTED ON ACCOUNT OF THE RETIREE CLAIM. THE CASH AND COMMON STOCK IN THE TRUST WILL BE USED SOLELY TO SECURE THE CONTINUED PAYMENT OF BENEFITS FOR ALL RETIREES;**

- **THE RETIREES' COMMITTEE, AS THE AUTHORIZED REPRESENTATIVE OF ALL RETIREES, WILL VOTE ON SOLUTIA'S AMENDED PLAN ON BEHALF OF ALL RETIREES; AND**

- **THE RETIREES WILL RELEASE MONSANTO AND PHARMACIA FROM ANY LIABILITY FOR THE PAYMENT OF THEIR RETIREE HEALTH CARE AND LIFE INSURANCE BENEFITS.**

As a result, under the Retiree Settlement, you will <u>not</u> vote on Solutia's Amended Plan and you will <u>not</u> receive a copy of Solutia's Disclosure Statement unless you specifically request that one be provided to you. Additionally, if you filed a claim seeking the payment of retiree health care or life insurance benefits from Solutia, as part of the Retiree Settlement and the Retiree Claim Objection, your claim will be expunged from the claims register. As a result, Solutia will file, upon notice to you and an opportunity for you to be heard, an objection seeking to expunge your claim. Thus, your claim for health care or life insurance benefits will be disallowed when Solutia's Amended Plan becomes effective.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES <u>ONLY</u>.**

**TO CONTINUE RECEIVING YOUR MEDICAL AND OTHER POST EMPLOYMENT BENEFITS FROM SOLUTIA AS DESCRIBED IN THE RETIREE SETTLEMENT AGREEMENT, YOU DO <u>NOT</u> NEED TO APPEAR BEFORE THE BANKRUPTCY COURT, MAKE ANY FILINGS OR TAKE ANY OTHER ACTION IN CONNECTION WITH SOLUTIA'S CHAPTER 11 CASES.**

**IF YOU HAVE ANY QUESTIONS, YOU MAY CONTACT THE ATTORNEYS FOR THE RETIREES' COMMITTEE, SPENCER FANE BRITT BROWNE LLP, ATTN: DANIEL DOYLE, ESQ., ((314) 863-7733) AND HASKELL SLAUGHTER YOUNG & REDIKER, LLC, ATTN: R. SCOTT WILLIAMS, ESQ., ((205) 251-1000).**

A summary of your benefits and a copy of the Retiree Settlement Agreement are attached to this Notice. If you would like to request a copy of Solutia's Amended Plan and/or Disclosure

---

[1]    The stock will be valued at a midpoint Equity value of approximately $1.2 billion for purposes of providing a 69.8% return.

*In re Solutia Inc. Case No. 03-17949 (PCB)*

Statement, you should contact Solutia's voting agent, Financial Balloting Group LLC at 757 Third Avenue, 3rd Floor, New York, New York 10017, or at [_____] Copies of the Amended Plan and Disclosure Statement will also be available on Solutia's website at www.solutia.com/reorganization and the Financial Balloting Group's website at www.fbgdocuments.com/soi.

If you believe that your claim against Solutia has been misclassified as a retiree claim, then you should file with the Bankruptcy Court and serve Solutia's attorneys with a motion for an order, pursuant to rule 3018(a) of the Federal Rules of Bankruptcy Procedure, temporarily allowing your claim in a different class for purposes of voting to accept or reject the Amended Plan by **November 29, 2007**. A hearing on any 3018 Motions filed will be held before the Court on [November [___], 2007 at [___]:[___] [_].m. Eastern Time.]

Dated:    New York, New York          KIRKLAND & ELLIS LLP
          [INSERT DATE]                Citigroup Center
                                       153 East 53rd Street
                                       New York, New York  10022

                                       Attorneys for the Debtors and Debtors in Possession


                                       SPENCER FANE BRITT BROWNE LLP
                                       Suite 1000
                                       One North Brentwood Boulevard
                                       St. Louis, Missouri  63105

                                       HASKELL SLAUGHTER YOUNG & REDIKER,
                                       LLC
                                       1400 Park Place Tower
                                       2001 Park Place North
                                       Birmingham, Alabama  35203

                                       Attorneys for the Official Committee of Retirees of
                                       Solutia Inc.

3

EXECUTION COPY

## FIRST AMENDED & RESTATED RETIREE SETTLEMENT AGREEMENT

This first amended and restated retiree settlement agreement (this "Agreement") presents the material terms of a settlement (the "Retiree Settlement") among: (a) Solutia Inc. ("Solutia") and its domestic subsidiaries (collectively with Solutia, the "Company"); (b) those retirees, including their surviving spouses, dependent spouses and dependent children, and those employees receiving disability benefits, who worked for Pharmacia Corporation (f/k/a Monsanto) or one of its domestic subsidiaries ("Pharmacia") and who retired, or became disabled, prior to Solutia's spin-off from Pharmacia in 1997, and whose post-employment benefit or disability liabilities were transferred to Solutia as a result of such spin-off (collectively, the "Pre-Spin Retirees"); (c) those retirees, including their surviving spouses, dependent spouses and dependent children, and those employees receiving disability benefits, who retired from Solutia or became disabled after Solutia's spin-off from Pharmacia in 1997, including those retirees (and their surviving spouses, dependent spouses and dependent children) and disabled persons who worked for Pharmacia prior to Solutia's spin-off from Pharmacia in 1997, and, thereafter worked for Solutia, other than those retirees covered by a collective bargaining agreement who retired on January 1, 2003, or later (collectively, the "Post-Spin Retirees"); (d) any other person having a claim against Solutia for "retiree benefits" as such term is defined in section 1114(a) of the Bankruptcy Code (collectively, the "Retiree Claimants" and, together with the Pre-Spin Retirees and the Post-Spin Retirees, the "Retirees");[2] (e) Monsanto Company ("Monsanto")[3]; (f) the official committee of unsecured creditors (the "Creditors' Committee") appointed on January 6, 2004, in the Company's chapter 11 cases currently pending before the Honorable Prudence C. Beatty in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and (e) the official committee of retirees (the "Retirees' Committee") appointed on February 20, 2004, in the Company's chapter 11 cases. The terms of the Retiree Settlement described herein are intended to amend and supersede any previous offer made during the Company's chapter 11 cases, constitute an integrated offer, are indivisible except as described herein, are subject to the terms and conditions hereof, and are not intended to be binding unless executed in writing.

---

[2]    To "retire" from the Company means to incur a termination of employment from Pharmacia prior to September 1, 1997, or from the Company thereafter, in either case having met the eligibility requirements of a retiree medical plan sponsored by Pharmacia or Solutia, as the case may be.

[3]    Monsanto was created on February 9, 2000, under the name "Monsanto Ag", as a wholly-owned subsidiary of Pharmacia, and changed its name to Monsanto Company on March 31, 2000. The Separation Agreement between Monsanto and Pharmacia was entered into as of September 1, 2000.

**Settlement Overview**

| | |
|---|---|
| **Retiree Trust & Funding Co. Contributions** | On the effective date (the "Effective Date") of the Company's plan of reorganization (the "Plan"), and subject to the terms of the Plan and the Relationship Agreement (as defined below), through the offering of rights (the "Rights Offering") to acquire shares of new common stock (the "New Common Stock") in the reorganized successor to Solutia ("Reorganized Solutia"), Solutia will raise $250 million, which will be distributed as follows: (a) $175 million in cash will be contributed to a trust (the "Retiree Trust") intended to qualify as a "voluntary employees' beneficiary association" under Section 501(c)(9) of the Internal Revenue Code of 1986 and all of the rules and regulations promulgated thereunder, as amended (the "Internal Revenue Code"); and (b) $75 million in cash will be contributed to fund a new entity ("Funding Co."), which will be a special purpose, tax-efficient, bankruptcy-remote affiliate of Reorganized Solutia.[4] |
| | Funding Co. shall create two separate accounts for its funds: (a) an environmental liabilities account containing $50 million (the "Environmental Account"); and (b) an account containing $25 million of unallocated funds (the "Unallocated Account"). |
| **Retiree Trust Sub Accounts** | The Retiree Trust shall be comprised of two sub accounts: (a) "Sub Account 1"; and (b) "Sub Account 2". Sub Account 1 shall be funded by the Company with the $175 million of cash contributed by the participants in the Rights Offering, and shall be used to reimburse Reorganized Solutia for costs associated with providing Other Post-Employment Benefits (as defined below) to Pre-Spin Retirees in accordance with the terms of this Agreement. Sub Account 2 shall be funded with the Retiree Shares (as defined below) and the proceeds of the sales thereof, and shall be used to reimburse Reorganized Solutia for costs associated with providing Other Post-Employment Benefits to Pre- and Post-Spin Retirees subject to and in accordance with the terms of this Agreement. |

---

[4]    It is a condition precedent to the Effective Date that from the proceeds of the Rights Offering, $175 million shall fund the Retiree Trust and $75 million shall fund Funding Co.

2

| | |
|---|---|
| **The Relationship Agreement** | The mechanism by which Funding Co. will make contributions to Reorganized Solutia from the Environmental Account and the Unallocated Account shall be governed by an agreement (the "Relationship Agreement"), which will be executed by Reorganized Solutia, Funding Co., and Monsanto, and which will be reasonably acceptable to the Creditors' Committee. |
| **Investment of Retiree Trust Funds** | Cash held by the Retiree Trust shall, subject to the requirements of the Employee Retirement Income Security Act of 1974 and all of the rules and regulations promulgated thereunder, as amended ("ERISA") and the Internal Revenue Code, be invested by the Trustee (as defined below) in short-term, well-diversified, high quality investment instruments, with a primary objective of capital preservation, that are reasonably acceptable to Reorganized Solutia, including one or more of: (a) interest bearing accounts with a commercial bank having at least $10 billion in assets (a "Qualified Financial Institution"); (b) direct obligations of the United States; (c) obligations for which the full faith and credit of the United States is pledged to provide for the payment of principal and interest; (d) commercial paper rated in one of the four highest debt rating categories of Moody's Investor Services, Inc. and Standard & Poor's Corporation (without regard to gradation); (e) certificates of deposit issued by Qualified Financial Institutions; (f) bankers' acceptances issued by Qualified Financial Institutions; (g) repurchase agreements with Qualified Financial Institutions; (h) floating rate notes rated at least AA; (i) tax exempt municipal bonds and notes rated at least AA; and (j) money market funds (collectively, the "Permitted Investments"). |
| **Reimbursement of Other Post-Employment Benefits** | Following the Effective Date and subject to the terms of the Retiree Trust Agreement (as defined below), every two weeks, the Retiree Trust shall reimburse Reorganized Solutia or its successors in cash from Sub Account 1 for its actual out-of-pocket costs, including all administrative costs, net of, among other things, Medicare reimbursements and Pre-Spin Retirees' medical expense contributions ("Net Costs"), for providing retiree medical, retiree life insurance and disability benefits (collectively, "Other Post-Employment Benefits" or "OPEB") to Pre-Spin Retirees following the Effective Date. The reimbursement shall be for 100% of such Net Costs for the first twelve (12) months after the Effective Date, and for 90% of such Net Costs thereafter until the funds in Sub Account 1 have been exhausted. |
| | In addition, following the Effective Date and subject to the terms of the Retiree Trust Agreement, every two weeks, the Retiree Trust shall reimburse Reorganized Solutia from Sub Account 2 |

3

for 100% of its actual out-of-pocket costs, including all administrative costs, net of, among other things, Medicare reimbursements and Pre and Post-Spin Retirees' medical expense contributions, for providing Other Post-Employment Benefits to Pre- and Post-Spin Retirees following the Effective Date until the funds in Sub Account 2 are exhausted; provided, however, that Reorganized Solutia may only seek the reimbursements described above when cash or other securities or investments constituting Permitted Investments are available in Sub Account 2 and; provided further that, to the extent that Reorganized Solutia has not been reimbursed from Sub Account 1 for the same cost or expense, the funds in Sub Account 2 shall be used to reimburse Reorganized Solutia for such current costs and expenses and shall be reserved in the following proportion: (a) 58% of all amounts deposited in Sub Account 2 during the term of the Retiree Trust Agreement, for Pre-Spin Retirees; and (b) 42% of all amounts deposited in Sub Account 2 during the term of the Retiree Trust Agreement, for Post-Spin Retirees.

**Modification of Other Post-Employment Benefits[5]**

In consideration for the reduction in credit risk for Retirees in connection with OPEB benefits, as a result of (a) the formation, structure and pre-funding of the Retiree Trust and the Unallocated Account and (b) Reorganized Solutia's improved creditworthiness (as compared to that of Solutia), Reorganized Solutia shall retain the rights and benefits reflected in the Company's 2005 budget and long range plan, including its rights and benefits under the "Forsberg Settlement".[6]

All rights and benefits provided to the Retirees and the Company under the Forsberg Settlement and the Post-Settlement Plan (as defined herein) shall be preserved and not changed, unless specifically modified or eliminated by the terms of this Agreement, or as otherwise permitted to be modified or eliminated under the terms of the Forsberg Settlement or the Post-Settlement Plan. The Retirees' continuing post-employment rights and benefits shall be incorporated into a comprehensive post-employment medical and other benefits plan (the "2007 Retiree Welfare Plan").

---

[5]  Capitalized terms, used but not defined in this section, shall have the meanings ascribed to them in the Forsberg Plan (as defined below) or the 2007 Retiree Welfare Plan.

[6]  On November 1, 2001, Solutia, Monsanto, Pharmacia and representatives of the Retirees agreed to settle litigation related to medical benefits provided to Retirees (the "Forsberg Settlement"). Under the terms of the Forsberg Settlement, Solutia adopted and implemented the Solutia Inc. Medical Benefits Plan For Retirees (2002) (the "Forsberg Plan").

4

In accordance with the foregoing, Reorganized Solutia shall be permitted to implement the following changes to medical benefits for Medicare Eligible Retirees due to age:

| | |
|---|---|
| ***Deductible Amount*** | 50% of Medicare Part A Deductible. |
| ***Covered Proportion*** | Plan pays 80%. |
| ***Retail Prescription Drugs (up to 30 day supply) Co-Payment Amount*** | Participant pays 20% up to a $50 maximum per prescription or refill. |
| ***Mail Order Prescription Drugs (up to 90 day supply) Co-Payment Amount*** | Participant pays 20% per prescription or refill. |
| ***Individual Maximum Aggregate Benefit for Expenses Incurred After Age 65*** | $65,000. |
| ***Participant Medical Expense Contribution[7]*** | For all Forsberg Groups and Post-Settlement Retirees (Group VI in the 2007 Retiree Welfare Plan)[8], the greater of 20% of the Annual Cost Per Covered Group or the Defined Dollar Limit Amount[9] as specified in Exhibit A hereto. |
| | Subject to its rights under the terms of the Forsberg Settlement and the Post-Settlement Plan, Reorganized Solutia will not reduce the "Solutia Defined Dollar Limit" set forth on Exhibit A hereto. |
| ***Forsberg Plan[10]*** | The Company's right to modify its Other Post-Employment Benefits as permitted by the terms of the Forsberg Settlement shall be retained by Reorganized Solutia and shall be implemented on the Effective Date or any date thereafter. Specifically, Reorganized Solutia intends to exercise its absolute |

---

[7]    Capitalized terms, used but not defined in this section, shall have the meanings ascribed to them in the Forsberg Plan.

[8]    Solutia is not waiving any of its rights pursuant to the Solutia Inc. Medical Benefits Plan for Retirees (Post-Settlement) (the "Post-Settlement Plan") to make changes to the Participant Medical Expense Contribution or other provisions therein.

[9]    The Defined Dollar Limit Amount shall be the difference between the Annual Cost Per Covered Group and the Solutia Defined Dollar Limit applicable to a Covered Group as delineated in Exhibit A.

[10]   Capitalized terms, used but not defined in this section, shall have the meanings ascribed to them in the Forsberg Plan or the 2007 Retiree Welfare Plan.

right to amend or terminate the Forsberg Plan as it applies on and after January 1, 2007, to any member of Groups IIB or V except as to a Participant or covered Dependent Spouse who is not then a Medicare Eligible Participant. Reorganized Solutia intends to exercise its right to amend or terminate the Forsberg Plan as it applies to any Participant or covered Dependent Spouse who is a member of Groups IIB or V on the earlier of (a) the date such Participant or covered Dependent Spouse becomes a Medicare Eligible Participant if such date is after January 1, 2007, or (b) the fifteenth anniversary of the Settlement Date (October 19, 2016). Reorganized Solutia intends to exercise its right to amend or terminate the Forsberg Plan as to any covered Dependent Child of a Retired Employee on or after the later of (a) the date Reorganized Solutia could amend or terminate the Forsberg Plan as to such Retired Employee, or (b) the date Reorganized Solutia could amend or terminate the Forsberg Plan as to such Retired Employee's covered Dependent Spouse.[11]

In addition, for Participants who are not Medicare Eligible Participants, any Deductible Amount, any Covered Proportion until a Maximum Out-of-Pocket Amount is reached, any Covered Proportion after a Maximum Out-of-Pocket Amount is reached, and any Maximum Out-of-Pocket Amounts for a Plan Year shall be determined under the Solutia Inc. Salaried and Non-Union Hourly Employees' Medical Benefits Plan, and its successors (the "Active Plan") and Medical Plan Choice elected by the Covered Group. Covered Medical Expenses with respect to a Participant or Covered Dependent who is not a Medicare Eligible Participant shall be determined under the Active Plan. Participants who are not Medicare Eligible Participants and whose benefits were subject to a collective bargaining agreement and the Covered Dependents of such Participants shall receive prescription drug benefits on the same terms and conditions as under the Active Plan.

The terms of the OPEB benefits provided under the Forsberg Plan that are not otherwise modified by the terms hereof shall be

---

[11]  Pursuant to the terms of that certain Stipulation And Order Between Solutia Inc. And the Official Committee Of Retirees of Solutia Inc. Pursuant to Section 1114 of the Bankruptcy Code, dated November 28, 2006 (Docket No. 3541) (the "Stipulation"), the Company was authorized, effective January 1, 2007, to terminate medical benefits for Retirees or participants in groups IIB and V of the Forsberg Plan and all Post-Settlement Plan participants who were Medicare Eligible. For such persons who were not Medicare Eligible as of this date, the Stipulation authorized the Company to terminate medical benefits on the earlier of (a) the date such Retirees or participants become Medicare Eligible if such date is on or after January 1, 2007, or (b) October 19, 2016. The treatment of these classes of Retirees was pursuant to Solutia's prepetition rights under the Forsberg Plan.

included in the 2007 Retiree Welfare Plan, subject to the terms
and conditions set forth in the Forsberg Plan.

| | |
|---|---|
| ***Post-Settlement Plan*** | The Company's right to make modifications permitted by the terms of the Post-Settlement Plan for Retirees who were not part of the Forsberg Settlement shall be retained by Reorganized Solutia and shall be implemented on the Effective Date or on any date thereafter. |
| ***Medicare Part D*** | Reorganized Solutia shall retain 100% of any subsidy related to Medicare prescription drug coverage ("Medicare Part D"). Any reimbursement received by Reorganized Solutia will not be applied to determine the Medical Expense Contribution required of Retirees for participation in the 2007 Retiree Welfare Plan. |
| ***Notification of Maximum Aggregate Benefit*** | Medicare Eligible Retirees who exceed 60 percent and 85 percent of the Maximum Aggregate Benefit will receive a notification of the medical and pharmacy benefits applied toward the Maximum Aggregate Benefit. Upon reaching the Maximum Aggregate Benefit, Retirees will receive a notice of coverage termination. Such notices shall include a summary of medical and pharmacy benefits applied toward the Maximum Aggregate Benefit through December 31, 2001, and annual amounts applied thereafter. Such Retirees shall retain their rights under ERISA to appeal any such calculation, although the calculations shall bind any Retiree who fails to timely appeal such calculation. Amounts paid by the Company for each Retiree shall be included in the calculation of the Maximum Aggregate Benefit, even if such amounts are later reimbursed by government subsidies under Medicare. |
| ***2007 Retiree Welfare Plan*** | The 2007 Retiree Welfare Plan will modify, amend and supersede the terms of the Forsberg and Post-Settlement Plans as provided in this Agreement. |
| | The 2007 Retiree Welfare Plan will be filed with the Bankruptcy Court at least 10 days prior to the hearing on confirmation of the Plan (the "Confirmation Hearing"), and the terms thereof shall be reasonably acceptable to the Retirees' Committee. |
| ***Plan Sponsorship*** | The Company and the Retirees each reserve all of their rights, if any, with respect to Reorganized Solutia's sponsorship of OPEB benefits. |

8

| | |
|---|---|
| *Life Insurance* | The 2007 Retiree Welfare Plan shall provide life insurance benefits to former employees covered under Solutia's retiree life insurance plan on the Effective Date consistent with the following: |

  a)  for each former employee covered on the Effective Date who retired prior to January 1, 1986, such former employee's current life insurance coverage, up to a maximum coverage limit of $12,500;

  b)  for each former employee covered on the Effective Date who retired from January 1, 1986 through December 31, 2001, such former employee's current life insurance coverage, up to a maximum coverage limit of $10,000; and

  c)  for each former employee covered on the Effective Date who retired after December 31, 2001, the life insurance benefit will be eliminated.

These life insurance benefits shall not be subject to change. These life insurance benefits shall continue in the event that any recipient is not covered for medical benefits under the 2007 Retiree Welfare Plan or any subsequent retiree medical benefit plans.

| | |
|---|---|
| **Retiree Trust** | The Retiree Trust shall be established on the Effective Date. To the extent permitted under ERISA and the Internal Revenue Code, the Retiree Trust shall hold in trust all assets contributed thereto. |

The trustee for the Retiree Trust (the "Trustee") shall be a qualified institutional trustee selected by the Company and reasonably acceptable to the Retirees' Committee and the Creditors' Committee.

At least 10-days prior to the Confirmation Hearing, the Retirees' Committee shall appoint a 3-person liaison committee (the "Retiree Liaison Committee"). The duties of the Retiree Liaison Committee shall be set forth in the 2007 Retiree Welfare Plan. Subject to the requirements of, and solely to the extent permitted by, ERISA and the Internal Revenue Code, the Trustee shall have the authority to reimburse all reasonable, actual, out-of-pocket expenses incurred by the members of the Retiree Liaison Committee in the performance of their duties; provided, however, that such reimbursements shall not exceed $3,000 in the aggregate in any calendar year.

The duties and powers of the Trustee shall be enumerated in a trust instrument (the "Retiree Trust Agreement") subject to the requirements of ERISA and the Internal Revenue Code and

9

reasonably acceptable to the Company, Monsanto, the Creditors' Committee and the Retirees' Committee. The Retiree Trust Agreement shall provide for:

1.    Payment (within 10 days from the submission of detailed invoices to the Trustee) of Reorganized Solutia's requests for reimbursement from the Retiree Trust in compliance with the terms of this Agreement and the 2007 Retiree Welfare Plan.

2.    The Trustee's ability to sell the Retiree Shares (defined below) and use the proceeds of such sales to reimburse Reorganized Solutia in accordance with the terms of this Agreement and the 2007 Retiree Welfare Plan. Neither Reorganized Solutia, Monsanto, Funding Co., nor any of their respective agents, directors, officers or employees, shall have or assume any liability with respect to any decision by the Trustee to sell or not sell the Retiree Shares held in the Retiree Trust at any given time.

3.    In the event that no Pre-Spin Retirees are participating in the 2007 Retiree Welfare Plan, any amounts remaining in the Retiree Trust shall be used to reimburse Reorganized Solutia for costs incurred in connection with providing Other Post-Employment Benefits to Post-Spin Retirees. In the event that no Pre-Spin Retirees and fewer than 100 Post-Spin Retirees are participating in the 2007 Retiree Welfare Plan, the amounts remaining in the Retiree Trust shall be used to reimburse Reorganized Solutia for costs incurred in providing Other Post-Employment Benefits to Post-Spin Retirees and medical and other welfare benefits to Reorganized Solutia's active employees.

**Retiree Claim**

The Retirees, as a class, shall be entitled to an Allowed[12] non-priority unsecured claim in the aggregate amount of $35 million (the "Retiree Claim"), based on reductions in OPEB that the Company could not have unilaterally imposed on Retirees pursuant to the terms of the Forsberg Settlement and its other rights.

In full and complete satisfaction of the Retiree Claim, and for the benefit of all Retirees, Reorganized Solutia shall contribute to the Retiree Trust, subject to any consents or approvals required

---

[12]  "Allowed" shall mean any claim that is determined to be a valid claim in the Company's chapter 11 cases based on the Company's schedules or through settlement, litigation or otherwise.

10

under ERISA and the Internal Revenue Code (including, for the avoidance of doubt, the obtaining of an exemption from any "prohibited transactions", as defined in Section 4975 of the Internal Revenue Code or Section 406 of ERISA), the number of shares of New Common Stock necessary to provide a recovery on account of the Retiree Claim that is equal to the implied recovery for all General Unsecured Creditors (as defined in the Plan) who do not participate in the Rights Offering. The recovery on account of the Retiree Claim (the "Retiree Recovery") shall be computed based on (i) the aggregate equity value in Reorganized Solutia distributable to General Unsecured Creditors approved by the Bankruptcy Court (or the mid-point of the range of values established by the Bankruptcy Court), and (ii) the mid-point of the range of projected final aggregate amounts of General Unsecured Claims, as set forth in the disclosure statement filed in connection with the Plan and approved by the Bankruptcy Court, after accounting for the discount in the Rights Offering and prior to any dilution in General Unsecured Creditor recoveries resulting from the resolution of Disputed General Unsecured Claims (as defined in the Plan), provided, however, that the number of shares of New Common Stock distributed to the Retiree Trust in satisfaction of the Retiree Claim (collectively, the "Retiree Shares") shall be subject to pro-rata dilution on account of the Incentive Plan (as defined in the Plan).

Notwithstanding anything contained in the preceding paragraph to the contrary, in the event that the consents and approvals described above have not been obtained within 30 days from the Effective Date (which period may be extended upon the mutual written consent of Reorganized Solutia and the Retiree Liaison Committee), in full and complete satisfaction of the Retiree Claim, Reorganized Solutia shall deposit Retiree Shares in the Retiree Trust equal to 10% of the value of the Retiree Trust on such date and all proceeds (net of sales commissions and other transaction fees) from the sale of the balance of the Retiree Shares that would have been deposited on account of the Retiree Claim had the consents and approvals been received; provided that the total number of shares of New Common Stock deposited in the Retiree Trust or sold in accordance with the foregoing shall not exceed the number of Retiree Shares distributed on account of the Retiree Recovery; and provided further that if the contribution of Retiree Shares to the Retiree Trust in accordance with the foregoing and/or the holding of the Retiree Shares by the Retiree Trust would constitute or result in a "prohibited transaction", as defined in Section 4975 of the Internal Revenue Code or Section 406 of ERISA, the Retiree Shares shall be sold

11

and the proceeds (net of sales commissions and other transaction fees) of such sale shall be contributed to the Retiree Trust in lieu of the Retiree Shares under circumstances reasonably agreed to between the Retirees' Committee and the Company.

The Retiree Shares and the proceeds from sales thereof shall be held in Sub Account 2 and shall be used to reimburse Reorganized Solutia in accordance with the terms of this Agreement and the 2007 Retiree Welfare Plan.

The Company and the Retirees' Committee agree to use their reasonable efforts to assist in seeking any exemption of the application of the "prohibited transactions" rules described in this section with respect to the number of Retiree Shares to be distributed to the Retiree Trust.

The Retiree Claim and all rights and obligations associated therewith shall be held and managed by the Retirees' Committee as the authorized representative for the Retirees. The Retirees' Committee may authorize its counsel to act as the agent for the Retirees' Committee with respect to the Retiree Claim.

Any and all claims filed by individual Retirees on account of reductions in their OPEB benefits as a result of the Company's chapter 11 cases, shall be disallowed and expunged from the Company's claims register on the Effective Date as duplicative of the Retiree Claim.

**Release**

In consideration of Monsanto's agreement to, among other things, enter into the Monsanto Settlement (as defined in the Plan) and Pharmacia's agreement to waive certain indemnity claims against the Company, which will collectively enable Reorganized Solutia to satisfy its OPEB obligations to Retirees as modified by the Retiree Settlement, and improve Reorganized Solutia's creditworthiness, which consideration is integral to the effectuation of the Plan, the consummation of any transactions contemplated thereby and Reorganized Solutia's ability to perform its prospective obligations, upon the Effective Date, the Retirees' Committee, its members and professionals, the Retirees and each of their respective officers, directors, employees, heirs, executors, administrators, successors and assigns (collectively, the "Retiree Parties") shall hereby be deemed to have released and discharged the Company, Monsanto, Pharmacia, any employee benefit plans of Monsanto or Pharmacia and their respective officers, directors, employees, affiliates, successors, assigns, representatives, agents, advisors and professionals (collectively, the "Released Parties") from, and the order confirming the Plan (the "Confirmation Order") and the order approving the terms of this Agreement (the "Retiree Approval

12

Order") shall operate as an injunction against, the commencement or continuation of any action, the employment of process, or any act to collect, recover or offset, any "claim" (as defined in section 101(5) of the Bankruptcy Code) and any "debt" (as that term is defined in section 101(12) of the Bankruptcy Code), related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code), including the partial reservation of claims in the class action settlement approved by the U.S. District Court for the Northern District of Florida, Pensacola Division, in *Solutia Inc. v. Forsberg, et al.*, No. 3:98CV237, whether such claim is reduced to judgment or not, liquidated or unliquidated, contingent or noncontingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed, legal or equitable, known or unknown that the Retiree Parties had, have or may have against the Released Parties. This Agreement, the Plan and any order approving the Retiree Settlement shall provide for and effectuate a discharge of the Released Parties to the fullest extent permitted by applicable law with respect to any and all claims of the Retiree Parties related to "retiree benefits" (as defined in section 1114(a) of the Bankruptcy Code); provided, however, that the foregoing shall not release and discharge (a) Reorganized Solutia from the performance of its obligations under this Agreement, or (b) Monsanto from the performance of its obligations under this Agreement.

**Exculpation and Limitation of Liability**

The Plan and Confirmation Order shall provide that the Retirees' Committee and each of its current and former members, agents, advisors and professionals, in each case in their capacity as such, shall not have or incur any liability to, or be subject to any right of action by, any Holder of a Claim (as defined in the Plan), or any other party in interest, or any of their respective agents, direct or indirect shareholders, employees, representatives, financial advisors, attorneys or affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for their willful misconduct, criminal conduct, misuse of confidential information that causes damages, fraud, ultra vires acts or gross negligence, and in all respects shall be entitled to rely reasonably upon the advice of counsel with respect to their duties and responsibilities under the Plan.

13

**Stay of Appeal**

On or about February 16, 2006, the Company and the Retirees' Committee jointly sought to stay the appeal, captioned *Solutia Inc. et al. v. Official Committee of Retirees* (Civil no. 04-CIV-9587 (KMK)), pending before the United States District Court for the Southern District of New York, pending approval of the Retiree Settlement. On the Effective Date, this appeal shall be deemed withdrawn with prejudice.

**Withdrawal of Adversary Proceedings**

On the Effective Date, that certain adversary proceeding, captioned *The Official Committee of Retirees v. Solutia, Inc., Pharmacia Corporation and Monsanto Company* (Adv. Proc. no. 04-03057 (PCB)) shall be deemed withdrawn with prejudice.

**Retiree Approval Order**

The Retiree Approval Order shall (i) approve the terms of this Agreement, including all releases, injunctions, exculpations and limitations of liability contained herein, pursuant to section 1114 of the Bankruptcy Code, Bankruptcy Rule 9019 and any other applicable provisions of the Bankruptcy Code and Bankruptcy Rules; (ii) direct the Company and the Retirees' Committee to file a copy of this Agreement and the Retiree Approval Order with the U.S. District Court for the Northern District of Florida, Pensacola Division, in *Solutia Inc. v. Forsberg, et al.*, No. 3:98CV237; (iii) specify that the prior order approving the Forsberg Settlement and the Forsberg Plan has been superseded in all respects by the terms of this Agreement; (iv) provide that the Retirees' Committee is authorized and empowered to execute and deliver this Agreement on behalf of the Retirees pursuant to section 1114(e)(1)(B) of the Bankruptcy Code; and (v) expressly reserve exclusive jurisdiction for the enforcement of the terms of this Agreement and the Retiree Settlement in the United States Bankruptcy Court for the Southern District of New York.

| | |
|---|---|
| **Support** | The Retirees' Committee agrees to support confirmation of the Plan filed by Solutia with the Bankruptcy Court. |
| | The Company, the Retirees' Committee, Monsanto and the Creditors' Committee agree to support the Retiree Settlement consistent with the terms set forth herein, including by, among other things, seeking Bankruptcy Court approval of the Retiree Settlement, pursuant to Bankruptcy Rule 9019. In addition, the Retirees' Committee will assist the Company and Monsanto in ensuring proper service of such motion and the terms of this Agreement is made on all Retirees. |
| **Changed Circumstances** | Notwithstanding anything contained herein to the contrary, this Agreement shall terminate and be of no further force or effect if, and only if, prior to the Effective Date: (i) that certain adversary proceeding, captioned *Official Committee of Equity Security Holders of Solutia, Inc., v. Monsanto Company, and Pharmacia Corporation* (Case Nos. 03-17949 (PCB)) results in a final, binding and non-appealable determination by a court of competent jurisdiction that Monsanto and/or Pharmacia are solely responsible for liabilities in connection with Pre-Spin OPEB benefits, and the Company is fully and unconditionally discharged from any and all direct or indirect obligations with respect to the OPEB benefits or the Pre-Spin Retirees; (ii) Solutia's chapter 11 cases currently pending before the Bankruptcy Court are converted to a case under chapter 7 of the Bankruptcy Code; or (iii) the Plan is modified such that the holders of General Unsecured Claims against the Company, other than the holders of Convenience Claims (as defined in the Plan), are to receive cash from Reorganized Solutia totaling more than 2% of the aggregate Allowed amount of General Unsecured Claims on account of such claims and the Retirees do not. |

15

IN WITNESS WHEREOF, the undersigned, intending to be bound by the terms of this Agreement, have caused this Agreement to be executed by its duly authorized officer, in each case as of this 10th day of July, 2007.


SOLUTIA INC.


/s/Jeffry N. Quinn_____

By:  Jeffry N. Quinn

Its:  President & Chief Executive Officer


[Signatures Continue on the Next Page]

16

THE OFFICIAL COMMITTEE OF RETIREES OF
SOLUTIA INC.


/s/Daniel D. Doyle

By: Spencer Fane Britt Browne LLP
Its: Co-counsel



/s/R. Scott Williams

By: Haskell Slaughter Young & Rediker
Its: Co-counsel


[Signatures Continue on the Next Page]

17

THE OFFICIAL COMMITTEE OF RETIREES
OF SOLUTIA INC.

/s/Kenneth M. Kettler
By: Kenneth M. Kettler
Its: Chairman

[Signatures Continue on the Next Page]

18

MONSANTO COMPANY

/s/David F. Snively _____

By:  David F. Snively

Its:  Senior Vice President, Secretary and
     General Counsel

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF SOLUTIA INC.

/s/James R. Savin

By: Akin Gump Strauss Hauer & Feld LLP
Its: Counsel

EXECUTION COPY

Exhibit A

For each Plan Year, each Participant of Groups IA and IIIA shall pay an annual Medical Expense Contribution equal to the greater of 20% of the Annual Cost Per Covered Group, or the applicable Defined Dollar Limit Amount[13] as determined by the following table:

| COVERED GROUP | SOLUTIA DEFINED DOLLAR LIMIT | |
|---|---|---|
| | RETIREE (OR SURVIVING SPOUSE) BEFORE AGE 65 | RETIREE (OR SURVIVING SPOUSE) AFTER AGE 65 |
| Retiree Only | $6,600 | $2,000 |
| Surviving Spouse Only | $5,100 | $1,650 |
| Retiree and Spouse (under 65) | $11,700 | $7,100 |
| Retiree and Spouse (over 65) | $7,950 | $3,650 |
| Retiree and Child(ren) | $9,000 | $4,400 |
| Retiree, Spouse (under 65) and Child(ren) | $14,100 | $9,500 |
| Retiree, Spouse (over 65) and Child(ren) | $10,350 | $6,050 |

For each Plan Year, each Participant of Groups IB and IIIB shall pay an annual Medical Expense Contribution equal to the greater of 20% of the Annual Cost Per Covered Group, or the applicable Defined Dollar Limit Amount as determined by the following table:

| COVERED GROUP | SOLUTIA DEFINED DOLLAR LIMIT | |
|---|---|---|
| | RETIREE (OR SURVIVING SPOUSE) BEFORE AGE 65 | RETIREE (OR SURVIVING SPOUSE) AFTER AGE 65 |
| Retiree Only | $6,600 | $1,800 |
| Surviving Spouse Only | $5,100 | $1,475 |
| Retiree and Spouse (under 65) | $11,700 | $6,900 |
| Retiree and Spouse (over 65) | $7,950 | $3,275 |
| Retiree and Child(ren) | $9,000 | $4,200 |
| Retiree, Spouse (under 65) and Child(ren) | $14,100 | $9,300 |
| Retiree, Spouse (over 65) and Child(ren) | $10,350 | $5,675 |

---

[13]  The Defined Dollar Limit Amount shall be the difference between the Annual Cost Per Covered Group and the Solutia Defined Dollar Limit applicable to a Covered Group as delineated in this Exhibit A.

-1-

For each Plan Year, each Participant of Groups IIA, IIB, IV and V and Post-Settlement Participants shall pay an annual Medical Expense Contribution equal to the greater of 20% of the Annual Cost Per Covered Group, or the applicable Defined Dollar Limit Amount[14] as determined by the following table:

| COVERED GROUP | SOLUTIA DEFINED DOLLAR LIMIT | |
|---|---|---|
| | RETIREE (OR SURVIVING SPOUSE) BEFORE AGE 65 | RETIREE (OR SURVIVING SPOUSE) AFTER AGE 65 |
| Retiree Only | $6,600 | $1,650 |
| Surviving Spouse Only | $5,100 | $1,350 |
| Retiree and Spouse (under 65) | $11,700 | $6,750 |
| Retiree and Spouse (over 65) | $7,950 | $3,000 |
| Retiree and Child(ren) | $9,000 | $4,050 |
| Retiree, Spouse (under 65) and Child(ren) | $14,100 | $9,150 |
| Retiree, Spouse (over 65) and Child(ren) | $10,350 | $5,400 |

---

[14] Solutia is not waiving any of its rights pursuant to the Post-Settlement Plan to make changes to the Participant Medical Expense Contribution or other provisions therein.

2

## Summary of Medical and Other
## Post-Employment Benefits under the Retiree Settlement

***Pension benefits will be preserved.*** Under the Retiree Settlement, Solutia's pension plans will be fully preserved and distributions made to you by these plans will not be impacted by Solutia's chapter 11 cases.

***Retiree Medical Benefits will be preserved, but will be changed.*** During Solutia's chapter 11 cases, benefits for Solutia's retirees have been frozen at 2004 levels. After Solutia emerges from chapter 11, medical benefits for Pre-Spin retirees who are Medicare eligible as a result of their age will be:

- <u>Deductible Amount</u>: 50% of Medicare Part A Deductible.
- <u>Covered Proportion</u>: 80% of medical costs.
- <u>Co-Payment for Retail Prescription Drugs (up to 30-day supply)</u>: Participants pay 20%, up to a $50 maximum per prescription or refill.
- <u>Co-Payment for Mail Order Prescription Drugs (up to 90-day supply)</u>: Participants pay 20% per prescription or refill.
- <u>Maximum Lifetime Amount Solutia will Pay for Medical Expenses Incurred after Age 65</u>: $65,000.
- <u>Participant Medical Expense Contribution</u>: 20% of the annual cost by group, or the annual cost by group minus the Defined Dollar Limit, whichever is greater.

Retirees under the age of 65 who are not Medicare eligible, and the spouses and dependents of these individuals, will continue to receive the same medical benefits as Solutia's active employees.

Solutia will continue to administer benefits to its retirees and will pay up to a fixed amount towards those benefits. That fixed amount, called a "Defined Dollar Limit," cannot be reduced.

The "2007 Retiree Welfare Plan," which is currently being reviewed by the Retirees' Committee, will incorporate each of the terms set forth above and will be effective upon Solutia's emergence from chapter 11. A copy of the 2007 Retiree Welfare Plan will be available for your review in the near future and prior to Solutia's emergence from chapter 11 on Solutia's website at www.solutia.com/reorganization and the website of Solutia's voting agent, Financial Balloting Group LLC at www.fbgdocuments.com/soi.

***Post-Employment Life Insurance Benefits will be Reduced or Eliminated, Depending on the Year in which You Retired.*** After Solutia emerges from chapter 11, post employment life insurance benefits will be:

- eliminated for employees who retired after Dec. 31, 2001;
- capped at $12,500 for employees who retired before Jan. 1, 1986; and
- limited to $10,000 for employees who retired between Jan. 1, 1986 and Dec. 31, 2001.

This summary is intended to be a quick reference for your convenience. For a full description of the terms of the Retiree Settlement, please refer to the Retiree Settlement Agreement that is attached to this summary. To the extent that there is any discrepancy between this summary and the Retiree Settlement Agreement, the terms of the Retiree Settlement Agreement shall govern.

4

Exhibit E

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                                :        Chapter 11
                                                                     :
**SOLUTIA INC.**, *et al.*,                                          :        Case No. 03-17949 (PCB)
                                                                     :
        Debtors.                                                     :        (Jointly Administered)
                                                                     :
------------------------------------------------------------x

## NOTICE TO TORT CLAIMANTS OF THEIR TREATMENT UNDER SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that on October 19, 2007, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") approved Solutia's Disclosure Statement. The Disclosure Statement describes the terms of Solutia's proposed plan of reorganization (the "Amended Plan"). The hearing on the confirmation of the Amended Plan is scheduled to take place on November 29, 2007 at 10:00 a.m. Eastern Time.

**PLEASE TAKE FURTHER NOTICE** that the Amended Plan incorporates a settlement (the "Settlement") among Solutia, Monsanto Company ("Monsanto"), Pharmacia Corporation ("Pharmacia") and other parties that reallocates the financial risks related to Tort Claims among Solutia, Monsanto and Pharmacia.

YOU ARE RECEIVING THIS NOTICE because you have filed a Claim in Solutia's chapter 11 cases that appears to be a "Tort Claim" (within the meaning of the Amended Plan).

**UNDER THE AMENDED PLAN AND THE SETTLEMENT:**

- **TORT CLAIMS WILL NOT BE IMPACTED BY SOLUTIA'S CHAPTER 11 CASES AND WILL PASS THROUGH THE CASES UNAFFECTED.**

- **TORT CLAIMS WILL BE RESOLVED IN THE ORDINARY COURSE OF BUSINESS PURSUANT TO APPLICABLE STATE AND/OR FEDERAL LAW.**

- **SOLUTIA, MONSANTO AND PHARMACIA HAVE CONTRACTUALLY AGREED TO ALLOCATE THE FINANCIAL RISKS RELATED TO TORT CLAIMS AMONG THEMSELVES.**

Because Tort Claims will not be impacted by Solutia's chapter 11 cases, you are <u>not</u> entitled to vote on Solutia's Amended Plan and you will <u>not</u> receive a copy of Solutia's Disclosure Statement unless you specifically request that one be provided to you. Additionally, if you filed

K&E 12001842.5

*In re Solutia Inc. Case No. 03-17949 (PCB)*

a proof of claim against Solutia, Solutia will file, upon notice to you and an opportunity for you to be heard, an objection to expunge your claim from the claims register.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.**

**TORT CLAIMS WILL NOT BE IMPACTED BY SOLUTIA'S CHAPTER 11 CASES AND WILL PASS THROUGH THE CASES UNAFFECTED. YOU DO NOT NEED TO APPEAR BEFORE THE BANKRUPTCY COURT, MAKE ANY FILINGS OR TAKE ANY OTHER ACTION IN CONNECTION WITH SOLUTIA'S CHAPTER 11 CASES.**

If you believe that your claim against Solutia has been misclassified as a Tort Claim, then you must file with the Court and serve Solutia's attorneys with a motion for an order, pursuant to rule 3018(a) of the Federal Rules of Bankruptcy Procedure, temporarily allowing your claim in a different class for purposes of voting to accept or reject the Amended Plan by November 5, 2007.

If you would like to request a copy of Solutia's Amended Plan and/or Disclosure Statement, you should contact Solutia's voting agent, Financial Balloting Group LLC at 757 Third Avenue, 3rd Floor, New York, New York 10017, or at [_____]. Copies of the Amended Plan and Disclosure Statement will also be available on Solutia's website at www.solutia.com and the Financial Balloting Group's website at www.fbgdocuments.com/soi.

Dated:   New York, New York
         [INSERT DATE]

KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022

Attorneys for the Debtors and Debtors in Possession

2

*In re Solutia Inc. Case No.* 03-17949 (PCB)

A registration statement relating to these securities has been filed with the Securities and Exchange Commission but has not yet become effective. These securities may not be sold nor may offers to buy be accepted prior to the time the registration statement becomes effective.

**Exhibit F**

**RIGHTS OFFERING PROCEDURES**

1.    **Introduction**

Each Holder[1] of a General Unsecured Claim, whose General Unsecured Claim has been allowed for voting purposes, or a Noteholder Claim (an "**Eligible Holder**") has the right, but not the obligation, to purchase New Common Stock (the "**Rights Offering**") pursuant to the rights offering subscription exercise form (the "**Rights Exercise Form**"), which will be sent to each Eligible Holder contemporaneously with the Disclosure Statement. The Rights Exercise Form will indicate the price per share of New Common Stock (the "**Rights Exercise Price**") payable in connection with such an exercise. Any reference to an Eligible Holder's Rights Exercise Price shall mean the Rights Exercise Price multiplied by the number of shares of New Common Stock such Eligible Holder elected and duly purchased in accordance with and subject to these Rights Offering Procedures. For purposes of these Rights Offering Procedures, an Eligible Claim Transfer Shareholder who purchases one or more Allowed General Unsecured Claims in accordance with the Claim Transfer Procedures and validly exercises Rights with respect thereto shall be deemed to be an Eligible Holder.

Each Eligible Holder shall have the right to purchase up to its New Common Stock Pro Rata Share (as defined below) of the New Common Stock that is subject to the Rights Offering, not including the Backstop Reserve (the "**Initial Rights**"). "**New Common Stock Pro Rata Share**" means the ratio (expressed as a percentage) of such holder's Rights Participation Claim Amount (as defined below) to the aggregate amount of all Rights Participation Claim Amounts available to Eligible Holders as of the Record Date. In addition, the Rights Exercise Form will provide that Eligible Holders that have exercised their full pro rata share of Initial Rights may indicate the amount of additional Rights (the "**Additional Rights**") that they would like to exercise in the event that the Rights Offering is under-subscribed (an "**Under-Subscription**") as of the deadline for returning Rights Exercise forms (the "Rights Offering Deadline"). No Eligible Holder will be granted or allowed to exercise any fractional Rights.

In the event of an Under-Subscription, Eligible Holders that elected to exercise Additional Rights will be entitled to purchase a number of additional shares of New Common Stock in an amount equal to the number of Additional Rights elected on each Eligible Holder's Rights Exercise Form; provided, however, that in the event that Eligible Holders, in the aggregate, attempt to exercise more Additional Rights than are available for all Eligible Holders electing to exercise Additional Rights, Eligible Holders will only be able to exercise their pro rata share of Additional Rights (as determined by the Rights Participation Claim Amounts of all such Eligible Holders). The Initial Rights and Additional Rights are collectively referred to herein as the "**Rights**."

---

[1] All capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Amended Plan.

*In re Solutia Inc. Case No. 03-17949 (PCB)*

The Rights Offering will be backstopped by the Backstop Group in exchange for a $6.25 million fee and the right to subscribe for, and acquire, up to 15% of the New Common Stock being issued pursuant to the Rights Offering (the "**Direct Purchase Option**").

Each Right can be exercised for one share of New Common Stock. An aggregate of 15,936,703 shares of New Common Stock will be available upon the exercise of Initial Rights; provided, however, that the number of shares available for the exercise of Additional Rights may be increased by up to 2,812,359 shares if the Backstop Parties do not exercise the Direct Purchase Option.

"**Claim Transfer Shareholder Claim**" means the General Unsecured Claims that an Eligible Claim Transfer Shareholder acquired by exercising its rights pursuant to the Claim Transfer Procedures.

"**Disclosure Statement**" means that certain Disclosure Statement, approved by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on October 19, 2007.

"**Subscription Agent**" means Financial Balloting Group LLC, in its capacity as such.

"**Rights Participation Claim Amount**" means, (a) in the case of a Noteholder Claim, the principal amount adjusted for unaccrued interest of such Noteholder Claim as of the Record Date; and (b) in the case of any General Unsecured Claim other than a Noteholder Claim, the amount of such Claim listed on the Rights Exercise Form, which shall reflect the amount of such General Unsecured Claim that is allowed for voting purposes, or such other amount as may be adjudicated in an order of the Bankruptcy Court at least five (5) calendar days prior to the Voting Deadline.

Notwithstanding anything contained in the Plan to the contrary, under no circumstances shall any Holder of a General Unsecured Claim that is not entitled to vote on the Plan pursuant to the Disclosure Statement Order have any Rights Participation Claim Amount with respect to such General Unsecured Claim.

*Before exercising any Rights, Eligible Holders should read the Disclosure Statement, including the section entitled, "Risks Related to Solutia's Business and Industry" and the valuation of the Reorganized Debtors contained therein.*

*A written prospectus for the offering may be obtained from Financial Balloting Group, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017 or at www.fbgdocuments.com/soi.*

2.    **Commencement/Expiration of the Rights Offering**

The Rights Offering shall commence on the day upon which the Rights Exercise Forms are mailed to Eligible Holders (the "**Commencement Date**"). The Rights Offering shall expire on the Rights Offering Deadline. Each Eligible Holder intending to participate in the Rights Offering must affirmatively make a non-binding election to exercise its Rights on or prior to the Rights Offering Deadline in accordance with the provisions of Section 3 below.

2

As promptly as practicable following the Voting Deadline, Solutia shall deliver, or cause to be delivered, to each Eligible Holder that has sought to exercise Rights or their bank, broker, agent or other nominee a written statement specifying the Rights, including the Additional Rights, each Eligible Holder may purchase.

3.    **Exercise of Rights**

*Exercise of Initial Rights*

Each Eligible Holder may designate on its Rights Exercise Form whether it wishes to exercise its Initial Rights and such designation shall be non-binding.

Each Eligible Holder is entitled to participate in the Rights Offering solely to the extent of its Rights Participation Claim Amount, together with any Additional Rights to the extent available in the event of an Under-Subscription, provide, however, that an Eligible Holder may only elect to subscribe for Additional Rights if they elect to fully subscribe to their Initial Rights.

Each Eligible Holder may exercise all or any portion of such holder's Rights pursuant to the procedures outlined below, as appropriate.

*Exercise of Additional Rights*

Any Eligible Holder that exercises all of its Initial Rights may indicate on its Rights Exercise Form how many additional shares of New Common Stock such Eligible Holder wishes to purchase through the exercise of Additional Rights.

*Exercise by Holders of General Unsecured Claims*

To exercise the Rights, each Eligible Holder (excluding Eligible Holders that hold Noteholder Claims or Claim Transfer Shareholder Claims) must deliver a duly completed Rights Exercise Form so that such form is actually received by the Subscription Agent on or before the Rights Offering Deadline. If, on or prior to the Rights Offering Deadline, the Subscription Agent for any reason does not receive from an Eligible Holder or its intermediary a duly completed Rights Exercise Form, such Eligible Holder shall be deemed to have relinquished and waived its Rights.

To facilitate the exercise of the Rights, on the Commencement Date, Solutia will mail or cause to be mailed a Rights Exercise Form to each Eligible Holder or its intermediary as of the Record Date, together with instructions for the proper completion, due execution and timely delivery of the Rights Exercise Form to the Subscription Agent.

*Exercise by Holders of Noteholder Claims*

For an Eligible Holder of a Noteholder Claim to exercise its Rights, such holder must provide its instruction to its bank, broker, or other nominee or to its agent. The bank, broker, or other nominee or agent, in turn, must then convey the instruction to the Subscription Agent on or before the Rights Offering Deadline. For purposes of this Rights Offering, Wilmington Trust Company, in its capacity as Indenture Trustee, shall not constitute a Nominee and shall have no

3

*In re Solutia Inc. Case No. 03-17949 (PCB)*

responsibility with respect to sending any Rights Offering information or collecting any Rights Offering Forms.

To facilitate the exercise of the Rights for Holders of Noteholder Claims, on the Commencement Date, Solutia will deliver Rights Exercise Forms to the record holders of such Claims, including, without limitation, brokers, banks, dealers, or other agents or nominees (the "**Subscription Nominees**"). Each Subscription Nominee will be entitled to receive sufficient copies of the Rights Exercise Form and Disclosure Statement for distribution to the beneficial owners of the Noteholder Claims for whom such Subscription Nominee holds such Noteholder Claims. The Subscription Nominees may use the Rights Exercise Form provided or such other form as they may customarily use for the purpose of obtaining instructions with respect to a rights offering.

## *Exercise by Holders of Claim Transfer Shareholder Claims*

To facilitate the exercise of the Rights for Holders of Claim Transfer Shareholder Claims, Solutia will include the Claim Transfer Procedures and Equity Claim Purchase Election Form with the Disclosure Statement, which is being provided to all Holders of Solutia Stock eligible to vote as of the Voting Record Date (see Exhibit [_] to the Disclosure Statement).

## *Payment for Rights*

As soon as practicable after the Registration Statement filed with the SEC on Form S-1 is declared "effective" by the SEC, Solutia shall deliver to each Eligible Holder that has indicated an interest to exercise its Initial Rights (and Additional Rights, if applicable) a notice setting forth the number of shares of New Common Stock such Eligible Holder is entitled to purchase, such Holder's Total Exercise Price and instructions for payment of such Holder's Exercise Price.

If, on or prior to the payment deadline set forth in such instructions, which deadline shall be approximately ten calendar days after the notices described above are distributed, the Subscription Agent for any reason does not receive on behalf of the Eligible Holder immediately available funds by wire transfer or bank cashier's check in an amount equal to the Total Exercise Price for such Eligible Holder's Rights, such Eligible Holder shall be deemed to have relinquished and waived its Rights.

## *Subsequent determination of Rights Participation Claim Amount*

If, after the Record Date but at least five (5) calendar days prior to the Voting Deadline, a Holder of a General Unsecured Claim becomes entitled to Initial Rights, or a different amount of Initial Rights than initially granted, as a result of a Bankruptcy Court order estimating, allowing, disallowing or reclassifying such Claim, such Eligible Holder shall be permitted to participate in the Rights Offering with respect to such new Rights Participation Claim Amount.

## *Disputes, Waivers, and Extensions*

Any and all disputes concerning the timeliness, viability, form and eligibility of any exercise of Rights shall be addressed in good faith by Solutia in consultation with the Creditors' Committee, and the Equity Committee with respect to Rights exercised by Eligible Claim

4

*In re Solutia Inc. Case No. 03-17949 (PCB)*

Transfer Shareholders, and subject to a final determination by the Bankruptcy Court, the determinations of which shall be final and binding. Solutia, in consultation with the Creditors' Committee and subject to Bankruptcy Court approval, may seek to waive any defect or irregularity, or permit a defect or irregularity to be corrected, within such times as they may determine in good faith to be appropriate, or reject the purported exercise of any Rights. Subscription instructions shall be deemed not to have been properly completed until all irregularities have been waived or cured within such time as Solutia determines in their discretion reasonably exercised in good faith. Solutia reserves the right, but are under no obligation, to give notice to any Eligible Holder regarding any defect or irregularity in connection with any purported exercise of Rights by such Eligible Holder and Solutia may, but are under no obligation, to permit such defect or irregularity to be cured within such time as they may determine in good faith, in consultation with the Creditors' Committee, the Equity Committee with regard to Rights exercised by Eligible Claim Transfer Shareholders, and subject to Bankruptcy Court approval, to be appropriate; provided, however, that none of Solutia, the Subscription Agent, the Creditors' Committee, or the Equity Committee shall incur any liability for failure to give such notification.

Solutia, with the approval of the Bankruptcy Court and Creditors' Committee, and following advance written notice to the Noteholders' Committee, may extend the duration of the Rights Offering or adopt additional detailed procedures to more efficiently administer the distribution and exercise of the Rights.

## Funds

The payments made in accordance with the Rights Offering (the "**Rights Offering Funds**") shall be deposited when made and held by the Subscription Agent in escrow pending the Effective Date in an account or accounts (a) which shall be separate and apart from the Subscription Agent's general operating funds and any other funds subject to any lien or any cash collateral arrangements and (b) which segregated account or accounts will be maintained for the purpose of holding the money for administration of the Rights Offering and the Equity Purchase Offering until the Effective Date. The Subscription Agent shall not use the Rights Offering Funds for any purpose other than to release the funds as directed by Solutia on the Effective Date and shall not encumber or permit the Rights Offering Funds to be encumbered by any lien or similar encumbrance.

## Waiver

Each Holder that participates in the Rights Offering shall be deemed by virtue of such participation, to have waived and released, to the fullest extent permitted under applicable law, all rights, claims or causes of action against Solutia, Reorganized Solutia and each of their respective subsidiaries and affiliates, the Creditors' Committee and the Subscription Agent arising out of or related to the receipt, delivery, disbursements, calculations, transmission or segregation of cash, Rights and shares of New Common Stock in connection with the Rights Offering.

*In re Solutia Inc.* Case No. 03-17949 (PCB)

4.    **Transfer Restriction; Revocation**

Pursuant to the Plan, and subject to the Claim Transfer Procedures, the Rights are not transferable independently of the underlying General Unsecured Claims or Noteholder Claims from which such Rights arise. Except with regard to Rights acquired pursuant to the Claims Transfer Procedures, Rights may only be exercised by or through the Eligible Holder entitled to exercise such Rights on the Record Date. Any such independent transfer or attempted transfer of the Rights, aside from a transfer pursuant to the Claim Transfer Procedures, will be null and void and Solutia will not treat any purported transferee as the holder of any Rights. Once the Eligible Holder of a General Unsecured Claim, Noteholder Claim, or Claim Transfer Shareholder Claim has properly exercised its Rights and paid its Total Exercise Price, such exercise will not be permitted to be revoked by such Eligible Holder.

5.    **Subsequent Adjustments**

If, as of the Rights Offering Deadline, as a result of allowances of General Unsecured Claims or Noteholder Claims or other actions following the Record Date, more than all of the New Common Stock subject to the Rights Offering has been subscribed for (other than as a result of the exercise of Additional Rights in the event of an Under-Subscription), each properly exercising holder of a General Unsecured Claim, Noteholder Claim, or Claim Transfer Shareholder Claim shall have the Rights which it may exercise reduced on a pro rata basis. The difference between the price actually paid by such exercising holder and the Rights Exercise Price that such holder is required to pay after giving effect to the reduction, if any, shall be refunded, without interest, as soon as reasonably practicable after the Effective Date. Any adjustment to Rights shall first be made to the Additional Rights, if any.

6.    **Inquiries And Transmittal Of Documents; Subscription Agent**

The exercise instructions contained in the Rights Exercise Form should be carefully read and strictly followed.

Questions relating to the Rights Offering should be directed to the Subscription Agent at the following phone number:

**Financial Balloting Group LLC**
**646-282-1800**

The risk of non-delivery of all documents and payments is on the Eligible Holders electing to exercise their Rights, not Solutia or the Subscription Agent.

7.    **Rights Offering Conditioned Upon Confirmation of The Plan; Reservation of Rights**

All exercises of Rights are subject to and conditioned upon the confirmation of the Plan and the occurrence of the Effective Date of the Plan. Notwithstanding anything contained herein, the Disclosure Statement or the Plan to the contrary, Solutia and ReorganizedSolutia and each of their respective subsidiaries and affiliates reserve the right, in consultation with the Creditors' Committee and the Equity Committee, to modify these Rights Offering Procedures in order to comply with applicable law.

6

*In re Solutia Inc. Case No. 03-17949 (PCB)*

A registration statement relating to these securities has been filed with the Securities and Exchange Commission but has not yet become effective. These securities may not be sold nor may offers to buy be accepted prior to the time the registration statement becomes effective.

### Rights Exercise Form

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
In re                       :     Chapter 11

SOLUTIA INC., *et al.*,    :

     Debtors.     :     Case No. 03-17949
                        :     (PCB)

                        :     (Jointly Administered)
-----------------------------------------------------------x

### INSTRUCTIONS TO RIGHTS EXERCISE FORM
### IN CONNECTION WITH SOLUTIA'S FIFTH AMENDED JOINT PLAN
### OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

<div style="border:1px solid black; padding:10px; text-align:center">

**EXPIRATION DATE**

The Expiration Date for Exercise of Rights is 5:00 p.m. Eastern Time
on November 26, 2007 (the "Expiration Date").
Please leave sufficient time for your Rights Exercise Form
to reach your Nominee and be processed.

</div>

To Holders of Noteholder Claims (2037 Notes):

     On October 19, 2007, Solutia Inc., together with its direct and indirect subsidiaries and its affiliates Solutia Business Enterprises Inc., Solutia Systems, Inc., Solutia Overseas, Inc., CPFilms Inc., Solutia Management Company, Inc., Monchem International, Inc., Axio Research Corporation, Solutia Investments, LLC, Beamer Road Management Company, Monchem, Inc., Solutia Inter-America, Inc., Solutia International Holding, LLC, Solutia Taiwan, Inc. and Solutia Greater China, Inc., as debtors and debtors in possession (collectively, the "Debtors"), filed Solutia's Fifth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Amended Plan") and the accompanying Disclosure Statement for Solutia's Fifth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement"). Pursuant to the Amended Plan, each holder of a General Unsecured Claim or a Noteholder Claim has the right to subscribe for New Common Stock based on such holder's Rights Participation Claim Amount (as described in Item 2 of the Rights Exercise Form). For a complete description of the Rights Offering see the accompanying Rights Offering Procedures (the "Rights Offering Procedures"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Rights Offering Procedures.

     You have received the attached Rights Exercise Form because you are a holder of Solutia's 6.72% Debentures due 2037 (the "2037 Notes") held for your account. Please utilize the attached Rights Exercise Form to execute your election. In order to elect to participate in the Rights Offering, you must complete and return the

*In re Solutia Inc. Case No.* 03-17949 (PCB)

attached Rights Exercise Form to your bank, broker or other nominee (each of the foregoing, a "Nominee")[1] (or otherwise follow the instructions of your Nominee) with sufficient time for your instructions to be processed and delivered by your nominee to Financial Balloting Group LLC (the "Subscription Agent") on or before the Expiration Date set forth above.  Your Rights Exercise Form will be processed by your Nominee in accordance with its established procedures.

**Questions.** If you have any questions about this Rights Exercise Form or the exercise procedures described herein, please contact the Subscription Agent at 646-282-1800.

**Your Nominee must process any subscription to be made on your behalf by the Expiration Date or the exercise shall be void and your Rights will terminate and be cancelled.**

To purchase New Common Stock pursuant to the Rights Offering:

1.  **Insert** the principal amount of Solutia's 2037 Notes you hold in Item 1.  If you have any questions about the amount of 2037 Notes held by you, please contact your Nominee.

2.  **Complete** the calculation in Item 2a.

3.  **Complete** Item 2b, indicating the whole number of Initial Rights which you wish to exercise.

4.  **Complete** Item 2c, indicating a whole number of Additional Rights which you wish to exercise, if any.

5.  **Please Note** that your election to exercise Rights will not be binding upon you unless and until your payment of the Exercise Price is received by the Subscription Agent.

6.  **Read and Complete** the certification in Item 3.

7.  **Return the Rights Exercise Form** in the pre-addressed envelope to your Nominee (or otherwise follow the instructions of your Nominee) in sufficient time for your instructions to be processed and delivered by your Nominee to the Subscription Agent on or before the Expiration Date.

*Before exercising any Rights you should read the Disclosure Statement, including the section entitled "Risks Related to Solutia's Business and Industry" and the valuation of the Reorganized Debtors contained therein.*

*A written prospectus for the offering may be obtained from Financial Balloting Group, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017 or at www.fbgdocuments.com/soi.*

---

[1] For purposes of the Rights Offering, Wilmington Trust Company, in its capacity as Indenture Trustee, shall not constitute a Nominee and is not responsible for sending any Rights Offering information to, or collecting any Rights Offering Forms from, any Beneficial Owner or holder of the 2037 Notes.

2

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**RIGHTS EXERCISE FORM FOR**
**RIGHTS OFFERING IN CONNECTION WITH**
**SOLUTIA'S FIFTH AMENDED JOINT PLAN OF**
**REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**EXPIRATION DATE**

**The Expiration Date for Exercise of Rights is 5:00 p.m. Eastern Time**
**on November 26, 2007.**
**Please leave sufficient time for your Rights Exercise Form**
**to reach your Nominee and be processed.**

---

**Please consult the Rights Offering Procedures for additional**
**information with respect to this Rights Subscription Exercise Form.**

---

**Item 1. Amount of Notes.** I certify that, as of the Voting Record Date of October 22, 2007, I held 2037 Notes in the following principal amount (upon stated maturity) (insert amount in box below) or that I am the authorized signatory of that beneficial owner. (If a Nominee holds your 2037 Notes on your behalf and you do not know the principal amount, please contact your Nominee immediately). For purposes of this Rights Exercise Form, do not adjust the principal amount for any accrued or unmatured interest or any accretion factor, as it has been taken into consideration in the calculation in item 2a below:

$_____

**Item 2. Rights.** Pursuant to the Amended Plan and the accompanying Rights Offering Procedures, each Eligible Holder is entitled to participate in the Rights Offering based upon its "Rights Participation Claim Amount." To subscribe, fill out Items 2a, 2b, and 2c below and read and complete Item 3 below.

**2a. Calculation of Maximum Number of Initial Shares of New Common Stock.**[2] The Maximum Number of Initial Shares of New Common Stock for which you may subscribe is calculated as follows:

| _____ (Insert Principal Amount from Item 1 above) | X | [    ][3] | _____ (Maximum Number of Initial Shares) Round down to Nearest Whole Number |
|---|---|---|---|

**2b. Exercise Amount.** By filling in the following blanks, you are indicating that you are interested in purchasing the number of shares of New Common Stock specified below (specify a whole number of shares of New

---

[2] To be completed as of the Record Date.

[3] [Amount to be inserted will be calculated by dividing 85% of the number of shares of New Common Stock subject to the Rights Offering by the total of all Rights Participation Claim Amounts].

3

*In re Solutia Inc. Case No.* 03-17949 (PCB)

Common Stock not greater than the figure in Item 2a), at a price of $13.33 per share, on the terms of and subject to the conditions set forth in the Rights Offering Procedures.

| | | | |
|---|---|---|---|
| _____<br>(Indicate number of initial shares of New Common Stock you elect to purchase) | X | $13.33 | $ _____ |

**2c. Additional Rights Amount.** Only if you have exercised the maximum number of Rights in 2b, by filling in the following blanks, you are indicating that you are interested in purchasing the number of additional shares of New Common Stock specified below (specify a whole number of shares of New Common Stock), at a price of $13.33 per share, on the terms of and subject to the conditions set forth in the Rights Offering Procedures. A total of 15,936,703 shares of New Common Stock are available for purchase through the exercise of the Rights, provided, however, that the number of shares available for the exercise of Rights may be increased by up to 2,812,359 shares if the Backstop Parties do not exercise the Direct Purchase Option. There is no guarantee that any Additional Rights will be available for you to exercise.

| | | | |
|---|---|---|---|
| _____<br>(Indicate number of additional shares of New Common Stock you elect to purchase) | X | $13.33 | $ _____ |

A Notice will be sent to your Nominee by facsimile and/or email setting forth the Initial Rights you have elected to and are allowed to purchase, indicating the number of Additional Rights you have elected to and are allowed to exercise and setting forth the Total Exercise Price for such Rights. Payment for the underlying New Common Stock with respect to the Initial Rights and the Additional Rights will be due within ten calendar days after the date of such notice, to be made in accordance with the instructions contained therein. Any failure to timely pay for the exercise of Rights will result in a revocation and relinquishment of such Rights.

4

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 3. Certification.** I certify that I am the holder, or the authorized signatory of the holder, of the amount of 2037 Notes listed under Item 1 above.

Date: _____, 2007

Name of Holder: _____
(Print or Type)

Social Security or Federal Tax I.D. No.:_____

Signature:_____
(Optional)

Name of Person Signing:_____
(If other than holder)

Title (if corporation, partnership or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

**THIS FORM SHOULD BE RETURNED ONLY TO YOUR NOMINEE.[4]**

**DO <u>NOT</u> RETURN TO THE SUBSCRIPTION AGENT.**

---

[4] For purposes of the Rights Offering, Wilmington Trust Company, in its capacity as Indenture Trustee, shall not constitute a Nominee and is not responsible for sending any Rights Offering information to, or collecting any Rights Offering Forms from, any Beneficial Owner or holder of the 2037 Notes.

*In re Solutia Inc. Case No. 03-17949 (PCB)*

A registration statement relating to these securities has been filed with the Securities and Exchange Commission but has not yet become effective.  These securities may not be sold nor may offers to buy be accepted prior to the time the registration statement becomes effective.

## Rights Exercise Form

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
In re                                                    :
                                                         :        Chapter 11
**SOLUTIA INC.,** *et al.,*                              :
                                                         :        Case No. 03-17949
          Debtors.                                       :        (PCB)
                                                         :
                                                         :        (Jointly Administered)
--------------------------------------------------------------x

**INSTRUCTIONS TO RIGHTS EXERCISE FORM
IN CONNECTION WITH SOLUTIA'S FIFTH AMENDED JOINT PLAN
OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**EXPIRATION DATE**

The Expiration Date for Exercise of Rights is 5:00 p.m. Eastern Time
on November 26, 2007 (the "Expiration Date").
Please leave sufficient time for your Rights Exercise Form
to reach your Nominee and be processed.

---

To Holders of Noteholder Claims (2027 Notes):

On October 19, 2007, Solutia Inc., together with its direct and indirect subsidiaries and its affiliates Solutia Business Enterprises Inc., Solutia Systems, Inc., Solutia Overseas, Inc., CPFilms Inc., Solutia Management Company, Inc., Monchem International, Inc., Axio Research Corporation, Solutia Investments, LLC, Beamer Road Management Company, Monchem, Inc., Solutia Inter-America, Inc., Solutia International Holding, LLC, Solutia Taiwan, Inc. and Solutia Greater China, Inc., as debtors and debtors in possession (collectively, "Solutia"), filed Solutia's Fifth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Amended Plan") and the accompanying Disclosure Statement for Solutia's Fifth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement").  Pursuant to the Amended Plan, each holder of a General Unsecured Claim or a Noteholder Claim has the right to subscribe for New Common Stock based on such holder's Rights Participation Claim Amount (as described in Item 2 of the Rights Exercise Form).  For a complete description of the Rights Offering see the accompanying Rights Offering Procedures (the "Rights Offering Procedures").  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Rights Offering Procedures.

You have received the attached Rights Exercise Form because you are a holder of Solutia's 7.375% Debentures due 2027 (the "2027 Notes") held for your account.  Please utilize the attached Rights Exercise Form to execute your election.  In order to elect to participate in the Rights Offering, you must complete and return the

*In re Solutia Inc. Case No. 03-17949 (PCB)*

attached Rights Exercise Form to your bank, broker or other nominee (each of the foregoing, a "Nominee")[1] (or otherwise follow the instructions of your Nominee) with sufficient time for your instructions to be processed and delivered by your nominee to Financial Balloting Group LLC (the "Subscription Agent") on or before the Expiration Date set forth above.  Your Rights Exercise Form will be processed by your Nominee in accordance with its established procedures.

**Questions.** If you have any questions about this Rights Exercise Form or the exercise procedures described herein, please contact the Subscription Agent at 646-282-1800.

**Your Nominee must process any subscription to be made on your behalf by the Expiration Date or the exercise shall be void and your Rights will terminate and be cancelled.**

To purchase New Common Stock pursuant to the Rights Offering:

1.    **Insert** the principal amount of Solutia's 2027 Notes you hold in Item 1.  If you have any questions about the amount of 2027 Notes held by you, please contact your Nominee.

2.    **Complete** the calculation in Item 2a.

3.    **Complete** Item 2b, indicating the whole number of Initial Rights which you wish to exercise.

4.    **Complete** Item 2c, indicating  a whole number of Additional Rights which you wish to exercise, if any.

5.    **Please Note** that your election to exercise Rights will not be binding upon you unless and until your payment of the Exercise Price is received by the Subscription Agent.

6.    **Read and Complete** the certification in Item 3.

7.    **Return the Rights Exercise Form** in the pre-addressed envelope to your Nominee (or otherwise follow the instructions of your Nominee) in sufficient time for your instructions to be processed and delivered by your Nominee to the Subscription Agent on or before the Expiration Date.

*Before exercising any Rights you should read the Disclosure Statement, including the section entitled "Risks Related to Solutia's Business and Industry" and the valuation of the Reorganized Debtors contained therein.*

*A written prospectus for the offering may be obtained from Financial Balloting Group, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017 or at www.fbgdocuments.com/soi.*

---

[1] For purposes of the Rights Offering, Wilmington Trust Company, in its capacity as Indenture Trustee, shall not constitute a Nominee and is not responsible for sending any Rights Offering information to, or collecting any Rights Offering Forms from, any Beneficial Owner or holder of the 2027 Notes.

2

*In re Solutia Inc. Case No. 03-17949 (PCB)*

**RIGHTS EXERCISE FORM FOR
RIGHTS OFFERING IN CONNECTION WITH
SOLUTIA'S FIFTH AMENDED JOINT PLAN OF
REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**EXPIRATION DATE**

The Expiration Date for Exercise of Rights is 5:00 p.m. Eastern Time
on November 26, 2007.
Please leave sufficient time for your Rights Exercise Form
to reach your Nominee and be processed.

---

Please consult the Rights Offering Procedures for additional
information with respect to this Rights Subscription Exercise Form.

---

**Item 1. Amount of Notes.** I certify that, as of the Voting Record Date of October 22, 2007, I held 2027 Notes in the following principal amount (upon stated maturity) (insert amount in box below) or that I am the authorized signatory of that beneficial owner. (If a Nominee holds your 2027 Notes on your behalf and you do not know the principal amount, please contact your Nominee immediately). For purposes of this Rights Exercise Form, do not adjust the principal amount for any accrued or unmatured interest or any accretion factor, as it has been taken into consideration in the calculation in item 2a below:

$_____

**Item 2. Rights.** Pursuant to the Amended Plan and the accompanying Rights Offering Procedures, each Eligible Holder is entitled to participate in the Rights Offering based upon its "Rights Participation Claim Amount." To subscribe, fill out Items 2a, 2b, and 2c below and read and complete Item 3 below.

**2a. Calculation of Maximum Number of Initial Shares of New Common Stock.**[2] The Maximum Number of Initial Shares of New Common Stock for which you may subscribe is calculated as follows:

| _____<br>(Insert Principal Amount from<br>Item 1 above) | X | [    ][3] | _____<br>(Maximum Number of Initial Shares)<br>Round down to Nearest Whole Number |
|---|---|---|---|

**2b. Exercise Amount.** By filling in the following blanks, you are indicating that you are interested in purchasing the number of shares of New Common Stock specified below (specify a whole number of shares of New

---

[2] To be completed as of the Record Date.

[3] [Amount to be inserted will be calculated by dividing 85% of the number of shares of New Common Stock subject to the Rights Offering by the total of all Rights Participation Claim Amounts].

3

*In re Solutia Inc. Case No.* 03-17949 (PCB)

Common Stock not greater than the figure in Item 2a), at a price of $13.33 per share, on the terms of and subject to the conditions set forth in the Rights Offering Procedures.

| | | | |
|---|---|---|---|
| _____<br>(Indicate number of initial shares of New Common Stock you elect to purchase) | X | $13.33 | $_____ |

**2c. Additional Rights Amount.** Only if you have exercised the maximum number of Rights in 2b, by filling in the following blanks, you are indicating that you are interested in purchasing the number of additional shares of New Common Stock specified below (specify a whole number of shares of New Common Stock), at a price of $13.33 per share, on the terms of and subject to the conditions set forth in the Rights Offering Procedures. A total of 15,936,703 shares of New Common Stock are available for purchase through the exercise of the Rights, provided, however, that the number of shares available for the exercise of Rights may be increased by up to 2,812,359 shares if the Backstop Parties do not exercise the Direct Purchase Option. There is no guarantee that any Additional Rights will be available for you to exercise.

| | | | |
|---|---|---|---|
| _____<br>(Indicate number of additional shares of New Common Stock you elect to purchase) | X | $13.33 | $_____ |

A Notice will be sent to your Nominee by facsimile and/or email setting forth the Initial Rights you have elected to and are allowed to purchase, indicating the number of Additional Rights you have elected to and are allowed to exercise and setting forth the Total Exercise Price for such Rights. Payment for the underlying New Common Stock with respect to the Initial Rights and the Additional Rights will be due within ten calendar days after the date of such notice, to be made in accordance with the instructions contained therein. Any failure to timely pay for the exercise of Rights will result in a revocation and relinquishment of such Rights.

4

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 3. Certification.** I certify that I am the holder, or the authorized signatory of the holder, of the amount of 2027 Notes listed under Item 1 above.

Date: _____, 2007

Name of Holder:_____
                                         (Print or Type)
Social Security or Federal Tax I.D. No.:_____
                                                       (Optional)
Signature:_____

Name of Person Signing:_____
                                              (If other than holder)
Title (if corporation, partnership or LLC):_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

**THIS FORM SHOULD BE RETURNED ONLY TO YOUR NOMINEE.[4]**

**DO <u>NOT</u> RETURN TO THE SUBSCRIPTION AGENT.**

---

[4] For purposes of the Rights Offering, Wilmington Trust Company, in its capacity as Indenture Trustee, shall not constitute a Nominee and is not responsible for sending any Rights Offering information to, or collecting any Rights Offering Forms from, any Beneficial Owner or holder of the 2027/2037 Notes.

5

*In re Solutia Inc. Case No. 03-17949 (PCB)*

A registration statement relating to these securities has been filed with the Securities and Exchange Commission but has not yet become effective. These securities may not be sold nor may offers to buy be accepted prior to the time the registration statement becomes effective.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
SOLUTIA INC., et al.,                     :    Case No. 03-17949 (PCB)
                                          :
        Debtors.                          :    (Jointly Administered)
                                          :
---------------------------------------------------x
```

### INSTRUCTIONS TO RIGHTS EXERCISE FORM
### IN CONNECTION WITH SOLUTIA'S FIFTH AMENDED JOINT PLAN
### OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

> All Rights Exercise Forms must be received by the
> Subscription Agent no later than
> 5:00 p.m. (Prevailing Eastern Time) on November
> 26, 2007
> (the "Expiration Date").

To the Holders of General Unsecured Claims:

On October 19, 2007, Solutia Inc., together with its direct and indirect subsidiaries and its affiliates Solutia Business Enterprises Inc., Solutia Systems, Inc., Solutia Overseas, Inc., CPFilms Inc., Solutia Management Company, Inc., Monchem International, Inc., Axio Research Corporation, Solutia Investments, LLC, Beamer Road Management Company, Monchem, Inc., Solutia Inter-America, Inc., Solutia International Holding, LLC, Solutia Taiwan, Inc. and Solutia Greater China, Inc., as debtors and debtors in possession (collectively, "Solutia"), filed Solutia's Fifth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Amended Plan") and the accompanying Disclosure Statement forSolutia's Fifth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement"). Pursuant to the Amended Plan, each holder of a General Unsecured Claim or Noteholder Claim has the right to subscribe for New Common Stock based on such holder's Rights Participation Claim Amount (as described in Item 2 of the Rights Exercise Form). For a complete description of the Rights Offering see the accompanying Rights Offering Procedures (the "Rights Offering Procedures"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Rights Offering Procedures.

You have received the attached Rights Exercise Form because you have been identified as a holder of a General Unsecured Claim that is allowed for voting purposes on the amount set forth on the attached Rights Exercise Form. If you would like to participate in the Rights Offering and have not elected the Convenience Class treatment or Claims Transfer Option, please follow the instructions provided below to complete and return the attached Rights Exercise Form on or before the Expiration Date set forth above.

Questions. If you have any questions about this Rights Exercise Form or the exercise procedures described herein, please contact the Subscription Agent - Financial Balloting Group LLC at 646-282-1800.

If your Rights Exercise Form is not received by the Subscription Agent by the Expiration Date, your Rights will terminate and be cancelled.

To purchase New Common Stock pursuant to the Rights Offering:

*In re Solutia Inc. Case No.* 03-17949 (PCB)

1.  **Review** the amount in Item 1 below

2.  **Complete** the calculation in Item 2a below.

3.  **Complete** Item 2b, indicating the whole number of Initial Rights which you wish to exercise.

4.  **Complete** Item 2c, indicating a whole number of Additional Rights for which you wish to subscribe.

5.  **Please Note** that your election to exercise Rights will not be binding upon you unless and until your payment of the Total Exercise Price is received by the Subscription Agent, which payment will be requested after the Expiration Date.

6.  **Read and Complete** the certification in Item 3 and provide your fax number and email address in the spaces provided.

7.  **Return the Rights Exercise Form** in the pre-addressed envelope so that it is received by the Subscription Agent on or before the Expiration Date. Do not fax Rights Exercise Forms. Call the Subscription Agent, Financial Balloting Group, at 646-282-1800, to confirm receipt of payment.

<div align="center">

**Financial Balloting Group LLC**
**757 Third Avenue, 3rd Floor**
**New York, New York 10017**

</div>

*Before exercising any Rights you should read the Disclosure Statement, including the section entitled, "Risks Related to Solutia's Business and Industry" and the valuation of the Reorganized Debtors contained therein.*

*A written prospectus for the offering may be obtained from Financial Balloting Group, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017 or at www.fbgdocuments.com/soi.*

<div align="center">

2

</div>

*In re Solutia Inc. Case No. 03-17949 (PCB)*

### RIGHTS EXERCISE FORM FOR RIGHTS OFFERING
### IN CONNECTION WITH SOLUTIA'S FIFTH AMENDED JOINT PLAN
### OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

> **Please consult the Rights Offering Procedures for additional information with respect to this Rights Subscription Exercise Form.**
>
> **SUBSCRIPTION EXPIRATION DATE**
>
> **The Subscription Expiration Date is 5:00 p.m., Eastern Time on November 26, 2007, unless extended by the Debtors.**
>
> **Please provide your email address and fax number in Item 3 to ensure you receive any notices regarding your Rights in a timely manner.**

**Item 1. Rights Participation Claim Amount.** Pursuant to the Amended Plan, each holder of a General Unsecured Claim is entitled to participate in the Rights Offering to the extent of its "Rights Participation Claim Amount." Your Rights Participation Claim Amount is the amount of your General Unsecured Claim that is allowed for voting purposes pursuant to the Disclosure Statement Order. Specifically, for purposes of this Rights Exercise Form, your Rights Participation Claim Amount is:

$$\text{\$_____ [See back page for claim amount]}$$

Please refer to paragraph [___] of the Disclosure Statement Order for instructions with regard to the procedures for challenging the allowance of your General Unsecured Claim for voting purposes and your Rights Participation Claim Amount

**Item 2.**

    **2a. Calculation of Maximum Number of Initial Shares of New Common Stock.**[1] The Maximum Number of initial shares of New Common Stock for which you may subscribe is calculated as follows:

| _____ x | [____ ]² | = _____ |
|---|---|---|
| Rights Participation Claim Amount | | (Maximum Number of Initial Shares) Round down to Nearest Whole Number |

---

[1] To be completed as of the Record Date.

[2] [Amount to be inserted here will be calculated by dividing 85% of the number of shares of New Common Stock subject to the Rights Offering by the total of all Rights Participation Claim Amounts].

*In re Solutia Inc.* Case No. 03-17949 (PCB)

**2b. Exercise Amount.** By completing the following section, you are indicating that you are interested in purchasing the number of New Common Stock specified below (specify a whole number of New Common Stock not greater than the figure in Item 2a), at a price of $13.33 per share, on the terms of and subject to the conditions set forth in the Rights Offering Procedures.

| | | | |
|---|---|---|---|
| _____ <br> (Indicate number of initial shares of New Common Stock you elect to purchase) | X | $13.33 | $_____ |

**2c. Additional Rights Amount.** Only if you have exercised the maximum number of Rights in 2b, by completing the following section , you are indicating that you are interested in purchasing the number of additional shares of New Common Stock specified below, at a price of $13.33 per share, on the terms of and subject to the conditions set forth in the Rights Offering Procedures and the Amended Plan. A total of 15,936,703 shares of New Common Stock are available for purchase through the exercise of the Rights, provided, however, that the number of shares available for the exercise of Rights may be increased by up to 2,812,359 shares if the Backstop Parties do not exercise the Direct Purchase Option. There is no guarantee that any Additional Rights will be available for you to exercise.

| | | | |
|---|---|---|---|
| _____ <br> (Indicate number of additional shares of New Common Stock you elect to purchase) | X | $13.33 | $_____ |

A notice will be sent to you setting forth the Initial Rights you have elected to and are allowed to purchase, indicating the number of Additional Rights you have elected to and are allowed to exercise and setting forth the Total Exercise Price for such Rights. Payment for the underlying New Common Stock will be due by wire transfer, certified bank check or cashier's check within ten calendar days after the date of such notice. Any failure to timely pay for the exercise of such Rights will result in a revocation and relinquishment of such Rights.

2

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 3. Certifications.** I certify that (i) I am the holder, or the authorized signatory of the holder, of a General Unsecured Claim, and (ii) I am, or such holder is, entitled to participate in the Rights Offering to the extent of my, or such holder's, Rights Participation Claim Amount indicated under Item 1 above.  This certification is not an admission as to the ultimate allowed amount of such General Unsecured Claim.

Date: _____, 2007

Name of Holder:_____
                            (Print or Type)
Social Security or Federal Tax I.D. No.:_____

Signature:_____

Name of Person Signing:_____
                            (If other than holder)
Title (if corporation, partnership or LLC):_____

**Facsimile Number**[3]:_____

**Email Address:**_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

**PLEASE NOTE: NO EXERCISE OF RIGHTS WILL BE VALID UNLESS A PROPERLY COMPLETED AND SIGNED RIGHTS EXERCISE FORM IS RECEIVED BY THE SUBSCRIPTION AGENT ON OR BEFORE 5:00 P.M. EASTERN TIME ON November 26, 2007.**

---

[3] To ensure receipt of the notice regarding the Rights you are eligible to purchase, please provide your fax number and email address.

3

A registration statement relating to these securities has been filed with the Securities and Exchange Commission but has not yet become effective. These securities may not be sold nor may offers to buy be accepted prior to the time the registration statement becomes effective.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------x
                                                 :
In re                                            :    Chapter 11
                                                 :
SOLUTIA INC., et al.,                            :    Case No. 03-17949 (PCB)
                                                 :
            Debtors.                             :    (Jointly Administered)
                                                 :
-------------------------------------------------x
```

**MASTER RIGHTS EXERCISE FORM IN CONNECTION WITH**
**THE DEBTORS' FIFTH AMENDED JOINT PLAN OF REORGANIZATION**

**CLASS 12: NOTEHOLDER CLAIMS**

> **YOUR MASTER RIGHTS EXERCISE FORM MUST BE *RECEIVED* BY THE SUBSCRIPTION AGENT, BY 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007, THE EXPIRATION DATE FOR EXERCISE OF RIGHTS, OR THE ELECTIONS REPRESENTED BY YOUR MASTER RIGHTS EXERCISE FORM WILL NOT BE COUNTED.**

Solutia Inc. ("Solutia"), a debtor and debtor in possession, together with its debtor subsidiaries (collectively, the "Debtors"), have filed the Debtors' Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Amended Plan"). The Amended Plan is annexed as Exhibit A to the Debtors' Fifth Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement"). The Bankruptcy Court has approved the Disclosure Statement, which provides information to assist creditors in deciding how to vote on the Amended Plan. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Amended Plan by the Bankruptcy Court. There is also a Rights Offering being made to each "Eligible Holder," as defined in the Amended Plan. Please see the Rights Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section VIII.A.3(b) of the Disclosure Statement and Section V.H. of the Amended Plan for additional information about the Rights Offering.

The debentures consist of Solutia's 6.72% Debentures due October 15, 2037 (the "Notes").

This Master Rights Exercise Form is to be used by you, as a broker, bank, or other nominee (or as their proxy holder or agent), for beneficial owners, as of October 22, 2007, to transmit the elections of such beneficial owners with regard to their interest in subscribing for Rights pursuant to the Rights Offering. Please take any action required to enable each beneficial owner to timely complete its Rights Offering form.

A written prospectus for the offering may be obtained from Financial Balloting Group, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017 or at www.fbgdocuments.com/soi.

Before you transmit such elections, please carefully review the Disclosure Statement and the Rights Offering Procedures. If you do not have a copy of the Disclosure Statement, you may obtain such copy by contacting the Debtors' subscription agent (the "Subscription Agent"), Financial Balloting Group LLC, at 646-282-1800. **THIS MASTER RIGHTS EXERCISE FORM RELATES ONLY TO YOUR CUSTOMERS' RIGHT TO ELECTIONS FOR THE RIGHTS OFFERING ON ACCOUNT OF THE NOTES YOU HOLD FOR THEIR ACCOUNTS.**

**MASTER RIGHTS EXERCISE**
**FORM CODE [ ]**

K&E 12039694.20

*In re Solutia Inc. Case No.* 03-17949 (PCB)

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON AN AGENT OF ANY OF THE DEBTORS OR THE SUBSCRIPTION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE AMENDED PLAN.

## IMPORTANT

PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY.  COMPLETE, SIGN, AND DATE THIS MASTER RIGHTS EXERCISE FORM, AND RETURN IT SO THAT IT IS RECEIVED BY THE SUBSCRIPTION AGENT ON OR BEFORE THE EXPIRATION DATE FOR EXERCISE OF RIGHTS BY 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007.  IF THIS MASTER RIGHTS EXERCISE FORM IS NOT COMPLETED, SIGNED, AND RECEIVED ON OR BEFORE THE EXPIRATION DATE FOR EXERCISE OF RIGHTS, THE ELECTIONS TRANSMITTED BY THIS MASTER RIGHTS EXERCISE FORM WILL NOT BE COUNTED.

You should review the Disclosure Statement, the Amended Plan and the instructions contained herein before you elect to participate in the Rights Offering.  You or the beneficial owners of the Notes for whom you are the nominee may wish to seek legal advice concerning the Rights Offering.

Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Plan.

Please see the Rights Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section VIII.A.3(b) of the Disclosure Statement and Section V.H. of the Amended Plan for additional information about the Rights Offering.

**Item 1.  Certification of Authority to Make Elections.**  The undersigned certifies that it is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Notes listed in Item 2 below as of October 22, 2007, or is the registered holder of such securities; and accordingly, has full power and authority to elect to participate in the Rights Offering on behalf of the beneficial owners of the Notes listed in Item 2.

2

**Item 2. Noteholder Claims (Class 12) Election to Participate in the Rights Offering – Number of Beneficial Owners.** The undersigned certifies that as of October 22, 2007, the following beneficial owners of the Notes, as identified by their respective customer account numbers, were beneficial owners of the Notes in the following principal amount (upon stated maturity) (insert amount in the boxes below) who wish to make the following elections with regard to the Rights Offering. For purposes of this Master Rights Exercise Form, do not adjust the principal amount for any accrued or unmatured interest or any accretion factor.

| Customer Name or Account Number for Each Beneficial Owner | Principal Amount Held as of the Record Date | Maximum Number of Initial Shares of New Common Stock (Round down to nearest whole number) X[Factor][1] = | Number of Initial Shares of New Common Stock Beneficial Owner Elects to Purchase | Number of Additional Shares of New Common Stock Beneficial Owner Elects to Purchase |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |
| TOTALS | | | | |

IF YOU ARE ACTING AS A NOMINEE FOR MORE THAN TEN BENEFICIAL OWNERS OF NOTES, PLEASE ATTACH ADDITIONAL SHEETS, AS NECESSARY.

---

[1] [Amount to be inserted will be calculated by dividing 85% of the number of shares of New Common Stock subject to the Rights Offering by the total of all Rights Participation Claim Amounts].

3

*In re Solutia Inc. Case No. 03-17949 (PCB)*

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 3: Certification.** By signing this Master Rights Exercise Form, the undersigned certifies that each beneficial owner of Notes listed in Item 2, above, has been provided with a copy of the Rights Offering Procedures and the Disclosure Statement, including the exhibits thereto, and certifies and acknowledges that the right to elections for the Rights Offering is subject to all the terms and conditions set forth in the Disclosure Statement and Rights Offering Procedures.

Name of Broker, Bank or other Nominee:

_____
(Print or Type)

Participant Number: _____

Name of Proxy Holder or Agent for Broker,
Bank or Other Nominee (if applicable):

_____
(Print or Type)
Social Security or Federal Tax I.D. No.:_____
(If Applicable)

Signature: _____

Print Name: _____

Title:_____
(If Appropriate)

**Facsimile Number\*:**_____

**Email Address\*:**_____

Street Address: _____

City, State, Zip Code:_____

Telephone: (____)_____

Date Completed:_____

**\* TO ENSURE RECEIPT OF THE NOTICE REGARDING THE RIGHTS YOUR CLIENTS ARE ELIGIBLE TO PURCHASE, PLEASE PROVIDE YOUR FAX NUMBER AND EMAIL ADDRESS.**

*In re Solutia Inc. Case No.* 03-17949 (PCB)

THIS MASTER RIGHTS EXERCISE FORM MUST BE RECEIVED BY THE SUBSCRIPTION AGENT AT THE ADDRESS LISTED BELOW, BEFORE 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007, OR THE RIGHTS TRANSMITTED HEREBY WILL NOT BE COUNTED.

FINANCIAL BALLOTING GROUP LLC
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (646) 282-1800

PLEASE NOTE:  THE SUBSCRIPTION AGENT WILL *NOT* ACCEPT MASTER RIGHTS EXERCISE FORMS BY FACSIMILE TRANSMISSION OR ELECTRONIC MAIL.

NOTE ABOUT PAYMENT

Following the Expiration Date, a notice will be sent to you setting forth the Initial Rights your clients have elected to and are allowed to purchase, indicating the number of Additional rights your clients have elected to and are allowed to exercise and setting forth the Total Exercise Price for such Rights.  Payment for the underlying New Common Stock will be due by wire transfer within ten days after the date of such notice.  Any failure to timely pay for the exercise of such Rights will result in a revocation and relinquishment of such Rights.

6

*In re Solutia Inc.* Case No. 03-17949 (PCB)

### INSTRUCTIONS FOR COMPLETING THE MASTER RIGHTS EXERCISE FORM

**EXPIRATION DATE/SUBSCRIPTION AGENT:**

**The Expiration Date for the Exercise of Rights is 5:00 p.m., Eastern time, on November 26, 2007.** To elect to participate in the Rights Offering, you must complete, sign, and return this Master Rights Exercise Form so that it is received by the Subscription Agent at the following address no later than the Expiration Date:

> Financial Balloting Group LLC
> 757 Third Avenue, 3rd Floor
> New York, New York 10017
> 646-282-1800

**In order to effect a subscription on behalf of any Beneficial Owner, you must take the following steps:**

a.   Review the certification in Item 1;

b.   In Item 2 of this Master Rights Exercise Form, indicate the principal amount of Notes to participate in the Rights Offering, as transmitted to you by the beneficial owners of the Notes. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number). Please include information on the principal amount held, the maximum number of Initial Shares for which the account is eligible to subscribe, the number of Initial Shares the account elects to purchase, and the number of Additional Shares the account elects to purchase.

c.   Review the certification in Item 3 of the Master Rights Exercise Form;

d.   In Item 3, sign and date the Master Rights Exercise Form, and provide the remaining information requested;

e.   If additional space is required to respond to Item 2 on the Master Rights Exercise Form, please use additional sheets of paper containing the requested information;

f.   Contact the Subscription Agent to arrange for delivery of the completed Master Rights Exercise Form to its offices; and

g.   Deliver the completed, executed Master Rights Exercise Form so as to be *received* by the Subscription Agent before the Expiration Date. For each completed, executed Form returned to you by a beneficial owner, either forward such Form (along with your Master Rights Exercise Form) to the Subscription Agent or retain such Form in your files for one year from the Expiration Date.

h.   Following the Expiration Date, a notice will be sent to you setting forth the Initial Rights your clients have elected to and are allowed to purchase, indicating the number of Additional rights your clients have elected to and are allowed to exercise and setting forth the Total Exercise Price for such Rights. Payment for the underlying New Common Stock will be due by wire transfer within [ten] days after the date of such notice. Any failure to timely pay for the exercise of such Rights will result in a revocation and relinquishment of such Rights.

7

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**PLEASE NOTE:**

No Form or Master Rights Exercise Form shall constitute or be deemed to be a proof of Claim or equity interest or an assertion of a Claim or equity interest.

**No fees, commissions, or other remuneration will be payable** to any broker, bank, dealer, nominee, or other person for soliciting elections to participate in the Rights Offering. The Debtors will, however, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Forms and other enclosed materials to the beneficial owners of the Notes held by you as a nominee or in a fiduciary capacity.

Please see the Rights Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section VIII.A.3(b) of the Disclosure Statement and Section V.H. of the Amended Plan for additional information about the Rights Offering.

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER RIGHTS EXERCISE FORM OR THE RIGHTS OFFERING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER RIGHTS EXERCISE FORMS, RIGHTS EXERCISE FORMS, THE DISCLOSURE STATEMENT, RIGHTS OFFERING PROCEDURES, OR OTHER RELATED MATERIALS, PLEASE CALL THE SUBSCRIPTION AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.**

---

8

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**A registration statement relating to these securities has been filed with the Securities and Exchange Commission but has not yet become effective. These securities may not be sold nor may offers to buy be accepted prior to the time the registration statement becomes effective.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------x
                                               :
In re                                          :    Chapter 11
                                               :
SOLUTIA INC., et al.,                          :    Case No. 03-17949 (PCB)
                                               :
            Debtors.                           :    (Jointly Administered)
                                               :
-----------------------------------------------x
```

**MASTER RIGHTS EXERCISE FORM IN CONNECTION WITH**
**THE DEBTORS' FIFTH AMENDED JOINT PLAN OF REORGANIZATION**

**CLASS 12:  NOTEHOLDER CLAIMS**

> **YOUR MASTER RIGHTS EXERCISE FORM MUST BE *RECEIVED* BY THE SUBSCRIPTION AGENT, BY 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007, THE EXPIRATION DATE FOR EXERCISE OF RIGHTS, OR THE ELECTIONS REPRESENTED BY YOUR MASTER RIGHTS EXERCISE FORM WILL NOT BE COUNTED.**

Solutia Inc. ("Solutia"), a debtor and debtor in possession, together with its debtor subsidiaries (collectively, the "Debtors"), have filed the Debtors' Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Amended Plan"). The Amended Plan is annexed as <u>Exhibit A</u> to the Debtors' Fifth Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement"). The Bankruptcy Court has approved the Disclosure Statement, which provides information to assist creditors in deciding how to vote on the Amended Plan. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Amended Plan by the Bankruptcy Court. There is also a Rights Offering being made to each "Eligible Holder," as defined in the Amended Plan. Please see the Rights Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section VIII.A.3(b) of the Disclosure Statement and Section V.H. of the Amended Plan for additional information about the Rights Offering.

The debentures consist of Solutia's 7.375% Debentures Due October 15, 2027 (the "Notes").

This Master Rights Exercise Form is to be used by you, as a broker, bank, or other nominee (or as their proxy holder or agent), for beneficial owners, as of October 22, 2007, to transmit the elections of such beneficial owners with regard to their interest in subscribing for Rights pursuant to the Rights Offering. Please take any action required to enable each beneficial owner to timely complete its Rights Offering form.

A written prospectus for the offering may be obtained from Financial Balloting Group, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017 or at www.fbgdocuments.com/soi.

Before you transmit such elections, please carefully review the Disclosure Statement and the Rights Offering Procedures. If you do not have a copy of the Disclosure Statement, you may obtain such copy by contacting the Debtors' subscription agent (the "Subscription Agent"), Financial Balloting Group LLC, at 646-282-1800. **THIS MASTER RIGHTS EXERCISE FORM RELATES ONLY TO YOUR CUSTOMERS' RIGHT TO ELECTIONS FOR THE RIGHTS OFFERING ON ACCOUNT OF THE NOTES YOU HOLD FOR THEIR ACCOUNTS.**

MASTER RIGHTS EXERCISE
FORM CODE [    ]

K&E 12039694.20

*In re Solutia Inc.* Case No. 03-17949 (PCB)

---

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON AN AGENT OF ANY OF THE DEBTORS OR THE SUBSCRIPTION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE AMENDED PLAN.

---

### IMPORTANT

PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER RIGHTS EXERCISE FORM, AND RETURN IT SO THAT IT IS RECEIVED BY THE SUBSCRIPTION AGENT ON OR BEFORE THE EXPIRATION DATE FOR EXERCISE OF RIGHTS BY 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007. IF THIS MASTER RIGHTS EXERCISE FORM IS NOT COMPLETED, SIGNED, AND RECEIVED ON OR BEFORE THE EXPIRATION DATE FOR EXERCISE OF RIGHTS, THE ELECTIONS TRANSMITTED BY THIS MASTER RIGHTS EXERCISE FORM WILL NOT BE COUNTED.

You should review the Disclosure Statement, the Amended Plan and the instructions contained herein before you elect to participate in the Rights Offering. You or the beneficial owners of the Notes for whom you are the nominee may wish to seek legal advice concerning the Rights Offering.

Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Plan.

Please see the Rights Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section VIII.A.3(b) of the Disclosure Statement and Section V.H. of the Amended Plan for additional information about the Rights Offering.

---

**Item 1. Certification of Authority to Make Elections.** The undersigned certifies that it is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the Notes listed in Item 2 below as of October 22, 2007, or is the registered holder of such securities; and accordingly, has full power and authority to elect to participate in the Rights Offering on behalf of the beneficial owners of the Notes listed in Item 2.

2

*In re Solutia Inc. Case No. 03-17949 (PCB)*

**Item 2. Noteholder Claims (Class 12) Election to Participate in the Rights Offering -- Number of Beneficial Owners.** The undersigned certifies that as of October 22, 2007, the following beneficial owners of the Notes, as identified by their respective customer account numbers, were beneficial owners of the Notes in the following principal amount (upon stated maturity) (insert amount in the boxes below) who wish to make the following elections with regard to the Rights Offering. For purposes of this Master Rights Exercise Form, do not adjust the principal amount for any accrued or unmatured interest or any accretion factor.

| Customer Name or Account Number for Each Beneficial Owner | Principal Amount Held as of the Record Date | X[Factor][1] = | Maximum Number of Initial Shares of New Common Stock (Round down to nearest whole number) | Number of Initial Shares of New Common Stock Beneficial Owner Elects to Purchase | Number of Additional Shares of New Common Stock Beneficial Owner Elects to Purchase |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
| **TOTALS** | | | | | |

IF YOU ARE ACTING AS A NOMINEE FOR MORE THAN TEN BENEFICIAL OWNERS OF NOTES, PLEASE ATTACH ADDITIONAL SHEETS, AS NECESSARY.

---
[1] [Amount to be inserted will be calculated by dividing 85% of the number of shares of New Common Stock subject to the Rights Offering by the total of all Rights Participation Claim Amounts].

3

*In re Solutia Inc. Case No. 03-17949 (PCB)*

4

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 3:  Certification.**  By signing this Master Rights Exercise Form, the undersigned certifies that each beneficial owner of Notes listed in Item 2, above, has been provided with a copy of the Rights Offering Procedures and the Disclosure Statement, including the exhibits thereto, and certifies and acknowledges that the right to elections for the Rights Offering is subject to all the terms and conditions set forth in the Disclosure Statement and Rights Offering Procedures.

Name of Broker, Bank or other Nominee:

_____

(Print or Type)

Participant Number: _____

Name of Proxy Holder or Agent for Broker,
Bank or Other Nominee (if applicable):

_____

(Print or Type)

Social Security or Federal Tax I.D. No.:_____

(If Applicable)

Signature: _____

Print Name: _____

Title:_____

(If Appropriate)

**Facsimile Number\*:**_____

**Email Address\*:**_____

Street Address: _____

City, State, Zip Code:_____

Telephone: (___)_____

Date Completed:_____

**\* TO ENSURE RECEIPT OF THE NOTICE REGARDING THE RIGHTS YOUR CLIENTS ARE ELIGIBLE TO PURCHASE, PLEASE PROVIDE YOUR FAX NUMBER AND EMAIL ADDRESS.**

MASTER RIGHTS EXERCISE
FORM CODE [__]

K&E 12039694.20

*In re Solutia Inc. Case No.* 03-17949 (PCB)

THIS MASTER RIGHTS EXERCISE FORM MUST BE RECEIVED BY THE SUBSCRIPTION AGENT AT THE ADDRESS LISTED BELOW, BEFORE 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007, OR THE RIGHTS TRANSMITTED HEREBY WILL NOT BE COUNTED.

**FINANCIAL BALLOTING GROUP LLC**
**757 THIRD AVENUE, 3RD FLOOR**
**NEW YORK, NEW YORK 10017**
**TELEPHONE: (646) 282-1800**

PLEASE NOTE: THE SUBSCRIPTION AGENT WILL *NOT* ACCEPT MASTER RIGHTS EXERCISE FORMS BY FACSIMILE TRANSMISSION OR ELECTRONIC MAIL.

---

### NOTE ABOUT PAYMENT

Following the Expiration Date, a notice will be sent to you setting forth the Initial Rights your clients have elected to and are allowed to purchase, indicating the number of Additional rights your clients have elected to and are allowed to exercise and setting forth the Total Exercise Price for such Rights. Payment for the underlying New Common Stock will be due by wire transfer within ten days after the date of such notice. Any failure to timely pay for the exercise of such Rights will result in a revocation and relinquishment of such Rights.

2

*In re Solutia Inc.* Case No. 03-17949 (PCB)

## INSTRUCTIONS FOR COMPLETING THE MASTER RIGHTS EXERCISE FORM

**EXPIRATION DATE/SUBSCRIPTION AGENT:**

The **Expiration Date** for the Exercise of Rights is **5:00 p.m.**, Eastern time, on **November 26, 2007**. To elect to participate in the Rights Offering, you must complete, sign, and return this Master Rights Exercise Form so that it is received by the Subscription Agent at the following address no later than the Expiration Date:

> Financial Balloting Group LLC
> 757 Third Avenue, 3rd Floor
> New York, New York 10017
> 646-282-1800

**In order to effect a subscription on behalf of any Beneficial Owner, you must take the following steps:**

a. Review the certification in Item 1;

b. In Item 2 of this Master Rights Exercise Form, indicate the principal amount of Notes to participate in the Rights Offering, as transmitted to you by the beneficial owners of the Notes. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number). Please include information on the principal amount held, the maximum number of Initial Shares for which the account is eligible to subscribe, the number of Initial Shares the account elects to purchase, and the number of Additional Shares the account elects to purchase.

c. Review the certification in Item 3 of the Master Rights Exercise Form;

d. In Item 3, sign and date the Master Rights Exercise Form, and provide the remaining information requested;

e. If additional space is required to respond to Item 2 on the Master Rights Exercise Form, please use additional sheets of paper containing the requested information;

f. Contact the Subscription Agent to arrange for delivery of the completed Master Rights Exercise Form to its offices; and

g. Deliver the completed, executed Master Rights Exercise Form so as to be *received* by the Subscription Agent before the Expiration Date. For each completed, executed Form returned to you by a beneficial owner, either forward such Form (along with your Master Rights Exercise Form) to the Subscription Agent or retain such Form in your files for one year from the Expiration Date.

h. Following the Expiration Date, a notice will be sent to you setting forth the Initial Rights your clients have elected to and are allowed to purchase, indicating the number of Additional rights your clients have elected to and are allowed to exercise and setting forth the Total Exercise Price for such Rights. Payment for the underlying New Common Stock will be due by wire transfer within [ten] days after the date of such notice. Any failure to timely pay for the exercise of such Rights will result in a revocation and relinquishment of such Rights.

3

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**PLEASE NOTE:**

No Form or Master Rights Exercise Form shall constitute or be deemed to be a proof of Claim or equity interest or an assertion of a Claim or equity interest.

**No fees, commissions, or other remuneration will be payable** to any broker, bank, dealer, nominee, or other person for soliciting elections to participate in the Rights Offering. The Debtors will, however, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Forms and other enclosed materials to the beneficial owners of the Notes held by you as a nominee or in a fiduciary capacity.

Please see the Rights Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section VIII.A.3(b) of the Disclosure Statement and Section V.H. of the Amended Plan for additional information about the Rights Offering.

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER RIGHTS EXERCISE FORM OR THE RIGHTS OFFERING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER RIGHTS EXERCISE FORMS, RIGHTS EXERCISE FORMS, THE DISCLOSURE STATEMENT, RIGHTS OFFERING PROCEDURES, OR OTHER RELATED MATERIALS, PLEASE CALL THE SUBSCRIPTION AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.**

---

4

*In re Solutia Inc. Case No.* 03-17949 (PCB)

A registration statement relating to these securities has been filed with the Securities and Exchange Commission but has not yet become effective. These securities may not be sold nor may offers to buy be accepted prior to the time the registration statement becomes effective.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------x
In re                                           :
                                                :   Chapter 11
SOLUTIA INC., et al.,                           :
                                                :   Case No. 03-17949 (PCB)
              Debtors.                          :
                                                :   (Jointly Administered)
------------------------------------------------x
```

**MASTER RIGHTS EXERCISE FORM IN CONNECTION WITH
THE DEBTORS' FIFTH AMENDED JOINT PLAN OF REORGANIZATION**

**CLASS 20:** EQUITY INTERESTS IN SOLUTIA

> **YOUR MASTER RIGHTS EXERCISE FORM MUST BE *RECEIVED* BY THE SUBSCRIPTION AGENT, BY 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007, THE EXPIRATION DATE FOR EXERCISE OF RIGHTS, OR THE ELECTIONS REPRESENTED BY YOUR MASTER RIGHTS EXERCISE FORM WILL NOT BE COUNTED.**

Solutia Inc. ("Solutia"), a debtor and debtor in possession, together with its debtor subsidiaries (collectively, the "Debtors"), have filed the Debtors' Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Amended Plan"). The Amended Plan is annexed as <u>Exhibit A</u> to the Debtors' Fifth Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement"). The Bankruptcy Court has approved the Disclosure Statement, which provides information to assist creditors in deciding how to vote on the Amended Plan. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Amended Plan by the Bankruptcy Court. There is also a Rights Offering being made to each "Eligible Holder," as defined in the Amended Plan. Please see the Rights Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section VIII.A.3(b) of the Disclosure Statement and Section V.H. of the Amended Plan for additional information about the Rights Offering.

This Master Rights Exercise Form is to be used by you, as a broker, bank, or other nominee (or as their proxy holder or agent), for beneficial owners, as of October 22, 2007, to transmit the elections of such beneficial owners with regard to their interest in subscribing for Rights pursuant to the Rights Offering. Please take any action required to enable each beneficial owner to timely complete its Rights Offering form.

A written prospectus for the offering may be obtained from Financial Balloting Group, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017 or at www.fbgdocuments.com/soi.

Before you transmit such elections, please carefully review the Disclosure Statement and the Rights Offering Procedures. If you do not have a copy of the Disclosure Statement, you may obtain such copy by contacting the Debtors' subscription agent (the "Subscription Agent"), Financial Balloting Group LLC, at 646-282-1800. **THIS MASTER RIGHTS EXERCISE FORM RELATES ONLY TO YOUR CUSTOMERS' RIGHT TO ELECTIONS FOR THE RIGHTS OFFERING ON ACCOUNT OF THE EQUITY INTERESTS IN SOLUTIA YOU HOLD FOR THEIR ACCOUNTS.**

**MASTER RIGHTS EXERCISE
FORM CODE [    ]**

K&E 12039694.20

*In re Solutia Inc. Case No.* 03-17949 (PCB)

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON AN AGENT OF ANY OF THE DEBTORS OR THE SUBSCRIPTION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE AMENDED PLAN.

## IMPORTANT

PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER RIGHTS EXERCISE FORM, AND RETURN IT SO THAT IT IS RECEIVED BY THE SUBSCRIPTION AGENT ON OR BEFORE THE EXPIRATION DATE FOR EXERCISE OF RIGHTS BY 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007. IF THIS MASTER RIGHTS EXERCISE FORM IS NOT COMPLETED, SIGNED, AND RECEIVED ON OR BEFORE THE EXPIRATION DATE FOR EXERCISE OF RIGHTS, THE ELECTIONS TRANSMITTED BY THIS MASTER RIGHTS EXERCISE FORM WILL NOT BE COUNTED.

You should review the Disclosure Statement, the Amended Plan and the instructions contained herein before you elect to participate in the Rights Offering. You or the beneficial owners of the Equity Interests in Solutia for whom you are the nominee may wish to seek legal advice concerning the Rights Offering.

Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Plan.

Please see the Rights Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section VIII.A.3(b) of the Disclosure Statement and Section V.H. of the Amended Plan for additional information about the Rights Offering.

**Item 1. Certification of Authority to Make Elections.** The undersigned certifies that it is a broker, bank, or other nominee that was the record holder of the Equity Interests in Solutia described in Item 2 below as of October 22, 2007, on behalf of the beneficial owners described therein; and accordingly, has full power and authority to elect to participate in the Rights Offering on behalf of the beneficial owners of the shares listed in Item 2.

2

*In re Solutia Inc. Case No. 03-17949 (PCB)*

**Item 2. Equity Interests in Solutia (Class 20) Election to Participate in the Rights Offering – Number of Beneficial Owners.** The undersigned certifies that as of October 22, 2007, the following beneficial owners of the Equity Interests in Solutia, as identified by their respective customer account numbers, were beneficial owners of Equity Interests in Solutia in the following aggregate principal amount (insert amount in the boxes below) who wish to make the following elections with regard to the Rights Offering.

| Customer Name or Account Number for Each Beneficial Owner | Number of Shares of Equity Interests in Solutia Held as of the Record Date | X[Factor]$^1$ = | Maximum Number of Initial Shares of New Common Stock (Round down to nearest whole number) | Number of Initial Shares of New Common Stock Beneficial Owner Elects to Purchase | Number of Additional Shares of New Common Stock Beneficial Owner Elects to Purchase |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
| TOTALS | | | | | |

IF YOU ARE ACTING AS A NOMINEE FOR MORE THAN TEN BENEFICIAL OWNERS OF EQUITY INTERESTS IN SOLUTIA, PLEASE ATTACH ADDITIONAL SHEETS, AS NECESSARY.

---

$^1$ [Amount to be inserted will be calculated by dividing 85% of the number of shares of New Common Stock subject to the Rights Offering by the total of all Rights Participation Claim Amounts].

3

*In re Solutia Inc. Case No. 03-17949 (PCB)*

4

*In re Solutia Inc. Case No. 03-17949 (PCB)*

**Item 3: Certification.** By signing this Master Rights Exercise Form, the undersigned certifies that each beneficial owner of Equity Interests in Solutia listed in Item 2, above, has been provided with a copy of the Rights Offering Procedures and the Disclosure Statement, including the exhibits thereto, and certifies and acknowledges that the right to elections for the Rights Offering is subject to all the terms and conditions set forth in the Disclosure Statement and Rights Offering Procedures.

Name of Broker, Bank or other Nominee:

_____
(Print or Type)

Participant Number: _____

Name of Proxy Holder or Agent for Broker,
Bank or Other Nominee (if applicable):

_____
(Print or Type)

Social Security or Federal Tax I.D. No.:_____
(If Applicable)

Signature: _____

Print Name: _____

Title:_____
(If Appropriate)

**Facsimile Number\*:**_____

**Email Address\*:**_____

Street Address: _____

City, State, Zip Code:_____

Telephone: (____)_____

Date Completed:_____

**\* TO ENSURE RECEIPT OF THE NOTICE REGARDING THE RIGHTS YOUR CLIENTS ARE ELIGIBLE TO PURCHASE, PLEASE PROVIDE YOUR FAX NUMBER AND EMAIL ADDRESS.**

*In re Solutia Inc. Case No.* 03-17949 (PCB)

THIS MASTER RIGHTS EXERCISE FORM MUST BE RECEIVED BY THE SUBSCRIPTION AGENT AT THE ADDRESS LISTED BELOW, BEFORE 5:00 P.M., EASTERN TIME, ON NOVEMBER 26, 2007, OR THE RIGHTS TRANSMITTED HEREBY WILL NOT BE COUNTED.

FINANCIAL BALLOTING GROUP LLC
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (646) 282-1800

PLEASE NOTE:  THE SUBSCRIPTION AGENT WILL *NOT* ACCEPT MASTER RIGHTS EXERCISE FORMS BY FACSIMILE TRANSMISSION OR ELECTRONIC MAIL.

NOTE ABOUT PAYMENT

Following the Expiration Date, a notice will be sent to you setting forth the Initial Rights your clients have elected to and are allowed to purchase, indicating the number of Additional rights your clients have elected to and are allowed to exercise and setting forth the Total Exercise Price for such Rights.  Payment for the underlying New Common Stock will be due by wire transfer within ten days after the date of such notice.  Any failure to timely pay for the exercise of such Rights will result in a revocation and relinquishment of such Rights.

6

*In re Solutia Inc. Case No.* 03-17949 (PCB)

## INSTRUCTIONS FOR COMPLETING THE MASTER RIGHTS EXERCISE FORM

**EXPIRATION DATE/SUBSCRIPTION AGENT:**

**The Expiration Date for the Exercise of Rights is 5:00 p.m., Eastern time, on November 26, 2007**. To elect to participate in the Rights Offering, you must complete, sign, and return this Master Rights Exercise Form so that it is received by the Subscription Agent at the following address no later than the Expiration Date:

> Financial Balloting Group LLC
> 757 Third Avenue, 3rd Floor
> New York, New York 10017
> 646-282-1800

**In order to effect a subscription on behalf of any Beneficial Owner, you must take the following steps:**

(a)    Review the certification in Item 1;

(b)    In Item 2 of this Master Rights Exercise Form, indicate the aggregate principal amount of the Equity Interests in Solutia to participate in the Rights Offering, as transmitted to you by the beneficial owners of the Equity Interests in Solutia. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number). Please include information on the number of shares of Equity Interests in Solutia held, the maximum number of Initial Shares for which the account is eligible to subscribe, the number of Initial Shares the account elects to purchase, and the number of Additional Shares the account elects to purchase

(c)    Review the certification in Item 3 of the Master Rights Exercise Form;

(d)    In Item 3, sign and date the Master Rights Exercise Form, and provide the remaining information requested;

(e)    If additional space is required to respond to Item 2 on the Master Rights Exercise Form, please use additional sheets of paper containing the requested information;

(f)    Contact the Subscription Agent to arrange for delivery of the completed Master Rights Exercise Form to its offices; and

(g)    Deliver the completed, executed Master Rights Exercise Form so as to be *received* by the Subscription Agent before the Expiration Date. For each completed, executed Form returned to you by a beneficial owner, either forward such Form (along with your Master Rights Exercise Form) to the Subscription Agent or retain such Form in your files for one year from the Expiration Date.

(h)    Following the Expiration Date, a notice will be sent to you setting forth the Initial Rights your clients have elected to and are allowed to purchase, indicating the number of Additional rights your clients have elected to and are allowed to exercise and setting forth the Total Exercise Price for such Rights. Payment for the underlying New Common Stock will be due by wire transfer within [ten] days after the date of such notice. Any failure to timely pay for the exercise of such Rights will result in a revocation and relinquishment of such Rights.

7

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**PLEASE NOTE:**

No Form or Master Rights Exercise Form shall constitute or be deemed to be a proof of Claim or equity interest or an assertion of a Claim or equity interest.

**No fees, commissions, or other remuneration will be payable** to any broker, bank, dealer, nominee, or other person for soliciting elections to participate in the Rights Offering. The Debtors will, however, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Forms and other enclosed materials to the beneficial owners of the Equity Interests held by you as a nominee or in a fiduciary capacity.

Please see the Rights Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section VIII.A.3(b) of the Disclosure Statement and Section V.H. of the Amended Plan for additional information about the Rights Offering.

> **IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER RIGHTS EXERCISE FORM OR THE RIGHTS OFFERING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER RIGHTS EXERCISE FORMS, RIGHTS EXERCISE FORMS, THE DISCLOSURE STATEMENT, RIGHTS OFFERING PROCEDURES, OR OTHER RELATED MATERIALS, PLEASE CALL THE SUBSCRIPTION AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.**

8

**Exhibit G**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                      :
In re                                 :    Chapter 11
                                      :
SOLUTIA INC., et al.,                 :    Case No. 03-17949 (PCB)
                                      :
                 Debtors.             :    (Jointly Administered)
                                      :
-----------------------------------------------------------x
```

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO HOLDERS OF SOLUTIA INC. COMMON**
**STOCK WHO ARE NOT ENTITLED TO VOTE ON SOLUTIA'S FIFTH AMENDED JOINT**
**PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

PLEASE TAKE NOTICE that on October 19, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Court") approved Solutia's Fifth Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement), for Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Amended Plan"), for use by the above-captioned debtors and debtors in possession (collectively, "Solutia") in soliciting acceptances or rejections of the Amended Plan from holders of certain impaired claims who are entitled to vote to accept to reject the Amended Plan and who are (or may be) entitled to receive distributions under the Amended Plan.

PLEASE TAKE FURTHER NOTICE that this Notice of Non-Voting Status is being sent to holders of existing Solutia Inc. common stock ("Solutia Stock") who are classified in Class 20 (Equity Interests in Solutia) who, according to Solutia's records, hold less than 11 shares of Solutia Stock.

**UNDER THE TERMS OF THE AMENDED PLAN, HOLDERS OF SOLUTIA STOCK CLASSIFIED IN**
**CLASS 20 (EQUITY INTERESTS IN SOLUTIA) WHO HOLD LESS THAN 11 SHARES OF SOLUTIA**
**STOCK AS OF THE RECORD DATE ARE NOT RECEIVING A DISTRIBUTION UNDER THE**
**AMENDED PLAN AND ARE NOT ENTITLED TO VOTE ON THE AMENDED PLAN.**

**NOTWITHSTANDING THIS NOTICE OF NON-VOTING STATUS, YOU HAVE THE RIGHT TO (i)**
**CONTEST YOUR NON-VOTING STATUS AND (ii) OBJECT TO CONFIRMATION OF THE AMENDED**
**PLAN.**

**If you believe that you may have a claim or interest against Solutia that has been misclassified and which**
**entitles you to vote on the Amended Plan, then you should (i) file with the Court and serve on counsel to**
**Solutia a motion for an order, pursuant to rule 3018(a) of the Federal Rules of Bankruptcy Procedure,**
**temporarily allowing such claim in a different class for purposes of voting to accept or reject the Amended**
**Plan on or before November 5, 2007 or, if Solutia's file an objection to your claim after you receive this Notice**
**of Non-Voting Status, ten (10) calendar days after service of notice of that objection, and (ii) request a ballot**
**from Solutia's voting agent at the address or telephone number set forth below.  In accordance with**
**Bankruptcy Rule 3018, if you file such a motion, your ballot will not be counted unless temporarily allowed**
**by the Court for voting purposes.**

**If you have any questions about your Solutia Stock or would like to request a copy of the Amended Plan or**
**the Disclosure Statement, you should contact Solutia's voting agent, Financial Balloting Group LLC, at 757**
**Third Avenue, 3rd floor, New York, New York 10017, or at [_____].  Copies of the Amended Plan,**
**the Disclosure Statement, and the related solicitation materials will also be available on Solutia's website at**
**www.solutia.com/reorganization and the voting agent's website at www.fbgdocuments.com/soi.**

*In re Solutia Inc. Case No.* 03-17949 (PCB)

Dated:    New York, New York          KIRKLAND & ELLIS LLP
          [INSERT DATE]                Citigroup Center
                                       153 East 53rd Street
                                       New York, New York  10022

                                       Attorneys for the Debtors and Debtors in Possession

2

Exhibit H

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------x
                                    :
In re                               :     Chapter 11
                                    :
SOLUTIA INC., et al.,               :     Case No. 03-17949 (PCB)
                                    :
              Debtors.              :     (Jointly Administered)
                                    :
---------------------------------------------------x
```

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO HOLDERS OF AXIO
CLAIMS DEEMED TO REJECT SOLUTIA'S FIFTH AMENDED JOINT
PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

PLEASE TAKE NOTICE that on October 19, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Court") approved Solutia's Fifth Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement), for Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Amended Plan"), for use by the above-captioned debtors and debtors in possession (collectively, "Solutia") in soliciting acceptances or rejections of the Amended Plan from holders of certain impaired claims who are entitled to vote to accept to reject the Amended Plan and who are (or may be) entitled to receive distributions under the Amended Plan.

PLEASE TAKE FURTHER NOTICE that this Notice of Non-Voting Status is being sent to holders of claims in Class 18 (Axio Claims) who are impaired and therefore are (i) deemed to reject the Amended Plan and (ii) not entitled to vote on the Amended Plan.

**UNDER THE TERMS OF THE AMENDED PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS DO NOT ENTITLE YOU TO RECEIVE OR RETAIN ANY PROPERTY UNDER THE AMENDED PLAN ON ACCOUNT OF SUCH CLAIM(S) AND, THEREFORE, PURSUANT TO SECTION 1126(g) OF THE BANKRUPTCY CODE, YOU ARE (i) DEEMED TO HAVE REJECTED THE AMENDED PLAN AND (ii) NOT ENTITLED TO VOTE ON THE AMENDED PLAN.**

**NOTWITHSTANDING THIS NOTICE OF NON-VOTING STATUS, YOU HAVE THE RIGHT TO (i) CONTEST YOUR NON-VOTING STATUS AND (ii) OBJECT TO CONFIRMATION OF THE AMENDED PLAN.**

If you believe that you may have a claim against Solutia that has been misclassified and which entitles you to vote on the Amended Plan, then you should (i) file with the Court and serve on counsel to Solutia a motion for an order, pursuant to rule 3018(a) of the Federal Rules of Bankruptcy Procedure, temporarily allowing such claim in a different class for purposes of voting to accept or reject the Amended Plan on or before November 26, 2007 or, if Solutia files an objection to your claim after you receive this Notice of Non-Voting Status, ten (10) Calendar days after service of notice of that objection, and (ii) request a ballot from Solutia's voting agent at the address or telephone number set forth below. In accordance with Bankruptcy Rule 3018, if you file such a motion, your ballot will not be counted unless temporarily allowed by the Court for voting purposes.

If you have any questions about your claim(s) or would like to request a copy of the Amended Plan or the Disclosure Statement, you should contact Solutia's voting agent, Financial Balloting Group LLC, at 757 Third Avenue, 3rd floor, New York, New York 10017, or at [_____]. Copies of the Amended Plan, the Disclosure Statement, and the related solicitation materials will also be available on Solutia's website at www.solutia.com/reorganization and the voting agent's website at www.fbgdocuments.com/soi.

*In re Solutia Inc. Case No.* 03-17949 (PCB)

Dated:   New York, New York
         [INSERT DATE]

KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022

Attorneys for the Debtors and Debtors in Possession

2

**Exhibit I**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                              :
In re                                         :    Chapter 11
                                              :
SOLUTIA INC., et al.,                         :    Case No. 03-17949 (PCB)
                                              :
          Debtors.                            :    (Jointly Administered)
                                              :
-----------------------------------------------------------x
```

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNIMPAIRED**
**CLASSES DEEMED TO ACCEPT SOLUTIA'S FIFTH AMENDED JOINT**
**PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

PLEASE TAKE NOTICE that on October 19, 2007 the United States Bankruptcy Court for the Southern District of New York (the "Court") approved Solutia's Fifth Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement), for Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Amended Plan"), for use by the above-captioned debtors and debtors in possession (collectively, "Solutia") in soliciting acceptances or rejections of the Amended Plan from holders of certain impaired claims who are entitled to vote to accept to reject the Amended Plan and who are (or may be) entitled to receive distributions under the Amended Plan.

PLEASE TAKE FURTHER NOTICE that this Notice of Non-Voting Status is being sent to holders of claims and interests in the following classes who are, in Solutia's opinion, unimpaired and therefore are (i) deemed to accept the Amended Plan and (ii) not entitled to vote on the Amended Plan.

- Class 1 (Priority Non-Tax Claims)
- Class 2 (Secured Claims)
- Class 4 (Convenience Claims)
- Class 6 (NRD Claims)
- Class 7 (Insured Claims)
- Class 9 (Legacy Site Claims)
- Class 10 (Equity Interests in all Debtors other than Solutia Inc.)

**UNDER THE TERMS OF THE AMENDED PLAN, YOUR CLAIM(S) AND INTEREST(S) AGAINST SOLUTIA IS/ARE, IN SOLUTIA'S OPINION, NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE (i) DEEMED TO HAVE ACCEPTED THE AMENDED PLAN AND (ii) NOT ENTITLED TO VOTE ON THE AMENDED PLAN.**

**NOTWITHSTANDING THIS NOTICE OF NON-VOTING STATUS, YOU HAVE THE RIGHT TO (i) CONTEST YOUR NON-VOTING STATUS AND (ii) OBJECT TO CONFIRMATION OF THE AMENDED PLAN.**

If you have any questions about your claim(s) or interest(s) or would like to request a copy of the Amended Plan or the Disclosure Statement, you should contact Solutia's voting agent, Financial Balloting Group LLC, at 757 Third Avenue, 3rd floor, New York, New York 10017, or at [_____]. Copies of the Amended Plan, the Disclosure Statement, and the related solicitation materials will also be available on Solutia's website at www.solutia.com/reorganization and the voting agent's website at www.fbgdocuments.com/soi.

*In re Solutia Inc. Case No.* 03-17949 (PCB)

Dated:    New York, New York
[INSERT DATE]

KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022
Attorneys for the Debtors and Debtors in Possession

2

*In re Solutia Inc. Case No. 03-17949 (PCB)*

**A registration statement relating to these securities has been filed with the Securities and Exchange Commission but has not yet become effective. These securities may not be sold nor may offers to buy be accepted prior to the time the registration statement becomes effective.**

**Exhibit J**

**EQUITY PURCHASE PROCEDURES**

1.    **Introduction**

Each holder of at least 11 shares of common stock in Solutia Inc. (the "**Solutia Stock**") as of November 8, 2007 (the "**Equity Purchase Record Date**") (each, an "**Eligible Stockholder**") has the right, but not the obligation, to purchase new common stock of reorganized Solutia in accordance with the terms of these procedures (the "**Equity Purchase Offering**").[1]  The shares of new common stock being offered through this Equity Purchase Offering will be registered with the Securities and Exchange Commission (the "**SEC**") on Form S-1.

Each Eligible Stockholder shall be entitled to purchase up to its pro rata share of the 10,157,500 shares of new common stock (the "**Initial Rights**") made available pursuant to this Equity Purchase Offering.  Each Eligible Stockholder's pro rata share will be based on the number of shares of Solutia Stock held by such Eligible Stockholder as of the Equity Purchase Record Date.  The formula for calculating an Eligible Stockholder's pro rata share is based on the following equation:

| (Number of shares of Solutia Stock held as of the Equity Purchase Record Date) | x | 0.09 | = | [Maximum number of Initial Shares] (Round to the Nearest Whole Number) |
|---|---|---|---|---|

After the Equity Purchase Record Date, each Eligible Stockholder will be sent an equity purchase exercise form (the "**Equity Purchase Form**") and each nominee (a "**Nominee**") representing beneficial owners will be sent a master equity purchase form (a "**Master Equity Purchase Form**"), with a copy of the prospectus, which forms a part of the Registration Statement filed with the SEC on Form S-1 dated October 5, 2007, which shall enable such Eligible Stockholder or Nominee (on behalf of the beneficial owners) to indicate a non-binding interest to purchase new common stock.  The Equity Purchase Form or Master Equity Purchase Form shall contain related instructions for the proper completion, due execution, and timely delivery of the Equity Purchase Form by an Eligible Stockholder or a Nominee who is responding on behalf of beneficial owners to the Subscription Agent.

---

[1]    All capitalized terms used, but not defined herein, shall have the meanings ascribed to them in that certain Disclosure Statement, approved by the United States Bankruptcy Court for the Southern District of New York on [_____], 2007.

*In re Solutia Inc. Case No. 03-17949 (PCB)*

The Equity Purchase Form will further provide that the Eligible Stockholders may indicate the amount of additional rights (the "**Additional Rights**") that they are interested in purchasing if fewer than all Eligible Stockholders exercise their Initial Rights (an "**Under-Subscription**") as of the Expiration Date (as defined below). No Eligible Stockholder will be granted or allowed to exercise any fractional rights. In the event of an Under-Subscription, Eligible Stockholders that elect to purchase Additional Rights may purchase the number of additional shares of new common stock that they elect on their Equity Purchase Forms; provided, however, that in the event that Eligible Stockholders elect to exercise more Additional Rights than are available for all Eligible Stockholders electing to exercise Additional Rights, Eligible Stockholders will only be able to exercise their pro rata share of Additional Rights. The Initial Rights and the Additional Rights are collectively referred to herein as the "**Rights**."

Each share of new common stock shall be sold for $17.23 (the "**Equity Purchase Price**"). Any reference to a particular Eligible Stockholder's "**Total Exercise Price**" shall mean the Equity Purchase Price multiplied by the number of shares of new common stock such Eligible Stockholder elected to purchase and was awarded.

"**Subscription Agent**" means Financial Balloting Group LLC, in its capacity as such.

Notwithstanding anything contained in the Plan to the contrary, under no circumstances shall any holder of an equity interest that is not entitled to vote on the Plan pursuant to the Disclosure Statement Order have any right to participate in the Equity Purchase Offering.

*Before exercising any Rights, Eligible Stockholders should read the Disclosure Statement, including the section entitled, "Risks Related to Solutia's Business and Industry" and the valuation of the Reorganized Debtors contained therein.*

*A written prospectus for the offering may be obtained from Financial Balloting Group, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017 or at www.fbgdocuments.com/soi.*

2.    **Commencement/Expiration of the Equity Purchase Offering**

The Equity Purchase Offering shall commence on November 12, 2007, the day upon which the Equity Purchase Forms are mailed to Eligible Stockholders (the "**Commencement Date**"). The Equity Purchase Offering shall expire on December 6, 2007 (the "**Expiration Date**"). Each Eligible Stockholder intending to participate in the Equity Purchase Offering must affirmatively indicate an interest to exercise its Rights on or prior to the Expiration Date in accordance with the procedures set forth herein.

As promptly as practicable following the Expiration Date, Solutia shall deliver, or cause to be delivered, to each Eligible Stockholder or, in the case of those Eligible Stockholders whose shares are held through a bank, broker or other nominee that has sought to exercise Rights, to such banker broker or other nominee, a written statement specifying the Rights that were validly and effectively exercised by such Eligible Stockholder.

*In re Solutia Inc. Case No. 03-17949 (PCB)*

3.    **Exercise of Rights**

*Exercise of Rights and Payment for Rights*

A)    For those Eligible Stockholders holding shares of Solutia Stock in their own name:

(i)    Each Eligible Stockholder that intends to exercise its Rights shall designate such intention on its Equity Purchase Form and such designation shall be non-binding. In addition, any Eligible Stockholder that exercises all of its Initial Rights may indicate on its Equity Purchase Form how many additional shares of new common stock such Eligible Stockholder wishes to purchase through the exercise of Additional Rights. If any Eligible Stockholder fails to deliver a duly completed Equity Purchase Form so that such form is actually received by the Subscription Agent on or before the Expiration Date, such Eligible Stockholder shall be deemed to have relinquished and waived its Rights.

(ii)    Following the receipt of each Equity Purchase Form, Solutia will create an invoice (the "**Subscription Invoice**") indicating the number of shares subscribed for by the participating Eligible Stockholder, the total exercise price to be paid therefor and the payment instructions. As soon as practicable after the Registration Statement filed with the SEC on Form S-1 is declared "effective" by the SEC, Solutia will send the Subscription Invoice to the participating Eligible Stockholder.

(iii)    Upon receipt of the Subscription Invoice with the Total Exercise Price listed, to receive the subscribed for shares of new common stock, each Eligible Stockholder must arrange for payment of the Total Exercise Price to the subscription account, either by wire transfer or by certified bank or cashier's check delivered to the Subscription Agent to be received on or prior to the payment deadline (the "**Payment Deadline**"), which shall be approximately ten calendar days after the Subscription Invoice is sent. If the Subscription Agent for any reason does not timely receive from or on behalf of the participating Eligible Stockholder immediately available funds by wire transfer or bank cashier's check in an amount equal to the Total Exercise Price for such Eligible Stockholder, such Eligible Stockholder shall be deemed to have relinquished and waived its Rights.

B)    For those Eligible Stockholders holding shares of Solutia Stock through a Nominee:

(i)    To exercise its Rights, such holder must provide instructions to its bank, broker, or other nominee or agent. The bank, broker, or other nominee or agent, in turn, must then convey the instruction to the Subscription Agent on or before the Expiration Date.

3

(ii)  Following the receipt of each Equity Purchase Form, Solutia will create a Subscription Invoice indicating the number of shares subscribed for by the participating Eligible Stockholder, the total exercise price to be paid therefor and the payment instructions. As soon as practicable after the Registration Statement filed with the SEC on Form S-1 is declared "effective" by the SEC, Solutia will send the Subscription Invoice to the participating Eligible Stockholder's Nominee.

(iii) Upon receipt of the Subscription Invoice with the Total Exercise Price listed, each Eligible Stockholder (or its Nominee) must pay the Total Exercise Price either by wire transfer in accordance with the wire instructions set forth on the Equity Purchase Form, or by certified bank or cashier's check delivered to the Subscription Agent to be received on or prior to the Payment Deadline, which shall be approximately ten calendar days after the Subscription Invoice is sent. If the Subscription Agent for any reason does not timely receive from or on behalf of the participating Eligible Stockholder immediately available funds by wire transfer or bank cashier's check in an amount equal to the Total Exercise Price for such Eligible Stockholder, such Eligible Stockholder shall be deemed to have relinquished and waived its Rights.

If the Subscription Agent for any reason does not receive from an Eligible Stockholder (or its Nominee) a duly completed Equity Purchase Form or Master Equity Purchase Form on or prior to the Expiration Date then each such Eligible Stockholder shall be deemed to have relinquished and waived its right to participate in the Equity Purchase Offering. Each Eligible Stockholder intending to participate in the Equity Purchase Offering must affirmatively indicate an interest to exercise its Rights by the Expiration Date.

To facilitate the exercise of Rights for holders of Solutia Stock held through a Nominee, on the Commencement Date, Solutia will deliver Equity Purchase Forms to the record holders of such interests, including, without limitation, brokers, banks, dealers, or other agents or Nominees. Each Nominee will be entitled to receive sufficient copies of the Equity Purchase Form for distribution to the beneficial owners of the equity interests for whom they serve as Nominees. The Nominees may use the Equity Purchase Form provided or such other form as they may customarily use for the purpose of obtaining instructions with respect to the Equity Purchase Offering. Nominees will be required to submit the instructions of any beneficial owners wishing to subscribe on a Master Equity Purchase Form.

*Disputes, Waivers, and Extensions*

Any and all disputes concerning the timeliness, viability, form and eligibility of any exercise of Rights shall be addressed in good faith by Solutia, in consultation with the Equity Committee and Monsanto, and subject to a final determination by the Bankruptcy Court, whose determinations shall be final and binding. Solutia, in consultation with the Equity Committee and Monsanto and subject to Bankruptcy Court approval, may seek to waive any defect or irregularity, or permit a defect or irregularity to be corrected within such times as they may determine in good faith to be appropriate, or reject the purported exercise of any Rights. Subscription instructions shall be deemed not to have been properly completed until all

4

irregularities have been waived or cured within such time as Solutia determines in its discretion reasonably exercised in good faith. Solutia reserves the right, but is under no obligation, to give notice to any Eligible Stockholder regarding any defect or irregularity in connection with any purported exercise of Rights by such Eligible Stockholder and Solutia may, but is under no obligation to, permit such defect or irregularity to be cured within such time as they may determine in good faith, in consultation with the Equity Committee and Monsanto and subject to Bankruptcy Court approval, to be appropriate; provided, however, that Solutia, the Subscription Agent, the Equity Committee and Monsanto shall not incur any liability for failure to give such notification.

Solutia, in consultation with the Equity Committee and Monsanto, subject to the approval of the Bankruptcy Court, may extend the duration of the Equity Purchase Offering or adopt additional detailed procedures to more efficiently administer the distribution and exercise of the Rights.

### *Funds*

The payments made in accordance with the Rights Offering (the "**Equity Purchase Funds**") shall be deposited when made and held by the Subscription Agent in escrow pending the Effective Date in an account or accounts (a) which shall be separate and apart from the Subscription Agent's general operating funds and any other funds subject to any lien or any cash collateral arrangements and (b) which segregated account or accounts will be maintained for the purpose of holding the money for administration of the Rights Offering and the Equity Purchase Offering until the Effective Date. The Subscription Agent shall not use the Equity Purchase Offering Funds for any purpose other than to release the funds as directed by Solutia on the Effective Date and shall not encumber or permit the Equity Purchase Offering Funds to be encumbered by any lien or similar encumbrance.

### *Issuance of New Common Stock*

If an Eligible Stockholder properly exercises its Rights pursuant to the terms of this Equity Purchase Procedures, such holder shall be deemed to own the shares of new common stock immediately on the effective date of the Plan. Any shares of new common stock purchased by an Eligible Stockholder that holds shares through a broker or bank will be delivered electronically to the broker or bank. No share certificates will be issued. Instead, an Eligible Stockholder's purchase of new common stock will be recorded on Solutia's books and records as maintained by Solutia's transfer agent.

### *Waiver*

Each Eligible Shareholder that participates in the Equity Purchase Offering shall be deemed, by virtue of such participation, to have waived and released, to the fullest extent permitted under applicable law, all rights, claims or causes of action against Solutia, Reorganized Solutia and each of their respective subsidiaries and affiliates, the Creditors' Committee, the Equity Committee, Monsanto and the Subscription Agent arising out of or related to the receipt, delivery, disbursements, calculations, transmission, or segregation of cash, Rights and shares of new common stock in connection with the Equity Purchase Offering.

**4.      Transfer Restriction; Revocation**

The Rights are not transferable independently of the underlying equity interests, from which such Rights arise. Rights may only be exercised by or through the Eligible Stockholder entitled to exercise such Rights on the Equity Purchase Record Date. Any such independent transfer or attempted transfer of the Rights will be null and void and Solutia will not treat any purported transferee as the holder of any Rights. Once the Eligible Stockholder has properly exercised its Rights, such exercise will not be permitted to be revoked by such Eligible Stockholder.

**5.      Inquiries And Transmittal Of Documents; Subscription Agent**

The exercise instructions contained in the Equity Purchase Form should be carefully read and strictly followed.

Questions relating to the Equity Purchase Offering should be directed to the Subscription Agent at the following phone number:

> Financial Balloting Group LLC
> (646) 282-1800

The risk of non-delivery of all documents and payments is on the Eligible Stockholders electing to exercise their Rights, and not on Solutia or the Subscription Agent. If mail is used, it is recommended that a reputable overnight courier or insured registered mail be used and that a sufficient number of days be allowed to ensure delivery to the Subscription Agent before the Expiration Date.

**6.      Equity Purchase Offering Conditioned Upon Confirmation of the Plan; Reservation of Rights**

All exercises of Rights are subject to and conditioned upon the confirmation of the Plan and the occurrence of the effective date of the Plan. Notwithstanding anything contained herein, the Disclosure Statement or the Plan to the contrary, Solutia and Reorganized Solutia and each of their respective subsidiaries and affiliates reserve the right, in consultation with the Equity Committee and Monsanto, to modify these Equity Purchase Procedures in order to comply with applicable laws.

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**A registration statement relating to these securities has been filed with the Securities and Exchange Commission but has not yet become effective. These securities may not be sold nor may offers to buy be accepted prior to the time the registration statement becomes effective.**

Equity Purchase Form (Nominees)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
**In re**                                                    :    Chapter 11
                                                             :
**SOLUTIA INC.,** *et al.,*                                  :    Case No. 03-17949 (PCB)
                                                             :
        Debtors.                                             :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

INSTRUCTIONS TO EQUITY PURCHASE FORM
IN CONNECTION WITH SOLUTIA'S FIFTH AMENDED JOINT PLAN
OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

---

**EXPIRATION DATE**

The Expiration Date for Exercise of the Rights is 2:00 p.m. Eastern Time
on December 6, 2007 (the "Expiration Date").
Please leave sufficient time for your Equity Purchase Form
to reach your Nominee and be processed on or before the Expiration Date.

---

To Shareholders:

On October 19, 2007, Solutia Inc., together with its direct and indirect subsidiaries and its affiliates Solutia Business Enterprises Inc., Solutia Systems, Inc., Solutia Overseas, Inc., CPFilms Inc., Solutia Management Company, Inc., Monchem International, Inc., Axio Research Corporation, Solutia Investments, LLC, Beamer Road Management Company, Monchem, Inc., Solutia Inter-America, Inc., Solutia International Holding, LLC, Solutia Taiwan, Inc. and Solutia Greater China, Inc., as debtors and debtors in possession (collectively, "Solutia"), filed Solutia's Fifth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Amended Plan") and the accompanying Disclosure Statement for the Solutia's Fifth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement"). Pursuant to the Amended Plan, each holder of at least 11 shares of common stock in Solutia Inc. as of the Equity Purchase Record Date (each, an "Eligible Stockholder") has the right, but not the obligation, to purchase up to its pro rata share of the 10,157,500 shares of new common stock available under the Equity Purchase Offering.[1] Moreover, if there is an Under-Subscription, Eligible Stockholders that elect to purchase Additional Rights may purchase the elected number of additional shares of new common stock; provided, however, that in the event that Eligible Stockholders elect to exercise more Additional Rights than are available for all Eligible

---------------------------------

*In re Solutia Inc. Case No.* 03-17949 (PCB)

Stockholders electing to exercise Additional Rights, Eligible Holders will only be able to purchase their pro rata share. For a complete description of the Equity Purchase Offering, please see the accompanying Equity Purchase Procedures. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Equity Purchase Procedures.

You have received the attached Equity Purchase Form because you have been identified as a holder as of the Equity Purchase Record Date of a sufficient number of shares of common stock of Solutia to receive a Right. Please utilize the attached Equity Purchase Form to execute your election. In order to participate in the Equity Purchase Offering you must complete and return the attached Equity Purchase Form to your bank, broker or other nominee (each of the foregoing, a "Nominee"), or otherwise follow the instructions of your Nominee, with sufficient time for your instructions to be processed and delivered by your nominee to the Subscription Agent on or before the Expiration Date set forth above. Your subscription will be processed by the Nominee in accordance with the established procedures.

**Questions:** If you have any questions about this Equity Purchase Form or the exercise procedures described herein, please contact the Subscription Agent - Financial Balloting Group LLC at 646-282-1800.

**Your Nominee must process any subscription to be made on your behalf on or before the Expiration Date or the exercise shall be void and your Rights will terminate and be cancelled.**

To indicate an interest to purchase new common stock pursuant to the Equity Purchase offering:

1. <u>Review</u> the amount in Item 1 below

2. <u>Complete</u> the calculation in Item 2a below.

3. <u>Complete</u> Item 2b, indicating the whole number of **Initial Rights** that you wish to exercise.

4. <u>Complete</u> Item 2c, indicating the whole number of **Additional Rights** that you wish to exercise, if any.

5. <u>Please Note</u> that your election to exercise Rights will not be binding upon you unless and until your payment of the Total Exercise Price is received by the Subscription Agent.

6. <u>Read and Complete</u> the certification in Item 4.

7. <u>Return the Equity Purchase Form</u> in the pre-addressed envelope to your Nominee (or otherwise follow the instructions of your Nominee) in sufficient time for your instructions to be processed and delivered by your Nominee to the Subscription Agent on or before the Expiration Date.

*Before exercising any Rights you should read the Disclosure Statement, including the section entitled, "Risks Related to Solutia's Business and Industry" and the valuation of the Reorganized Debtors contained therein.*

*A written prospectus for the offering may be obtained from Financial Balloting Group, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017 or at www.fbgdocuments.com/soi.*

2

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**EQUITY PURCHASE FORM FOR EQUITY PURCHASE
IN CONNECTION WITH SOLUTIA'S FIFTH AMENDED JOINT PLAN
OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

| |
|---|
| **Please consult the Equity Purchase Procedures for additional information with respect to this Equity Purchase Exercise Form.** |
| **SUBSCRIPTION EXPIRATION DATE**<br><br>**The Subscription Expiration Date is 2:00 p.m. , Eastern Time on December 6, 2007, unless extended by the Debtors.** |

**Item 1. Pro Rata Share.** Pursuant to the Amended Plan, each holder of at least 11 shares of common stock of Solutia as of the Equity Purchase Record Date is entitled to participate in the Equity Purchase Offering up to its pro rata share. Your pro rata share is based on the number of shares of common stock of Solutia that you hold. Please contact your Nominee if you do not know the amount of shares of common stock of Solutia held on your behalf.

_____
(Shares of common stock you hold as
of the Equity Purchase Record Date)

**Item 2.**

    **2a.    Calculation of Maximum Number of Initial Shares of New Common Stock.**[2]    The maximum number of initial shares of new common stock for which you may subscribe is calculated as follows:

| (Number of shares of Solutia Stock you hold as of the Equity Purchase Record Date) | x | 0.09 | = | Maximum number of Initial Shares (Round to the Nearest Whole Number) |
|---|---|---|---|---|

---

[2]    To be completed as of the Equity Purchase Record Date.

3

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**2b.  Exercise Amount.**  By completing the following section, you are indicating an interest to purchase the number of shares of new common stock specified below (specify a whole number of new common stock (not greater than the figure in Item 2a)), at an exercise price of $17.23 per share, on the terms of and subject to the conditions set forth in the Equity Purchase Procedures.

| | | | |
|---|---|---|---|
| _____<br>(Indicate number of initial shares of New Common Stock you elect to purchase) | X | $17.23 | $_____ |

**2c.  Additional Rights Amount.**  Only if you have exercised the maximum number of initial shares of new common stock in 2b, by filling in the following blank, you are indicating an interest to purchase the number of additional shares of new common stock specified below (specify a whole number of shares of new common stock), at an exercise price of $17.23 per share, on the terms of and subject to the conditions set forth in the Equity Purchase Procedures.  A total of 10,157,500 shares of new common stock are available for purchase through the exercise of the Rights.  There is no guarantee that any Additional Rights will be available for you to exercise.

| | | | |
|---|---|---|---|
| _____<br>(Indicate number of additional shares of New Common Stock you elect to purchase) | X | $17.23 | $_____ |

If, on or prior to the Expiration Date, your Nominee for any reason has not processed your subscription in accordance with the established procedures, you will be deemed to have relinquished and waived your right to participate in the Equity Purchase.

4

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 4. Certifications.** I certify that I am the holder, or the authorized signatory of the holder, of the amount of shares of common stock of Solutia listed under Item 1 above and I am, or such holder is, entitled to participate in the Equity Purchase Offering to the extent of my, or such holder's, pro rata share indicated under Item 1 above.

Date: _____, 2007

Name of Holder:_____
                                    (Print or Type)
Social Security or Federal Tax I.D. No.:_____
Signature:_____
Name of Person Signing:_____
                                        (If other than holder)
Title (if corporation, partnership or LLC): _____
Street Address:_____
City, State, Zip Code: _____
Telephone Number:_____
Email Address: _____
Facsimile Number: _____

**PLEASE NOTE: NO RIGHT WILL BE VALID UNLESS A PROPERLY COMPLETED AND SIGNED MASTER EQUITY PURCHASE FORM IS SUBMITTED ON YOUR BEHALF BY YOUR NOMINEE AND IS RECEIVED BY THE SUBSCRIPTION AGENT ON OR BEFORE 2:00 P.M. EASTERN TIME ON DECEMBER 6, 2007.**

**A NOTICE WILL BE SENT TO YOUR NOMINEE BY FACSIMILE AND/OR EMAIL SETTING FORTH THE INITIAL RIGHTS YOU HAVE ELECTED TO AND ARE ALLOWED TO PURCHASE, INDICATING THE NUMBER OF ADDITIONAL RIGHTS YOU HAVE ELECTED TO AND ARE ALLOWED TO EXERCISE AND SETTING FORTH THE TOTAL EXERCISE PRICE FOR SUCH RIGHTS. PAYMENT FOR THE UNDERLYING NEW COMMON STOCK WITH RESPECT TO THE INITIAL RIGHTS AND THE ADDITIONAL RIGHTS WILL BE DUE WITHIN TEN CALENDAR DAYS AFTER THE DATE OF SUCH NOTICE, TO BE MADE IN ACCORDANCE WITH THE INSTRUCTIONS CONTAINED THEREIN. ANY FAILURE TO TIMELY PAY FOR THE EXERCISE OF RIGHTS WILL RESULT IN A REVOCATION AND RELINQUISHMENT OF SUCH RIGHTS.**

*In re Solutia Inc. Case No.* 03-17949 (PCB)

A registration statement relating to these securities has been filed with the Securities and Exchange Commission but has not yet become effective. These securities may not be sold nor may offers to buy be accepted prior to the time the registration statement becomes effective.

**Equity Purchase Form (Registered Holders)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                               :

In re                       :    Chapter 11
                               :

**SOLUTIA INC.,** *et al.,*     :    Case No. 03-17949 (PCB)
                               :

Debtors.             :    (Jointly Administered)
                               :
---------------------------------------------------------x

**INSTRUCTIONS TO EQUITY PURCHASE FORM**
**IN CONNECTION WITH SOLUTIA'S FIFTH AMENDED JOINT PLAN**
**OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**EXPIRATION DATE**

The Expiration Date for Exercise of the Rights is 2:00 p.m. Eastern Time
on December 6, 2007 (the "Expiration Date").
Please leave sufficient time for your Equity Purchase Form
to be actually received by the Subscription Agent on or before the Expiration Date.

---

To Shareholders:

      On October 19, 2007, Solutia Inc., together with its direct and indirect subsidiaries and its affiliates Solutia Business Enterprises Inc., Solutia Systems, Inc., Solutia Overseas, Inc., CPFilms Inc., Solutia Management Company, Inc., Monchem International, Inc., Axio Research Corporation, Solutia Investments, LLC, Beamer Road Management Company, Monchem, Inc., Solutia Inter-America, Inc., Solutia International Holding, LLC, Solutia Taiwan, Inc. and Solutia Greater China, Inc., as debtors and debtors in possession (collectively, "Solutia"), filed Solutia's Fifth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Amended Plan") and the accompanying Disclosure Statement for Solutia's Fifth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement"). Pursuant to the Amended Plan, each holder of at least 11 shares of common stock in Solutia Inc. as of the Equity Purchase Record Date (each, an "Eligible Stockholder") has the right, but not the obligation, to purchase up to its pro rata share of the 10,157, 500 shares of new common stock available under the Equity Purchase Offering.[1]    Moreover, if there is an Under-Subscription, Eligible Stockholders that elect to purchase Additional Rights may purchase the elected

---

[1]    All capitalized terms used but not otherwise defined herein shall have the meaning ascribed them in the accompanying Equity Purchase Procedures.

*In re Solutia Inc. Case No. 03-17949 (PCB)*

number of additional shares of new common stock; provided, however, that in the event that Eligible Stockholders elect to exercise more Additional Rights than are available for all Eligible Stockholders electing to exercise Additional Rights, Eligible Holders will only be able to purchase their pro rata share. For a complete description of the Equity Purchase Offering, please see the accompanying Equity Purchase Procedures.

You have received the attached Equity Purchase Form because you have been identified as a holder of a sufficient number of shares of common stock of Solutia to receive a Right. If you would like to participate in the Equity Purchase Offering, please follow the instructions provided below to complete and return the attached Equity Purchase Form and remit your payment to the Subscription Agent - Financial Balloting Group, LLC, so that it is actually received by the Subscription Agent on or before the Expiration Date set forth above.

**Questions:** If you have any questions about this Equity Purchase Form or the exercise procedures described herein, please contact the Subscription Agent - Financial Balloting Group LLC at 646-282-1800.

**Your Equity Purchase Form must be actually received by the Subscription Agent on or before the Expiration Date or the exercise shall be void and your Rights will terminate and be cancelled.**

To indicate an interest to purchase new common stock pursuant to the Equity Purchase:

1. **Review** the amount in Item 1 below

2. **Complete** the calculation in Item 2a below.

3. **Complete** Item 2b, indicating the whole number of Initial Rights that you wish to exercise.

4. **Complete** Item 2c, indicating the whole number of Additional Rights that you wish to exercise, if any.

5. **Read and Complete** the certification in Item 4.

6. **Please Note** that your election to exercise Rights will not be binding upon you unless and until your payment of the Total Exercise Price is received by the Subscription Agent.

7. **Return the Equity Purchase Form** in the pre-addressed envelope so that it is actually received by the Subscription Agent on or before the Expiration Date. Do not send Equity Purchase Forms by email, facsimile, or any other form other than that provided for herein. Please contact the Subscription Agent, Financial Balloting Group, at 646-282-1800, to confirm receipt of payment.

*Before exercising any Rights you should read the Disclosure Statement, including the section entitled, "Risks Related to Solutia's Business and Industry" and the valuation of the Reorganized Debtors contained therein.*

*A written prospectus for the offering may be obtained from Financial Balloting Group, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017 or at www.fbgdocuments.com/soi.*

2

*In re Solutia Inc. Case No. 03-17949 (PCB)*

**EQUITY PURCHASE FORM FOR EQUITY PURCHASE
IN CONNECTION WITH SOLUTIA'S FIFTH AMENDED JOINT PLAN
OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

> **Please consult the Equity Purchase Procedures for additional
> information with respect to this Equity Purchase Exercise Form.**

> **SUBSCRIPTION EXPIRATION DATE**
>
> **The Subscription Expiration Date is 2:00 p.m. , Eastern Time
> on December 6, 2007, unless extended by the Debtors.**

**Item 1.  Pro Rata Share.**  Pursuant to the Amended Plan, each holder of at least 11 shares of common stock of Solutia as of the Equity Purchase Record Date is entitled to participate in the Equity Purchase Offering up to its pro rata share.  Your pro rata share is based on the number of shares of common stock of Solutia that you hold.

_____

(Shares of common stock you hold as
of the Equity Purchase Record Date)

**Item 2.**

**2a.  Calculation of Maximum Number of Initial Shares of New Common Stock.**[2]  The maximum number of initial shares of new common stock for which you may subscribe is calculated as follows:

| (Number of shares of Solutia Stock you hold as of the Equity Purchase Record Date) | x | 0.09 | = | Maximum number of Initial Shares (Round to the Nearest Whole Number) |
|---|---|---|---|---|

_____

[2]    To be completed as of the Equity Purchase Record Date.

3

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**2b.  Exercise Amount.**  By completing the following section, you are indicating an interest to purchase the number of shares of new common stock specified below (specify a whole number of new common stock (not greater than the figure in Item 2a)), at an exercise price of $17.23 per share, on the terms of and subject to the conditions set forth in the Equity Purchase Procedures.

| | | | |
|---|---|---|---|
| _____<br>(Indicate number of initial shares of New Common Stock you elect to purchase) | X | $17.23 | $_____ |

**2c.  Additional Rights Amount.**  Only if you have exercised the maximum number of initial shares of new common stock in 2b, by filling in the following blank, you are indicating an interest to purchase the number of additional shares of new common stock specified below (specify a whole number of shares of new common stock), at an exercise price of $17.23 per share, on the terms of and subject to the conditions set forth in the Equity Purchase Procedures.  A total of 10,157,500 shares of new common stock are available for purchase through the exercise of the Rights.  There is no guarantee that any Additional Rights will be available for you to exercise.

| | | | |
|---|---|---|---|
| _____<br>(Indicate number of additional shares of New Common Stock you elect to purchase) | X | $17.23 | $_____ |

4

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 4. Certifications.** I certify that I am the holder, or the authorized signatory of the holder, and I am, or such holder is, entitled to participate in the Equity Purchase Offering to the extent of my, or such holder's, pro rata share indicated under Item I above.

Date: _____, 2007

Name of Holder:_____
                                (Print or Type)
Social Security or Federal Tax I.D. No.:_____
Signature:_____
Name of Person Signing:_____
                               (If other than holder)
Title (if corporation, partnership or LLC): _____
Street Address:_____
City, State, Zip Code: _____
Telephone Number:_____
Email Address: _____
Facsimile Number: _____

**PLEASE NOTE: NO RIGHT WILL BE VALID UNLESS A PROPERLY COMPLETED AND SIGNED EQUITY PURCHASE FORM AND IS RECEIVED BY THE SUBSCRIPTION AGENT ON OR BEFORE 2:00 P.M. EASTERN TIME ON DECEMBER 6, 2007.**

**A NOTICE WILL BE SENT TO YOU SETTING FORTH THE INITIAL RIGHTS YOU HAVE ELECTED TO AND ARE ALLOWED TO PURCHASE, INDICATING THE NUMBER OF ADDITIONAL RIGHTS YOU HAVE ELECTED TO AND ARE ALLOWED TO EXERCISE AND SETTING FORTH THE TOTAL EXERCISE PRICE FOR SUCH RIGHTS. PAYMENT FOR THE UNDERLYING NEW COMMON STOCK WILL BE DUE BY WIRE TRANSFER, CERTIFIED BANK CHECK OR CASHIER'S CHECK WITHIN TEN DAYS AFTER THE DATE OF SUCH NOTICE. ANY FAILURE TO TIMELY PAY FOR THE EXERCISE OF SUCH RIGHTS WILL RESULT IN A REVOCATION AND RELINQUISHMENT OF SUCH RIGHTS.**

5

*In re Solutia Inc. Case No.* 03-17949 (PCB)

A registration statement relating to these securities has been filed with the Securities and Exchange Commission but has not yet become effective. These securities may not be sold nor may offers to buy be accepted prior to the time the registration statement becomes effective.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------x
                                                 :
In re                                            :    Chapter 11
                                                 :
SOLUTIA INC., et al.,                            :    Case No. 03-17949 (PCB)
                                                 :
            Debtors.                             :    (Jointly Administered)
                                                 :
-------------------------------------------------x
```

**MASTER EQUITY PURCHASE FORM IN CONNECTION WITH**
**SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION**

**CLASS 20:** EQUITY INTERESTS IN SOLUTIA

YOUR MASTER RIGHTS EXERCISE FORM MUST BE *RECEIVED* BY THE SUBSCRIPTION AGENT, BY 2:00 P.M., EASTERN TIME, ON DECEMBER 6, 2007, THE EXPIRATION DATE FOR EXERCISE OF RIGHTS, OR THE ELECTIONS REPRESENTED BY YOUR MASTER EQUITY PURCHASE FORM WILL NOT BE COUNTED.

Solutia Inc., a debtor and debtor in possession, together with its debtor subsidiaries (collectively, "Solutia"), has filed Solutia's Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code, dated October 19, 2007 (the "Amended Plan"). The Amended Plan is annexed as Exhibit A to Solutia's Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code, dated October 19, 2007 (the "Disclosure Statement"). The Bankruptcy Court has approved the Disclosure Statement, which provides information to assist creditors in deciding how to vote on the Amended Plan. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Amended Plan by the Bankruptcy Court. There is also an Equity Purchase Offering being made to each "Eligible Stockholder," as defined in the Amended Plan. Please see the Equity Purchase Offering Procedures, which have been distributed to Eligible Stockholders and are discussed in Section [___] of the Disclosure Statement and Section [___] of the Amended Plan for additional information about the Equity Purchase Offering.

This Master Equity Purchase Form is to be used by you, as a broker, bank, or other nominee (or as their proxy holder or agent), for beneficial owners, as of November 8, 2007, to transmit the elections of such beneficial owners with regard to their interest in subscribing for Rights pursuant to the Equity Purchase Offering. Please take any action required to enable each beneficial owner to timely complete its Equity Purchase Offering form.

Before you transmit such elections, please carefully review the Disclosure Statement and the Equity Purchase Offering Procedures. If you do not have a copy of the Disclosure Statement, you may obtain such copy by contacting Solutia's subscription agent (the "Subscription Agent"), Financial Balloting Group LLC, at 646-282-1800. **THIS MASTER EQUITY PURCHASE FORM RELATES ONLY TO YOUR RIGHT TO ELECTIONS FOR THE EQUITY PURCHASE OFFERING ON ACCOUNT OF COMMON STOCK OF SOLUTIA.**

MASTER EQUITY PURCHASE
FORM CODE [__]

K&E 12084876.10

*In re Solutia Inc. Case No.* 03-17949 (PCB)

> NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON AN AGENT OF SOLUTIA OR THE SUBSCRIPTION AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE AMENDED PLAN.

---

### IMPORTANT

PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER EQUITY PURCHASE FORM, AND RETURN IT SO THAT IT IS RECEIVED BY THE SUBSCRIPTION AGENT ON OR BEFORE THE EXPIRATION DATE FOR EXERCISE OF RIGHTS BY 2:00 P.M., EASTERN TIME, ON DECEMBER 6, 2007. IF THIS MASTER EQUITY PURCHASE FORM IS NOT COMPLETED, SIGNED, AND RECEIVED ON OR BEFORE THE EXPIRATION DATE FOR EXERCISE OF RIGHTS, THE ELECTIONS TRANSMITTED BY THIS MASTER EQUITY PURCHASE FORM WILL NOT BE COUNTED.

You should review the Disclosure Statement, the Amended Plan and the instructions contained herein before you elect to participate in the Equity Purchase Offering. You or the beneficial owners of common stock of Solutia for whom you are the nominee may wish to seek legal advice concerning the Equity Purchase Offering.

A written prospectus for the offering may be obtained from Financial Balloting Group, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017 or at www.fbgdocuments.com/soi.

Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Amended Plan.

Please see the Equity Purchase Offering Procedures, which have been distributed to Eligible Holders and are discussed in Section [____] of the Disclosure Statement and Section [____] of the Amended Plan for additional information about the Equity Purchase Offering.

**Item 1. Certification of Authority to Make Elections.** The undersigned certifies that it is a broker, bank, or other nominee that was the record holder of common stock of Solutia described in Item 2 below as of November 8, 2007, on behalf of the beneficial owners described therein; and accordingly, has full power and authority to elect to participate in the Equity Purchase Offering on behalf of the beneficial owners of the shares listed in Item 2.

2

*In re Solutia Inc. Case No. 03-17949 (PCB)*

**Item 2. Equity Interests in Solutia (Class 20) Election to Participate in the Equity Purchase Offering – Number of Beneficial Owners.** The undersigned certifies that as of November 8, 2007, the following beneficial owners of common stock of Solutia, as identified by their respective customer account numbers, were beneficial owners of common stock of Solutia in the following aggregate principal amount (insert amount in the boxes below) who wish to make the following elections with regard to the Equity Purchase Offering.

| Customer Name or Account Number for Each Beneficial Owner | Number of Shares of Common Stock of Solutia Held as of the Equity Purchase Record Date | X (0.09) = | Maximum Number of Initial Shares of New Common Stock (Round down to nearest whole number) | Number of Initial Shares of New Common Stock Beneficial Owner Elects to Purchase | Number of Additional Shares of New Common Stock Beneficial Owner Elects to Purchase |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |
| TOTALS | | | | | |

IF YOU ARE ACTING AS A NOMINEE FOR MORE THAN TEN BENEFICIAL OWNERS OF COMMON STOCK OF SOLUTIA, PLEASE ATTACH ADDITIONAL SHEETS, AS NECESSARY.

3

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**Item 3: Certification.** By signing this Master Equity Purchase Form, the undersigned certifies that each beneficial owner of common stock of Solutia listed in Item 2, above, has been provided with a copy of the Equity Purchase Offering Procedures and the prospectus, which forms a part of the registration statement filed with the Securities and Exchange Commission (the "SEC") on October 5, 2007, including the exhibits thereto, and certifies and acknowledges that the right to elections for the Equity Purchase Offering is subject to all the terms and conditions set forth in the Disclosure Statement and Equity Purchase Offering Procedures.

Name of Broker, Bank or other Nominee:

_____
(Print or Type)

Participant Number: _____

Name of Proxy Holder or Agent for Broker,
Bank or Other Nominee (if applicable):

_____
(Print or Type)

Social Security or Federal Tax I.D. No.:_____
                                              (If Applicable)

Signature: _____

Print Name: _____

Title:_____
                    (If Appropriate)

**Facsimile Number\*:**_____

**Email Address\*:**_____

Street Address: _____

City, State, Zip Code:_____

Telephone: ( ___ )_____

Date Completed:_____

**\* TO ENSURE RECEIPT OF THE NOTICE REGARDING THE RIGHTS YOUR CLIENTS ARE ELIGIBLE TO PURCHASE, PLEASE PROVIDE YOUR FAX NUMBER AND EMAIL ADDRESS.**

*In re Solutia Inc. Case No.* 03-17949 (PCB)

THIS MASTER EQUITY PURCHASE FORM MUST BE RECEIVED BY THE SUBSCRIPTION AGENT AT THE ADDRESS LISTED BELOW, BEFORE 2:00 P.M., EASTERN TIME, ON DECEMBER 6, 2007, OR THE RIGHTS TRANSMITTED HEREBY WILL NOT BE COUNTED.

**FINANCIAL BALLOTING GROUP LLC**
**757 THIRD AVENUE, 3RD FLOOR**
**NEW YORK, NEW YORK 10017**
**TELEPHONE: (646) 282-1800**

PLEASE NOTE:  THE SUBSCRIPTION AGENT WILL *NOT* ACCEPT MASTER EQUITY PURCHASE FORMS BY FACSIMILE TRANSMISSION OR ELECTRONIC MAIL.

---

**NOTE ABOUT PAYMENT**

Following the Expiration Date, a notice will be sent to you setting forth the Initial Rights your clients have elected to and are allowed to purchase, indicating the number of Additional Rights your clients have elected to and are allowed to exercise and setting forth the Total Exercise Price for such Rights.  Payment for the underlying New Common Stock will be due by wire transfer within ten calendar days after the date of such notice.  Any failure to timely pay for the exercise of such Rights will result in a revocation and relinquishment of such Rights.

*In re Solutia Inc. Case No. 03-17949 (PCB)*

## INSTRUCTIONS FOR COMPLETING THE MASTER EQUITY PURCHASE FORM

**EXPIRATION DATE/SUBSCRIPTION AGENT:**

**The Expiration Date for the Exercise of Rights is 2:00 p.m., Eastern time, on December 6, 2007.** To elect to participate in the Equity Purchase Offering, you must complete, sign, and return this Master Equity Purchase Form so that it is received by the Subscription Agent at the following address no later than the Expiration Date:

> Financial Balloting Group LLC
> 757 Third Avenue, 3rd Floor
> New York, New York 10017
> 646-282-1800

**In order to effect a subscription on behalf of any Beneficial Owner, you must take the following steps:**

a.    Review the certification in Item 1;

b.    In Item 2 of this Master Equity Purchase Form, indicate the aggregate number of shares of common stock of Solutia to participate in the Equity Purchase Offering, as transmitted to you by the beneficial owners of common stock of Solutia. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number). Please include information on the number of shares of common stock of Solutia held, the maximum number of Initial Shares for which the account is eligible to subscribe, the number of Initial Shares the account elects to purchase, and the number of Additional Shares the account elects to purchase;

c.    Review the certification in Item 3 of the Master Equity Purchase Form;

d.    In Item 3, sign and date the Master Equity Purchase Form, and provide the remaining information requested;

e.    If additional space is required to respond to Item 2 on the Master Equity Purchase Form, please use additional sheets of paper containing the requested information;

f.    Contact the Subscription Agent to arrange for delivery of the completed Master Equity Purchase Form to its offices; and

g.    Deliver the completed, executed Master Equity Purchase Form so as to be *received* by the Subscription Agent before the Expiration Date. For each completed, executed Form returned to you by a beneficial owner, either forward such Form (along with your Master Equity Purchase Form) to the Subscription Agent or retain such Form in your files for one year from the Expiration Date.

h.    As soon as practicable after the registration statement filed with the SEC on Form S-1 is declared "effective" by the SEC, a notice will be sent to you setting forth the Initial Rights your clients have elected to and are allowed to purchase, indicating the number of Additional Rights your clients have elected to and are allowed to exercise and setting forth the Total Exercise Price for such Rights. Payment for the underlying New Common Stock will be due by wire transfer or by certified bank or cashier's check delivered to the Subscription Agent within ten Calendar days after the date of such notice. Any failure to timely pay for the exercise of such Rights will result in a revocation and relinquishment of such Rights.

6

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**PLEASE NOTE:**

No Form or Master Equity Purchase Form shall constitute or be deemed to be proof of a Claim or equity interest or an assertion of a Claim or equity interest.

**No fees, commissions, or other remuneration will be payable** to any broker, bank, dealer, nominee, or other person for soliciting elections to participate in the Rights Offering. Solutia will, however, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Forms and other enclosed materials to the beneficial owners of the Equity Interests held by you as a nominee or in a fiduciary capacity.

Please see the Equity Purchase Offering Procedures, which have been distributed to Eligible Stockholders and are discussed in Section [_____] of the Disclosure Statement and Section [_____] of the Amended Plan for additional information about the Equity Purchase Offering.

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER EQUITY PURCHASE FORM OR THE EQUITY PURCHASE OFFERING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER EQUITY PURCHASE FORMS, EQUITY PURCHASE FORMS, THE DISCLOSURE STATEMENT, EQUITY PURCHASE OFFERING PROCEDURES, OR OTHER RELATED MATERIALS, PLEASE CALL THE SUBSCRIPTION AGENT, FINANCIAL BALLOTING GROUP LLC AT 646-282-1800.**

---

*In re Solutia Inc. Case No.* 03-17949 (PCB)

## Exhibit K

## CLAIM TRANSFER PROCEDURES

### 1.    Introduction

As described more fully below, Holders[1] of Allowed General Unsecured Claims of less than $100,000 but greater than $2,500 have the right to elect to receive Cash instead of New Common Stock and Rights in exchange for those claims. Holders of at least 107 shares of Solutia Stock are being offered an opportunity to purchase those claims and the rights attendant to those claims, including the Rights of such claims to participate in the Rights Offering. Only Holders of Allowed General Unsecured Claims that check the claim transfer cash out option (the **"Cash Out Option"**) on their Ballot and Eligible Claim Transfer Shareholders who properly complete and return the Claim Transfer Right Exercise Form that follows will be able to participate. Exercising any of the rights described below impacts what such holders will receive from Solutia under the Plan and, for Eligible Claim Transfer Shareholders electing to participate, will also require the payment of the Claims Transfer Rights Exercise Price (as defined below) and the payment for any attendant rights that are exercised.

Eligible Claim Transfer Shareholders

Eligible Claim Transfer Shareholders have the right, but not the obligation, to elect to purchase General Unsecured Claims and exercise the related Rights, to the extent holders of General Unsecured Claims elect the Cash Out Option for their Claims.

The procedures are described in greater detail in the "Rights Offering Procedures" attached, and in the Equity Claim Purchase Election Form that follows. Briefly, Eligible Claim Transfer Shareholders as of the Voting Record Date who wish to make the Equity Claim Purchase Election must:

- Indicate the total CLAIM AMOUNT they wish to purchase at the rate of 52.35% per dollar of claim amount ($52.35 per $100 of claim amount). The Claim Amount ultimately purchased by any holder is subject to reduction, based upon the availability of Claims. Any requested amount will first be applied to the "initial" portion the holder is entitled to purchase (based upon the number of shares of Solutia Stock held as of the Voting Record Date; the number of shares of Solutia Stock held by others in the pool and the amounts being requested by them; and the total amount of Claims available for purchase). Any remaining amount will be treated as an "oversubscription" request.

---

[1]    All capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Disclosure Statement.

- Indicate the total number of SUBSCRIPTION RIGHTS they wish to exercise. Such Rights will be allocated between Initial Rights and Oversubscription Rights based upon the Claim amount that is actually approved for purchase by the holder.

- Eligible Claim Transfer Shareholders whose shares are registered in street name through a bank or brokerage firm must provide PROOF of their share ownership as of the Voting Record Date, in substantially the same from as the Proof of Ownership form included as part of the Equity Claim Purchase Election Form. Registered holders of Common Stock whose shares are directly registered in their own name do not need to provide proof of ownership.

**BEFORE MAKING ANY OF THE ELECTIONS DESCRIBED BELOW, HOLDERS OF ALLOWED GENERAL UNSECURED CLAIMS AND HOLDERS OF COMMON STOCK IN SOLUTIA INC. SHOULD CAREFULLY READ THESE CLAIM TRANSFER PROCEDURES AND THE DISCLOSURE STATEMENT.**

The allotment of Allowed General Unsecured Claims to Eligible Claim Transfer Shareholders (as defined below) will be calculated according to the formulas and calculations set forth below. Because the amount of Allowed General Unsecured Claims available for purchase is entirely dependent on the election of participating Eligible Claim Transfer Holders (as defined below), we cannot know the amount available, if any, at this time.

Claim Transfers

Each Holder of an Allowed General Unsecured Claim as of the Voting Record Date in an amount of less than $100,000 but greater than $2,500 (an **"Eligible Claim Transfer Holder"**), has the right, subject to the exercise of Claim Transfer Rights (as defined below) equal to or greater than the aggregate amount of Allowed General Unsecured Claims offered by Eligible Claim Transfer Holders, to elect to transfer its Allowed General Unsecured Claim (including the Rights related to such General Unsecured Claim) (the **"Claim Transfer Holder's Claim"**) for Cash in an amount equal to 52.35% of the Allowed amount of such Claim Transfer Holder's Claim (the **"Claim Transfer Option"**) pursuant to the Cash Out Option on the Ballot (the **"Claim Transfer Option Exercise Form"**), which will be sent to each Eligible Claim Transfer Holder together with the Disclosure Statement.

Claim Transfer Shareholders

Each Holder of Common Stock of Solutia Inc. as of the Voting Record Date, who holds at least 107 shares of Solutia Inc. Common Stock and who is entitled to vote on the Plan, (in each case, an **"Eligible Claim Transfer Shareholder"**) has the right (the **"Claim Transfer Right"**), but not the obligation, subject to the exercise of sufficient Claim Transfer Options by Eligible Claim Transfer Holders to purchase up to its Pro Rata Share (as defined below) of the Claim Pool (as defined below) (the **"Claim Transfer Election"**) pursuant to the claim transfer right exercise form (the **"Claim Transfer Right Exercise Form"**) which will be sent to each Eligible Claim Transfer Shareholder together with the Disclosure Statement. Such Claim Transfer Right Exercise Form will indicate the formula for Solutia's calculation of the initial amount of Claim Transfer Holders' Claims an Eligible Claim Transfer Shareholder can purchase.

2

Each Eligible Claim Transfer Shareholder shall have a right entitling such Holder to purchase up to its Pro Rata Share (as defined below) of the pool of Claim Transfer Holders' Claims (the "**Claim Pool**") resulting from the Eligible Claim Transfer Holders' exercise of their Claim Transfer Options (the "**Initial Claim Transfer Rights**"). With respect to the Initial Claim Transfer Rights, each Claim Transfer Shareholders' "**Pro Rata Share**" shall be calculated pursuant to the following formula:

$$\frac{\text{Number of shares owned by an Eligible Claim Transfer Shareholder}}{\text{Number of shares owned by all Eligible Claim Transfer Shareholders that Exercise their Rights}[2]} \quad \text{(multiplied by) Claim Pool}[3] \quad = \quad \text{Amount of the Claim Pool Eligible Claim Transfer Shareholder is initially eligible to purchase}$$

In the event that an Eligible Claim Transfer Shareholder's exercise of its Initial Claim Transfer Rights would result in such Eligible Claim Transfer Shareholder receiving a Pro Rata Share of the Claim Pool in an amount less than $2,500, such exercise shall be null and void. As a result, only those Eligible Claim Transfer Shareholders entitled and willing to purchase more than $2,500 worth of Allowed General Unsecured Claims will be eligible to participate. The Claim Transfer Right Exercise Form will allow Eligible Claim Transfer Shareholders to elect an aggregate amount of General Unsecured Claims that such Holder is willing to purchase. As explained in further detail below, it is possible that this amount will be greater than their eligible Initial Claim Transfer Right.

In the event that fewer than all Eligible Claim Transfer Shareholders elect to purchase the full amount of the Claims Pool for which they are eligible (a "**Claim Transfer Under-Subscription**"), the Eligible Claim Transfer Shareholders that elected to purchase more than their respective Initial Claim Transfer Rights, (the "**Additional Claim Transfer Rights**") will have committed to purchase additional Claim Transfer Holders' Claims up to an amount equal to the difference between their Initial Claim Transfer Rights and the aggregate amount of the Claim Pool such Holders elected to purchase; provided, however, that in the event that Eligible Claim Transfer Shareholders attempt to exercise more Additional Claim Transfer Rights than are available for all Eligible Claim Transfer Shareholders electing to exercise Additional Claim Transfer Rights, Eligible Claim Transfer Shareholders will only be able to exercise their pro rata

---

[2]    This number will not be determined until after the Voting Deadline.

[3]    The actual amount of the Claim Pool cannot be determined until after the Voting Deadline. In addition, the Claim Pool is subject to a reduction of up to 20% based on the Backstop Parties' exercise of the Backstop Purchase Option.

share of Additional Claim Transfer Rights (as determined by the Transfer Rights Participation Claim Amounts of all such Eligible Claim Transfer Shareholders). The Initial Claim Transfer Rights and Additional Claim Transfer Rights are collectively referred to herein as the "**Claim Transfer Rights.**"

**IN THE EVENT THAT THE AMOUNT OF THE CLAIM POOL EXCEEDS THE AMOUNT OF CLAIM TRANSFER RIGHTS EXERCISED, THEN THIS CLAIM TRANSFER WILL NOT TAKE PLACE AND ANY PARTICIPATING ELIGIBLE CLAIM TRANSFER HOLDER SHALL RECEIVE ITS DISTRIBUTION PURSUANT TO THE PLAN.**

"**Disclosure Statement**" means that certain Disclosure Statement, approved by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on October 19, 2007.

"**Subscription Agent**" means Financial Balloting Group LLC, in its capacity as such.

"**Transfer Rights Participation Claim Amount**" means the amount of the Claim Transfer Rights that an Eligible Claim Transfer Shareholder has elected to exercise on its Claim Transfer Right Exercise Form.

Notwithstanding anything contained in the Plan or herein to the contrary, under no circumstances shall any Holder of an Equity Interest in Solutia Inc. that is not entitled to vote on the Plan pursuant to the Disclosure Statement Order have any Claim Transfer Rights with respect to such Equity Interest.

*Before exercising any Claim Transfer Option or Claim Transfer Rights, Eligible Claim Transfer Holders and Eligible Claim Transfer Shareholders should read the Disclosure Statement, including the section entitled, "Risks Related to Solutia's Business and Industry" and the valuation of the Reorganized Debtors contained therein.*

2.    **Commencement/Expiration of the Claims Transfer**

The Claim Transfer shall commence on the day upon which the Ballots with the Cash Out Option and the Disclosure Statement containing the Claim Transfer Right Exercise Forms are mailed to Eligible Claim Transfer Holders and Eligible Claim Transfer Shareholders, respectively (the "**Commencement Date**"). The Claim Transfer shall expire on November 26, 2007 (the "**Claim Transfer Deadline**"). Each Eligible Claim Transfer Holder intending to exercise its Claim Transfer Option must affirmatively elect to exercise such Claim Transfer Option on or prior to the Claim Transfer Deadline in accordance with the provisions of Section 3 below. Each Eligible Claim Transfer Shareholder intending to exercise its Claim Transfer Right must affirmatively elect to exercise its right on or prior to the Claim Transfer Deadline in accordance with the provisions of Section 3 below.

3.    **Exercise of Claim Transfer Rights**

For additional information regarding the Rights Offering please review the Rights Offering Procedures included with the Disclosure Statement.

*In re Solutia Inc. Case No. 03-17949 (PCB)*

### *Exercise of Initial Rights*

Each Eligible Claim Transfer Shareholder is entitled to participate in the Claims Transfer solely to the extent of its Initial Claim Rights, together with any Additional Claim Transfer Rights, to the extent available in the event of an Under-Subscription.

### *Exercise of Additional Claim Transfer Rights and Corresponding Rights Offering Rights*

Eligible Claim Transfer Shareholders who wish to make the Claims Transfer Election must indicate the total Claim amount they wish to purchase. This amount will automatically be allocated between such holder's Initial Claim Rights and Additional Claim Transfer Rights, if any.

Eligible Claim Transfer Shareholders who wish to make the Claims Transfer Election and also would like to exercise the Rights Offering Rights attendant with the General Unsecured Claims they elect to purchase, must then indicate the total number of Rights Offering Rights they wish to exercise. Such Rights will be allocated between Initial Rights and Oversubscription Rights based upon the Claim amount that is actually approved for purchase by the holder.

Within ten (10) Business Days after the Subscription Agent sends an Eligible Claim Transfer Shareholder the notice of the portion of the Claim Pool such Holder has been allocated pursuant to its Claim Transfer Rights, and the amount of New Common Stock such holder had been allocated in connection with the Rights Offering, such exercising Holder shall have the right to submit payment of the Claim Transfer Rights Exercise Price and the applicable Rights Offering Price to the Subscription Agent to complete the exercise of their Rights and purchase their shares of New Common Stock.

### *Exercise by Eligible Claim Transfer Holders*

To exercise the Claim Transfer Option, each Eligible Claim Transfer Holder must deliver a duly completed Ballot with the Cash Out Option selected so that such Ballot is actually received by the Voting Agent on or before the Voting Deadline. If, on or prior to the Claim Transfer Deadline, the Voting Agent for any reason does not receive from an Eligible Claim Transfer Holder a duly completed Ballot with the Cash Out Option selected, such Eligible Claim Transfer Holder shall be deemed to have relinquished and waived its Claim Transfer Option.

### *Disputes, Waivers, and Extensions*

Any and all disputes concerning the timeliness, viability, form and eligibility of any exercise of Claim Transfer Options or Claim Transfer Rights shall be addressed in good faith by Solutia in consultation with the Creditors' Committee, the Equity Committee and subject to a final determination by the Bankruptcy Court, the determinations of which shall be final and binding. Solutia, in consultation with the Creditors' Committee, the Equity Committee and subject to Bankruptcy Court approval, may seek to waive any defect or irregularity, or permit a defect or irregularity to be corrected within such time as they may determine in good faith to be appropriate, or reject the purported exercise of any Claim Transfer Options or Claim Transfer

5

Rights. Solutia reserves the right, but are under no obligation, to give notice to any Eligible Claim Transfer Holder and/or Eligible Claim Transfer Shareholder regarding any defect or irregularity in connection with any purported exercise of a Claim Transfer Option by such Eligible Claim Transfer Holder or any purported exercise of a Claim Transfer Right by such Eligible Claim Transfer Shareholder and Solutia may, but are under no obligation to, permit such defect or irregularity to be cured within such time as they may determine in good faith, in consultation with the Creditors' Committee, Equity Committee and subject to Bankruptcy Court approval, to be appropriate; provided, however, that none of Solutia, the Subscription Agent, the Creditors' Committee, or the Equity Committee shall incur any liability for failure to give such notification.

Solutia, with the approval of the Bankruptcy Court and Creditors' Committee and the Equity Committee, may extend the duration of the Claim Transfer Election or adopt additional detailed procedures to more efficiently administer the distribution and exercise of the Claim Transfer Options and Claim Transfer Rights.

### Mailing

To facilitate the exercise of the Claim Transfer Options and Claims Transfer Rights, on the Commencement Date, Solutia will mail or cause to be mailed to each Eligible Claim Transfer Holder the Disclosure Statement which will have these Claim Transfer Procedures and Forms included as an exhibit, including instructions for the proper completion, due execution and timely delivery of the Exercise Forms to the Subscription Agent.

### Waiver

Each Holder that participates in the Claim Transfer shall be deemed by virtue of such participation, to have waived and released, to the fullest extent permitted under applicable law, all rights, claims or causes of action against Solutia, Reorganized Solutia and each of their respective subsidiaries and affiliates, the Creditors' Committee, the Equity Committee and the Subscription Agent arising out of or related to the receipt, delivery, disbursements, calculations, transmission or segregation of cash, Claim Transfer Options, Claim Transfer Rights and shares of the Claim Pool in connection with the Claims Transfer.

### 4.      Transfer Restriction; Revocation

Pursuant to the Plan, the Claim Transfer Options and Claims Transfer Rights are not transferable independently of the underlying General Unsecured Claims or Equity Interests from which such Claim Transfer Options and Claim Transfer Rights arise, respectively. Claim Transfer Options may only be exercised by or through the Eligible Claim Transfer Holder entitled to exercise such Claim Transfer Options on the Voting Record Date. Claim Transfer Rights may only be exercised by or through the Eligible Claim Transfer Shareholder entitled to exercise such Claim Transfer Rights on the Voting Record Date. Any such independent transfer or attempted transfer of the Claim Transfer Options or Claims Transfer Rights will be null and void and Solutia will not treat any purported transferee as the holder of any Claim Transfer Options and/or Claim Transfer Rights. Once the Eligible Claim Transfer Holder has properly exercised its Claim Transfer Option, such exercise will not be permitted to be revoked by such

Holder.  Once the Eligible Claim Transfer Shareholder has properly exercised its Claim Transfer Right, subject to the Rights Offering Procedures, such exercise will not be permitted to be revoked by such Holder, provided, however, that such Eligible Claim Transfer Shareholder will not be required to purchase any New Common Stock it indicated it was interested in purchasing pursuant to the Rights Offering.

5.      **Inquiries And Transmittal Of Documents; Subscription Agent**

The exercise instructions contained in the Claim Transfer Option Exercise Form and the Claim Transfer Right Exercise Form should be carefully read and strictly followed.

Questions relating to the Claim Transfer should be directed to the Subscription Agent at the following phone number:

> Financial Balloting Group LLC
> 646-282-1800

The risk of non-delivery of all documents and payments is on the Eligible Claim Transfer Holders and Eligible Claim Transfer Shareholders electing to exercise their respective Claim Transfer Options and Claim Transfer Rights, not Solutia or the Subscription Agent.  If mail is used, it is recommended that a reputable overnight courier or express mail be used and that a sufficient number of days be allowed to ensure delivery to the Subscription Agent before the Voting Deadline.

6.      **Claim Transfer Conditioned Upon Confirmation of The Plan; Reservation of Rights**

All exercises of Claim Transfer Options and Claim Transfer Rights are subject to and conditioned upon the confirmation of the Plan and the occurrence of the Effective Date of the Plan.  Notwithstanding anything contained herein, the Disclosure Statement or the Plan to the contrary, Solutia and Reorganized Solutia and each of their respective subsidiaries and affiliates reserve the right, in consultation with the Creditors' Committee, and the Equity Committee, to modify these Claim Transfer Procedures.

7

*In re Solutia Inc. Case No. 03-17949 (PCB)*

## Equity Claim Purchase and Right Exercise Form

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------x
                                        :
In re                                   :   Chapter 11
                                        :
SOLUTIA INC., et al.,                   :   Case No. 03-17949
                                        :   (PCB)
         Debtors.                       :
                                        :   (Jointly Administered)
---------------------------------------------------------x
```

### INSTRUCTIONS TO EQUITY CLAIM PURCHASE AND RIGHT EXERCISE FORM IN CONNECTION WITH SOLUTIA'S FIFTH AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

---

#### EXPIRATION DATE

The Expiration Date for Exercise of Claim Transfer Right is 5:00 p.m. Eastern Time on November 26, 2007 (the "Expiration Date")

---

**Please consult the Rights Offering Procedures for additional information with respect to this Equity Claim Purchase and Right Exercise Form.**

To Eligible Claim Transfer Shareholders:

On October 19, 2007, Solutia Inc., together with its direct and indirect subsidiaries and its affiliates Solutia Business Enterprises Inc., Solutia Systems, Inc., Solutia Overseas, Inc., CPFilms Inc., Solutia Management Company, Inc., Monchem International, Inc., Axio Research Corporation, Solutia Investments, LLC, Beamer Road Management Company, Monchem, Inc., Solutia Inter-America, Inc., Solutia International Holding, LLC, Solutia Taiwan, Inc. and Solutia Greater China, Inc., as debtors and debtors in possession (collectively, "Solutia"), filed Solutia's Fifth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Amended Plan") and the accompanying Disclosure Statement for Solutia's Fifth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement"). Pursuant to the Amended Plan, each holder of an Equity Interest in Solutia who holds at least **107** shares of Solutia common stock has the right to purchase up to its Pro Rata Share of the Allowed General Unsecured Claims contributed by Eligible Claim Transfer Holders who exercise the Claim Transfer Option. Each Eligible Claim Transfer Shareholder's Pro Rata Share of the initial amount of General Unsecured Claims it can purchase shall be calculated pursuant to the following formula:

*In re Solutia Inc. Case No.* 03-17949 (PCB)

| Number of shares of Solutia Stock owned by an Eligible ClaimTransfer Shareholder | (multiplied by) Claim Pool[5] | = Amount of the Claim Pool each Holder of an Allowed Equity Interest in Solutia is initially eligible to purchase |
|---|---|---|
| Number of shares owned by all Eligible Claim Transfer Shareholders that exercise their Rights[4] | | |

  For a complete description of the Claim Transfer Right see the accompanying Claim Transfer Procedures (the "Claim Transfer Procedures"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Claim Transfer Procedures.

  **IN THE EVENT THAT THE AMOUNT OF THE CLAIM POOL EXCEEDS THE AMOUNT OF CLAIM TRANSFER RIGHTS EXERCISED, THEN THIS CLAIM TRANSFER WILL NOT TAKE PLACE AND ANY PARTICIPATING ELIGIBLE CLAIM TRANSFER SHAREHOLDER WILL NOT BE ENTITLED TO PURCHASE GENERAL UNSECURED CLAIMS.**

  If you are a Holder of 107 or more shares of common stock in Solutia Inc. as of the Voting Record Date, you may use this Equity Claim Purchase and Right Exercise Form to make a Claim Transfer Election and elect to exercise Rights attendant to the Purchased General Unsecured Claims, respectively. Please utilize the attached Equity Claim Purchase and Right Exercise Form to execute your election. In order to exercise your Claim Transfer Rights, you must complete and return the attached Equity Claim Purchase and Right Exercise Form to the Subscription Agent on or before the Expiration Date set forth above. You must return the completed Form as directed below. Do <u>not</u> return it with your Ballot.

  **Questions.** If you have any questions about this Equity Claim Purchase and Right Exercise Form or the exercise procedures described herein, please contact the Subscription Agent - Financial Balloting Group LLC at 646-282-1800.

To exercise your Claim Transfer Right and purchase an amount of the Claim Pool:

1.  <u>Insert</u> the number of shares of Equity Interests in Solutia you hold in Item 1.

2.  <u>Complete</u> Item 2., indicating the maximum aggregate Dollar amount of General Unsecured Claims you wish to purchase.

3.  <u>Complete</u> Item 3., indicating the maximum number or Rights you wish to exercise. Please refer to the Rights Offering Procedures for a detailed description of the Rights Offering.

4.  <u>Read and Complete</u> the certification in Item 4.

5.  <u>Attach</u> proof of share ownership if your shares are held through a bank, broker or other nominee (each, a "Nominee") (see page 6 of form).

---

[4] This number will not be determined until after the voting deadline.

[5] The actual amount of the Claim Pool will not be determined until after the Voting Deadline.

*In re Solutia Inc. Case No.* 03-17949 (PCB)

6.      **Return the Claim Transfer Right Exercise Form** and any required attachment in the pre-addressed envelope to the Subscription Agent before the Expiration Date at the following address:

> Financial Balloting Group LLC
> 757 Third Avenue, 3rd Floor
> New York, New York 10017

*If mail is used, it is recommended that a reputable overnight courier or insured registered mail be used and that a sufficient number of days be allowed to ensure delivery to the Subscription Agent before the Voting Deadline.*

*Before exercising any Claim Transfer Rights you should read the Disclosure Statement, including the section entitled "Risks Related to Solutia's Business and Industry" and the valuation of the Reorganized Debtors contained therein.*

*In re Solutia Inc. Case No.* 03-17949 (PCB)

### EQUITY CLAIM PURCHASE AND RIGHT EXERCISE FORM FOR EXERCISE
### OF CLAIM TRANSFER RIGHTS IN CONNECTION WITH
### SOLUTIA'S FIFTH AMENDED JOINT PLAN OF
### REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

---

**EXPIRATION DATE**

**The Expiration Date for Exercise of Claim Transfer Rights is 5:00 p.m. Eastern Time
on November 26, 2007.
Please leave sufficient time for your Claim Transfer Right Exercise Form
to reach the Subscription Agent and be processed.**

---

**Please consult the Claim Transfer Procedures for additional
information with respect to this Claim Purchase and Right Exercise Form.**

---

### ONLY COMPLETE AND RETURN THIS FORM IF YOU WISH TO PURCHASE GENERAL
### UNSECURED CLAIMS.

**Item 1. Claim Transfer Rights.** I certify that, as of the Voting Record Date of October 22, 2007, I am the
beneficial owner of the following number of shares of Equity Interests in Solutia (insert amount in the box below).
You must attach proof of ownership if your shares are held by a Nominee

Number of Shares: _____

**Item 2. Claim Transfer Purchase.** Pursuant to the Amended Plan and the accompanying Claim Transfer
Procedures, each Eligible Claim Transfer Shareholder is entitled to exercise its Claim Transfer Rights and purchase
Claim Pool Shares. To exercise your Claim Transfer Rights, fill out Items 2 below. This election is subject to the
availability of General Unsecured Claims for purchase.


$_____     (multiplied by) 0.5235     =Amount I agree to pay for such
Maximum Claim Amount                             Transfer Pool Claims.
I wish to Purchase


11

*In re Solutia Inc.* Case No. 03-17949 (PCB)

**Item 3. Rights Offering Amount.**  Pursuant to the Amended Plan, each holder of a Claim Transfer Shareholder Claim who validly purchases Allowed General Unsecured Claims is entitled to participate in the Rights Offering.  Please refer to the Rights Offering Procedures and the Rights Exercise Form included in your Solicitation Package for additional information.  By filling in the following blanks, you are indicating that you are interested in purchasing the number of shares of New Common Stock specified below (specify a whole number of shares of New Common Stock) at a price of **$13.33** per share, on the terms of and subject to the conditions set forth in the Rights Offering Procedures.  This election is subject to availability.

|  |  |  |
|---|---|---|
| _____ | X **$13.33** | =Amount I would be required to pay |
| Maximum number of | | to exercise such Rights |
| Rights I wish to exercise | | |
| (whether designated as | | |
| "Initial Rights" or | | |
| "Additional Rights") | | |

*In re Solutia Inc. Case No. 03-17949 (PCB)*

**Item 4. Certifications.** I certify that I am the holder, or the authorized signatory of the holder, of the number of shares of Equity Interests in Solutia listed under Item 1 above.

Date: _____, 2007

Name of Shareholder:_____
(Print or Type)
Social Security or Federal Tax I.D. No.:_____
(Optional)
Signature:_____

Name of Person Signing:_____
(If other than holder)
Title (if corporation, partnership or LLC):_____

**Facsimile Number\*:**_____

**Email Address\*:** _____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

**\*TO ENSURE RECEIPT OF THE NOTICE REGARDING THE RIGHTS YOU ARE ELIGIBLE TO PURCHASE, PLEASE PROVIDE YOUR FAX NUMBER AND EMAIL ADDRESS.**

PLEASE NOTE: NO EQUITY CLAIM PURCHASE AND RIGHT EXERCISE FORM WILL BE VALID UNLESS IT IS RECEIVED BY THE SUBSCRIPTION AGENT ON OR BEFORE 5:00 P.M. EASTERN TIME ON NOVEMBER 26, 2007.

PLEASE NOTE: WITHIN TEN (10) BUSINESS DAYS AFTER THE SUBSCRIPTION AGENT SENDS AN ELIGIBLE CLAIM TRANSFER SHAREHOLDER NOTICE OF THE PORTION OF THE CLAIM POOL SUCH HOLDER HAS BEEN ALLOCATED, SUCH EXERCISING HOLDER SHALL BE REQUIRED TO PAY THE CLAIM TRANSFER RIGHTS EXERCISE PRICE PURSUANT TO THE INSTRUCTIONS SET FORTH IN SUCH NOTICE OR SHALL FOREVER WAIVED AND RELINQUISH SUCH RIGHTS.

13

*In re Solutia Inc. Case No. 03-17949 (PCB)*

## PROOF OF OWNERSHIP FORM

**MUST BE COMPLETED BY THE NOMINEE ON BEHALF OF ANY HOLDER
OF COMMON STOCK MAKING THE CLAIM PURCHASE ELECTION
WHOSE SHARES ARE HELD IN THE NAME OF THE NOMINEE**

By completing this form, the Nominee certifies that as of the Voting Record Date, October 22, 2007, it held in its account (details of which are set out below) Solutia Inc. shares in the amount detailed below, on behalf of the Shareholders listed below.

Please complete all details requested.

Shareholder's Account Name: _____

Nominee's Account Number
For this Account: _____

Nominee Name (DTC Participant Name): _____

Nominee's DTC Participant Number: _____

Name of Nominee Contact: _____

Signature of Nominee Contact: _____

Telephone Number of Nominee Contact: _____

Share Amount: _____

Medallion Stamp:

After the Nominee has completed all information, the original form should be returned to the Subscription Agent with the Equity Claim Purchase and Right Exercise Form:

FINANCIAL BALLOTING GROUP LLC
757 Third Avenue, 3rd Floor
New York, New York 10017
Attn: Solutia Equity Claim Purchase
(646) 282-1800

14

*In re Solutia Inc. Case No.* 03-17949 (PCB)

**In re Solutia Inc.**
**Case No. 03-17949 (PCB)**

**TO:   Holders of General Unsecured Claims of Less than $100,000 (but greater than $2,500)**

You are receiving this notice because you hold a general unsecured claim in Solutia's chapter 11 cases of less than $100,000 (but greater than $2,500).  Under Solutia's Plan, in addition to your right to vote to accept or reject the Plan, you have the option to elect to receive cash *or* new common stock in Reorganized Solutia in exchange for your claim.

A) Cash Option

If you elect the cash option:

- You will receive cash equal to 52.35% of your claim.

- You will not receive any other consideration in exchange for your claim.

Please note that you will receive new common stock of Reorganized Solutia, *and not cash*, if Solutia's shareholders do not elect to purchase all of the claims offered for sale.

To elect to receive cash for your claim, please complete Item 3 on the ballot included with these materials.

B) New Common Stock Option

If you do not choose to receive cash for your claim (or if the cash-out does not occur):

- You will receive new common stock in Reorganized Solutia.

- You will also receive the right to *purchase* additional shares of new common stock in Reorganized Solutia at a discount through a rights offering.

- Solutia *expects* that the value of the new common stock in Reorganized Solutia that you would receive will result in a recovery of approximately 69.8% to 83.1% of your claim, depending on whether you elect to participate in the rights offering.

Please note that the value of new common stock in Reorganized Solutia could fluctuate depending on certain risks, including market conditions and demand for the stock after the Effective Date.

FOR MORE INFORMATION ON YOUR CASH-OUT OPTION AND ON THE RISKS ASSOCIATED WITH OWNING STOCK IN REORGANIZED SOLUTIA, PLEASE READ THE CLAIM TRANSFER PROCEDURES AND/OR THE DISCLOSURE STATEMENT, BOTH OF WHICH ARE INCLUDED WITH THESE MATERIALS.

# EXHIBIT C

**SOLUTIA INC.**
**PROJECTED CONSOLIDATED INCOME STATEMENT**
**(DOLLARS IN MILLIONS)**

| | Actual 2006 | Projected 2007 | Projected 2008 | Projected 2009 | Projected 2010 | Projected 2011 | Projected 2012 |
|---|---|---|---|---|---|---|---|
| NET SALES | $ 2,795 | $ 3,561 | $ 3,878 | $ 4,123 | $ 4,210 | $ 4,280 | $ 4,430 |
| Cost of Goods Sold | 2,435 | 3,049 | 3,206 | 3,373 | 3,383 | 3,424 | 3,524 |
| GROSS PROFIT | 360 | 512 | 672 | 750 | 827 | 856 | 906 |
| Marketing, Administrative and Technological Expense | 272 | 302 | 340 | 355 | 369 | 377 | 390 |
| Amortization Expense | 1 | 2 | 3 | 3 | 3 | 2 | 3 |
| OPERATING INCOME (LOSS) | 87 | 208 | 329 | 392 | 455 | 477 | 513 |
| Equity Earnings from Affiliates | 38 | 13 | -- | -- | -- | -- | -- |
| Interest Expense, net | (100) | (137) | (171) | (153) | (140) | (122) | (113) |
| Other Income, net | 16 | 56 | 3 | 1 | 1 | 2 | 4 |
| Loss on Debt Modification | (8) | (7) | -- | -- | -- | -- | -- |
| Reorganization Items, net | (71) | 426 | -- | -- | -- | -- | -- |
| INCOME (LOSS) BEFORE INCOME TAXES | (38) | 559 | 161 | 240 | 316 | 357 | 404 |
| Income Tax Expense | 18 | 22 | 48 | 91 | 103 | 113 | 127 |
| INCOME (LOSS) FROM CONTINUING OPERATIONS | (56) | 537 | 113 | 149 | 213 | 244 | 277 |
| Discontinued Operations, net of tax | 58 | 29 | -- | -- | -- | -- | -- |
| NET INCOME | $ 2 | $ 566 | $ 113 | $ 149 | $ 213 | $ 244 | $ 277 |

**SOLUTIA INC.**
**PROJECTED CONSOLIDATED BALANCE SHEET**
**(DOLLARS IN MILLIONS)**

| | Actual 2006 | Projected 2007 | Projected 2008 | Projected 2009 | Projected 2010 | Projected 2011 | Projected 2012 |
|---|---|---|---|---|---|---|---|
| **ASSETS** | | | | | | | |
| **CURRENT ASSETS:** | | | | | | | |
| Cash and Cash Equivalents | $ 150 | $ 30 | $ 30 | $ 30 | $ 30 | $ 30 | $ 30 |
| Trade Receivables | 271 | 435 | 448 | 479 | 501 | 513 | 513 |
| Inventories | 263 | 345 | 350 | 375 | 394 | 395 | 399 |
| Prepaid Expenses and Other Assets | 138 | 178 | 161 | 161 | 161 | 161 | 161 |
| Assets of Discontinued Operations | 42 | 4 | -- | -- | -- | -- | -- |
| TOTAL CURRENT ASSETS | 863 | 992 | 989 | 1,045 | 1,086 | 1,099 | 1,103 |
| PROPERTY, PLANT AND EQUIPMENT, net | 784 | 1,058 | 1,087 | 1,137 | 1,156 | 1,173 | 1,182 |
| INVESTMENTS IN AFFILIATES | 193 | 1 | 2 | 2 | 2 | 2 | 2 |
| OTHER ASSETS | 219 | 2,488 | 2,435 | 2,363 | 2,335 | 2,333 | 2,293 |
| TOTAL ASSETS | $ 2,059 | $ 4,539 | $ 4,513 | $ 4,547 | $ 4,579 | $ 4,607 | $ 4,580 |
| **LIABILITIES AND SHAREHOLDERS' EQUITY (DEFICIT)** | | | | | | | |
| **CURRENT LIABILITIES:** | | | | | | | |
| Accounts Payable | $ 218 | $ 307 | $ 316 | $ 330 | $ 332 | $ 340 | $ 349 |
| Accrued Liabilities | 233 | 235 | 250 | 298 | 372 | 461 | 547 |
| Short-Term Debt | 650 | 63 | -- | -- | -- | -- | -- |
| Liabilities of Discontinued Operations | 15 | 4 | -- | -- | -- | -- | -- |
| TOTAL CURRENT LIABILITIES | 1,116 | 609 | 566 | 628 | 704 | 801 | 896 |
| LONG-TERM DEBT | 210 | 1,620 | 1,582 | 1,485 | 1,318 | 1,090 | 791 |
| OTHER LIABILITIES | 289 | 1,110 | 1,042 | 951 | 849 | 758 | 652 |
| LIABILITIES SUBJECT TO COMPROMISE | 1,849 | -- | -- | -- | -- | -- | -- |
| TOTAL LIABILITIES | 3,464 | 3,339 | 3,190 | 3,064 | 2,871 | 2,649 | 2,339 |
| **SHAREHOLDERS' DEFICIT:** | | | | | | | |
| Common Stock | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| Additional Contributed Capital | 56 | 1,199 | 1,209 | 1,220 | 1,232 | 1,238 | 1,244 |
| Treasury Stock, at Cost | (251) | -- | -- | -- | -- | -- | -- |
| Net Deficiency of Assets at Spin-off | (113) | -- | -- | -- | -- | -- | -- |
| Accumulated Other Comprehensive Loss | (67) | -- | -- | -- | -- | -- | -- |
| Retained Earnings (Deficit) | (1,031) | -- | 113 | 262 | 475 | 719 | 996 |
| TOTAL SHAREHOLDERS' EQUITY (DEFICIT) | (1,405) | 1,200 | 1,323 | 1,483 | 1,708 | 1,958 | 2,241 |
| TOTAL LIABILITIES AND SHAREHOLDERS' EQUITY (DEFICIT) | $ 2,059 | $ 4,539 | $ 4,513 | $ 4,547 | $ 4,579 | $ 4,607 | $ 4,580 |

**SOLUTIA INC.**
**PROJECTED CONSOLIDATED CASH FLOW STATEMENT**
**(DOLLARS IN MILLIONS)**

| | Actual 2006 | Projected 2007 | Projected 2008 | Projected 2009 | Projected 2010 | Projected 2011 | Projected 2012 |
|---|---|---|---|---|---|---|---|
| **INCREASE (DECREASE) IN CASH AND CASH EQUIVALENTS** | | | | | | | |
| **OPERATING ACTIVITIES:** | | | | | | | |
| Net Income | $ 2 | $ 566 | $ 113 | $ 149 | $ 213 | $ 244 | $ 277 |
| Adjustments to Reconcile to Cash from Operations: | | | | | | | |
| Income from discontinued operations, net of tax | (58) | (29) | -- | -- | -- | -- | -- |
| Depreciation and amortization | 109 | 118 | 119 | 119 | 121 | 123 | 125 |
| Amortization of deferred credits | (9) | (8) | (6) | (4) | (4) | (4) | (4) |
| Restructuring expenses and other charges | 5 | (11) | -- | -- | -- | -- | -- |
| Other, net | (1) | -- | -- | -- | -- | -- | -- |
| Changes in assets and liabilities: | | | | | | | |
| Income and deferred taxes | 8 | (3) | 26 | 61 | 68 | 76 | 89 |
| Trade receivables | (41) | (61) | (13) | (31) | (22) | (12) | -- |
| Inventories | (15) | 41 | (5) | (25) | (19) | (1) | (4) |
| Accounts payable | 15 | 40 | 9 | 14 | 2 | 8 | 9 |
| Domestic benefit plan liabilities, net of funding support | (298) | (231) | (13) | (42) | (38) | (35) | (33) |
| Other Liabilities subject to compromise | (9) | (70) | -- | -- | -- | -- | -- |
| Other assets and liabilities | 105 | (627) | 4 | 19 | (18) | (31) | (29) |
| **CASH PROVIDED BY (USED IN) OPERATIONS - CONTINUING OPERATIONS** | (187) | (275) | 233 | 260 | 303 | 368 | 430 |
| **CASH PROVIDED BY OPERATIONS - DISCONTINUED OPERATIONS** | 3 | 5 | 1 | -- | -- | -- | -- |
| **CASH PROVIDED BY (USED IN) OPERATIONS** | (184) | (270) | 234 | 260 | 303 | 368 | 430 |
| **INVESTING ACTIVITIES:** | | | | | | | |
| Restricted cash for Legacy Liabilities | -- | (265) | -- | -- | -- | -- | -- |
| Property, plant and equipment purchases | (105) | (173) | (141) | (161) | (136) | (136) | (131) |
| Acquisition and investment payments, net of cash acquired | (16) | (126) | (3) | (2) | -- | (4) | -- |
| Property disposals and investment proceeds, net | 5 | 15 | 11 | -- | -- | -- | -- |
| Other, net | -- | (1) | -- | -- | -- | -- | -- |
| **CASH USED IN INVESTING ACTIVITIES - CONTINUING OPERATIONS** | (116) | (550) | (133) | (163) | (136) | (140) | (131) |
| **CASH PROVIDED BY INVESTING ACTIVITIES - DISCONTINUED OPERATIONS** | 68 | 54 | -- | -- | -- | -- | -- |
| **CASH PROVIDED BY INVESTING ACTIVITIES** | (48) | (496) | (133) | (163) | (136) | (140) | (131) |
| **FINANCING ACTIVITIES:** | | | | | | | |
| Net Change in Short-Term Debt Obligations | 350 | (655) | (63) | -- | -- | -- | -- |
| Proceeds from Issuance of Long-Term Debt Obligations | -- | 1,800 | -- | -- | -- | -- | -- |
| Payments on Long-Term Debt Obligations | (51) | (508) | (38) | (97) | (187) | (228) | (299) |
| Deferred debt issuance Costs | (17) | (50) | -- | -- | -- | -- | -- |
| Proceeds from Issuance of Stock, net of expenses | - | 244 | -- | -- | -- | -- | -- |
| Other, net | (7) | 16 | -- | -- | -- | -- | -- |
| **CASH PROVIDED BY (USED IN) FINANCING ACTIVITIES** | 275 | 646 | (101) | (97) | (187) | (228) | (299) |
| **INCREASE (DECREASE) IN CASH AND CASH EQUIVALENTS** | 43 | (120) | 0 | 0 | 0 | 0 | 0 |
| **CASH AND CASH EQUIVALENTS:** | | | | | | | |
| BEGINNING OF YEAR | 107 | 150 | 30 | 30 | 30 | 30 | 30 |
| END OF YEAR | 150 | 30 | 30 | 30 | 30 | 30 | 30 |

SOLUTIA INC.
PROJECTED CONSOLIDATED FRESH START BALANCE SHEET
(DOLLARS IN MILLIONS)

| | Projected December 31, 2007 Balance Sheet | Debt Discharge & Reclassifications | Exit Financing Facility Transactions | Fresh Start Adjustments | Reorganized December 31, 2007 Balance Sheet |
|---|---|---|---|---|---|
| **ASSETS** | | | | | |
| **CURRENT ASSETS:** | | | | | |
| Cash and Cash Equivalents | $ 125 | $ (355) | $ 260 | $ — | $ 30 |
| Trade Receivables | 435 | — | — | — | 435 |
| Inventories | 345 | — | — | — | 345 |
| Prepaid Expenses and Other Assets | 182 | — | — | — | 182 |
| TOTAL CURRENT ASSETS | 1,087 | (355) | 260 | — | 992 |
| PROPERTY, PLANT AND EQUIPMENT, net | 1,058 | — | — | — | 1,058 |
| INVESTMENTS IN AFFILIATES | 1 | — | — | — | 1 |
| OTHER ASSETS | 298 | 8 | 277 | 1,905 | 2,488 |
| TOTAL ASSETS | $ 2,444 | $ (347) | $ 537 | $ 1,905 | $ 4,539 |
| **LIABILITIES AND SHAREHOLDERS' EQUITY (DEFICIT)** | | | | | |
| **CURRENT LIABILITIES:** | | | | | |
| Accounts Payable | $ 307 | $ — | $ — | $ — | $ 307 |
| Accrued Liabilities | 194 | 75 | (30) | — | 239 |
| Short-Term Debt | 1,086 | — | (1,023) | — | 63 |
| TOTAL CURRENT LIABILITIES | 1,587 | 75 | (1,053) | — | 609 |
| LONG-TERM DEBT | 217 | 20 | 1,383 | — | 1,620 |
| OTHER LIABILITIES | 284 | 749 | (52) | 129 | 1,110 |
| LIABILITIES SUBJECT TO COMPROMISE | 1,681 | (1,681) | — | — | — |
| TOTAL LIABILITIES | 3,769 | (837) | 278 | 129 | 3,339 |
| SHAREHOLDERS' DEFICIT: | | | | | |
| Common Stock | 1 | — | — | — | 1 |
| Additional Contributed Capital | 56 | — | 259 | 884 | 1,199 |
| Treasury Stock, at Cost | (251) | — | — | 251 | — |
| Net Deficiency of Assets at Spin-off | (113) | — | — | 113 | — |
| Accumulated Other Comprehensive Loss | (63) | — | — | 63 | — |
| Retained Earnings (Deficit) | (955) | 490 | — | 465 | — |
| TOTAL SHAREHOLDERS' EQUITY (DEFICIT) | (1,325) | 490 | 259 | 1,776 | 1,200 |
| TOTAL LIABILITIES AND SHAREHOLDERS' EQUITY (DEFICIT) | $ 2,444 | $ (347) | $ 537 | $ 1,905 | $ 4,539 |

## NOTES TO FINANCIAL PROJECTIONS

These Notes should be read in conjunction with the Plan, Disclosure Statement and Plan Supplement in their entirety.[1] Attached is a Projected Consolidated Income Statement, Projected Consolidated Balance Sheet and Projected Consolidated Cash Flow Statement, each of which includes the following: (a) Solutia's consolidated historical financial statement information for the year 2006; (b) consolidated projected financial statements (the "Projections") for Reorganized Solutia's six year period from 2007 through 2012 (the "Projection Period").[2] Also attached is a Projected Consolidated Fresh Start Balance Sheet reflecting, the assumed effect of Confirmation and consummation of the transactions contemplated by the Plan on the presumed Effective Date.

THE PROJECTIONS HAVE BEEN PREPARED BY SOLUTIA'S MANAGEMENT WITH THE ASSISTANCE OF ROTHSCHILD, SOLUTIA'S FINANCIAL ADVISORS. SUCH PROJECTIONS WERE NOT PREPARED TO COMPLY WITH THE GUIDELINES FOR PROSPECTIVE FINANCIAL STATEMENTS PUBLISHED BY THE AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS AND THE RULES AND REGULATIONS OF THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION. SOLUTIA'S INDEPENDENT ACCOUNTANTS HAVE NEITHER EXAMINED NOR COMPILED THE ACCOMPANYING PROJECTIONS AND, ACCORDINGLY, DO NOT EXPRESS AN OPINION OR ANY OTHER FORM OF ASSURANCE WITH RESPECT TO THE PROJECTIONS, ASSUME NO RESPONSIBILITY FOR THE PROJECTIONS AND DISCLAIM ANY ASSOCIATION WITH THE PROJECTIONS. EXCEPT FOR PURPOSES OF THIS DISCLOSURE STATEMENT, THE COMPANY DOES NOT PUBLISH PROJECTIONS OF THEIR ANTICIPATED FINANCIAL POSITION OR RESULTS OF OPERATIONS.

MOREOVER, THE PROJECTIONS CONTAIN CERTAIN STATEMENTS THAT ARE "FORWARD-LOOKING STATEMENTS" WITHIN THE MEANING OF THE PRIVATE SECURITIES LITIGATION REFORM ACT OF 1995. THESE STATEMENTS ARE SUBJECT TO A NUMBER OF ASSUMPTIONS, RISKS, AND UNCERTAINTIES, MANY OF WHICH ARE AND WILL BE BEYOND THE CONTROL OF REORGANIZED SOLUTIA, INCLUDING THE IMPLEMENTATION OF THE PLAN, THE CONTINUING AVAILABILITY OF SUFFICIENT BORROWING CAPACITY OR OTHER FINANCING TO FUND OPERATIONS, ACHIEVING OPERATING EFFICIENCIES, CURRENCY EXCHANGE RATE FLUCTUATIONS, EXISTING AND FUTURE GOVERNMENTAL REGULATIONS AND ACTIONS OF GOVERNMENT BODIES, NATURAL DISASTERS AND UNUSUAL WEATHER CONDITIONS, AND OTHER MARKET AND COMPETITIVE CONDITIONS. HOLDERS OF CLAIMS ARE CAUTIONED THAT THE FORWARD-LOOKING STATEMENTS SPEAK AS OF THE DATE MADE AND ARE NOT GUARANTEES OF FUTURE PERFORMANCE. ACTUAL RESULTS OR DEVELOPMENTS MAY DIFFER MATERIALLY FROM THE EXPECTATIONS EXPRESSED OR IMPLIED IN THE FORWARD-LOOKING STATEMENTS, AND SOLUTIA AND REORGANIZED SOLUTIA UNDERTAKE NO OBLIGATION TO UPDATE ANY SUCH STATEMENTS.

THE PROJECTIONS, WHILE PRESENTED WITH NUMERICAL SPECIFICITY, ARE NECESSARILY BASED ON A VARIETY OF ESTIMATES AND ASSUMPTIONS WHICH, THOUGH CONSIDERED REASONABLE BY SOLUTIA, MAY NOT BE REALIZED AND ARE INHERENTLY SUBJECT TO SIGNIFICANT BUSINESS, ECONOMIC, COMPETITIVE, INDUSTRY, REGULATORY, MARKET AND FINANCIAL UNCERTAINTIES AND CONTINGENCIES, MANY OF WHICH ARE AND WILL BE BEYOND REORGANIZED SOLUTIA'S CONTROL. SOLUTIA CAUTIONS THAT NO REPRESENTATIONS CAN BE MADE OR ARE MADE AS TO THE ACCURACY OF THE PROJECTIONS OR TO REORGANIZED SOLUTIA'S ABILITY TO ACHIEVE THE PROJECTED RESULTS. SOME ASSUMPTIONS INEVITABLY WILL BE INCORRECT. MOREOVER, EVENTS AND CIRCUMSTANCES OCCURRING SUBSEQUENT TO THE DATE ON WHICH THESE PROJECTIONS WERE PREPARED MAY BE DIFFERENT FROM THOSE ASSUMED, OR, ALTERNATIVELY, MAY HAVE BEEN UNANTICIPATED, AND THUS THE OCCURRENCE OF THESE EVENTS MAY AFFECT FINANCIAL RESULTS IN A MATERIALLY ADVERSE OR MATERIALLY BENEFICIAL MANNER. SOLUTIA AND REORGANIZED SOLUTIA DO NOT INTEND

---

[1] Capitalized terms that are not otherwise defined herein shall have the meaning ascribed to them in the Plan or Disclosure Statement, as applicable.

[2] The Projections assume an Effective Date of December 31, 2007, and for the year 2007, include seven months of actual results and five months of projected results for Solutia (August through December).

AND UNDERTAKE NO OBLIGATION TO UPDATE OR OTHERWISE REVISE THE PROJECTIONS TO REFLECT EVENTS OR CIRCUMSTANCES EXISTING OR ARISING AFTER THE DATE THIS DISCLOSURE STATEMENT IS INITIALLY FILED OR TO REFLECT THE OCCURRENCE OF UNANTICIPATED EVENTS. THE PROJECTIONS, THEREFORE, MAY NOT BE RELIED UPON AS A GUARANTY OR OTHER ASSURANCE OF THE ACTUAL RESULTS THAT WILL OCCUR. IN DECIDING WHETHER TO VOTE TO ACCEPT OR REJECT THE PLAN, HOLDERS OF CLAIMS OR INTERESTS MUST MAKE THEIR OWN DETERMINATIONS AS TO THE REASONABLENESS OF SUCH ASSUMPTIONS AND THE RELIABILITY OF THE PROJECTIONS.

The Projections have been prepared with the assumption that the Effective Date is December 31, 2007, and are based on, and assume the successful implementation of, Reorganized Solutia's business plan. Although the Company presently intends to cause the Effective Date to occur as soon as practicable following confirmation of the Plan, there can be no assurance as to when the Effective Date will actually occur given the conditions required for the Effective Date to occur pursuant to the terms of the Plan. In accordance with fresh start accounting requirements and as of the Effective Date, the Company has eliminated its Liabilities Subject to Compromise account, reflected the anticipated Reorganized Solutia capital structure, and increased its assets to reflect the expected enterprise valuation assigned to Reorganized Solutia. The expected enterprise valuation will be in excess of the existing carrying values, and accordingly, an adjustment is necessary to reflect within the Reorganized Consolidated Balance Sheet the expected enterprise value and resulting necessary asset values. Within these Projections, the Company has assigned the increased asset value to the Goodwill account, within the Other Assets caption on the Consolidated Balance Sheet, as the information to appropriately allocate the asset step-up is not available at the time of this filing. The Company anticipates that this step-up will impact the Inventory, Fixed Assets and Other Assets accounts on the Consolidated Balance Sheet. Further, this allocation of step up will impact the Depreciation account within Cost of Good Sold and the Amortization Expense accounts on the Consolidated Income Statement, and could impact metrics such as Gross Profit, Operating Income, Income Before Income Taxes and Net Income throughout the Projection Period.

The Projections are based on, among other things: (a) current and projected market conditions in each of Reorganized Solutia's respective markets; (b) the ability to maintain sufficient working capital to fund operations; (c) final approval of the Exit Financing Facility; and (d) confirmation of the Plan.

The Projections include consolidated results for Reorganized Solutia's domestic and international operations (Debtor and Non-Debtor entities).

**Projected Consolidated Income Statement Assumptions**

*Net Sales*

***Integrated Nylon Revenue:*** Solutia delivered total Nylon revenue of $1,731 million in 2006, and anticipates a 13% increase in revenue in 2007 driven by increased Nylon Polymer and Plastics sales resulting from strong global demand and the reconfiguration of manufacturing assets previously utilized for carpet production. Volume increases by Vydyne Plastics are expected to continue throughout the projection period, but net sales are forecasted to remain generally flat from 2009 through 2012 because of corresponding volume declines in carpet fibers. The aforementioned increase in Vydyne Plastics volumes is driven by industry growth and enabled by the internal reconfiguration of assets. Over the Projection Period, it is assumed that a portion of the revenue generated by Integrated Nylon is formula based pricing, the key determinants of which are raw material and energy costs. Raw material and energy costs increased significantly in 2006 and 2007 but are forecasted to remain flat throughout the 2008 through 2012 projection period. Management actively monitors these key costs and, when appropriate, adjusts pricing accordingly.

***SAFLEX® Revenue:*** Solutia delivered total SAFLEX revenue of $663 million in 2006, and anticipates 10% revenue growth in 2007. Over the Projection Period, Solutia expects revenues to increase at rates above U.S. GDP due to increasing volumes and pricing initiatives during the early years of the Projection Period. Strong growth from 2006 to 2007 is due to continued strengthening of demand for interlayer products as overall growth rates in this industry continue to be above 5%. In the outer years of the Projection Period, revenue increases are due to higher volumes, which results in revenue of over $950 million by the end of the Projection Period. The volume growth

assumption is based on recent growth rates in the industry. In specific, during the last four years ending in 2006, the compound average growth rate for the polyvinyl butyral ("PVB") industry was approximately 6%. Solutia believes this growth rate will continue throughout the Projection Period, and has premised volume growth in-line with the assumed industry growth rate. SAFLEX® volume growth is supported by the strategic investments previously announced by Solutia, including the building of a new manufacturing facility in China and expansion of an existing manufacturing facility in Belgium.

*Flexsys Revenue:* On May 1, 2007, Solutia completed the acquisition of Akzo Nobel N.V.'s 50% stake in Flexsys, the rubber chemicals joint venture between Akzo Nobel and Solutia. As a result, Solutia began consolidating the financial results of this entity beginning May 2007. In 2006 Flexsys delivered $606 million in annual revenue; and expects to deliver revenues of approximately $650 million in 2007. Within the projections, revenues for the final eight months of 2007 are included, which is $446 million. A price increase announced in the second half of 2007 is causing the increase in revenues in comparison to 2006. However, over the Projection Period, Solutia expects gradual price erosion in some of its product offerings due to anticipated supply expansion by competitors within the rubber chemical industries. Overall, volumes are expected to continue to increase at rates consistent with the long term industry growth rates, which are in the range of 1% - 3%. Revenues from this business unit are projected to peak in 2008 at $655 million but decline modestly to $623 million by 2012.

*CPFilms Revenue:* Solutia delivered total CPFilms revenue of $214 million in 2006, and anticipates an approximate 6% increase in revenue in 2007. Over the Projection Period, Solutia expects revenues to increase at a rate of approximately 13% per annum due to increasing volumes, pricing and the execution of certain strategic initiatives. The volume increases in all years of the Projections are a result of the continuing increase in the demand for these products, in particular within international markets. The CPFilms volume growth assumption is partially based on growth rates experienced within the window film industry, which have averaged 4% per year in each of the last seven years. The remaining volume growth will be driven by new applications, market and brand development, and global growth opportunities are driving above market growth rates. Solutia expects this business to generate revenue of approximately $415 million by 2012.

*Other Product Line Revenue:* The other businesses of Solutia (primarily SKYDROL® brand aviation hydraulic fluids and THERMINOL® heat transfer fluids) delivered total revenue of $187 million in 2006 and anticipates an approximate 7% increase in revenue in 2007. Solutia projects the collective revenue for these businesses to be approximately $330 million by 2012 due to assumed industry growth in the established businesses, as well as through introduction of new specialty chemical product offerings.

<u>Cost of Goods Sold (COGS)</u>

*Raw Material and Energy Costs:* Solutia's operations are considerably impacted by raw material and energy costs, as they comprise between 52% and 76% of COGS. The vast majority of raw materials utilized, including propylene, benzene, cyclohexane, and polyvinyl alcohol, are derived from oil. In addition, most operations, in particular the Nylon manufacturing chain, utilize significant quantities of natural gas as their primary energy source. These raw material and energy costs significantly increased in 2006 and 2007 due to a strengthening of global demand for oil and oil derivatives. For the Projection Period, the Company has premised the price of crude oil to remain at current levels. Although additional supply of oil is expected to enter the market in the coming years, Solutia expects a continued increase in global demand which will prevent any softening in pricing. As is mentioned above, propylene and natural gas are two key drivers of raw material costs for Solutia. Management estimates that a 1 cent/lb change in propylene impacts the Company's cost profile by $11 million and a 1MMBTU change in natural gas impacts the Company's cost profile by $20 million. While the Company has experienced significant cost increases in propylene, natural gas and other key raw materials in recent years, the Company has been successful at passing these increases to its customers.

*Other Cost of Goods Sold:* Other Cost of Goods Sold includes conversion and fixed costs associated with manufacturing facilities; the most significant of which are payroll and related benefit expenses, repairs and maintenance, and depreciation. Solutia has assumed other cost of goods sold to be relatively flat over the Projection Period, as the inflationary impacts, assumed at 2%-3%, are offset by ongoing operating efficiency and cost reduction initiatives. These initiatives, and their resulting lower costs, are offset by capacity expansions premised within the SAFLEX® and CPFilms businesses.

The Projections include depreciation on a straight-line basis over the estimated remaining useful life of the fixed assets. The estimated remaining useful lives utilized vary from less than one year to over twenty-five years depending on the specific fixed asset. No amortization expense is recognized in the Projections with respect to intangible assets with an indefinite life. The depreciation and amortization expenses included within the Projected Consolidated Income Statement are based upon the historical cost basis of the assets. As indicated previously, the fair value adjustment for property, plant and equipment, and the resulting impact on depreciation expense due to fresh start accounting, have not been incorporated into these Projections.

Included within Other Cost of Goods Sold for 2009 is $11 million of net one-time related charges for restructuring actions involving the closure of certain manufacturing locations.

*Marketing, Administrative and Technological Expenses*
Over the Projection Period, Marketing, Administrative and Technological expenses increase at a rate which approximates the projected revenue growth rate. The increase is primarily in the selling and marketing functions, and is in-line with the strategic focus on product mix improvement and further market penetration in certain world areas within the Nylon, SAFLEX® and CPFilms businesses. Specifically, this increase is due to the continued investment in the branding programs for products such as SAFLEX® and LLUMAR®. In addition, the Company continues to invest in building the appropriate commercial and logistic infrastructure in certain international regions to facilitate expansion. Activities relating to research and development and intellectual property are premised to grow in-line with revenue throughout the Projection Period. Finally, the increase from 2007 to 2008 is due to a one-time $10 million gain recorded in the 2007 results due to sales of land at certain manufacturing facilities and the incorporation of Flexsys for a full year in 2008 versus eight months of 2007.

*Interest Expense*
The Projections assume a significant increase in interest expense through 2010 of the Projection Period due to an increased debt level assumed as of the Effective Date (as further described in the Projected Consolidated Balance Sheet Assumptions) in addition to higher costs resulting from a tightening credit market. Interest expense declines in the later years of the Projection Period due to the lower debt levels as a result of cash generated from the operations being significantly in excess of assumed investing activities. The 2007 expense includes an approximate one-time, $6 million write-off of fees associated with the retirement of existing credit facilities as of the Effective Date

*Other Income, net*
The increase in the 2007 Projection is comprised of two non-recurring events. The first event relates to a $22 million gain for litigation settlement and the second event is a $21 million gain related to a termination of a purchase contract by one of Solutia's customers.

*Reorganization Items, net*
Reorganization related expenses included in the Projections represent expenses incurred by Solutia prior to the Effective Date, as well as the resulting gain realized due to the application of fresh start accounting (as further described within the Projected Consolidated Balance Sheet Assumptions below).

*Income Tax Expense*
Solutia assumes a U.S federal statutory tax rate of 35% throughout the Projection Period. At December 31, 2007, the Company anticipates approximately $1.4 billion of federal net operating loss carry-forwards ("NOLs"). The projections assume, despite limitations, the NOLs will offset all current U.S. taxable income during the Projection Period. The projections further assume substantially all earnings in Belgium during the projection period will be offset by interest expense on external and/or intra-group debt. The Belgium interest deductions are, in part, contingent upon restructuring the ownership of group companies in the US, Belgium and Holland. The restructuring itself is not expected to result in material tax payments and would not impact operations, but has yet to be implemented.

*Loss on Debt Modification*
In 2006 and 2007, Solutia recorded a charge of approximately $8 million and $7 million, respectively, to record the write-off of debt issuance costs and to record the DIP credit facility as modified at fair value.

**Projected Consolidated Balance Sheet Assumptions**

*Working Capital*

Working capital is comprised of cash, accounts receivable, inventories, other current assets, accounts payable, short-term debt and other accrued liabilities. Certain working capital balances such as cash and short-term debt are impacted by the Plan, as highlighted on the Projected Consolidated Fresh Start Balance Sheet, whereas certain working capital balances have not been adjusted as a result of the application of fresh start accounting as previously described. Further, it is assumed that excess cash generated during the Projection Period will be used to pay down outstanding debt. Otherwise, working capital balances generally increase at rates consistent with the overall volume growth of the Company, after incorporation of the Flexsys working capital balances in May, 2007. The growth in accounts payable balances over the Projection Period is due to a return to pre-bankruptcy credit term levels with suppliers.

*Investments in Affiliates*

The Projections include a decline in Investments in Affiliates due to Solutia's purchase of Flexsys, a joint venture between the Company and Akzo Nobel N.V.

*Property, Plant and Equipment, net*

The Projections do not include a fair value adjustment for property, plant and equipment as part of the Projected Consolidated Fresh Start Balance Sheet, as the determination of fair value of Solutia's property, plant and equipment are not available at the time of this filing. The increase in this balance in 2007 relates to the Flexsys acquisition. The outer years of the Projection period reflect an increased investment to support the strategies of Solutia's business. Capital expenditures will exceed annual depreciation expense and are primarily to support Reorganized Solutia's operations and growth initiatives. Key areas of investment include process control upgrades, environmental compliance and revenue enhancement projects for the Nylon and Flexsys businesses and capacity expansions in the SAFLEX® and CPFilms businesses.

*Intangible Assets*

As noted above, the Projections do not include a fair value adjustment for intangible assets as part of the Projected Consolidated Fresh Start Balance Sheet, as the determination of fair value of Solutia's intangible assets are not available at the time of this filing. Instead, the excess of reorganization value over the carrying value of net assets of approximately $1.9 billion was preliminarily allocated entirely to goodwill included within Other Assets in the Projected Consolidated Fresh Start Balance Sheet. This is further described below in the Projected Consolidated Fresh Start Balance Sheet Assumptions section.

*Legacy Liabilities*

One of the objectives of Solutia's reorganization was to obtain relief from the Legacy Liabilities. The Projections assume $250 million of new investment in Reorganized Solutia via a Rights Offering. $175 million of the proceeds will be used to pay retiree benefits, with the remainder used to fund certain environmental remediation obligations and other Legacy Liabilities that Solutia will retain upon emergence. In addition to the $250 million of investment, the projections include an incremental $15 million of proceeds from the monetization of the retiree committee's unsecured claim that will be used to fund retiree benefits. The $265 million asset is reflected within the Other Assets account on the Projected Consolidated Balance Sheet as of the Effective Date.

Solutia's liabilities for retiree healthcare, life and disability insurance benefits related to domestic retirees and disabled participants are reflected within the Liabilities Subject to Compromise in the historical periods, and within Other Liabilities throughout the Projection Period. The reduction in this account throughout the Projection Period is due to cash outflows being greater than the expense amounts in each year, a trend that is also present in the historical results. In 2007, Solutia expects to record a net reduction of its OPEB Liabilities of approximately $166 million primarily related to cash outflows of approximately $78 million, and a $107 million decrease in the liability due to the reduction of certain OPEB benefits, which will be implemented as of the Effective Date. These liability reductions will be offset by expense provisions of approximately $19 million.

The Projections assume that certain environmental remediation projects related to sites that have never been owned or operated by Solutia, and to which waste has not been sent by Solutia since the Solutia Spinoff, are not included in Reorganized Solutia's Projected Consolidated Balance Sheet. These liabilities aggregated to approximately $15 million as of June 30, 2007, and are eliminated during the fresh start accounting application, as further described below.

The Projections assume that liabilities associated with Tort Claims and certain Legacy Liability litigation are not included in Reorganized Solutia's Projected Consolidated Balance Sheet, and are settled as outlined in the Plan and Relationship Agreement. The Projections assume Reorganized Solutia will continue to honor Solutia's annual installment and education fund obligations relating to the August 2003 Anniston polychlorinated biphenyls ("PCBs") settlement and the Anniston Partial Consent Decree, and this liability is recorded on the Projected Consolidated Balance Sheet.

Summarized in the following table is the activity throughout the Projection Period for the Legacy Liabilities, and the associated Rights Offering proceeds which will be utilized to fund a portion of the cash servicing of these Liabilities. These proceeds are classified as Other Assets on the Projected Consolidated Balance Sheet.

### Post Retirement Benefit Obligation

| | Healthcare and Other Benefits | | | Pension Benefits | Total Post Retirement Benefits |
|---|---|---|---|---|---|
| | Pre-Spin | Post-Spin | Subtotal | | |
| **Benefit obligation at January 1, 2007** | | | $476 | $383 | $859 |
| Expense | 12 | 7 | 19 | 3 | 22 |
| Payments /Contributions to Pension Trust | (49) | (29) | (78) | (178) | (256) |
| Fresh Start Accounting Adjustments | (100) | (7) | (107) | 4 | (103) |
| **Benefit obligation at December 31, 2007** | | | 310 | 212 | 522 |
| Expense | 2 | 12 | 14 | 4 | 18 |
| Payments /Contributions to Pension Trust | (28) | (27) | (55) | -- | (55) |
| **Benefit obligation at December 31, 2008** | | | 269 | 216 | 485 |
| Expense | 2 | 11 | 13 | 2 | 15 |
| Payments /Contributions to Pension Trust | (25) | (25) | (50) | (30) | (80) |
| **Benefit obligation at December 31, 2009** | | | 232 | 188 | 420 |
| Expense | 2 | 11 | 13 | 1 | 14 |
| Payments /Contributions to Pension Trust | (23) | (23) | (46) | (28) | (74) |
| **Benefit obligation at December 31, 2010** | | | 199 | 161 | 360 |
| Expense (Income) | 2 | 11 | 13 | (1) | 12 |
| Payments /Contributions to Pension Trust | (22) | (23) | (45) | (25) | (70) |
| **Benefit obligation at December 31, 2011** | | | 167 | 135 | 302 |
| Expense (Income) | 2 | 11 | 13 | (1) | 12 |
| Payments /Contributions to Pension Trust | (22) | (23) | (45) | (23) | (68) |
| **Benefit obligation at December 31, 2012** | | | $135 | $111 | $246 |

### Environmental Liabilities

| | Enviro A | Enviro C | Total |
|---|---|---|---|
| **Balance at January 1, 2007** | 72 | 66 | $138 |
| Expense | 7 | 0 | 7 |
| Amounts Utilized | (11) | (1) | (12) |
| Fresh Start Accounting Adjustments | 40 | 206 | 246 |
| **Balance at December 31, 2007** | 108 | 271 | 379 |
| Expense | 16 | 3 | 19 |
| Amounts Utilized | (15) | (18) | (33) |
| **Balance at December 31, 2008** | 109 | 256 | 365 |
| Expense | 7 | 3 | 10 |

| | | | |
|---|---|---|---|
| Amounts Utilized | (24) | (23) | (47) |
| **Balance at December 31, 2009** | 92 | 236 | 328 |
| Expense | 3 | 3 | 6 |
| Amounts Utilized | (18) | (22) | (40) |
| **Balance at December 31, 2010** | 77 | 217 | 294 |
| Charges Taken | 16 | 3 | 19 |
| Amounts Utilized | (14) | (28) | (42) |
| **Balance at December 31, 2011** | 79 | 192 | 271 |
| Expense | 5 | 3 | 8 |
| Amounts Utilized | (14) | (31) | (45) |
| **Balance at December 31, 2012** | $70 | $164 | $234 |

## Usage of Rights Offering Proceeds

| | OPEB Servicing | | | Other Legacy Liability Servicing | Total |
|---|---|---|---|---|---|
| | $175M Funding | $15M Retiree Contribution | Subtotal | | |
| **Balance at January 1, 2007** | | | | | -- |
| Contributions | $175 | $15 | $190 | $75 | $265 |
| Utilized: | | | | | |
| Environmental | -- | -- | -- | (30) | (30) |
| Return on assets | -- | -- | -- | -- | -- |
| **Balance at December 31, 2007** | 175 | 15 | 190 | 45 | $235 |
| Utilized: | | | | | |
| Health Care and Other Benefits | (28) | -- | (28) | -- | (28) |
| Tort Litigation | -- | -- | -- | (5) | (5) |
| Environmental | -- | -- | -- | (18) | (18) |
| Return on assets | 8 | 1 | 9 | 3 | 12 |
| **Balance at December 31, 2008** | 155 | 16 | 171 | 24 | 196 |
| Utilized: | | | | | |
| Health Care and Other Benefits | (25) | -- | (25) | -- | (25) |
| Tort Litigation | -- | -- | -- | (5) | (5) |
| Environmental | -- | -- | -- | (20) | (20) |
| Return on assets | 8 | 1 | 9 | 1 | 10 |
| **Balance at December 31, 2009** | 138 | 17 | 155 | -- | 156 |
| Utilized: | | | | | |
| Health Care and Other Benefits | (23) | -- | (23) | | (23) |
| Return on assets | 6 | 1 | 7 | -- | 7 |
| **Balance at December 31, 2010** | 121 | 18 | 139 | -- | 140 |
| Utilized: | | | | | |
| Health Care and Other Benefits | (22) | -- | (22) | -- | (22) |
| Return on assets | 6 | 1 | 6 | | 6 |
| **Balance at December 31, 2011** | 105 | 19 | 124 | -- | 124 |
| Utilized: | | | | | |
| Health Care and Other Benefits | (22) | -- | (22) | | (22) |
| Return on assets | 6 | 1 | 7 | -- | 6 |
| **Balance at December 31, 2012** | $88 | $20 | $108 | -- | $108 |

*Capital Structure/Long Term Debt*

The Projections assume that Solutia's capital structure will consist of (in millions):

| | | |
|---:|---|---|
| $ 400 | Revolving Credit Facility – Secured | |
| 600 | Term Loan – Secured | |
| 600 | Euro Term Loan – Secured | |
| 400 | High Yield Bonds – Unsecured | |
| 20 | Restructured Note for Headquarters Financing – Secured | |
| $2,020 | Total facility | |

Outstanding Letters of Credit are assumed to be approximately $68 million at Emergence. As of the Effective Date, Reorganized Solutia's projected total debt outstanding is $1,683 million. The anticipated sources and uses as of the Effective Date are as follows:

| Sources: | | Uses: | |
|---|---:|---|---:|
| Surplus Cash(1) | $147 | DIP (Drawn) | $922 |
| Exit Revolver | 63 | Flexsys Loan | 166 |
| Exit Term Loan B – USD Tranche | 600 | 2009 Bonds(2) | 223 |
| Exit Term Loan B – Euro Tranche | 600 | Pension Funding at emergence | 73 |
| Exit Subordinated Bonds | 400 | Euro Loan | 217 |
| Maryville Note | 20 | Other cash outflows to facilitate emergence | |
| | | (Advisor fees, cure payments, etc) | 179 |
| Rights Offering Proceeds | 250 | Maryville Note | 20 |
| | | VEBA Trust | 175 |
| | | Funding Co – Trust | 45 |
| | | Funding Co – Monsanto Admin Claim | 30 |
| | | Minimum Cash Balance | 30 |
| Total Sources | $2,080 | Total Uses | $2,080 |

(1)  Cash balance reduced to $30 million at emergence with no restrictions.
(2)  Cash usage of $223 million reflects the high end of the range of the expected settlement amount for the 2009 bond holders

Throughout the Projection Period, the long term debt balance decreases as all cash generated from operations not utilized for investing activities is assumed to be used to pay down the outstanding debt balance. By the end of the Projection Period, the Company's debt balance is projected at approximately $791 million.

*Debt Subject to Compromise*

Debt classified as subject to compromise prior to emergence consists of the following instruments (in millions):

| | | |
|---:|---|---|
| $ 150 | 6.72% debentures due 2037 | |
| 300 | 7.375% debentures due 2027 | |
| 223 | 11.25% notes due 2009 | |
| 43 | Headquarters Financing | |
| 716 | | |
| (48) | Unamortized debt discount and debt issuance cost (primarily related to the 11.25% notes) | |
| $ 668 | | |

It is assumed the 2027 and 2037 series debentures will be terminated upon emergence and its holders will receive an equity distribution pursuant to the Plan. The 11.25% notes are assumed terminated upon emergence and its Holders will receive cash upon emergence pursuant to the Plan. The Headquarters Financing will be terminated and replaced with a $20 million, 15 year note.

### Projected Consolidated Cash Flow Assumptions

#### *Cash Flow From Operating Activities*
Cash flow from operating activities is projected to increase from a $187 million cash outflow in 2006 to $430 million cash inflow by 2012. Improved cash flow is a result of, among other things, (i) improved earnings across the Projection Period; (ii) funding from the Rights Offering for certain postretirement payments, environmental payments and other legacy liability related payments made during the Projection Period (as further described above). Offsetting these improvements is the assumed funding of the U.S. pension plan of $284 million during the Projection Period, which will bring the plan to a > 90% funded status. $73 million of this assumed funding occurs at the time of emergence.

Within the Operating Activities section of the cash flow statement the company will continue to service certain Legacy Liabilities, specifically, pension and other post-retirement benefit liabilities, environmental liabilities and litigation liabilities. The servicing of the pension and other post-retirement benefit liabilities is identified separately on the Projected Consolidated Cash Flow Statement. The activity for environmental liabilities (both Category A and Category C), legacy litigation liabilities and the $265 million proceeds from the Rights Offering, which is used to service the legacy liabilities, are summarized in the table provided earlier in this section. The activity for these liabilities and associated funding is contained within the "Other assets and liabilities" caption of the Projected Consolidated Cash Flow Statement:

#### *Cash Flow From Investing Activities*
Cash flow from investing activities is projected to use net cash totaling approximately $987 million over the Projection Period (excluding the investment of the $265 million proceeds from the Rights Offering). This reflects annual capital expenditures ranging from $130 million to $173 million to support the Company's operations and assumptions contained within these Projections. Key areas for investment include process control upgrades, environmental compliance and revenue enhancement projects for the Nylon and Flexsys businesses and primarily capacity expansions in the SAFLEX® and CPFilms businesses. In addition, approximately $123 million of cash was used to execute the Flexsys acquisition in 2007. Details of the capital expenditure profile are as follows:

| Investment Type | 2006 | 2007 | 2008 | 2009 | 2010 | 2011 | 2012 |
|---|---|---|---|---|---|---|---|
| Growth Projects | $43 | $80 | $58 | $78 | $36 | $32 | $34 |
| Cost Savings | 19 | 15 | 16 | 16 | 28 | 23 | 14 |
| Maintenance/Right to Operate | 43 | 78 | 67 | 67 | 72 | 81 | 83 |
| Total | $105 | $173 | $141 | $161 | $136 | $136 | $131 |

Approximately 75 percent of the 2008 growth capital is currently committed, and essentially no amount of growth capital beyond 2008 is currently committed.

#### *Dequest Divestiture*
On May 31, 2007, Solutia sold DEQUEST®, its water treatment phosphonates business ("Dequest") to Thermphos Trading GmbH ("Thermphos"). $54 million of the proceeds has been classified as Investing Activities – Discontinued Operations, whereas the results of operations have been reflected in the Operating Activities – Discontinued Operations. The proceeds were primarily used to pay down the DIP debt facility.

#### *Cash Flow From Financing Activities*
Cash flow from financing activities is projected to use net cash totaling approximately $892 million over the Projection Period, post the Effective Date. This cash used is to partially repay the Exit Financing Facility. The Company anticipates no cash proceeds during the Projection Period from the issuance of indebtedness beyond the Exit Financing Facility.

**Projected Consolidated Fresh Start Balance Sheet Assumptions**

*Background*
Fresh start reporting adjustments have been made to reflect the estimated adjustments necessary to adopt fresh start reporting in accordance with AICPA Statement of Position 90-7, *Financial Reporting by Entities in Reorganization Under the Bankruptcy Code* ("SOP 90-7"). Fresh start reporting requires an allocation of the reorganization value of Reorganized Solutia to the entity's assets in conformity with FASB Statement No. 141, *Business Combinations*. As stated above, the Projections do not reflect all of the assets and liabilities of Reorganized Solutia as of the Effective Date at their estimated fair market value as the determination of fair value for certain of these assets and liabilities are not readily available at the time of this filing. Fresh start reporting also requires that all liabilities, other than deferred taxes, should be stated at present value of the amounts to be paid using the appropriate market interest rates.

The balance sheet adjustments set forth in the Projected Consolidated Fresh Start Balance Sheet in the columns captioned Debt Discharge & Reclassifications, Exit Financing Facility Transactions, and Fresh Start Adjustments reflect the assumed effect of Confirmation and the consummation of the transactions contemplated by the Plan, including the settlement of various liabilities and securities issuances, incurrence of new indebtedness, and cash payments as more thoroughly described in the Plan of Reorganization. Below highlights certain assumptions that were made in one or more of the aforementioned columns.

*Debt Discharge & Reclassifications*
In the Debt Discharge & Reclassifications column, certain of the items included in Liabilities Subject to Compromise are restated and reclassified to their appropriate balance sheet account, and other liabilities are discharged at the time of emergence. Solutia expects Liabilities Subject to Compromise to be approximately $1.7 billion immediately before emergence, of which (a) $633 million will be reclassified as post-retirement liabilities, (b) $65 million reclassified as environmental liabilities; (c) $36 million reclassified as litigation reserves; (d) $20 million reclassified as long-term debt in settlement of the synthetic lease associated with the Company's headquarters building; (e) approximately $90 million of miscellaneous items will be reclassified between current and long-term liabilities; and (f) $355 million of liabilities will be settled in cash, with the 11.25% notes due 2009 comprising the single largest item and the remaining amount representing primarily settlement of priority claims pursuant to the Plan. The remaining net balance of approximately $490 million in Liabilities Subject To Compromise will be discharged. As part of discharging certain liabilities, a gain from the extinguishment of debt will be recorded on the income statement as a non-cash item. This non-cash gain does not represent new resources available to Reorganized Solutia for its use.

In addition, pursuant to the Plan, the Company will receive $250 million of proceeds from the Rights Offering. The proceeds of the Rights Offering are intended to settle certain Legacy Liabilities as described in the Plan and Disclosure Statement.

*Fresh Start Adjustments*
The fresh start reporting anticipates that the reorganization value exceeds the fair value of the Debtors' assets and liabilities. As previously noted within this section, the fair value of the Debtors' assets and liabilities has not been fully ascertained at the time of this filing, and the amount by which the Reorganized Solutia's enterprise value exceeds the carrying values is reflected within Goodwill, which is contained within the Other Assets on the Projected Consolidated Fresh Start Balance Sheet. The significant fresh start reporting adjustments reflected in the Projections are summarized as follows:

*Working Capital Balances*
With the exception of inventories, the Debtors anticipate that current assets and current liabilities are reflected at current market value. As a result, no fresh start adjustment has been included in the Projections for these assets and liabilities.

*Other Long-Term Assets*
A fresh start adjustment of approximately $1.9 billion was made to Other Long-Term Assets to record reorganization value in excess of fair value of assets. As noted above, the fair value of all assets and liabilities has not been fully completed and therefore a portion of this amount will be allocated as adjustments to fair value. The

remaining value of reorganization value in excess of fair value of assets will be recorded as Goodwill and subject to annual impairment review under Statement of Financial Accounting Standard No. 142, *Goodwill and Other Intangible Assets.*

### Liabilities Subject to Compromise

The adjustments to Liabilities Subject to Compromise are outlined above within the Debt Discharge & Reclassifications section.

### Other Liabilities

The $129 million net fresh start adjustment was made to Other Liabilities to record the reduction of certain benefits, which will be implemented as of the Effective Date related to Solutia's postretirement plans, as well as to record certain environmental liabilities at their best estimate based upon the confirmed plan of reorganization.

### Total Shareholders' Equity (Deficit)

Fresh start reporting results in a new reporting entity with no retained earnings or deficit. All pre-existing common stock is removed and replaced by the new equity structure based on the Plan of Reorganization. The fresh start adjustments include an initial shareholders' common equity value of $1.2 billion, based on the mid-point of the range of estimated enterprise value of Reorganized Solutia, as provided by Rothschild, the Company's financial advisor.

# EXHIBIT D

## Valuation Analysis

Rothschild performed an analysis of the estimated value of Reorganized Solutia on a going-concern basis as of March 21, 2007.[1]

In preparing its analysis, Rothschild has, among other things: (a) reviewed certain publicly available financial results of the Debtors; (b) reviewed certain internal financial and operating data of the Debtors, prepared and provided by the Debtors' management relating to its business and its prospects; (c) discussed with certain senior executives the operations and prospects of the Debtors; (d) reviewed certain operating and financial forecasts prepared by the Debtors, including the business projections prepared by the Debtors, dated December 15, 2006 (the "Projections"); (e) discussed with certain senior executives of the Debtors' key assumptions related to the Projections; (f) prepared discounted cash flow analyses based on the Projections, utilizing various discount rates, and separately valued and accounted for the Debtors' NOLs; (g) considered the market value of certain publicly-traded companies in businesses reasonably comparable to the operating businesses of the Debtors; (h) considered the value assigned to certain precedent change-in-control transactions for businesses similar to the Debtors; and (i) conducted such other analyses as Rothschild deemed necessary under the circumstances. Rothschild also has considered a range of potential risk factors, including: (a) overhang and impact from operating under bankruptcy protection; (b) ability to execute and realize savings from planned operational initiatives; (c) Reorganized Solutia's capital structure; (d) ability to meet projected growth targets; and (e) potential environmental and other Legacy Liabilities.

Rothschild assumed, without independent verification, the accuracy, completeness, and fairness of all of the financial and other information available to it from public sources or as provided to Rothschild by the Debtors or their representatives. Rothschild also assumed that the Projections have been reasonably prepared on a basis reflecting the Debtors' best estimates and judgment as to future operating and financial performance. Rothschild did not make any independent evaluation of the Debtors' assets, nor did Rothschild verify any of the information it reviewed. To the extent the valuation is dependent upon the Reorganized Debtors' achievement of the Projections, the valuation must be considered speculative. Rothschild does not make any representation or warranty as to the fairness of the terms of the Plan.

In addition to the foregoing, Rothschild relied upon the following assumptions with respect to the valuation of the Debtors:

- The effective date of the Plan occurs on or about June 30, 2007 (the "Effective Date").

- The Debtors are able to recapitalize with adequate liquidity as of the Effective Date.

- The Debtors are able to implement the settlement reached with Monsanto, Pharmacia, the Creditors' Committee, and, as applicable, the Retirees Committee, or an alternate plan providing for similar structure and terms.

- The pro forma net debt levels of the Debtors will be approximately $1.7 billion.

---

[1] Capitalized terms, used but not defined herein, shall have the meanings ascribed to them in the Disclosure Statement

- The Projections assume that a material portion of the Debtors' NOLs will be available to the Reorganized Debtors, although subject to limitations under currently existing U.S. federal income tax laws.

- General financial and market conditions as of the Effective Date will not differ materially from those conditions prevailing as of the date of the completion of the valuation.

- The Debtors sold the Dequest® business for net proceeds of approximately $60 million and acquired Akzo Nobel's interest in the 50/50 Flexsys joint venture between Solutia and Akzo Nobel for $213 million subject to debt assumption and certain purchase price adjustments.

As a result of such analyses, review, discussions, considerations, and assumptions, Rothschild estimates the total enterprise value ("TEV") at approximately $2.5 billion to $3.2 billion. Rothschild reduced such TEV estimates by the estimated pro forma net debt levels of the Debtors (approximately $1.7 billion) to estimate implied reorganized equity value of the Debtors. Rothschild estimates that the Debtors' implied reorganized equity value will range from $0.9 billion to $1.5 billion.

This estimated range of values is derived through the application of various relative and intrinsic valuation methodologies. The implied reorganized equity value ascribed in this analysis does not purport to be an estimate of the post-reorganization market trading value. Such trading value may be materially different from the implied reorganized equity value ranges associated with Rothschild's valuation analysis. Rothschild's estimate is based on economic, market, financial, and other conditions as they exist on, and on the information made available as of, the date of its valuation of the Debtors. It should be understood that, although subsequent developments may affect Rothschild's conclusions, Rothschild does not have any obligation to update, revise or reaffirm its estimate.

The summary set forth above does not purport to be a complete description of the analyses performed by Rothschild. The preparation of an estimate involves various determinations as to the most appropriate and relevant methods of financial analysis and the application of these methods in the particular circumstances and, therefore, such an estimate is not readily susceptible to summary description. The value of an operating business is subject to uncertainties and contingencies that are difficult to predict and will fluctuate with changes in factors affecting the financial conditions and prospects of such a business. As a result, the estimate of implied reorganized equity value set forth herein is not necessarily indicative of actual outcomes, which may be significantly more or less favorable than those set forth herein. In addition, estimates of implied reorganized equity value do not purport to be appraisals, nor do they necessarily reflect the values that might be realized if assets were sold. The estimates prepared by Rothschild assume that the Reorganized Debtors will continue as the owner and operator of their businesses and assets and that such assets are operated in accordance with the Debtors' business plan. Depending on the results of the Debtors' operations or changes in the financial markets, Rothschild's valuation analysis as of the actual effective date of the Plan may differ from that disclosed herein.

In addition, the valuation of newly issued securities, such as the New Common Stock, is subject to additional uncertainties and contingencies, all of which are difficult to predict. Actual market prices of such securities at issuance will depend upon, among other things, prevailing interest rates, conditions in the financial markets, the anticipated initial securities holdings of

Holders of General Unsecured Claims, some of which may prefer to liquidate their investment rather than hold it on a long-term basis, and other factors that generally influence the prices of securities. Actual market prices of such securities also may be affected by other factors not possible to predict. Accordingly, the implied reorganized equity value estimated by Rothschild does not necessarily reflect, and should not be construed as reflecting, values that will be attained in the public or private markets.

Rothschild estimated Solutia's total enterprise value, as of March 21, 2007, based on Solutia's financial projections dated December 15, 2006, and then prevailing market conditions. Rothschild has not performed a new valuation exercise since this date. However, Rothschild believes, based on updated public market comparables, changes in market conditions and changes to Solutia's financial projections, that were Rothschild to perform a new valuation exercise at this time, Solutia's estimated implied mid-point equity value available for distribution to creditors likely would not change materially.

THE FOREGOING VALUATION IS BASED UPON A NUMBER OF ESTIMATES AND ASSUMPTIONS THAT ARE INHERENTLY SUBJECT TO SIGNIFICANT UNCERTAINTIES AND CONTINGENCIES BEYOND THE CONTROL OF THE DEBTORS OR THE REORGANIZED DEBTORS. ACCORDINGLY, THERE CAN BE NO ASSURANCE THAT THE RANGES REFLECTED IN THE VALUATION WOULD BE REALIZED IF THE PLAN WERE TO BECOME EFFECTIVE, AND ACTUAL RESULTS COULD VARY MATERIALLY FROM THOSE SHOWN HERE.

THE ESTIMATED CALCULATION OF ENTERPRISE VALUE IS HIGHLY DEPENDENT UPON ACHIEVING THE FUTURE FINANCIAL RESULTS AS SET FORTH IN THE DEBTORS' BUSINESS PROJECTIONS DATED DECEMBER 15, 2006, AS WELL AS THE REALIZATION OF CERTAIN OTHER ASSUMPTIONS, NONE OF WHICH ARE GUARANTEED AND MANY OF WHICH ARE OUTSIDE OF THE DEBTORS' CONTROL, AS FURTHER DISCUSSED IN ARTICLE XI OF THE DISCLOSURE STATEMENT.

THE CALCULATIONS OF VALUE SET FORTH HEREIN REPRESENT ESTIMATED REORGANIZATION VALUES AND DO NOT NECESSARILY REFLECT VALUES THAT COULD BE ATTAINABLE IN PUBLIC OR PRIVATE MARKETS. THE EQUITY VALUE STATED HEREIN DOES NOT PURPORT TO BE AN ESTIMATE OF THE POST-REORGANIZATION MARKET VALUE. SUCH VALUE, IF ANY, MAY BE MATERIALLY DIFFERENT FROM THE REORGANIZED EQUITY VALUE RANGES ASSOCIATED WITH THIS VALUATION ANALYSIS. NO RESPONSIBILITY IS TAKEN FOR CHANGES IN MARKET CONDITIONS AND NO OBLIGATION IS ASSUMED TO REVISE THIS CALCULATION OF REORGANIZED SOLUTIA'S VALUE TO REFLECT EVENTS OR CONDITIONS THAT SUBSEQUENTLY OCCUR. THE CALCULATIONS OF VALUE DO NOT CONFORM TO THE UNIFORM STANDARDS OF PROFESSIONAL APPRAISAL PRACTICE OF THE APPRAISAL FOUNDATION.

# EXHIBIT E

## LIQUIDATION ANALYSIS

### Introduction

Pursuant to section 1129(a)(7) of the Bankruptcy Code (often called the "Best Interests Test"), Holders of Allowed Claims and Allowed Equity Interests must either (a) accept the Plan or (b) receive or retain under the Plan property of a value, as of the Plan's assumed Effective Date, that is not less than the value such non-accepting Holder would receive or retain if the Debtors were to be liquidated under chapter 7 of the Bankruptcy Code ("chapter 7").

In determining whether the Best Interests Test has been met, the first step is to determine the dollar amount that would be generated from a hypothetical liquidation of the Debtors' assets under chapter 7. The amount of Cash available would be the sum of the proceeds from the disposition of the Debtors' assets and the Cash held by the Debtors at the commencement of their chapter 7 cases. Prior to delivering any proceeds to Holders of General Unsecured Claims, available Cash and asset liquidation proceeds would first be applied to Secured Claims and amounts necessary to satisfy any chapter 7 Administrative Expense Claims (including any incremental Administrative Expense Claims that may result from the termination of the Debtors' business and the liquidation of the Debtors' assets) and other Priority Claims under section 507 of the Bankruptcy Code as required under section 726 of the Bankruptcy Code. Any remaining Cash and asset liquidation proceeds after satisfaction of Secured Claims, Administrative Expense Claims and Priority Claims, to the extent they exist, would be available for distribution to Holders of General Unsecured Claims and Equity Interest Holders in accordance with the distribution hierarchy established by section 726 of the Bankruptcy Code.

The liquidation analysis ("Liquidation Analysis") below reflects the estimated Cash proceeds, net of liquidation-related costs, that would be available to the Debtors' creditors if the Debtors were to be liquidated pursuant to a chapter 7 liquidation. **UNDERLYING THE LIQUIDATION ANALYSIS ARE NUMEROUS ESTIMATES AND ASSUMPTIONS REGARDING LIQUIDATION PROCEEDS THAT, ALTHOUGH DEVELOPED AND CONSIDERED REASONABLE BY THE DEBTORS' MANAGEMENT AND ITS PROFESSIONAL ADVISORS, ARE INHERENTLY SUBJECT TO SIGNIFICANT BUSINESS, ECONOMIC, REGULATORY AND COMPETITIVE UNCERTAINTIES AND CONTINGENCIES BEYOND THE CONTROL OF THE DEBTORS AND THEIR MANAGEMENT. ACCORDINGLY, THERE CAN BE NO ASSURANCE THAT THE VALUES REFLECTED IN THE LIQUIDATION ANALYSIS WOULD BE REALIZED IF THE DEBTORS WERE, IN FACT, TO UNDERGO SUCH A LIQUIDATION, AND ACTUAL RESULTS COULD MATERIALLY DIFFER FROM THE RESULTS SET FORTH HEREIN.**

### Significant Assumptions

The Liquidation Analysis is based on Solutia's balance sheet as of May 31, 2007, and assumes that the Debtors would commence chapter 7 liquidation on September 30, 2007. The Liquidation Analysis assumes that the actual May 31, 2007 balance sheet is a proxy for the September 30, 2007 balance sheet, unless otherwise stated. The liquidation values of the Debtors'

<center>1</center>

inventory, net fixed assets and net intangible assets are based on an appraisal prepared by an independent appraiser, American Appraisal Associates ("AAA"), and dated July 6, 2007 (the "Appraisal"). The Appraisal assumes a Liquidation-in-Place ("LIP") as of March 31, 2007.

An estimate of value premised on a LIP represents the estimated amount a property should realize if sold on a negotiated basis, given (i) a reasonable amount of time in which to find a buyer; (ii) sale of the property intact, as a complete, installed assembly of the property in an "as-is, where-is" condition; and (iii) the property would not be operating or producing a product at the time of its sale, but would be capable of operating and producing a product. An estimate of value based on a LIP does not represent the amount that might be realized from dismantlement and piecemeal disposition of the property in the open market, its auction value, its sale under forced distress conditions, or its sale for an alternative use of the property.

LIP for a process facility measures the amount that would be realized if the operations were temporarily discontinued and the plant was marketed and sold as an intact unit. It considers the present worth of returns a willing buyer under circumstances of a liquidation would expect on an investment, net of holding costs. Holding costs including insurance, taxes, utility, security and maintenance are assumed to be incurred until a buyer could be found.

The Liquidation Analysis also assumes that the liquidation of the Debtors would commence under the direction of a court-appointed chapter 7 trustee and continue for a maximum of twelve months, during which time all of the Debtors' major assets would be sold and the cash proceeds, net of liquidation-related costs, would be distributed to satisfy Claims. The twelve-month liquidation period would allow for an expedited sale process and the documentation and closing of the below described sale transactions.

## Estimate of Net Proceeds

Estimates were made of the Cash proceeds that might be received from the liquidation of the Debtors' assets. In this Liquidation Analysis, each plant is assumed to be shut down and marketed for sale separately.

AAA's appraisal includes the value of Flexsys, L.P.'s ("Flexsys") inventory, net fixed assets and net intangible assets. The Debtors completed the purchase of Akzo Nobel N.V.'s 50% ownership interest in Flexsys on May 2, 2007.

## Estimate of Costs

The proceeds of these sale transactions are netted against certain costs associated with potential plant shutdowns, including (i) the estimated holding costs for each plant over the relevant period, (ii) the estimated costs of shutting down the plants, and (iii) the costs associated with holding and maintaining each plant in operating condition until sold.

The Debtors' liquidation costs under chapter 7 would also include fees payable to a chapter 7 trustee as well as those costs that might be payable to attorneys, financial advisors, appraisers, accountants, and other professionals in connection with the chapter 7 liquidation.

## Distribution of Net Proceeds Under Absolute Priority

2

The estimated net proceeds would be conveyed to the Debtors' creditors. Under the absolute priority rule, no junior creditor would receive any distribution until all senior creditors are paid in full, and no equity holder would receive any distribution until all creditors are paid in full.

After consideration of the effects that a chapter 7 liquidation would have on the ultimate proceeds available for distribution to creditors, including (i) the increased costs and expenses of a liquidation under chapter 7 arising from fees payable to a trustee in bankruptcy and professional advisors to such trustee, (ii) the erosion in value of assets in a chapter 7 case in the context of the expeditious liquidation required under chapter 7, and (iii) potential increases in Claims which may arise in a liquidation, the Debtors have determined, as summarized in the charts below and Section IX of the Disclosure Statement, that Debtors' proposed Plan will provide creditors with a recovery that is not less than creditors would receive pursuant to a liquidation of the Debtors' assets under chapter 7 of the Bankruptcy Code.

The following Liquidation Analysis should be reviewed with the accompanying notes.

3

**Solutia Inc.**
Hypothetical Liquidation Analysis

($ in millions)

**Asset Analysis**

| | Note | Book Value at May 31, 2007 (Note A) | Hypothetical Percentage Recovery | Estimated Liquidation Value |
|---|---|---|---|---|
| Cash & Equivalents | B | $156.0 | 100.0% | $156.0 |
| Accounts Receivable | C | 473.0 | 83.9% | 396.6 |
| Inventory | D | 441.7 | 72.3% | 319.4 |
| Net Fixed Assets | E | 923.0 | 73.7% | 680.0 |
| Intangible Assets, Net | F | 151.5 | 106.4% | 161.2 |
| Other Current Assets | G | 232.6 | 47.8% | 111.2 |
| Other Non-current Assets | H | 96.9 | 26.0% | 25.2 |
| Total Assets Available for Distribution | | $2,474.7 | | $1,849.6 |

**Less: Liquidation Fees and Expenses**

| | | | | |
|---|---|---|---|---|
| Chapter 7 Trustee Fees & Expenses | I | | | (25.4) |
| Chapter 7 Professional Fees & Expenses | J | | | (12.0) |
| Employee Expenses and Other Operating Costs | K | | | (119.1) |
| | | | | (156.5) |

Net Estimated Liquidation Proceeds Available for Distribution                                                    $1,693.1

Present Value of Liquidation Proceeds Available for Distribution [1]                                             $1,607.0

(1) Assumes a recovery period of approx. 12 months which has been discounted to the present at a 5.36% discount rate based on the 3-month LIBOR at 7/9/2007

4

*NOTES TO LIQUIDATION ANALYSIS*

*Note A – Book Values as of May 31, 2007*

Unless otherwise stated, the book values used in the Liquidation Analysis are book values as of May 31, 2007. These actual balances are used as a reference point for the analysis and are assumed to be representative of the Debtors' assets as of the assumed Effective Date.

*Note B – Cash and Cash Equivalents*

Cash and Cash equivalents are projected at September 30, 2007 per management estimates. Cash and Cash equivalents consist of all Cash in banks or operating accounts and are assumed to be fully recoverable.

*Note C – Accounts Receivable*

Estimated proceeds realizable from short-term and long-term accounts receivable under a LIP are based on management's assessment of the ability of the Debtors to collect on their accounts, taking into consideration the credit quality and aging of the accounts. The hypothetical percentage recovery of 83.9% of book value is an estimate of the proceeds that would be available under a LIP. This estimate takes into account the inevitable difficulty in collecting receivables and any concessions that might be required to facilitate the collection of certain accounts receivable.

*Note D – Inventory*

Book value and estimated liquidation value of inventory as of March 31, 2007. Estimated proceeds realizable from inventory under a LIP are based on AAA's opinion of the value of the Debtors' inventory assets in liquidation. The hypothetical percentage recovery of 72.3% of book value is an estimate of the proceeds that would be available under a LIP. This estimate assumes spoilage as well as diminished market demand for product volumes and a general discount for liquidation.

*Note E – Net Fixed Assets*

Book value and estimated liquidation value of net fixed assets as of March 31, 2007. Net fixed assets include land, buildings, manufacturing equipment, improvements, furniture, and other fixed assets, less accumulated depreciation. The hypothetical percentage recovery rate across all fixed asset classes was determined to be 73.7% of net book value. The estimated liquidation value is net of holding costs and initial shutdown costs.

*Note F - Net Intangible Assets*

Net intangible assets are estimated at liquidation value by AAA.

5

*Note G – Other Current Assets*

Other current assets include miscellaneous receivables, prepaid expenses and deferred taxes. Miscellaneous receivables and prepaid expenses are assumed to be collected at a rate of 50.0% per management estimates. Deferred taxes are estimated to have no liquidation value.

*Note H – Other Non-current Assets*

Other non-current assets are comprised primarily of investments in equity affiliates, long-term equity investments and miscellaneous deferred charges. Investments in equity affiliates are assumed to be collected at 100.0% and long-term equity investments and miscellaneous charges are estimated to be collected at a rate of 25.0%.

*Note I – Trustee Fees & Expenses*

Compensation for the chapter 7 trustee will be limited to fee guidelines in section 326(a) of the Bankruptcy Code. The Debtors' management has assumed trustee fees of 1.5% of the gross proceeds (excluding cash) in the liquidation, though such fees could be as high as 3.0% pursuant to section 326(a) of the Bankruptcy Code.

*Note J – Other Professional Fees & Expenses*

Compensation for the chapter 7 trustee's counsel and other legal, financial and professional services during the chapter 7 proceedings is estimated to be approximately $1 million per month beginning at the commencement of the liquidation proceedings. The total estimate of these fees assumes a twelve-month liquidation process.

*Note K – Employee Expenses / Wind-down Costs*

The Debtors assume the chapter 7 liquidation process will take twelve months to complete. Corporate payroll and operating costs during liquidation are based on the assumption that certain functions and facilities would be required during the liquidation process. Costs would include salaries of certain financial and operating employees, severance and bonus pay that would be incurred during a chapter 7 liquidation. Operating expenses for a twelve-month period are assumed to be $119.1 million.

6

**Distribution Analysis Summary**
*($ in millions)*

| | Estimated Allowable Claims | Estimated Liquidation Value | Note |
|---|---|---|---|
| Present Value of Liquidation Proceeds Available for Allocation | | $1,607.0 | – |
| | | | |
| **Less Superpriority Administrative Claims:** | | | |
| Debtor-in-Possession Facility | $924.0 | | L |
| Total Superpriority Administrative Claims | | $924.0 | |
| Hypothetical recovery to Superpriority Administrative Claims | | 100.0% | |
| Gross Proceeds Available after Superpriority Administrative Claims | | $683.0 | |
| | | | |
| **Less Secured Claims:** | | | |
| Flexsys Debt | $150.0 | | M |
| Senior Secured Notes [1] | 228.2 | | M |
| Maryville Lease Facility | 20.0 | | M |
| Euro Loan | 213.0 | | M |
| Other Secured Claims | 15.4 | | M |
| Total Secured Claims | | $626.6 | |
| Hypothetical recovery to Secured Claims | | 100.0% | |
| Proceeds Available After Secured Claims | | $56.4 | |
| | | | |
| **Less Administrative and Priority Claims** | | | |
| Chapter 11 Post-Petition Accounts Payable and Accrued Liabilities | $311.3 | | N |
| Chapter 11 Administrative and Priority Expense Claims | 37.0 | | N |
| Chapter 11 Priority Tax Claims | 7.1 | | N |
| Site A Environmental Remediation | 82.0 | | N |
| Total Administrative and Priority Claims | | $437.4 | |
| Hypothetical recovery to Administrative and Priority Claims | | 12.9% | |
| Proceeds Available After Administrative and Priority Claims: | | $0.0 | |
| | | | |
| **Less Total Unsecured Claims:** | | | |
| Monsanto Claims [2] | $215.9 | | O |
| Pension - PBGC | 445.0 | | O |
| OPEB | 464.0 | | O |
| Site B and C Environmental Remediation | 379.0 | | O |
| 2027 Debentures | 303.7 | | O |
| 2037 Debentures | 151.7 | | O |
| Other Unsecured Claims | 389.9 | | O |
| | | $2,349.2 | |
| Hypothetical recovery to Unsecured Claims | | 0.0% | |
| Net Estimated Deficiency to Unsecured Claims | | ($2,730.2) | |

(1) A portion of the unamortized discount of the 11.25% Senior Secured Notes may be subject to litigation
(2) Based on amounts that Monsanto has spent during these Chapter 11 Cases for environmental remediation at the Shared Sites and the management and defense of Tort Claims. Monsanto asserts Claims against Solutia in the aggregate amount of at least $824.5 million.

NOTES TO DISTRIBUTION SUMMARY

*Note L – Superpriority Administrative Claims*

Claims reflect $924 million of borrowings; the estimated DIP facility balance as of September 30, 2007. DIP Facility Claims are assumed to be recovered in full before all other Claims of the Debtors.

*Note M – General Secured Claims*

Secured Claims include $150 million of Flexsys term loan and revolving credit facility debt, $228.2 million of 11.25% Senior Secured Notes due 2009 (including accrued interest), €160.0 million of Euro Loan, $20 million claim related to the Maryville Lease Facility and $15.4 million of other secured claims. A portion of the unamortized discount of the 11.25% Senior Secured Notes may be subject to litigation. The Euro Loan is converted at 1.33 USD / EUR.

*Note N – Administrative & Priority Claims*

Claims of $311.3 million in post-petition payables include post-petition accounts payable of $249.7 million and post-petition wages and benefits of $61.6 million at May 31, 2007 per management estimates. Claims also reflect $51.2 million of Administrative Expense and Priority Claims including chapter 11 professional fees and $7.1 million in Priority Tax Claims. Additionally, Claims include $82.0 million of estimated environmental cleanup costs. Solutia management estimates that it will incur remediation costs for Category A Sites in the aggregate amount of $82 million over the next five years. Estimated remediation costs are undiscounted and unadjusted for inflation.

*Note O – General Unsecured Claims*

General Unsecured Claims are estimated to be $2,574.3 million. For purposes of the Liquidation Analysis, management has assumed that General Unsecured Claims will consist of Monsanto Claims, pension Claims, OPEB Claims, estimated Site B and C environmental remediation, $303.7 million of 6.72% Debentures, $151.7 million of 6.72% Debentures and other General Unsecured Claims. Other General Unsecured Claims include approximately $27.5 million of potential Tort claims based on the midpoint of an estimated range of potential outcomes ($15 million - $40 million). The Liquidation Analysis ascribes no amount and value to subsidiary, PI/PD, convenience and D&O. Such additional claims may be substantial.

The $215.9 million that Monsanto has spent during these Chapter 11 Cases for environmental remediation at the Shared Sites and for the management and defense of Tort Claims is treated as a General Unsecured Claim for purposes of this analysis. Monsanto may assert that this Claim

should be treated as administrative claim.    Monsanto asserts Claims against Solutia in the aggregate amount of at least $824.5 million.

The estimated unfunded pension liability of $445.0 million is estimated on a termination basis claim of the PBGC.   The estimated OPEB obligation of $464.0 million incorporates active changes effective September 1, 2004, implementation of Forsberg Settlement and retention of Medicare Part D subsidy.  The estimated Site B environmental clean up costs of $150.0 million are based on Solutia management estimates of Category B remediation costs. Solutia management projects that aggregate remediation costs at Category C Sites will be approximately $104 million through 2011. Although the EPA has not yet determined final remedies for these sites, Solutia estimates that remediation costs at Sauget and Anniston will increase to approximately $25 million per year from 2012 through 2016. After 2016, these costs should decrease as remediation is replaced with the costs of operating treatment systems and maintenance activities. Estimated remediation costs are undiscounted and unadjusted for inflation.

# EXHIBIT F

*Summary of Events Affecting Comparability*

Management believes that EBITDAR, which is earnings before interest, taxes, depreciation, amortization and reorganization items, is meaningful because it provides a way to identify operating results of the Company had it not been in the reorganization process during the time period being reported upon. EBITDAR is a typical financial measure for Companies during the restructuring process. In addition, management believes that measures of income excluding non-recurring, non-operational items are meaningful because they provide insight with respect to Solutia's ongoing operating results. Such measurements are not recognized in accordance with generally accepted accounting principles ("GAAP") and should not be viewed as an alternative to GAAP measures of performance.

A reconciliation of non-GAAP measures to GAAP is detailed below for the operating results from continuing operations related to the eight months ended August, 2007 and the fiscal years ended 2006, 2005 and 2004. Also identified below are the non-recurring, non-operational items which have been excluded from the income measures used by management for internal evaluation purposes.

<u>Reconciliation of EBITDAR to Net Income (Loss)</u>

(dollars in millions)

| | Eight Months Ended August 31, 2007 | 2006 | 2005 | 2004 |
|---|---|---|---|---|
| EBITDAR | $230 | $247 | $212 | $122 |
| Add: | | | | |
| Income Tax (Expense) Benefit | (19) | (18) | (10) | 7 |
| Interest Expense | (83) | (100) | (79) | (108) |
| Depreciation and Amortization | (74) | (109) | (109) | (118) |
| Reorganization Items | (40) | (71) | (49) | (73) |
| Cumulative Effect of Change in Accounting Principle | -- | -- | (3) | -- |
| Discontinued Operations | 29 | 58 | 8 | (24) |
| Non-Recurring, Non-Operational Gains (Losses) (see below) | 19 | (5) | 38 | (126) |
| Net Income (Loss) | $ 62 | $ 2 | $ 8 | $ (320) |

Schedule of Non-Recurring, Non-Operational (Gains) Losses

| Increase/(Decrease)<br>Impact on: | Eight Months<br>Ended<br>August 31, 2007 | 2006 | 2005 | 2004 | |
|---|---|---|---|---|---|
| Cost of Goods Sold................................................ | $ 2 | $ 1 | $ 1 | $18 | (a) |
| | -- | -- | 9 | 26 | (d) |
| | -- | -- | -- | 8 | (e) |
| | -- | -- | -- | 1 | (f) |
| | -- | 9 | -- | -- | (l) |
| | -- | (20) | -- | -- | (m) |
| | 3 | -- | -- | -- | (r) |
| Total Cost of Goods Sold ................................. | 5 | (10) | 10 | 53 | |
| Marketing, Administrative and Technological Expenses | | | | | |
| Marketing ............................................................ | -- | 2 | -- | -- | (a) |
| | -- | -- | 1 | 2 | (d) |
| Administrative .................................................. | (10) | -- | -- | -- | (s) |
| | -- | 1 | -- | -- | (a) |
| | -- | -- | 2 | 4 | (d) |
| Technological .................................................. | -- | -- | 1 | 3 | (d) |
| Total Marketing, Administrative and Technological Expenses | (10) | 3 | 4 | 9 | |
| Operating Income (Loss) Impact....................... | 5 | 7 | (14) | (62) | |
| Equity Earnings (Loss) from Affiliates ........... | -- | (4) | 52 | (49) | (g) |
| Loss on Debt Modification ................................ | -- | -- | -- | (15) | (h) |
| | (7) | (8) | -- | -- | (n) |
| Other Income ...................................................... | 21 | -- | -- | -- | (i) |
| EBITDAR Impact................................................ | 19 | (5) | 38 | (126) | |
| Interest Expense................................................. | -- | -- | -- | (25) | (c) |
| | -- | (1) | -- | -- | (o) |
| | -- | (3) | -- | -- | (p) |
| | (2) | -- | -- | -- | (t) |
| Reorganization Items, Net................................. | 5 | (13) | 5 | (22) | (j) |
| Pre-Tax Income Statement Impact .................... | 22 | (22) | 43 | (173) | |
| Income Tax Expense (Benefit) Impact ............. | (1) | (5) | -- | (6) | (k) |
| After-Tax Income Statement Impact ................. | 23 | (17) | 43 | (167) | |
| Income (Loss) from Discontinued Operations, Net of Tax | 29 | 58 | 8 | (24) | (b) |
| Cumulative Effect of Change in Accounting Principle, Net of Tax................................................ | -- | -- | (3) | -- | (q) |
| Net Income (Loss) Impact | $ 52 | $ 41 | $ 48 | $(191) | |

### Footnotes

a) Restructuring costs related principally to the closure of certain non-strategic operations including costs for decommissioning and dismantling activities, asset impairments, future costs for non-cancelable operating leases and severance and retraining costs.

b) Discontinued operations for the DEQUEST® and pharmaceutical services businesses are excluded from continuing operations in the internal financial statements.

c) Write-off of unamortized debt issuance costs related to the retirement of the October 2003 and interim DIP credit facilities.

2

d)  Net pension and other postretirement benefit plan curtailments and settlements.

e)  Losses incurred directly related to the hurricanes experienced in the U.S. in 2004 resulting in the disruption of operations and property damage at Solutia's operations in the Integrated Nylon chain located principally in the Southeastern part of the U.S., and the Performance Products location in Martinsville, Virginia.  These costs included primarily asset write-offs and repairs and maintenance costs.

f)  Loss on the sale of the assets of Axio Research Corporation.

g)  Net one-time gains (losses) related to Solutia's Flexsys and Astaris joint ventures, in each of which Solutia has a fifty percent interest.

h)  Loss due to the modification of Solutia's Euronotes in January 2004.

i)  Settlement gain with FMC Corporation, net of legal expenses.

j)  Includes expenses related to asset write-offs associated with contract rejections and terminations, employee severance costs, adjustments to record certain pre-petition claims at estimated amounts of the allowed claims and differences between the settlement amount of certain pre-petition obligations and the corresponding amounts previously recorded.  Only professional fees for services provided by debtor and creditor professionals directly related to Solutia's reorganization proceedings and costs associated with a retention plan for certain Solutia employees are included in reorganization items, net in the internal financial statements.

k)  With the exception of those items that relate to ex-U.S. operations, the above items are considered to have like pre-tax and after-tax impact as the tax benefit or expense realized from these events is offset by the change in valuation allowance for U.S. deferred tax assets resulting from uncertainty as to their recovery due to Solutia's Chapter 11 bankruptcy filing.

l)  Environmental charge precipitated by the notification by a third-party of its intent to terminate a tolling agreement at one of Solutia's facilities outside the U.S. that will likely result in the cessation of operations at the site.

m)  Gain resulting from the reversal of a litigation reserve with respect to a litigation matter that was decided favorably during 2006.

n)  Write-off of debt issuance costs and to record the DIP facility as modified at its fair value in March 2006 and January 2007.

o)  Write off of unamortized debt issuance costs associated with the DIP facility at time of modification.

p)  Solutia refinanced its Euronotes and recorded early extinguishment costs at the time of refinancing.

q)  Cumulative effect of change in accounting principle is excluded from continuing operations in the internal financial statements.

r)  Charge resulting from the step-up in basis of Flexsys' inventory in accordance with purchase accounting.

s)  Gain resulting from the sale of land at manufacturing facilities in Alvin, Texas and Pensacola, Florida.

t)  Charge resulting from recognition of interest expense on claims recognized as allowed secured claims through settlements approved by the Bankruptcy Court.

3

# EXHIBIT G

[CLOSE WINDOW]          [PRINT PAGE]

[Choose Font Size]

SOLUTIA INC filed this 8-K on 04/27/2007.

Exhibit 99.2

[Solutia logo]

Solutia Inc.
Valuation discussion materials

□

Disclaimer

--------------------------------------------------------------------------------

This presentation was prepared by Rothschild Inc. ("Rothschild") for the benefit and internal use of Solutia Inc. ("Solutia" or the "Company"). In providing this presentation, Rothschild has relied upon information that is publicly available or which was provided to Rothschild by or on behalf of the Company's management, including management operating and financial forecasts. This presentation reflects Rothschild's view and prevailing financial and market conditions as of the date hereof, all of which are accordingly subject to change. Rothschild has not assumed any responsibility for independent verification of any of the information contained herein including, but not limited to, any forecasts or projections set forth herein. In addition, Rothschild assumes no obligation to update or to correct any inaccuracies which may become apparent in this presentation and the analyses contained herein are not and do not purport to be appraisals of the assets, stock or business of the Company. This presentation is incomplete without reference to, and should be viewed solely in conjunction with, the oral briefing provided by Rothschild. Nothing contained herein shall be deemed to be a recommendation from Rothschild to any party, including without limitation, any security holder of the Company to enter into any transaction or to take any course of action. Neither this presentation nor any of its contents may be summarized, excerpted from, disclosed publicly, or made available to any third parties or used for any other purpose without the prior written consent of Rothschild.

--------------------------------------------------------------------------------

[Solutia logo]

**Valuation discussion**

□

Valuation discussion
--------------------------------------------------------------------------------
INTRODUCTION

THESE MATERIALS PRESENT THE VIEWS OF ROTHSCHILD INC. ("ROTHSCHILD") REGARDING
THE GOING-CONCERN VALUE ("GCV") OF SOLUTIA INC. ("SOLUTIA" OR THE "COMPANY"),
ASSUMING A STAND-ALONE REORGANIZATION OF THE COMPANY AND THE ACQUISITION OF
AKZO NOBEL'S 50% OWNERSHIP INTEREST IN FLEXSYS(1)

o   For purposes of this analysis, Rothschild has relied on Solutia's most
    recent forecasts and assumptions for the Company and its prospects as set
    forth in its long-range business plan dated December 15, 2006 (the "LRP")
    and Flexsys' five-year operating plan (the "FOP")

    -   Forecast has been adjusted by Solutia management to reflect
        Solutia's ownership of Flexsys

    -   On March 12, 2007, Solutia reached a definitive agreement to sell
        the Dequest business to Thermphos Trading GmbH for net proceeds of
        approximately $60 million

o   Solutia is reorganized on a "stand-alone" basis with an assumed
    confirmation date of June 30, 2007 and is operating outside of chapter 11
    no later than July 31, 2007

o   Future values are discounted to June 30, 2007

o   Solutia is able to recapitalize with adequate liquidity upon emergence
    from chapter 11

o   Solutia is operating in conjunction with the provisions of and the
    projections set forth in the LRP, including establishment of a Funding
    Co. to fund certain environmental, other post-retirement employment
    benefit ("OPEB") and other "legacy" liabilities

o   Solutia is able to implement the agreement reached with Monsanto
    Company and the Official Committee of Unsecured Creditors (the
    "Agreement-in-Principle") or an alternate plan providing for similar
    structure and terms and enabling the Company to meet the projections
    contained in the LRP and the FOP

o   Capital markets conditions are consistent with those that existed as of
    March 2007

o   All valuation methodologies are predicated upon numerous assumptions
    pertaining to prospective market, economic and operating conditions as of
    the date of this presentation

<FN>
(1) On February 27, 2007, Solutia reached a definitive agreement to purchase
    Akzo Nobel's 50% ownership interest in Flexsys

--------------------------------------------------------------------------------
[Solutia logo]    4

10k Wizard: SEC Filings

Valuation discussion
------------------------------------------------------------------------
OVERVIEW OF METHODOLOGY

ROTHSCHILD ANALYZED SOLUTIA'S TOTAL GOING-CONCERN VALUE UTILIZING THREE
STANDARD VALUATION METHODOLOGIES:

o   Comparison against trading values of selected comparable public companies
    ("Comparable Companies Analysis")

o   Comparison against relevant precedent transactions ("Precedent
    Transactions Analysis")

o   Discounted cash flow analysis ("DCF")

    -   For purposes of conducting the DCF analysis, Rothschild valued
        Flexsys separately

    -   Additionally, Rothschild valued Solutia's US net operating losses
        ("NOL") separately

        -   Solutia's total DCF value reflects the value of Solutia and
            Flexsys assuming normalized tax rates plus the estimated value
            of Solutia's US NOL tax attributes

o   Rothschild's valuation analysis assumes the acquisition of Akzo Nobel's
    50% joint venture ownership interest in Flexsys and the sale of the
    Dequest business

o   For purposes of valuing the Integrated Nylon ("Nylon") and Performance
    Products ("PPD")(1) businesses, Rothschild allocated 50% of corporate
    expenses to Nylon and 50% of corporate expenses to PPD based on a
    percentage of sales of Saflex, CPFilms and Specialty Products

        No corporate expenses of Solutia allocated to Flexsys

<FN>
(1) Consists of the Saflex, CPFilms and Specialty Products businesses
------------------------------------------------------------------------
[Solutia logo]      5

Valuation discussion
--------------------------------------------------------------------------------

SUMMARY VALUATION RANGE

BASED ON THE ASSUMPTION OF A STAND-ALONE REORGANIZATION, THE ACQUISITION OF
AKZO NOBEL'S 50% OWNERSHIP INTEREST IN FLEXSYS AND THE SUCCESSFUL
IMPLEMENTATION OF THE COMPANY'S LRP AND FLEXSYS' FOP, THE ANALYSES OUTLINED
HEREIN RESULT IN A TOTAL ENTERPRISE VALUE ("TEV") RANGE (1) OF $2.5 BILLION TO
$3.2 BILLION, WITH A MID-POINT VALUE OF $2.8 BILLION

  o   Assuming a net indebtedness of approximately $1.65 billion, Rothschild's
      TEV range results in a range of implied equity value ("Implied Equity
      Value") of $878 million to $1.5 billion, with a mid-point value of
      approximately $1.2 billion

| METHODOLOGY | CURRENT PROJECTIONS(1) RANGE OF ENTERPRISE VALUES ($ in millions) | | | 2/14/06 DISCI RANGE OF EI ($ i |  |
| | LOW | MID | HIGH | LOW | |
| Comparable Companies Analysis | $2,459 | $2,747 | $3,024 | $1,439 | $: |
| Precedent Transactions Analysis | 2,258 | 2,721 | 3,183 | 1,652 | : |
| Discounted Cash Flow Analysis | 2,865(2) | 3,064(2) | 3,281(2) | 1,795(3) | : |
| RANGE OF GOING-CONCERN VALUE(4) | $2,527(5) | $2,844(5) | $3,163(5) | $1,628 | $: |
| Range of Flexsys JV Interest Value | -- | -- | -- | 335(6) | |
| RANGE OF TOTAL ENTERPRISE VALUE | $2,527 | $2,844 | $3,163 | $1,964 | $: |
| Less: Total Pro Forma Net Debt | (1,649)(7) | (1,649)(7) | (1,649)(7) | (1,230) | (: |
| IMPLIED EQUITY VALUE | $878 | $1,195 | $1,514 | $734 | |

<FN>
(1)  Valuation excludes any potential impact to value related to outstanding
     litigation and makes no assumption with respect to pension plan
     challenges

(2)  Includes value of unlevered free cash flow analysis of Solutia (excluding
     Flexsys) assuming a normalized tax rate plus the estimated value of
     Solutia's NOL tax attributes plus value of unlevered free cash flow
     analysis of Flexsys assuming a normalized tax rate

(3) Includes value of unlevered free cash flow analysis of Solutia assuming a normalized tax rate plus the estimated value of Solutia's NOL tax attributes

(4) Assumes equal weighting of valuation methodologies

(5) Assumes the acquisition of Akzo Nobel's 50% equity ownership interest in Flexsys and the sale of the Dequest business

(6) Based on equal weighting of Flexsys Comparable Companies Analysis, Precedent Transactions Analysis and Discounted Cash Flow Analysis

(7) Assumes post-emergence cash balance of $25 million

--------------------------------------------------------------------------

[Solutia logo]         6

Valuation discussion
--------------------------------------------------------------------------------
COMPARISON OF REQUIRED FUNDING NEEDS

THE TABLE BELOW REFLECTS THE DIFFERENCES BETWEEN THE REQUIRED FUNDING NEEDS AT
EMERGENCE PER THE COMPANY'S CURRENT PROJECTIONS AND THE FEBRUARY 14, 2006
DISCLOSURE STATEMENT PROJECTIONS

o    Funding needs exclude any treatment of claims asserted by Monsanto,
     General Unsecured Claimants, holders of the 2027 and 2037 Bonds and
     Retirees, and excludes any treatment of "Funding Co." needs


COMPARISON OF REQUIRED FUNDING NEEDS ($ IN MILLIONS)

| FUNDING NEEDS | CURRENT PROJECTIONS | 2/14/06 DISCLOSURE STATEMENT | DI |
|---|---|---|---|
| Refinance DIP Facility | 975(1) | 420(6) | |
| Assumed Flexsys Debt | 200 | -- | |
| Refinance 2009 Notes | 223(2) | 223(2) | |
| Refinance Euro Loan | 210(3) | 247(7) | |
| 2007 & 2008 Pension Contribution | 103 | 264 | |
| Maryville Lease Facility | 20 | 20 | |
| Admin and priority costs, financing costs, professional fees & other emergence costs | 154(4) | 151(8) | |
| Less: Available cash | (211)(5) | -- | |
| TOTAL PRO FORMA DEBT | $1,674 | $1,325 | |
| Less: Post-emergence cash balance | (25) | (95) | |
| TOTAL PRO FORMA NET DEBT | $1,649 | $1,230 | |

<FN>
(1) Includes $150 million of Flexsys acquisition debt. Assumes emergence date
    of 6/30/2007
(2) Portion of unamortized discount may be subject to litigation
(3) Balance as of 12/31/2006
(4) Includes administrative and priority claims, debt issuance costs,
    professional fees and other emergence costs
(5) Pro forma for the sale of the Dequest business. Excludes $25 million
    post-emergence cash balance
(6) Assumes emergence date of 6/30/2006
(7) (euro)200 million Euronotes redeemed at 103%
(8) Includes administrative and priority claims, debt issuance costs,
    professional fees and other emergence costs

--------------------------------------------------------------------------------
[Solutia logo]    7

Valuation discussion
-----------------------------------------------------------------------

SUMMARY VALUATION RANGE - CURRENT PROJECTIONS

THE CHART BELOW ILLUSTRATES ROTHSCHILD'S SELECTED TOTAL ENTERPRISE VALUE RANGE
OF SOLUTIA

o    Total Enterprise Value range based on equal weighting of Comparable
     Companies Analysis (33.3%), Precedent Transactions Analysis (33.3%) and
     DCF Analysis (33.3%)

RANGE OF TOTAL ENTERPRISE VALUE(1)  ($ IN MILLIONS)

                          [bar chart]

COMPARABLE COMPANIES                      $2,459 - $3,024

PRECEDENT TRANSACTIONS                    $2,258 - $3,183

DCF(4)                                    $2,865 - $3,281

RANGE OF TOTAL ENTERPRISE VALUE(5)        $2,527 - $3,163


              BLENDED IMPLIED EBITDA MULTIPLES(2)
-----------------------------------------------------------------------

|                 | LOW  |   | MID  |   | HIGH  |
|-----------------|------|---|------|---|-------|
| 2006A EBITDA(3) | 7.5x | – | 8.4x | – | 9.2x  |
| 2007P EBITDA    | 6.2x | – | 6.9x | – | 7.6x  |
| 2008P EBITDA    | 5.7x | – | 6.3x | – | 7.0x  |
| 2006A EBITDA(3) | 6.9x | – | 8.3x | – | 9.7x  |
| 2007P EBITDA    | 5.7x | – | 6.8x | – | 8.0x  |
| 2008P EBITDA    | 5.2x | – | 6.3x | – | 7.3x  |
| 2006A EBITDA(3) | 8.7x | – | 9.3x | – | 10.0x |
| 2007P EBITDA    | 7.2x | – | 7.7x | – | 8.2x  |
| 2008P EBITDA    | 6.6x | – | 7.0x | – | 7.5x  |
| 2006A EBITDA(3) | 7.7x | – | 8.7x | – | 9.6x  |
| 2007P EBITDA    | 6.3x | – | 7.1x | – | 7.9x  |
| 2008P EBITDA    | 5.8x | – | 6.5x | – | 7.3x  |

<FN>
(1) Excludes any potential impact to value related to outstanding litigation.
    Assumes the acquisition of Akzo Nobel's 50% ownership interest in Flexsys
    and the sale of the Dequest business
(2) EBITDA excludes pre-spin OPEB expense, interest income, restructuring
    expenses / charges and other income
(3) 2006 EBITDA includes Flexsys normalized EBITDA based on average of
    five-year forward Flexsys EBITDA
(4) Includes value of discounted unlevered free cash flow analysis of Solutia
    assuming a normalized tax rate plus the estimated value of Solutia's NOL
    tax attributes. Excludes 2007 and 2008 projected pension payments (2007 –

```
        2008 pension payments funded in exit facility)
(5)  Assumes equal weighting of valuation methodologies


-------------------------------------------------------------------------
[Solutia logo]        8
```

Valuation discussion
---------------------------------------------------------------------------------

TOTAL ENTERPRISE VALUE - IMPLIED MULTIPLES

o   Rothschild's selected TEV range of $2.5 billion - $3.2 billion with a
    mid-point of $2.8 billion implies the following multiples:

    -   EBITDA and EBIT exclude pre-spin OPEB expense, interest income,
        restructuring expenses / charges and other income; Net Income
        excludes pre-spin OPEB expense and restructuring expenses / charges

    -   Assumes the acquisition of Akzo Nobel's 50% ownership interest in
        Flexsys and the sale of the Dequest business

    2007P Net Income
    assumes $1,674
    million debt balance
    at emergence.
    Positive free cash
    flow is assumed to
    pay down debt over
    time for illustrative
    purposes only

IMPLIED MULTIPLES ANALYSIS ($ IN MILLIONS)

|                                    |            | LOW       | MID       | HIGH      |
|------------------------------------|------------|-----------|-----------|-----------|
| RANGE OF TOTAL ENTERPRISE VALUE(1) |            | $2,527    | $2,844    | $3,163    |

| IMPLIED TEV MULTIPLES | PROJECTION | LOW   | MID   | HIGH  |
|-----------------------|------------|-------|-------|-------|
| 2006A EBITDA(2)       | $328       | 7.7x  | 8.7x  | 9.6x  |
| 2007P EBITDA          | 398        | 6.3x  | 7.1x  | 7.9x  |
| 2008P EBITDA          | 435        | 5.8x  | 6.5x  | 7.3x  |
| 2006A EBIT(2)         | $186       | 13.6x | 15.3x | 17.0x |
| 2007P EBIT            | 254        | 10.0x | 11.2x | 12.5x |
| 2008P EBIT            | 303        | 8.3x  | 9.4x  | 10.4x |

|                               |     | LOW    | MID      | HIGH     |
|-------------------------------|-----|--------|----------|----------|
| IMPLIED EQUITY VALUE RANGE(3) |     | $878   | $1,195   | $1,514   |

IMPLIED P/E MULTIPLES
-----------------------

| 2006A Net Income(2)(4) | $24 | n.m.f. | n.m.f. | n.m.f. |
|------------------------|-----|--------|--------|--------|

| | | | | |
|---|---|---|---|---|
| 2007P Net Income(4) | 78 | 11.3x | 15.3x | 19.4x |
| 2008P Net Income(4) | 116 | 7.5x | 10.3x | 13.0x |

---

<FN>
(1) Excludes any potential impact to value related to outstanding litigation
(2) 2006A EBITDA, EBIT, and Net Income includes Flexsys normalized EBITDA,
    EBIT and Net Income based on average of five-year forward Flexsys EBITDA,
    EBIT and Net Income, respectively
(3) Assumes net debt of $1,649 million
(4) Excludes after-tax impact of restructuring expenses / charges at an
    effective tax rate of 30% for 2006A - 2008P

---

[Solutia logo]      9

Valuation discussion
--------------------------------------------------------------------------------

SUMMARY FINANCIALS - CURRENT PROJECTIONS

Pro forma for the
acquisition of Akzo
Nobel's 50%
ownership interest in
Flexsys and the sale
of the Dequest
business

EBITDA excludes
pre-spin legacy
OPEB expense of
$12mm in 2006A,
$7mm in 2007P and
$2mm in
2008P - 2011P

SUMMARY OF CONSOLIDATED FINANCIAL PROJECTIONS ($ IN MILLIONS)

| Year ended December 31 | 2006A | 2007P | 2008P |
|---|---|---|---|
| Sales | $3,401 | $3,618 | $3,670 |
| % Growth | | 6.4% | 1.4% |
| Gross profit | $513 | $572 | $633 |
| % margin | 15.1% | 15.8% | 17.2% |
| MAT Expenses | ($312) | ($324) | ($334) |
| % of Sales | 9.2% | 9.0% | 9.1% |
| Other, net(1) | ($1) | ($1) | ($1) |
| Total Solutia + Unadjusted Flexsys EBIT(2) | $218 | $254 | $303 |
| % margin | 6.4% | 7.0% | 8.3% |
| Total Solutia + Normalized Flexsys EBIT(2) | $186(3) | $254 | $303 |
| % margin | 5.5% | 7.0% | 8.3% |
| TOTAL SOLUTIA EBITDA (EXCLUDING FLEXSYS)(2)(4) | $223 | $209 | $342 |
| Unadjusted Flexsys EBITDA | 147 | 100 | 93 |
| TOTAL SOLUTIA + UNADJUSTED FLEXSYS EBITDA(2)(4) | $370 | $398 | $435 |
| % margin | 10.9% | 11.0% | 11.9% |

| | | | |
|---|---|---|---|
| Normalized Flexsys EBITDA | 106(5) | 100 | 93 |
| TOTAL SOLUTIA + NORMALIZED FLEXSYS EBITDA(2)(4)(5) | $328 | $398 | $435 |
| % margin | 9.7% | 11.0% | 11.9% |

Source: Company projections dated December 15, 2006 and Flexsys FOP

<FN>

(1)    Includes other income / (expense), currency impact and amortization charges

(2)    EBITDA and EBIT exclude pre-spin OPEB expense, interest income, restructuring expenses / charges and other income. 2006A Nylon EBIT and EBITDA exclude a charge of approximately $10 million associated with AN fire

(3)    2006A EBIT assumes Flexsys normalized EBIT based on average of five-year forward Flexsys EBIT (including synergies)

(4)    50% of corporate expenses allocated to Nylon and 50% of corporate expenses allocated to PPD based on a percentage of sales of Saflex, CPFilms and Specialty Products. No corporate expenses of Solutia allocated to Flexsys

(5)    2006A EBITDA assumes Flexsys normalized EBITDA based on average of five-year forward Flexsys EBITDA (including synergies)

------------------------------------------------------------

[Solutia logo]        10

Appendix
□

Appendix

-------------------------------------------------------------------------

CASH PAID AT EMERGENCE

ESTIMATED ADMINISTRATIVE AND PRIORITY COSTS, FINANCING COSTS, PROFESSIONAL
FEES & OTHER EMERGENCE COSTS ($ IN MILLIONS)

| | |
|---|---|
| Exit financing - Banks, legal, etc. | $37 |
| Secured, administrative and priority claims (tax, reclaimation, mechanics liens, other) | 34 |
| Cure costs on executory contracts | 20 |
| Monsanto advisor fees | 23 |
| Professional and completion fees | 14 |
| Various insurance policies | 7 |
| Accrued interest on 2009 bonds | 12 |
| Other | 6 |
| TOTAL(1) | $154 |

<FN>
(1)    Restructuring payments / emergence costs of $154 million are captured in
       the exit capitalization

-------------------------------------------------------------------------

[Solutia logo]        12

# EXHIBIT H

**Certain Litigation Involving Monsanto and/or Pharmacia**

Prior to the Petition Date, Solutia was a named defendant in a number of legal proceedings or was defending legal proceedings based on its indemnification obligations resulting from the Solutia Spinoff. After the Petition Date, Solutia ceased performing its defense obligations with respect to these litigation matters and Monsanto began managing this litigation pursuant to its indemnification obligations to Pharmacia. In addition to managing this litigation during the Chapter 11 cases, Monsanto has funded defense and settlement costs as well as judgments, if any, with respect to this litigation. Solutia's cessation of performance gives rise to a portion of the Claims filed by Monsanto and Pharmacia against Solutia in these Chapter 11 cases. Pursuant to the Amended Plan, Monsanto has agreed to take financial responsibility, as between itself and Reorganized Solutia only, for Tort Claims, which include the Claims discussed in this Exhibit.

**A. Litigation As of Petition Date**

Following is a summary of the significant legal proceedings for which Solutia ceased performing its defense obligations as of the Petition Date. Because these cases are being managed by Monsanto, Solutia is not able to provide a complete update on the status of these cases since the Petition Date.

**1.      Owens v. Monsanto and Related Litigation**

On October 27, 2003, a motion was filed in the United States District Court for the Northern District of Alabama (the "Alabama District Court") contending that the Anniston Settlement Agreement required the payment of additional funds to plaintiffs in *Owens v. Monsanto*, an Anniston-related PCB case settled by Solutia in April 2001.

*Abernathy* v. *Monsanto* involved four consolidated cases dating back to April 1996 that had originally been filed in the Circuit Court for Calhoun County, Alabama and were later transferred to Etowah County, Alabama on behalf of approximately 3,500 plaintiffs from the vicinity of the Anniston plant. The *Abernathy* plaintiffs sought compensatory damages, punitive damages and injunctive relief requiring the removal of alleged contamination, and claimed to have suffered permanent adverse health effects and to fear future disease. The plaintiffs asserted the need for medical monitoring and diminution in the value of their residential and commercial properties. *Tolbert v. Monsanto*, which was filed in the Alabama District Court in June 2001, involved allegations of exposure to PCB, unspecified physical injuries and emotional distress suffered by approximately 18,200 plaintiffs. The *Tolbert* plaintiffs sought injunctive relief, compensatory damages, punitive damages and, in certain instances, property damages. The *Tolbert* plaintiffs also requested medical testing, monitoring and treatment.

In August 2003, the parties in both *Abernathy* and *Tolbert* entered into the Anniston Settlement Agreement to resolve these and several related cases, including the aforementioned *Owens v. Monsanto*. The Anniston Settlement Agreement was approved

by the trial courts in both *Abernathy* and *Tolbert*, and provided for cash payments of $600 million, as well as a broad array of community health initiatives for low-income residents of Anniston and Calhoun County.    In connection with the Anniston Settlement Agreement, Solutia entered into a separate agreement with Pharmacia and Monsanto, pursuant to which Solutia agreed to pay $50 million of the $600 million cash settlement in ten equal annual installments, without interest, beginning in August 2004.    Monsanto agreed to pay $550 million, of which a portion was funded through insurance in exchange for Solutia's agreement to issue warrants to Monsanto which would enable Monsanto to acquire up to 10 million shares of Solutia common stock at an exercise price of $1.10 per share.    Solutia did not ultimately issue the required warrants to Monsanto or Pharmacia. In addition, Solutia and Monsanto arranged for Pfizer, the parent company of Pharmacia, to provide the community health initiatives.

On August 6, 2003, the *Abernathy* court entered an order finding that, in the event Solutia commenced a chapter 11 case under the Bankruptcy Code, Solutia would be immediately severed and dismissed as a defendant, without prejudice and without further action from the court.    On January 22, 2004, approximately one month after the commencement of the Chapter 11 Cases, the Alabama District Court entered an order in *Tolbert* dismissing Solutia as a defendant without prejudice.

On January 8, 2004, however, the Alabama District Court ruled that the *Owens* plaintiffs were entitled to receive a total of approximately $1 million as a result of the Anniston Settlement Agreement.    Plaintiffs' motion for reconsideration was denied on January 24, 2004, and plaintiffs filed a timely appeal to the United States Court of Appeals for the Eleventh Circuit.    Solutia was not a named defendant in this litigation and therefore took no action to stay the litigation in connection with Solutia's bankruptcy proceedings.    Solutia assumed the defense of the *Owens* litigation at the time of the Solutia Spinoff under its indemnification obligations to Pharmacia arising from the Distribution Agreement.    As of the Petition Date, however, Solutia determined that its obligation to defend and indemnify Pharmacia and Monsanto with regard to this litigation was a prepetition obligation that Solutia would not perform, except pursuant to a confirmed plan of reorganization.    Therefore, Solutia ceased defending Pharmacia with respect to this litigation as of the Petition Date.

2.    **Payton v. Monsanto**

This case was brought in the Circuit Court in Shelby County, Alabama on July 15, 1997 on behalf of a purported class of all owners, lessees and licensees of properties located on Lay Lake, which is downstream from Lake Logan Martin on the Coosa River.    Plaintiffs sought compensatory and punitive damages in an unspecified amount for an alleged increased risk of physical injury and illness, emotional distress caused by fear of future injury or illness, medical monitoring and diminishment in the value of their properties and their riparian rights.    The parties reached a tentative agreement to settle this case for a cash payment of $5 million and an equitable component that was to be determined.    Solutia is not a named defendant in this litigation and therefore took no action to stay the litigation in connection with its bankruptcy proceedings.    Solutia assumed the defense of this litigation at the time of the Solutia

Spinoff under its indemnification obligations to Pharmacia arising from the Distribution Agreement. As of the Petition Date, however, Solutia determined that its obligation to defend and indemnify Pharmacia and Monsanto with regard to this litigation was a prepetition obligation that Solutia would not perform, except pursuant to a confirmed plan of reorganization. Therefore, Solutia ceased defending Pharmacia with respect to this litigation as of the Petition Date.

### 3.    Other Anniston Cases

As of the Petition Date, approximately ten cases remained pending in various Circuit Courts in the State of Alabama relating to environmental issues at Solutia's Anniston, Alabama location.   Solutia is a named defendant in those ten proceedings. As a result, Solutia filed a suggestion of bankruptcy in each case staying the litigation against it.

Prior to the Petition Date, Solutia also defended Pharmacia with respect to this litigation. Solutia determined that its obligation to defend and indemnify Pharmacia and Monsanto with regard to this litigation was a prepetition obligation that Solutia would not perform, except pursuant to a confirmed plan of reorganization. Therefore, Solutia ceased defending Pharmacia with respect to this litigation as of the Petition Date.

### 4.    PENNDOT Case

Pharmacia was one of several defendants added on February 7, 1997 to a case then pending in the Commonwealth Court of Pennsylvania (the "Commonwealth"). This action was originally filed against United States Mineral Products Company in 1990 by the Commonwealth, seeking damages caused by the presence of asbestos fireproofing in the Transportation and Safety Building ("T&S Building") in Harrisburg, Pennsylvania. The Commonwealth sought recovery of costs it allegedly incurred in testing, monitoring, cleanup, demolition and temporary relocation of the Commonwealth's employees caused by the alleged contamination. In addition, the Commonwealth sought the cost of constructing a new building on the site of the T&S Building. On August 23, 2000, the jury returned a verdict of $90 million against Pharmacia. The verdict was reduced to $45 million by the trial court because the manufacturer of the fiberglass ductboard reached a settlement with the Commonwealth during trial. On behalf of Pharmacia, Solutia filed extensive post-trial motions, seeking judgment notwithstanding the jury's verdict or a new trial. The trial court denied these motions in orders entered on October 16, 2002. On November 15, 2002, Solutia filed an appeal as of right to the Supreme Court of Pennsylvania. On November 17, 2003, the Supreme Court of Pennsylvania remanded the case to the trial court for an opinion solely on the issue of juror misconduct. In response to Solutia's application, the Supreme Court of Pennsylvania ordered the trial court to issue its opinion on that issue by March 15, 2004. Solutia was not a named defendant in this litigation and therefore took no action to stay the litigation in connection with its bankruptcy proceedings. As of the Petition Date, Solutia determined that its obligation to defend and indemnify Pharmacia and Monsanto with regard to this litigation was a prepetition obligation that Solutia would not perform, except pursuant to a confirmed

plan of reorganization. Therefore, Solutia ceased defending Pharmacia with respect to this litigation as of the Petition Date.

### 5.    Premises-Based Asbestos Litigation

Like a great number of other companies that used high temperature manufacturing processes, Pharmacia historically used asbestos-insulating materials in piping and other equipment at its chemicals plants. As a result, Pharmacia and Solutia have been named as defendants along with numerous other premises owners in actions brought by employees of contractors who claim that they were exposed to asbestos at Solutia's facilities and at the facilities of these other owners. As of the Petition Date, there were approximately 570 asbestos actions involving an estimated 3,500 to 4,500 plaintiffs brought against Pharmacia and/or Solutia. As of the Petition Date, Solutia determined that its obligation to defend and indemnify Pharmacia and Monsanto with regard to this litigation was a prepetition obligation that Solutia would not perform, except pursuant to a confirmed plan of reorganization. Therefore, Solutia ceased defending Pharmacia with respect to this litigation as of the Petition Date.

### B. Litigation Subsequent to the Petition Date

Solutia is aware of two additional significant litigation matters that Monsanto began managing after the Petition Date. These litigation matters are described below. Monsanto may be managing additional litigations that constitute Tort Claims of which Solutia is unaware. Monsanto's management of these litigations, including the GE litigation decribed below, gives rise to Claims by Monsanto and Pharmacia against Solutia in these Chapter 11 Cases. Pursuant to the Amended Plan, Monsanto has agreed to take financial responsibility, as between itself and Reorganized Solutia only, for Tort Claims, which include the Claims discussed below.

On January 3, 2006, Solutia received notice that an action, captioned *Michael Abbatiello et al. v. Monsanto Company, Pharmacia Corporation and Solutia Inc.* (the "First GE Litigation" ), was filed on December 26, 2005 in the Supreme Court of the State of New York (the "New York Supreme Court"). The action was filed on behalf of 590 current General Electric employees who work at its Schenectady, New York plant and includes eleven separate causes of action alleging that General Electric purchased various PCB-containing products from Pharmacia which were used in the manufacture of a variety of products including electric motors, generators, gas turbines, wire and cable, insulating materials and microwave tubes. PCBs were later detected in the various locations, including retention ponds, ground water, and water treatment centers on the approximately 628 acre site. The plaintiffs seek $1 billion in compensatory damages and $1 billion in punitive damages for each cause of action for a total of $22 billion dollars.

On March 13, 2007, another class action lawsuit, captioned *Corlew, et al., v. General Electric Company, Monsanto Company, Pharmacia Corporation, and Solutia Inc.,* was filed in the New York Supreme Court (the "Second GE Litigation", and together with the First GE Litigation, the "GE Litigation""). The plaintiffs in the Second GE Litigation are current residents of Schenectady, New York, who seek to represent a

class of all individuals who owned and/or occupied property within a five-mile radius of General Electric's main plant in Schenectady. The plaintiffs allege that their properties were contaminated by the release of PCBs which were used in the manufacture of a variety of products at General Electric's Schenectady plant, and which were manufactured by Monsanto, Pharmacia, and/or Solutia (collectively referred to in the Complaint as "Monsanto"). Plaintiffs allege thirteen separate claims against Monsanto, Pharmacia, and Solutia collectively including negligence, breach of warranty, strict liability, fraudulent concealment, negligent and intentional infliction of emotional distress, nuisance, trespass, unjust enrichment, and willful and wanton misconduct, with each claim seeking between $12 billion and $20 billion in compensatory damages, and an equivalent amount in punitive damages.

6.    **Nitro Tort Claimants Litigation**[1]

On December 17, 2004, a case was filed in Putnam County Circuit Court, West Virginia, captioned, *Verdie Allen, et al., v. Monsanto Company, et al.*, Civil Action No. 04-C-465. The plaintiffs are residents of the area surrounding the former plant site operated in Nitro, West Virginia, by Monsanto (n/k/a Pharmacia) and subsequently by Flexsys America, LP. The plaintiff residents allege contamination of their property and personal exposure to dioxin congeners generated during the operation of the 2,4,5-T manufacturing process at the Nitro Plant. In addition, the plaintiffs contend that dioxin was present on the plant site and in ground water, and that during the years ownership by Pharmacia, Solutia and operation of the site by Flexsys America, LP, dioxin congeners continued to be introduced into the environment outside the plant during the operation of the waste treatment plant and certain groundwater contamination remediation operations. The plaintiffs seek certification as a class action, recovery of damages for personal injuries, contamination of property and medical monitoring. This case is pending before the Putnam County Circuit Court and discovery is proceeding.

In addition, prior to the commencement of the Debtors' bankruptcy cases, on or about August 2, 2000, a case was filed in Putnam County Circuit Court, West Virginia, captioned, *Robert Carter, et al., v. Monsanto Company, et al.*, Civil Action No. 00-C-300. The plaintiffs are residents of the area surrounding former dump sites along Heizer and Manilla Creeks, tributaries of the Poca River and the Kanawha River in Putnam County, West Virginia. These dump sites were used by the former Monsanto (n/k/a/ Pharmacia) for the landfill disposal of plant waste, including but not limited to waste products from the herbicide 2,4,5-T produced at the Nitro Plant, which contained dioxin congeners. The dump sites were also the sites of open burning of Pharmacia plant waste. The residents allege contamination of their property and personal exposure to dioxin congeners generated during the operation of the dump sites. In addition, the plaintiffs contend that dioxin entered the streams and was carried downstream to adjoining properties in the watershed. The plaintiffs contend that in the absence of complete

---

[1] The following description of the Nitro Tort Claimants litigation has been provided by counsel to the Nitro Tort Plaintiffs, the Calwell Practice, PLLC and James F. Humphrey, and Associates, LC (collectively, the "Calwell Practice"). The views asserted in this section are solely those of the Calwell Practice. Solutia does not agree with, support or adopt in any way whatsoever, the allegations made by the Calwell Practice in this section.

remediation, the sites continue to leach dioxin containing waste into the environment, including both surface water and groundwater. The plaintiffs seek certification as a class action, recovery of damages for personal injuries, contamination of property and medical monitoring. This case is pending before the Putnam County Circuit Court and discovery is proceeding.